IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br> <br> PLAINTIFFS, <br> <br> vs. <br> <br> CITY OF DOTHAN; JUDGE ROSE <br> EVANS-GORDON, officially, and in <br> her individual capacity; CITY OF <br> DOTHAN POLICE DEPARTMENT; <br> CHIEF JOHN POWELL, Chief of <br> Dothan Police Department, in his <br> official capacity, <br> <br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 1:05CV1172-F |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Come now the Defendants City of Dothan; City of Dothan Police Department; and Chief John Powell, Chief of Dothan Police Department, in his official capacity, in the above styled cause of action and in support of their Motion to Dismiss state as follows:

### Defendant City of Dothan Police Department

The City of Dothan Police Department is merely a part of the City of Dothan. It is therefore, not a legal entity subject to suit because it is merely

the vehicle through which the City government fulfills its policing function. Manders v. Lee, 285 F. 3d 983, 1009 (11th Cir. 2002). See also, Dean v. Barber, 951 F. 2d 1210, 1214 (11th Cir. 1992).

Plaintiffs' claims are also, therefore, redundant to their claims against the entity which is properly subject to suit, namely, the municipality itself, City of Dothan. See, Snow v. City of Citronelle, 420 F. 3d 1262, 1270 (11th Cir. 2005) (direct suits against municipalities are functional equivalent of suits against officers in their official capacities.)[1]

Defendant Dothan Police Department submits because it is not an entity subject to suit and Plaintiffs have also named the City of Dothan as a defendant, all claims against the Dothan Police Department are due to be dismissed.

### Police Chief John Powell

The Eleventh Circuit has consistently held that suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent. Snow, 420 F. 3d , at 1270; citing Busby v. City of Orlando, 931 F. 2d 776, 777 (11th Cir. 1991). The Eleventh Circuit has held that keeping both the officer in his official capacity and the

---

[1] Plaintiffs' complaint contains no direct claims against the Dothan Police Department.

2

municipality in the same suit is therefore redundant.  <u>Busby</u>, 931 F. 2d at 777.[2]  Defendant Police Chief Powell, in his official capacity therefore submits that all of Plaintiffs' claims against him are due to be dismissed.

## **COUNT FOUR**

Plaintiff Brackin fails to state a claim upon which relief can be granted for newspaper articles which "inferred" [sic] she was implicated in ticket-fixing.  Plaintiff also fails to allege any false statement made by any of the anonymous agents or employees of Defendant which resulted in any such notice.

Plaintiff Brackin's complaint also fails to name any official, agent or employee who caused any false statement to be published in a newspaper.  Instead, Plaintiff alleges she "has cause to believe and does believe that Defendant Gordon caused to be published…" (Plaintiff's Complaint, paragraph 68.).  This "belief" is insufficient to create a genuine issue of fact without the alleged existence of that certain fact.  <u>Pace v. Capobianco</u>, 283 F. 3d 1275, 1278 (11th Cir. 2002).

Defendants submit that Count Four of Plaintiff's Complaint is due to be dismissed.

---

[2] Plaintiffs complaint contains no direct allegations against Police Chief John Powell in any capacity.

## COUNT SEVEN

Count Seven of Plaintiff's Complaint fails to allege any constitutional right to court rules of discovery during an administrative personnel proceeding. Plaintiff fails to allege any constitutional deficiencies in the City of Dothan Civil Service Act provisions for the production of documents during a disciplinary proceeding, nor does she allege any failure by Defendants to complaint with any such provisions.

Plaintiff's bare allegation of Defendants' refusal to produce documents is insufficient to state a cause of action without such allegations. Plaintiff fails to state a cause of action based upon her bare allegation of Defendants' unwillingness to allow prehearing discovery in an administrative personnel proceeding. See, Starr v. Commission of Internal Revenue, 226 F. 2d 721 (7th Cir.), cert. denied, 350 U.S. 993, 76 S. Ct. 542, 100 L. Ed 859 (1955).

## STATE LAW CLAIMS

## COUNT THIRTEEN

It is well settled law that a Title VII claimant must first exhaust all administrative remedies prior to initiating a lawsuit in federal court. Hogan v. Bellsouth Corp., 2004 WL 3561174, *14 (N.D. Ga. 2004); Aurel v. School Board of Miami-Dade, 261 F. Supp. 2d 1375, 1377 (S.D. Fla. 2003);

Griffin v. Carlin, 755 F. 2d 1516, 1529 (11th Cir. 1985). Plaintiff Brackin avers in paragraph 5 of her complaint that she "has not exhausted her administrative remedies in accordance with 42 U.S.C. §2000c-16(c) (sic)."

The Supreme Court has noted that strict adherence to this procedural requirement is not a mere technicality but an integral part of Congress' statutory scheme that should not "be disregarded by the courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed 2d 196 (1984). Plaintiff Brackin's lawsuit is therefore barred and must be dismissed for failure to exhaust administrative remedies. Cantrell v. Jay R. Smith Mfg. Co., 248 F. Supp. 2d 1126, 1134 (M.D. Ala. 2003).

Respectfully submitted this 4th day of January, 2006.

s/ F. Lenton White
F. Lenton White (WHI035)
City Attorney
P.O. Box 2128
Dothan, Alabama 36302
(334) 615-3130

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 4th day of January, 2006, served a copy of the foregoing on the following by placing same in the United States Mail properly addressed with adequate postage:

Ishmael Jaffree
951 Government St.
Bldg. Ste. 415
Mobile, AL 36604

                                                   s/ F. Lenton White
                                                     Of Counsel