IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | CASE NO. 1:05CV1172-F |
| ) | |
| CITY OF DOTHAN; JUDGE ROSE ) | |
| EVANS-GORDON, officially, and in ) | |
| her individual capacity; CITY OF ) | |
| DOTHAN POLICE DEPARTMENT; ) | |
| CHIEF JOHN POWELL, Chief of ) | |
| Dothan Police Department, in his ) | |
| official capacity, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO SEVER**

Come now the Defendants City of Dothan; City of Dothan Police Department; and Chief John Powell, Chief of Dothan Police Department, in his official capacity, in the above styled cause of action and file their Brief in Support of their Motion to Sever as follows:

In order for Plaintiffs' cases to be properly joined they must satisfy the prerequisites of Federal Rules of Civil Procedure 20(a). There must be alleged, 1) a right to relief arising out of the same transaction, occurrence, or

series of transactions or occurrences, and 2) there must be a question of law or fact common to all the Plaintiffs which will arise in the action.

Both Plaintiffs have failed to allege common questions of law or fact existing between the Plaintiffs' cases within the meaning of Rule 20(a). Instead, Plaintiffs allege completely different facts occurring at different times with different laws governing the underlying personnel proceedings complained of.

Counts One through Eleven of Plaintiffs' Complaint are claims presented by Plaintiff Brackin which do not relate to any of the occurrences made the basis of Counts Twelve through Fifteen which set out Plaintiff Martin's claims.

Plaintiffs allege that Plaintiff Martin was hired and terminated by Defendant Judge Gordon, however, Plaintiff Brackin was not. (Plaintiffs' Complaint, paragraphs 16, 82).

Plaintiffs allege that Brackin's employment was under the protection of Dothan's Civil Service System but Martin's was not. (Plaintiffs' Complaint, paragraphs 45, 81-84, 105).

Plaintiffs allege that Brackin was terminated from employment for repeated violations of personnel rules, Martin was not. (Plaintiffs' complaint, paragraphs 43, 44, 62-65). Martin is alleged to have been

terminated for unsatisfactory work performance during her probationary period. (Plaintiffs' complaint, paragraph 105). Plaintiffs had different positions and job responsibilities. (Plaintiffs' complaint, paragraphs 16, 81). Plaintiffs' claims are based upon unrelated employment actions. (Complaint, paragraphs 71, 105).

Without more than Plaintiffs' bare and conclusory allegation of a "pattern or practice", the factual and legal differences between the Plaintiffs' claims do not logically comprehend the same transaction or occurrence or series of transactions or occurrences within the meaning of Rule 20(a).

Based upon the foregoing, the claims of Plaintiffs Brackin and Martin are misjoined and they are not entitled to assert said claims jointly. Defendants submit that Plaintiffs' claims are due to be severed and proceed as independent causes of action.

Respectfully submitted this 4th day of January, 2006.

s/ F. Lenton White
F. Lenton White (WHI035)
City Attorney
P.O. Box 2128
Dothan, Alabama 36302
(334) 615-3130

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this 4th day of January, 2006, served a copy of the foregoing on the following by placing same in the United States Mail properly addressed with adequate postage:

Ishmael Jaffree
951 Government St.
Bldg. Ste. 415
Mobile, AL 36604

                                                s/ F. Lenton White
                                                  Of Counsel