**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | |
|---|---|
| NANCY MARTIN and MARY BETH BRACKIN, | ) ) ) |
| PLAINTIFFS, | ) ) |
| vs. | ) CASE NO: 1:05cv1172-F ) |
| CITY OF DOTHAN; JUDGE ROSE EVANS-GORDON, officially, and in her Individual capacity; CITY OF DOTHAN POLICE DEPARTMENT; CHIEF JOHN POWELL, Chief of Dothan Police Department, in his official capacity , | ) ) ) ) ) ) ) |
| DEFENDANTS. | ) ) ) |

**PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I. Official Capacity Dismissal:**

Plaintiff, Mary Brackin, in her pleadings alleges a series of incidents involving her, among others, being required, under penalty of job loss, to submit to investigative police interrogations. During at least one of these interrogations she was instructed that if her interrogator was not satisfied with the truthfulness of her response he would tether her to a lie detector. Refusal would warrant job termination. As a direct and proximate result of the last of such interrogations Mrs. Brackin was caused to suffer the loss of a valuable property right-- her job

Mrs. Brackin additionally alleges that Defendant Gordon., with the willing participation of the Dothan Police Department, frequently subjected certain white municipal employees, who neither committed, nor were accused of committing, a

crime, to submit to coercive police interrogations, as part of her disciplinary procedures.

Assuming that Mrs. Brackin's allegations raise a colorable constitutional law claim, then municipal liability turns upon whether police interrogation of municipal employees is a policy approved by, or ratified by, the municipality.

> A municipality, county, or other local government entity is a "person" that may be sued under § 1983 for constitutional violations caused by policies or customs made by its lawmakers or by "those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. A municipality may be held liable for a single act or decision of a municipal official with final policymaking authority in the area of the act or decision. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989); **City of St. Louis v. Praprotnik**, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988) (plurality opinion); *Pembaur*, 475 U.S. at 480, 106 S. Ct. at 1298. A municipality may not be held liable, however, solely because it employs a tortfeasor, that is, under a respondeat superior theory. *Monell*, 436 U.S. at 691, 98 S. Ct. at 2036. The line between actions embodying official policy--which support municipal liability--and independent actions of municipal employees and agents--which do not support municipal liability--<u>has proven elusive.</u>
>
> The Supreme Court has provided limited guidance for determining whether an official has final policymaking authority with respect to a particular action. In the Court's earliest attempts to establish the contours of municipal liability, a majority of the Court was unable to agree on the appropriate approach to final policymaker status. See Pembaur, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452; Praprotnik, 485 U.S. 112, 108 S. Ct. 915, 99 L. Ed. 2d 107. In Jett, though, Justice O'Connor's approach in *Praprotnik* garnered the support of a majority of the Court. See Jett, 491 U.S. at 737, 109 S. Ct. at 2723-24. We draw from Justice O'Connor's opinion, as adopted in Jett, several principles to guide our decision.

> Most important is the principle that state law determines whether a particular official has final policymaking authority. *Praprotnik*, 485 U.S. at 123, 108 S. Ct. at 924. We must look to state and local positive law, as well as custom and usage having the force of law. Id. at 124 n.1, 108 S. Ct. at 924 n.1. Identifying final policymakers may be a difficult task, but state law always should direct us "to some official or body that has the responsibility for making law or setting policy in any given area of a local government's business." Id. at 125, 108 S. Ct. at 925. We may not assume that final policymaking authority lies in some entity other than that in which state law places it. Id. at 126, 108 S. Ct. at 925. To the contrary, we must respect state and local law's allocation of policymaking authority. Id. at 131, 108 S. Ct. at 928.
>
> Two more principles guide our inquiry. First, "the authority to make municipal policy is necessarily the authority to make final policy." Id. at 127, 108 S. Ct. at 926. Second, the alleged policymaker must have final policymaking authority with respect to the action alleged to have caused the particular constitutional or statutory violation. Id. at 123, 108 S. Ct. at 924; Jett, 491 U.S. at 737, 109 S. Ct. at 2724. An official or entity may be a final policymaker with respect to some actions but not others. See *Pembaur*, 475 U.S. at 483 n.12, 106 S. Ct. at 1300 n.12. With respect to a particular action, more than one official or body may be a final policymaker; final policymaking authority may be shared. *Praprotnik*, 485 U.S. at 126, 108 S. Ct. at 925. (emphasis added)
>
> *McMillian v. Johnson* 88 F. 3d 1573, 1577-78. (11th Cir. 1996)

The insertion of this rather lengthy quote was intended to establish the difficulty in proving municipal liability under 1983, especially where uncertainty exist whether "final authority" municipal officials approved the policy. Mrs. Brackin was neither a policy maker nor insider. She was, however, adversely affected by the stated policy. Absent discovery, she can only guess at who's ultimately responsible for its implementation.

Because individual liability of governmental officials subjects them to personal liability, Mrs. Brackin was reluctant to sue Defendant Powel in his individual capacity. This reluctance still persists, even though she still retains the privilege of amending her pleadings once, as a matter of course.

Defendant Powell advances the argument that official capacity and direct suits against a municipality are functionally equivalent. This Defendant cites the case of *Snow v. City of Citronelle*, 420 F. 3d 1262 (11th Cir. 2005) in support. The Defendant, therefore, concludes that because of this redundancy, Chief Powell should be dismissed. Of course, alternate remedies to abate the redundancy include dismissing the City, or suing Chief Powell in his individual capacity.

