IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and <br> MARY BETH BRACKIN, <br> <br>     PLAINTIFFS, <br> vs. <br> <br> CITY OF DOTHAN; JUDGE ROSE <br> EVANS-GORDON, officially, and in her <br> Individual capacity; CITY OF DOTHAN <br> POLICE DEPARTMENT; CHIEF JOHN <br> POWELL, Chief of Dothan Police Department, <br> in his official capacity , <br> <br>     DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) CASE NO: 1:05cv1172-F <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER

No compelling reason justify severing the above case. Correspondingly, several reasons justify allowing this action to proceed as filed, not the least of which is the great exhaustion of financial and human resources which will occur if the action is required to be severed.

There are a number of common facts shared by the Plaintiffs. Both were hired by Defendant City during the time when Defendant Gordon served as the Appointing Authority. See ¶¶'s 18, and 81. Both were hired to work in the Magistrates Office of the City. Id. Both were terminated within a few months of each other by Defendant Gordon, and by extension Defendant City. See. ¶¶'s 63 and 105.

Both claim that they were victims of a race based disciplinary scheme, or were otherwise subject to preferential treatment shown to black employees of the

Magistrates' Office, which was denied to them. See, the Preliminary Statement and ¶¶'s 6, 7, 93, 101, 102 103. Both claim that Defendant Gordon engaged in a pattern and practice of adverse discrimination in her treatment of white employees. ¶ 9. Both claim that Defendant Gordon, and by extension, Defendant City, denied them rights protected by the 1st Amendment and 14th Amendments to the U. S. Constitution. See ¶¶'s 12, 20-30, 58-63 and 100.

Additionally, there were assertions that Defendant Gordon singled out white employees for discipline; would not allow Mrs. Martin to discipline black employees; nor would she permit Mrs. Martin to assign administrative task to black employees even though that was a function of her position.. ¶¶'s 42,83, 93,96,101,102,and 103. Both Plaintiffs sought relief under 1983.

This Court largely has unfettered discretion in deciding whether this case can proceed as filed. Some guidance in the exercise of this discretion may be found at *Alexander v. Fulton County* 207 F. 3d 1303 (11th Cir. 2000). This case involved multiple claims of race discrimination brought by 18 white plaintiffs against Fulton County Georgia and the County Sheriff. The plaintiffs alleged a "policy or custom" of race discrimination against white current and/or former employees, which reflected a "pattern or practice" of employment discrimination.

Among other things, the County, on appeal, challenged the trial judge's refusal to sever the claims of the multiple plaintiffs. The Eleventh Circuit, in rejecting the County's challenge, offered comments instructive to the case at bar.

> Defendants also broadly allege that the district court erred in
> so far as it tried each of the Plaintiffs' claims together. After

discovery, Defendants moved to sever Plaintiffs' individual claims of discrimination contending that the joint trial of these claims would confuse the jury and unfairly prejudice their defense. The district court rejected this motion. We review a district court's joinder of Plaintiffs' claims and denial of severance for abuse of discretion. Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093, 1100 (5th Cir. 1973). (fn16) Although we recognize that unfair prejudice may result from trying together the claims of multiple Plaintiffs alleging different types of discrimination, we discern no abuse of discretion in the district court's decision to join the Plaintiffs' claims in this case.

Among other things, the Federal Rules of Civil Procedure provide that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). See also Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined. See Fed. R. Civ. P. 20(a). Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. See Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. See Fed. R. Civ. P. 42(b); Grayson, 79 F.3d at 1097. The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for

meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims. See Mosley, 497 F.2d at 1333. For the purposes of Rule 13(a), "`[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (interpreting the compulsory counterclaim provision of former Equity Rule 30). Accordingly, "all `logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Mosley, 497 F.2d at 1333. Several courts have concluded that allegations of a "pattern or practice" of discrimination may describe such logically related events and satisfy the same transaction requirement. In Mosley, perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20, see 4 Lex K. Larson, Employment Discrimination, § 78.05, at 28-29 (2d ed. 1994), ten black plaintiffs alleged that General Motors had a general policy of discrimination against black employees. The trial court had ordered the severance of the claims, concluding that the allegations presented a variety of issues and had little relationship to one another. Mosley, 497 F.2d at 1332. The Eighth Circuit reversed the trial court's order to sever plaintiffs' claims, concluding that, based on its reading of Rule 20, the General Motors policy "purportedly designed to discriminate against blacks in employment . . . [arose] out of the same series of transactions and occurrences." Id. at 1334. The court held that "[s]ince a `state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote' was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment . . . arises out of the same series of transactions or occurrences" Id. at 1333-34 (quoting United States v. Mississippi, 380 U.S. 128, 142, 85 S.Ct. 808, 815-16, 13 L.Ed.2d 717 (1965)). See also Blesedell v. Mobile Oil Co., 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) ("A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences."); King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 6 (E.D. Pa. 1979) (noting that allegations of a "pervasive policy of discrimination" by the employer bring the "complaints of individual Plaintiffs under the rubric of the `same series of transactions'"); Vulcan Soc'y

> v. City of White Plains, 82 F.R.D. 379, 387 (S.D.N.Y. 1979) (stating that transaction requirement met where Plaintiffs and would-be Plaintiffs claimed discriminatory policies and practices which included a series of exams allegedly used to discriminate against blacks).
>
> The second prong of Rule 20 does not require that all questions of law and fact raised by the dispute be common, but only that some question of law or fact be common to all parties. See Mosley, 497 F.2d at 1334. Several courts have found that the question of the discriminatory character of Defendants' conduct can satisfy the commonality requirement of Rule 20. See Mosley, 497 F.2d at 1334 (finding that whether the threat of a racially discriminatory policy hangs over a racial class is a question of fact common to all the members of the class); Blesedell, 708 F. Supp. at 1422 (noting that "[i]n employment discrimination cases under Title VII, courts have found that the discriminatory character of a defendant's conduct is common to each plaintiff's recovery"); cf. Grayson, 79 F.3d at 1095-96 (suggesting that "a unified policy, plan, or scheme of discrimination" can satisfy Rule 20's commonality requirement).
>
> *Fulton County, supra at_____*

Factors recognized by the *Fulton County* Court are present in this litigation, a series of transactions giving rise to both claims of relief, common questions of law, trial convenience, and expedited resolution. Defendants have not shown how they would be prejudice if severance is not granted. Given the strong preference for joinder of claims the Defendants must at least show how they would be unduly burdened.

Mrs. Brackin intends to depose the following common witnesses; Defendant Gordon. Personnel Director, Kai Davis, Tammy Clark  Magistrate Levera McClain, Magistrate M.E. Knight and Internal Analyst, Valerie Harris. Much of the information solicited from these witnesses will be beneficial to the claims of both Plaintiffs. Additionally much of the written discovery request will concern information common

to both claims. This is true with respect to the request for production and request for admission.

In addition to the common facts and documents, both Plaintiffs are represented by the same counsel. It appears from the submissions thus far all Defendants are represented by the City Attorney, F. Lenton White. To sever these cases would cause a tremendous of duplication of costs, labor, and judicial resources. The labor duplication would not only fall upon the parties but upon the witnesses who would have to duplicate their efforts, perhaps during the same time frame. No concern raised by the Defendants justifies such waste. Other than informing the Court that it can do so, no reason is provided in their brief or motion why the Court should do so.

**Conclusion:**

In view of the above, the Defendants' Motion to Sever is due to be denied.

Respectfully submitted, this 6th day of January 2006.

s/Ishmael Jaffree_____
Ishmael Jafree (IXJ 1791)
951 Government St
Bldg. Suite 415
Mobile Alabama 36604
251-694-9090
ishjaff@yahoo.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of January 2006 electronically served a copy of the foregoing Responsive Brief with the Clerk using the CM/ECF system which will send notification to F. Lenton White who has entered an appearance on behalf of the Defendants.

                                          s/ Ishmael Jaffree___
                                          Ishmael Jaffree

.