IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MARTIN and, | ) | |
| MARY BETH BRACKIN, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:05CV1172-F |
| | ) | |
| CITY OF DOTHAN; JUDGE ROSE | ) | |
| EVANS-GORDON, officially, and in | ) | |
| her individual capacity; CITY OF | ) | |
| DOTHAN POLICE DEPARTMENT; | ) | |
| CHIEF JOHN POWELL, Chief of | ) | |
| Dothan Police Department, in his | ) | |
| official capacity, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Come now the Defendants City of Dothan; City of Dothan Police Department; and Chief John Powell, Chief of Dothan Police Department, in his official capacity, in the above styled cause of action and file their Reply Brief to Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss as follows:

## Police Chief John Powell

Brackin asserts that since she is reluctant to sue Police Chief John Powell in his individual capacity, she should be allowed to proceed against him strictly in his official capacity because of her need for discovery despite the redundancy. (Plaintiff's Brief in Opposition to Motion to Dismiss, p. 4). Brackin cites the case of <u>Stavropoulos v. Firestone</u>, 361 F.3d 610, 615 (11th Cir. 2004) as an example where defendants were dismissed in their official capacity as a result of summary judgment. Each defendant in that case was sued in both their official and individual capacities. That meant the defendant would remain in the case in their individual capacity regardless of the ruling on a motion to dismiss.

In the case at bar, but for the redundant naming of the Police Chief in his official capacity, he would not be a defendant at all. The Police Chief's availability for discovery is not affected by his status as a defendant, contrary to Brackin's assertion in her brief. (p. 5).

As stated in Defendant's Motion to Dismiss, Plaintiffs' complaint alleges nothing against Chief Powell. He is named as a defendant but none of the fifteen counts contain any allegations against him. Brackin's brief refers to having been required to submit to a police interrogation by Judge Gordon. Nothing, however, is said regarding Chief Powell in any capacity.

Brackin fails to dispute the redundancy of suing Chief Powell in his official capacity along with the City of Dothan. Plaintiff further fails to offer any justification for the redundancy.

**Count Four**

Plaintiff fails to allege what false report that any defendant caused to be published. Plaintiff does not even say that any Defendant caused the publication which implied any false or damaging information about her. Rather, Brackin alleges, "the inference of ticket-fixing was false" and that she "has reason to believe and does believe Defendant caused it to be published." In other words, the complaint alleges Plaintiff's suspicions, not facts. (Brackin's complaint, paragraphs 68 and 127).

Defendants submit that Brackin fails to allege any false statement or information made public. Defendants are not on notice as to what false public statements they may have made which form the basis of Plaintiff's claim. Plaintiff's allegations make no reference to whether or not the "inference of ticket-fixing" was drawn by the newspaper from the public appeal hearing held at her request following her termination of employment. See, Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993). (Dismissal of claims affirmed where alleged false statements are not specified and grounds for action not properly pleaded.)

3

Count Four not only fails to give notice of what false statements are at issue, it fails to allege what constitutional right defendants allegedly violated. The words "liberty interest" do not appear in the complaint. Brackin instead relies on a general allegation that the publication violated her "rights protected by the Fourteenth Amendment."

Count Four of Plaintiffs' complaint is due to be dismissed for presenting suspicions rather than allegations, for its failure to give the Defendant fair notice of what the Plaintiffs' claim is and the grounds on which it rests. <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 103 2 L. Ed 2d 80 (1957).

### **Count Seven**

Brackin alleges that, "Despite Mrs. Brackin's counsel's written requests for specific documents including the transcripts the City refused to release the documents." Brackin fails to state by what authority she claims the City owed her a duty to honor such a request. There is no allegation that such requests were made pursuant to any rules or laws governing Brackin's termination appeal hearing.

Once again, Brackin is profuse in her use of inherently vague terms like "due process" but deficient in statements of sufficient clarity so as to give the defendants fair notice of the grounds of the complaint. Brackin's

reliance to State Oil and Gas Board of Alabama v. Anderson, 510 So. 2d 250 (Ala. Civ. App. 1987) is therefore misplaced. In that case the court did not rule that any facts as alleged by Brackin amounted to the remotest claim of a due process violation. In fact, the court made no determination of any due process violation.

Brackin's claims against the City in Count Seven of her complaint fail to state a cause of action against the City of Dothan under Section 1983. The allegations are insufficient according to Monell v. Dept. of Social Services of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and are therefore due to be dismissed.

Respectfully submitted this 1st day of February, 2006.

    s/ F. Lenton White
    F. Lenton White (WHI035)
    City Attorney
    P.O. Box 2128
    Dothan, Alabama 36302
    (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

s/ F. Lenton White