IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | CASE NO. 1:05CV1172-F |
| ) | |
| CITY OF DOTHAN; JUDGE ROSE ) | |
| EVANS-GORDON, officially, and in ) | |
| her individual capacity; CITY OF ) | |
| DOTHAN POLICE DEPARTMENT; ) | |
| CHIEF JOHN POWELL, Chief of ) | |
| Dothan Police Department, in his ) | |
| official capacity, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANT JUDGE ROSE EVANS-GORDON'S
MOTION TO STRIKE AND MOTION TO DISMISS**

Comes now the Honorable Rose Evans-Gordon, Defendant in the above styled action and files this her Motion to Strike and Motion to Dismiss.

**MOTION TO STRIKE COMPLAINT**

(1) Defendant Gordon moves to strike the Plaintiffs' complaint for failure to comply with Alabama Rules of Civil Procedure, Rules 8(a)(2), 8(e) and 12(f).

(2) Plaintiffs' complaint is not a short and plain statement as required by Rule 8(a)(2).

(3) Plaintiffs' averments are not simple, concise and direct as required by Rule 8(e).

(4) In addition to violating the pleading requirements under Rule 8, Plaintiffs' complaint contains redundant, immaterial, impertinent and scandalous matters that should be stricken pursuant to Rule 12(f).

## MOTION TO STRIKE THE PRELIMINARY STATEMENT

(5) Defendant Gordon moves to strike the Plaintiffs' Preliminary Statement. There are no provisions for a preliminary statement in the pleading requirements under Federal Civil Procedure Rule 8.

(6) Additionally, the Preliminary Statement contains redundant, immaterial, impertinent and scandalous material and is therefore due to be stricken.

## MOTION TO STRIKE STATEMENTS CONTAINED IN PLAINTIFFS' COMPLAINT UNDER THE HEADING OF "PARTIES"

(7) Defendant Gordon moves to strike redundant, immaterial, impertinent and scandalous language from paragraphs six, seven, nine, ten and eleven. Those paragraphs purport to identify the parties to this litigation.

(8) All other statements beyond the information necessary to identify the parties should be stricken pursuant to Rule 12(f).

## MOTION TO STRIKE PARAGRAPH SIXTY-EIGHT

(9) Defendant Gordon moves to strike Plaintiffs' paragraph sixty-eight. Plaintiffs' statements in paragraph sixty-eight are not based on personal knowledge, but rather on a subjective belief.

(10) Because there is no basis in fact for the statements, they are due to be stricken.

## MOTION TO STRIKE PARAGRAPH NINETY

(11) Defendant Gordon moves to strike the Plaintiffs' paragraph ninety.

(12) Plaintiffs' paragraph ninety makes unfounded and scandalous statements that Judge Gordon shows favoritism to blacks in cases that appear before her.

(13) Because these statements are not based on any facts and are clearly an attempt to insert scandalous matters, they are due to be stricken from Plaintiffs' complaint.

## MOTION TO DISMISS COUNT NINE

(14) Defendant Gordon moves to dismiss Count Nine of Plaintiffs' complaint.

(15) Plaintiff's Title VII claims in Count Nine are due to be dismissed for Plaintiff's admitted failure to exhaust her administrative remedies.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

(16)    Defendant Gordon moves to dismiss Counts Four, Five, Six, Nine, Eleven, Fourteen and Fifteen of Plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## COUNT FOUR

(17)    Defendant Gordon moves to dismiss Count Four of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

(18)    Plaintiffs' claim is based on Plaintiffs' subjective belief rather than upon any facts or personal knowledge and are thus insufficient to allege the violation of a federally protected right.

## MOTION TO DISMISS COUNTS FIVE AND SIX

(19)    Defendant Gordon moves the Court to dismiss Counts Five and Six of Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

(20)    Plaintiffs have alleged no fact that would support a claim of violating a constitutionally protected right by causing an investigation by a third party.

## MOTION TO DISMISS COUNTS NINE AND THIRTEEN

(21) Defendant Gordon moves to dismiss Counts Nine and Thirteen of Plaintiffs' complaint to the extent that those counts are brought against Judge Gordon in either her official or individual capacity.

### Official Capacity

(22) Defendant Gordon moves to dismiss Counts Nine and Thirteen of Plaintiffs' complaint to the extent those counts are brought against her in her official capacity.

(23) Because suits against a municipal officer sued in their official capacity and direct suits against a municipality are the functional equivalent, there is no need or basis for allowing these claims to be pursued against Judge Gordon in her official capacity.

(24) Because of the availability of an action against the municipality any Title VII claims against Judge Gordon are due to be dismissed for failure to state a claim upon which relief can be granted.

### Individual Capacity

(25) Defendant Gordon moves to dismiss Counts Nine and Thirteen to the extent that they are brought against her in her individual capacity.

(26) Individual capacity suits under Title VII are inappropriate.

(27)   Because such suits are inappropriate, Counts Nine and Thirteen are to be dismissed against Judge Gordon for failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS COUNT ELEVEN

(28)   Defendant Gordon moves to dismiss Count Eleven for failure to state a claim upon which relief may be granted.

(29)   Plaintiff has failed to allege facts necessary to support a claim for false imprisonment.

(30)   Because Plaintiff has failed to allege necessary facts, Plaintiff has failed to state a claim upon which relief can be granted.

## MOTION TO DISMISS COUNTS FOURTEEN AND FIFTEEN

(31)   Defendant Gordon moves to dismiss Counts Fourteen and Fifteen for failure to state a claim upon which relief can be granted.

(32)   Each of these claims purports to be supported by factual allegations made in paragraphs thirty-three through thirty-eight of Plaintiff's complaint.

(33)   Because there are no facts alleged in paragraphs thirty-three through thirty-eight, in fact there are no paragraphs thirty-three through thirty-eight, Counts Fourteen and Fifteen are due to be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 22nd day of February, 2006.

                         s/ Joe E. Herring, Jr.
                         Joe E. Herring, Jr. (HER038)
                         Assistant City Attorney
                         P.O. Box 2128
                         Dothan, AL  36302
                         (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Ishmael Jaffree.

                         s/ Joe E. Herring, Jr.
                         Of Counsel