## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MARTIN and, | ) | |
| MARY BETH BRACKIN, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:05CV1172-F |
| | ) | |
| CITY OF DOTHAN; JUDGE ROSE | ) | |
| EVANS-GORDON, officially, and in | ) | |
| her individual capacity; CITY OF | ) | |
| DOTHAN POLICE DEPARTMENT; | ) | |
| CHIEF JOHN POWELL, Chief of | ) | |
| Dothan Police Department, in his | ) | |
| official capacity, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT JUDGE ROSE EVANS-GORDON'S MOTION TO STRIKE AND MOTION TO DISMISS

Comes now the Honorable Rose Evan-Gordon, Defendant in the above styled action, and submits this Brief in Support of her Motion to Strike and Motion to Dismiss.

### MOTION TO STRIKE

Defendant Gordon moves to strike the entire complaint pursuant to Federal Rules of Civil Procedure, Rules 12(f), 8(a)(2) and 8(e). Plaintiffs' Complaint is replete with redundant, immaterial, impertinent and scandalous matter. Further,

the complaint is so vague and ambiguous that the Defendants should not reasonably be required to frame a responsive pleading. The Plaintiffs' "shotgun complaint" consists of Thirty-Seven pages and contains Two Hundred and Six numbered paragraphs, Fifteen counts by Two Plaintiffs against Four Defendants, Nine lettered paragraphs requesting relief, and a "Preliminary Statement."

Federal Rules of Civil Procedure, Rule 8(a)(2) requires that complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint offends both the letter and sprit of Rule 8(a)(2) as there is nothing short or plain about the Plaintiffs' statements alleging that they are entitled to relief. Rule 8(e) requires that "each averment of a pleading shall be simple, concise, and direct." Few, if any, of Plaintiffs' two hundred plus averments are simple, concise and direct as required by Rule 8(e).

In addition to Plaintiffs' failure to comply with the pleading requirements of Rule 8, Plaintiffs insisted on peppering the complaint with unnecessary verbal attacks and unsupported scandalous accusations. Federal Rules of Civil Procedure, Rule 12(f) allows the Court to strike redundant, immaterial, impertinent or scandalous matter. Matter is deemed scandalous when it improperly casts derogatory light on someone, usually a party to the action. Martin v. Hunt, 28 FRD 35 (DC Mass. 1961); Gilbert v. Eli Lilly & Co., 56 FRD 116, (DC Puerto Rico 1972). Comparisons of a party to Hitler and unsupported accusations that a

sitting Judge shows racial bias in her rulings are, at the minimum, gross attempts to improperly cast a derogatory light on Defendant Judge Gordon.

Not only is Rule 12(f) the appropriate remedy for striking of any redundant, immaterial, impertinent, or scandalous matter but it also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct. In re Merrill Lynch & Co. Research Reports Sec. Litig., 218 FRD 76 (S.D. NY, 2003). Because the Plaintiffs have violated almost every tenet of modern pleading rules as set out in Federal Rules of Civil Procedure, Rule 8, and further improperly attempted to assassinate the character of a party who is also a sitting judge, the Plaintiffs complaint should be stricken.

Even if the Court is reluctant to grant Defendant's request to strike the entire complaint, there are numerous individual statements that certainly merit being stricken and claims that require dismissal. This early stage of the litigation is the proper time to identify issues and avoid unnecessary confusion and the delay that would be caused by exploring the myriad of "facts" contained in the Plaintiffs' Shotgun Complaint. This Court has noted that "Shotgun pleadings lead to 'extended and aimless discovery' causing the court to 'be drowned in an uncharted sea of depositions, interrogatories, and affidavits.'" Johnson Enters of Jacksonville v. Fpl Group, 162 F.3d 1290, 1333 (11th Cir. 1998). The District Courts have the power and the duty to define the issues at the earliest stages of litigation. Ebrahimi

v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997); Fikes v.

City of Daphne, 79 F.3d 1082, 1083 & n.6 (11th Cir. 1996); Anderson v. District

Bd. of Trustees of Cent. Fla. Community College, 77 F.3d 364, 367 n.5 (11th Cir.

1998).  Johnson Enters. of Jacksonville v. Fpl Group, 162 F.3d 1290, 1333 (11th

Cir. 1998).  If Plaintiffs' Complaint is left as is, the result is a massive waste of

judicial and private resources; moreover, "the litigants suffer, and society loses

confidence in the court[s'] ability to administer justice."  See Ebrahimi, 114 F.3d at

165 (11th Cir. 1997).

