**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NANCY MARTIN and,** ) | |
| **MARY BETH BRACKIN** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 1:05-CV-1172-MEF** |
| ) | |
| **CITY OF DOTHAN; JUDGE ROSE** ) | |
| **EVANS-GORDON,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## <u>MOTION TO DISMISS</u>

Come now the Defendants, Judge Rose Evans-Gordon and the City of Dothan, by and through the undersigned attorney and pursuant to Federal Rules of Civil Procedure, 12(b)(6) moves this Honorable Court as follows:

(1)  Count One of Plaintiffs' complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); <u>Turpin v. Mailet</u>, 619 F.2d 196 (1980, cert. denied, 449 U.S. 1016, 101 S. Ct. 577, 66 L. Ed. 2d 475 (1980) (To successfully litigate a lawsuit for deprivation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must show a violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights.)

(2)  Count Two of Plaintiffs' Complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  <u>Oladeinde v. City of Birmingham</u>, 230 F.3d 1275, 1291 (11th Cir. 2000) (Plaintiffs city employees failed to demonstrate a violation of a right protected by the First Amendment).

(3)  Count Three of Plaintiffs' complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  <u>Maggio v. Sipple</u>, 211 F.3d 1346, 1353 (11th Cir. 2000).  (Complaint dismissed for public employees' failure to allege a First Amendment violation).

(4)  Count Four of Plaintiffs' complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003) (Vague and conclusory allegations do not support liability in an employment discrimination case and will not prevent a Rule 12(b)(6) dismissal.)

(5)  Counts Five and Seven of Plaintiffs' complaint are due to be dismissed for failure to state a claim upon which relief can be granted.  <u>McKinney v. Pate</u>, 20 F.3d 1550 (11th Cir. 1994); cert. denied 513 U.S. 1110, 115 S. Ct. 898, 130 L. Ed. 2d 783 (1995) (Employment law is not subject to substantive due process protection under the Due Process Clause of the United States Constitution.)

Respectfully submitted this 14th day of March, 2006.

s/ F. Lenton White
F. Lenton White (WHI035)
City Attorney
P.O. Box 2128
Dothan, Alabama 36302
(334) 615-3130

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Ishmael Jaffree.

s/ F. Lenton White
Of Counsel

2