IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, | ) |
| MARY BETH BRACKIN, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| vs. | ) CASE NO. 1:05-CV-1172-MEF |
| | ) |
| CITY OF DOTHAN; JUDGE ROSE | ) |
| EVANS-GORDON, | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO THEIR MOTION TO DISMISS**

Defendants, The City of Dothan, and Judge Rose Evans-Gordon, hereby reply to Plaintiffs' Response to their Motion to Dismiss. Defendants moved to strike Counts One, Two, Three, Four, Five and Seven on the grounds said counts fail to state a claim upon which relief can be granted. Defendants do not intend to re-brief their Motion to Dismiss, but are compelled to address certain matters set forth in Plaintiffs' Response.

**Contradictions**

Count One of Plaintiff Brackin's complaint alleges that she is entitled to a remedy pursuant to 42 U.S.C.A., § 1983 for violation of her First Amendment rights by the City of Dothan and Judge Evans-Gordon. Specifically, Brackin alleges that she "was suspended, without pay on April 26, 2004, for 10 working days," and "under the City's Personnel Rules and Regulations the only recourse for a suspension is to seek a hearing before the appointing authority. Defendant Gordon is the Appointing Authority for Mrs.

Brackin.  <u>No further appeal is permissible</u>."  (Plaintiffs' Amended Complaint, Paragraphs 34 and 35, emphasis added).

Brackin's own Response to Defendants' Motion to Dismiss, however, refutes this allegation of Judge Gordon's decisions not having been subject to meaningful administrative review.  (See <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 638 (11th Cir. 1991) (holding that a municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful administrative review.)

Brackin's own brief recites the section of the Defendant's Civil Service Act regarding an employee's rights regarding suspensions.  It clearly states the employee "may file with the (Personnel) Board and the Appointing Authority a written answer or explanation of the assigned charges and such answer shall be preserved as a part of the Public Record <u>and the Board may, for cause shown, set aside such suspension order</u>."  (Emphasis added).

In <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities may not be held liable under 42 U.S.C., § 1983 on a theory of respondeat superior.  Instead, municipalities may only be held liable for the execution of a governmental policy or custom.  Later, in <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986), the Supreme Court clarified <u>Monell's</u> "policy or custom" requirement.  In <u>Pembaur</u>, the Court explained that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."  <u>Id.</u> at 480, 106 S. Ct. at 1298.

The Supreme Court and the Eleventh Circuit have consistently held that where employment decisions were reviewable by the Civil Commission, "appointing authorities" who made the original decisions were not authorized to establish employment policy for the city. City of St. Louis v. Praprotnik, 485 U.S. 112, 108, 129 S. Ct. 915, 927, 99 L. Ed. 2d 107.  See also, Holloman ex rel. v. Harland, 370 F.3d 1252, 1292 (11th Cir. 2004); Grech v. Clayton County, Georgia, 335 F.3d 1326, 1351 (11th Cir. 2003); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Oladeinde v. City of Birmingham, 370 F.3d 1275, 1295 (11th Cir. 2000).

Further, no policy is alleged for which City of Dothan is responsible nor can Judge Evans-Gordon now be shown to be a policymaker for purposes of presenting a claim under §1983.  Count One of Brackin's complaint is therefore shown by her own Response brief and Amended Complaint to fail to state a claim in Count One.

## COUNTS TWO AND THREE

Brackin's Response admits that her case "does not fit neatly under the general test for protected speech by a public employee." It repeats allegations that the judge's order constituted a "prior restraint", was not "narrowly drawn" and was "sweeping and absolute".

Brackin ignores, however, what she concedes is an element of her claim.  The speech sought to be protected must relate to a matter of public concern. Connick v. Myers, 461 U.S. 138, 142, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983).  Akins v. Fulton County, Georgia, 420 F.3d 1293, 1302 (11th Cir. 2005).  None of the reasons given by Brackin for the Judge's restriction being unconstitutional apply to unprotected speech. Brackin's Amended Complaint alleges that Judge Evans-Gordon's directive to the entire

3

magistrate staff said to have no contact with Mary Turner, an employee suspended prior to her being criminally charged. Paragraph 45, Plaintiff's Amended Complaint. Brackin's Complaint further acknowledges Brackin disobeyed this directive and telephoned Turner regarding the location of a certain document. Paragraph 49, Plaintiffs' Amended Complaint.