Mrs. Brackin agrees that a potential redundancy exist and that the 11th Circuit has expressed concern that such redundancy may confuse the jury. *Busby v. City of Orlando* 931 F. 2d 764, 776 (11th Cir. 1991). However, no legal authority compels the Court to dismiss Defendant Powell at this stage. Though a claim is redundant, it is not necessarily invalid. There is no definitive 11th Circuit rule or precedent mandating dismissal. See *Stavropoulos v. Firestone* No. 02-16486 (11th Cir. 02/25/2004) at para. 63 where the Court discussed that the trial court, despite the redundancy, permitted the claim to proceed through discovery, and only dismissed it on summary judgment. Indeed to the extent that courts dismiss claims or defendants that may, in fact, be redundant in order to preserve judicial economy, they generally do so at the summary judgment phase and not on a motion to dismiss. See for example, *Panaderia La Diana, Inc. v. Salt Lake City Corp*, Civ.. No. 2-99- CV-00147 (C. D. Utah).

Considering the need for discovery to determine the origin of the offending policy, dismissal of Defendant Powell, at this stage, would be premature and not required by existing law.

**II. Count Four Dismissal:**

Defendants seek dismissal of Count Four of Plaintiffs' Complaint on the pleadings. A motion to dismiss on the pleadings will not be granted unless it appears beyond doubt that the Plaintiffs will not be able to prove any set of facts in support of their claim which will entitle them to relief. *Conley v. Gibson* 355 U.S. 41, 41-46 (1957) All that the rule require is a short plain statement of the claim which will give the Defendants fair notice of what the Plaintiffs' claims are and the ground upon which they rest. *Conley*, supra at 47.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved, consistent with the allegations. *Swierkiewicz v. Sorema N.A*. 534 U.S. 506, 514 (2002). Under Rule 12 (b) (6) plain factual allegations must be presumed true and should be liberally construed in favor of the non moving party. *Leatherman v. Tanant Cty. Narcotics and Coordination Unit* 507 U.S. 163, 164 (1993) The Plaintiffs must be given every inference that may be drawn from allegations of facts. *Scheuer v. Rhodes* 416 U.S. 232, 230 (1974).

Paragraphs 68 through 70 addressed the fact that there were local news reports which inferred that Mrs. Brackin was involved in ticket fixing. This was factually untrue. Defendant Gordon drafted the discharge notice. This Defendant made the decision to terminate the employment of Mrs. Brackin. Defendant Gordon and other

municipal officials were the only one who should have known that Mrs. Brackin had been terminated at the point when the first news article was released..

Further, Defendant Gordon owed Mrs. Brackin a duty to correct what she knew to be a false and erroneous public disclosure. She took no steps to correct the false statements. Mrs. Brackin suffered as a result. These are enough facts at the pleading stage to support a claim that at least a breach of a known duty caused or contributed to Mrs. Brackin loss of a protected liberty interest.

If after the close of discovery, Mrs. Brackin can not establish that an agent, servant or employee of the City, either individually, or in their official capacity, caused the offensive and defaming disclosure, then she will voluntarily move to strike this Count.

### III. Count Seven Dismissal:

Defendants seek the dismissal of Count Seven of Plaintiff's Complaint claiming in essence that constitutional due process does not mandate that Mrs. Brackin be given access to discovery, even if she is faced with the grievous loss of a valuable property right. It is not the law than regardless of the facts in a given case there is an absolute bar to any discovery in an administrative case. The amount of process due is determined on a case by case basis. The . Alabama Supreme Court recognize as much in Ex. Parte Medical Licensure 2004 So. 2d. (1022156) (Ala. 09/03/2004), in discussing, with approval, the case of." *State Oil & Gas Bd. of Alabama v. Anderson,* 510 So.2d 250, 256 (Ala. Civ. App. 1987)(quoting *Dawson*, 485 So.2d at 1168)(emphasis omitted)." Observed:, "'the denial of prehearing discovery as applied in a particular case' could result in a due process violation.".

While the pleading stage is not the appropriate place to flesh out the scope of discovery required in this particular case, Mrs. Brackin's allegations at paragraphs 71. through 76 establish that her record request denial, before the administrative agency, bears constitutional scrutiny.  Absent an absolute discovery prohibition in administrative cases, Defendants' request to dismiss Count Seven is not appropriate this early in the litigation. The Defendants have not answered the allegations in the complaint.. The need for, and the refusal to provide, the requested discovery information has not yet been joined.

**IV:  Count Thirteen Dismissal:**

Defendants, in seeking the dismissal of Count Thirteen, argue that Mrs. Brackin has not exhausted her administrative remedies. This much is admitted. However, Count Thirteen specifically address the claims of Mrs. Martin who has exhausted her administrative remedies.

**Conclusio**n:

For the reasons stated above the dismissals sought by the Defendants, with the exception of the City of Dothan Police Department, are due to be denied.

Respectfully submitted, this 6th day of January 2006.

s/Ishmael Jaffree_____
Ishmael Jafree (IXJ 1791)
951 Government St
Bldg. Suite 415
Mobile Alabama 36604
 251-694-9090
 ishjaff@yahoo.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of January 2006 electronically served a copy of the foregoing Responsive Brief with the Clerk using the CM/ECF system which will send notification to F. Lenton White who has entered an appearance on behalf of the Defendants.

                                       s/ Ishmael Jaffree\_\_\_
                                       Ishmael Jaffree

.