### MOTION TO STRIKE THE PRELIMINARY STATEMENT

        The Plaintiffs' complaint begins with a "Preliminary Statement" that, in

addition to being in violation of Federal Rules of Civil Procedure, Rule 10(b), is a

model of pleadings which Rule 12(f) is designed to prevent.  The statement is

nothing more than a distorted preview of the subsequent allegations.  The

statements add nothing to the substance of the allegations other than the Plaintiffs'

blatant attempt to disparage the Defendants.  The Federal Rules of Civil Procedure

have no provision for a "Preliminary Statement."  Rule 8(a) sets forth the

requirements for claims for relief.  Under Rule 8(a) the Plaintiffs' complaint should

only contain a short and plain statement of jurisdiction and of the claim showing

that the Plaintiffs are entitled to relief and a demand for judgment.

In addition to the distorted preview, the "Preliminary Statement" contains scandalous statements and accusations. Among the scandalous statements contained in Plaintiffs' "Preliminary Statement" is a comparison of Judge Gordon to Adolph Hitler's Nazi secret police. Plaintiffs claim that Judge Gordon "subjected some of the white administrative employees, under her supervision, to Gestapo-like tactics intended to coerce confessions of misconduct in job performance." Matters are deemed scandalous when they improperly cast derogatory light on someone, usually a party to the action. Martin v. Hunt, 28 FRD 35 (DC Mass., 961); Gilbert v. Eli Lilly & Co., 56 FRD 116 (DC Puerto Rico, 1972).

Because the Plaintiffs' "Preliminary Statement" fails to comply with the pleading requirements of Rule 8, contains unnecessary and redundant statements that fail to serve any legitimate purpose, and is a clear attempt to cast Judge Gordon in a derogatory light, the "Preliminary Statement" should be stricken pursuant to Rule 12(f).

## MOTION TO STRIKE STATEMENTS CONTAINED IN PLAINTIFFS' COMPLAINT UNDER HEADING OF "PARTIES"

Defendant Gordon moves to strike redundant, immaterial, impertinent or scandalous language from paragraphs six, seven, nine, ten and eleven. Paragraphs six through eleven of Plaintiffs' complaint, under the heading "IV. PARTIES",

identifies the various parties involved in this litigation. In each paragraph, except the paragraph identifying the City of Dothan as an instrumentality of state government, Plaintiffs include redundant, immaterial, impertinent and superfluous statements. All such statements, other than those identifying the party and in what capacity they are involved in this action, should be stricken pursuant to Rule 12(f).

## MOTION TO STRIKE PARAGRAPH SIXTY-EIGHT

Paragraph sixty-eight states that "Mrs. Brackin has cause to believe and does believe that Defendant Gordon caused to be published in the local newspaper that she was terminated for ticket-fixing." There is no factual basis for this allegation. Rather, this claim is based on Brackin's subjective belief. A belief, no matter how sincere, is not equivalent to knowledge. Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002); citing Jameson v. Jameson, 176 F.2d 58, 60 (D.C. Cir. 1949). Statements that are based on belief rather than personal knowledge are improper and should be stricken. Farrington v. Bath Iron Works Corp., (DC Me 2003) 14 AD Cas. 1708, 2003 U.S. Dist. LEXIS 1938; (Co-workers' statements that they believed employee was subjected to disproportionate number of practical jokes and physical assaults because other co-workers knew that employee was or perceived employee to be substantially limited in intellectual functioning were stricken because they were conclusory, lacked foundation for basis of opinions offered, and indicated on their face that they emanated from belief rather than personal

knowledge.)  Because the allegations contained in paragraph sixty-eight are not
based on personal knowledge they are due to be stricken.[1]

## MOTION TO STRIKE PARAGRAPH NINETY

In paragraph ninety of Plaintiff's Complaint Plaintiffs make the outlandish
claim that Judge Gordon, a sitting Judge, shows favoritism to blacks who appeared
before her in court.  These wild, unsupported, allegations have no basis in fact and
are a clear attempt to slander an outstanding judge.  Under Rule 12(f) this Court
has the power to strike such scandalous claims.  Agran v. Isaacs, 306 F. Supp. 945,
(N. D. Ill, 1969) (Libelous accusations and innuendos disparaging character and
professional ethics of two judges ruled scandalous within the meaning of Rule
12(f).)  Because these scandalous claims have no basis in fact and have no
relationship to the issues before the Court they are due to be stricken pursuant to
Rule 12(f).