Contrary to Brackin's assertions, this telephone call by a governmental employee to another suspended government employee is not protected speech as a matter of law. Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993); Maggio v. Sipple, 211 F.3d 1346, 1352 (11th Cir. 2000). Plaintiff's allegation that Judge Evans-Gordon's directive violated unprotected speech is extraneous.

Count Two and Count Three further fail to state a claim cognizable under § 1983 because as set out in both Plaintiff's Amended Complaint and her Response to Defendants' Motion to Dismiss, the Judge's decisions to first suspend, then terminate Brackin's employment were subject to meaningful administrative review. Paragraph 55, Plaintiffs' Amended Complaint, pg. 4, Plaintiffs' Response to Defendants' Motion to Dismiss.

Brackin's Response fails to provide any authority in support of Counts Two and Three stating a claim under §1983. Based upon the foregoing, those Counts are therefore due to be dismissed.

## COUNT FOUR

In Count Four of her Amended Complaint Brackin alleges she was interrogated by Dothan police officers in violation of her rights to procedural due process and as a direct result was "caused to suffer adverse job consequences." In their Motion to Dismiss

4

Count Four, Defendants note there is no identification of the constitutional deprivation Brackin terms as "adverse job consequences." Brackin's Response does not allege any termination, suspension or even reprimand resulting from the interrogation. Instead, Brackin simply alleges that the deprivation was complete merely by the fact the interrogation occurred. The two cases cited in support of this proposition are irrelevant to support civil liability of the police or anyone else.

A procedural due process claim under § 1983 has four elements: (1) persons acting under color of state law (2) deprived Plaintiff (3) of property (4) without due process of law. <u>Hicks v. Jackson County Commission</u>, 374 F. Supp. 2d 1084, 1088 (N.D. Ala. 2005).

As admitted by Brackin, no deprivation resulted from these interrogations. No allegation is made therefore sufficient to trigger the procedural safeguards of the Due Process Clause. Even were Brackin to allege such a deprivation, her admitted right to administrative review of the action pursuant to the Civil Service System referenced in her own Amended Complaint and Response, would bar recovery under §1983. <u>McKinney v. Pate</u>, 20 F.3d 1550, 1555 (11th Cir. 1994).

Based upon the foregoing and the authority contained in Defendants' Brief in Support of heir Motion to Dismiss, Count Four of Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## **COUNT FIVE**

In Count Five of Plaintiff's Amended Complaint Brackin again fails to allege what constitutionally protected right Defendants violated when Brackin was "interrogated", or how these "interrogations" resulted in a deprivation of Brackin's liberty or property

interests. Brackin's Response does not argue to extend her allegations in Count Five of "adverse job consequences" to her suspension and dismissal from employment. Regardless, as stated above, neither deprivation is cognizable under Section 1983 because each employment action was admittedly subject to the provisions for review under the Civil Service Act.

It appears again that the alleged "interrogation" in itself, is presented as a sufficiently pleaded violation of constitutionally protected rights. Brackin's Amended Complaint does not, however, allege any constitutional deprivation such as termination, demotion or suspension directly resulting from it.

The connection of Brackin's interrogation allegations to substantive due process protection is strained by her reliance upon Chavez v. Martinez, 538 U.S. 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003). The Supreme Court in Chavez addressed a § 1983 claim involving an alleged coerced confession given to a police officer in a criminal case while the Plaintiff was receiving emergency treatment at a hospital and complaining he was dying. In Chavez, the Plaintiff gave a confession to criminal charges as a result of coercive interrogation by police while he was receiving emergency medical treatment for gunshot wounds. Throughout the interrogation the Plaintiff complained he was dying but the police officer continued his questioning. Three of those justices were satisfied that the circumstances of Chavez did not rise to the level of a substantive due process violation. Id. at 774, 123 S. Ct. at 2005. Five justices remanded the case for determination of "whether [the complainant] may pursue a claim of liability for substantive due process violation." Id. at 779, 123 S. Ct. at 2008.