---

[1] Defendant Gordon has also moved to dismiss count four of Plaintiffs' complaint, which is based on the statements contained in paragraph 68, for failure to state a claim upon which relief may be granted under Rule 12(b)(6).  See page 9 of Defendant's Brief.

## <u>MOTION TO DISMISS COUNT NINE</u>

Defendant Gordon moves to dismiss Count Nine as Plaintiffs have failed to allege a condition precedent required to bring a Title VII action.  Plaintiff Brackin has failed to exhaust her administrative remedies required prior to filing suit.  It is well settled law that a Title VII claimant must first exhaust all administrative remedies prior to initiating a lawsuit in federal court.  <u>Hogan v. Bellsouth Corp.</u>, 396 F. Supp. 2d 1333, 1348  (N.D. Ga. 2004); <u>Aurel v. School Board of Miami-Dade</u>, 261 F. Supp. 2d 1375, 1377 (S.D. Fla. 2003); <u>Griffin v. Carlin</u>, 755 F. 2d 1516, 1529 (11th Cir. 1985).  Prior to bringing an action under Title VII, a prospective plaintiff must file a complaint with the Equal Employment Opportunity Commission and receive a right to sue letter.  42 U.S.C. § 2000e-5(f)(1).  Once the prospective plaintiff does so, he must allege that fact in any subsequent action.  A plaintiff *must* generally allege in the complaint that all conditions precedent have been fulfilled.  <u>Richey v. City of Lilburn</u>, 127 F. Supp. 2d 1250, 1257 (N.D. Ga. 1999).

Here Plaintiffs allege that Brackin has ***not*** yet exhausted her administrative remedies. (Paragraphs 5, 148).  Plaintiff Brackin avers in paragraph five of the complaint that she "has not exhausted her administrative remedies in accordance with 42 U.S.C. §2000c-16(c) (sic)."    In paragraph one hundred forty-eight, Plaintiffs further admit their failure to follow the law, stating "Currently pending is

an EEOC charge of discrimination from which a right to sue will issue. Upon issuance of such charge the same will be appended, upon the Court's permission to this complaint and made a part thereof." The Supreme Court has noted that strict adherence to this procedural requirement is not a mere technicality but an integral part of Congress' statutory scheme that should not "be disregarded by the courts out of a vague sympathy for particular litigants." <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147 (1984). Plaintiff Brackin's Title VII claim is therefore barred and must be dismissed for failure to exhaust administrative remedies.[2] <u>Cantrell v. Jay R. Smith Mfg. Co.</u>, 248 F. Supp. 2d 1126, 1134 (M.D. Ala. 2003).

## <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Defendant Gordon moves to dismiss Counts Four, Five, Six, Nine, Eleven, Fourteen and Fifteen of Plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## <u>MOTION TO DISMISS COUNT FOUR</u>

To the extent that Count Four is construed to be a claim against Defendant Gordon, Defendant moves to dismiss such for failure to state a claim upon which relief can be granted. Plaintiff Brackin fails to state a claim upon which relief can

---

[2] Defendant Gordon has also moved to dismiss any Title VII claims construed to be brought against her in either her official or individual capacity. See page 11 of Defendant's Brief.

be granted for the publication of newspaper articles which "inferred" [sic] she was implicated in ticket-fixing.  Plaintiff fails to allege any false statement made by any of the anonymous agents or employees of Defendant City of Dothan which resulted in any such notice.  Plaintiff Brackin's complaint also fails to name any official, agent or employee who caused any false statement to be published in a newspaper.  More importantly, the Plaintiff fails to allege that Defendant Gordon made any false statements. Instead, Plaintiff alleges, in paragraph sixty-eight, that she "has cause to believe and does believe that Defendant Gordon caused to be published in the local newspaper that she was terminated for ticket-fixing."  This "belief" is insufficient to create a genuine issue of fact without the alleged existence of that certain fact.  Pace v. Capobianco, 283 F. 3d 1275, 1278 (11th Cir. 2002).  Because Plaintiff Brackin failed to allege facts that would support a claim upon which relief can be granted, Count Four of Plaintiff's Complaint is due to be dismissed.[3]