The Eleventh Circuit addressed an alleged substantive due process violation stemming from a police interrogation in the recent case of <u>Tinker v. Beasley</u>, 2005 WL 3007129 (11th Cir. 2005).  In <u>Tinker</u>, police officers repeatedly interrogated a murder suspect for several days, denying her an opportunity to talk to her attorney.  The officers threatened she would never see her children again unless she confessed and that she had two options:  the chair or life in prison.  The Plaintiff further alleged she was pressured by references to her recently deceased mother and that officers referred to her "frying" and "sizzling" in the electric chair.  The Plaintiff also alleged being threatened if one of her family members went to a lawyer on her behalf.  <u>Id.</u> at * 2.  The Eleventh Circuit held that as a matter of law, these facts were insufficient to shock the conscience so as to violate the suspect's substantive due process rights.  <u>Id.</u> at * 3.

The facts in the case at bar pale in comparison. Brackin alleges that she was told she must "sign a document consenting to the police interrogation or she would be charged with insubordination – an immediately dischargeable offense."  Plaintiffs' Amended Complaint, paragraphs 20, 28.  Brackin further alleges officers told her "that if they had reason to believe that she was being dishonest they would administer a lie detector test and if she refused, it would be the basis for job termination."  Plaintiffs' Amended Complaint, paragraph 48.

In light of the clearly established law of this Circuit, Brackin has failed to allege coercive questioning by Defendants to rise to a level that shocks the conscience sufficiently to violate Brackin's right to substantive due process.  Count Five of Plaintiffs' Amended Complaint is therefore due to be dismissed.

**COUNT SEVEN**

Brackin's Response acknowledges that no claim exists based upon § 1983 for alleged substantive due process violations in a pretextual termination of employment. ("This argument is correct as far as it goes." p. 13, Plaintiff's Response).

Brackin's reliance upon McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) is, again, misplaced. The quoted passage from McKinney regarding "fundamental" rights in a substantive due process claim is a reference to the prior, and subsequently overruled state of the law in the Eleventh Circuit. McKinney, 1560. (Because employment rights are state-created rights and are not "fundamental" rights created by the Constitution, they do not enjoy substantive due process protection.)

The Eleventh Circuit has consistently and clearly stated that, "Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component." McKinney, 1260, Hinson v. Clinch County, Georgia Board of Education, 231 F.3d 821, 832 (11th Cir. 2000), Bussinger v. City of New Smyrna Beach, Florida, 50 F.3d 922, 925 (11th Cir. 1995), Narey v. Dean, 32 F.3d 1521, 1527 (11th Cir. 1994).

Brackin insists that her "factual allegations, scattered thru out (sic) their Complaint, must be read in para materia (sic) with Count Seven". p. 14, Plaintiffs' Response. While these "scattered" allegations may include numerous examples of "grievous loss of a valuable property interest," they are not entitled to redress through a substantive due process claim under § 1983. McKinney, 1560.

Brackin also includes her First Amendment rights with her property rights as fundamental and "scattered" throughout their Complaint. Brackin's Complaint contains nine counts, each of which incorporates fifty paragraphs of factual allegations. Brackin contends that Count Seven should be read to include facts elsewhere in her complaint other than the "single contact with her friend" described there as the basis for her First Amendment Claim.

Incredibly, Brackin here essentially suggests she has simply thrown enough at the wall that some of it ought to stick. Count Seven, however, does no such thing. It is specific in regard to a single telephone call to a friend and coworker about which there is no basis for a public concern.

Based upon the foregoing, the Plaintiffs' Amended Complaint and Response to Defendants' Motion to Dismiss and Defendants' Brief in Support of their Motion, the above referenced Counts of said complaint art due to be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 3rd day of April, 2006.

                                                        s/ F. Lenton White
                                                        F. Lenton White (WHI035)
                                                        City Attorney
                                                        P.O. Box 2128
                                                        Dothan, Alabama 36302
                                                        (334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

s/ F. Lenton White<br>
Of Counsel