## MOTION TO DISMISS COUNTS FIVE AND SIX

Defendant Gordon moves, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), to dismiss Counts Five and Six of Plaintiffs' complaint for failure to state a claim upon which relief can be granted.  The allegations contained in Counts Five and Six are identical in every way, save the headings which do not

---

[3] Defendant Gordon has also moved to strike paragraph 68.  See page 6 of Defendant's Brief.

constitute allegations.  Neither count makes any allegation regarding a specific right that was violated by the alleged conduct.  Furthermore, there is no constitutionally protected right that would support a claim for ***causing*** an investigation, by a third party, of a government employee's work related actions. Nor is there a federally protected right not to be subjected to a lawful investigation by an employer.  Further, Plaintiffs fail to allege any unconstitutional reason or motive for the investigations.

## MOTION TO DISMISS COUNTS NINE AND THIRTEEN

Defendant Gordon is unable to decipher whether or not Plaintiffs are attempting to make claims against her in her individual and/or official capacities. To the extent that Plaintiffs are attempting to make Title VII claims against Judge Gordon in either her official or individual capacities, such claims are due to be dismissed for failure to state a claim upon which relief may be granted.

### Official Capacity

Here, it appears the Plaintiffs are attempting to pursue Title VII claims against both the City of Dothan as well as against Judge Gordon in her official capacity.  Suits against a municipal officer sued in their official capacity and direct suits against municipalities are functionally equivalent.  <u>Snow, ex rel. Snow v. City of Citronelle</u>, 420 F. 3d 1262 (11th Cir. 2005).   Thus, the claims against Judge Gordon in her official capacity serve no purpose and are redundant to those against

the City of Dothan. Leaving Judge Gordon in this action as a party defendant in her official capacity, would only lead to unnecessary additional pleadings, discovery and the possibility of confusion of any potential future jury.

## Individual Capacity Suits

If the Plaintiffs' Title VII claims are construed to be brought against Judge Gordon in her individual capacity, they are due to be dismissed as individual capacity suits under Title VII are inappropriate. Stotz v. City of Plantation, 344 F. 3d 1161 (11th Cir. 2003); Busby v. City of Orlando, 931 F. 3d 764, 772 (11th Cir. 1991). Relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act. Williams v. City of Jacksonville, 341 F. 3d 1261 (11th Cir. 2003), Smith v. Lomax, 45 F. 3d 402 (11th Cir. 1995). Because individual capacity suits under Title VII are improper, any such claims against Judge Gordon are due to be dismissed.

## MOTION TO DISMISS COUNT ELEVEN

Count Eleven is Brackin's state law false imprisonment claim. While Plaintiff Brackin correctly set out the elements for false imprisonment in her complaint, she fails to allege facts that state a claim upon which relief could be granted. Nowhere in Plaintiffs' complaint is it alleged that Judge Gordon caused any direct restraint, by use or threat of force, of Brackin. "False imprisonment

consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Ala. Code § 6-5-170.

The Alabama Supreme Court has held that,

> For there to be a false imprisonment, there must be some direct restraint of the person; however, it is not necessary that there be confinement in a jail or a prison. Any *exercise of force*, or the *express or implied threat of force*, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment.

Crown Cent. Petroleum Corp. v. Williams, 679 So. 2d 651, 653-654 (Ala. 1996) (emphasis added); *citing*, Big B, Inc. v. Cottingham, 634 So. 2d 999 (Ala. 1993). As noted above, a claim of false imprisonment requires proof of some direct restraint which includes an exercise of force or an express or implied threat of force. Nowhere in Plaintiffs' complaint is there any allegation that Judge Gordon, or any other person for that matter, exercised any use or threat of force against Brackin. Because Brackin has failed to allege facts necessary to support a claim of false imprisonment, count Eleven is due to be dismissed for failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS COUNTS FOURTEEN AND FIFTEEN

Counts Fourteen and Fifteen are Martin's claims against Judge Gordon for racial discrimination and negligence. Both of these claims purport to be supported by factual allegations made in paragraphs thirty-three through thirty-eight.

However, there are no paragraphs thirty-three through thirty-eight.  Because there are no facts alleged that support counts Fourteen and Fifteen, both should be dismissed for failure to state a claim upon which relief could be granted.

Respectfully submitted this 22nd day of February, 2006.

s/ Joe E. Herring, Jr.
Joe E. Herring, Jr. (HER038)
Assistant City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Ishmael Jaffree.

s/ Joe. E. Herring, Jr.
Of Counsel