IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | CASE NO. 1:05-CV-1172-MEF |
| ) | |
| CITY OF DOTHAN; JUDGE ROSE ) | |
| EVANS-GORDON, ) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFFS'
SECOND MOTION TO AMEND**

Come now the Defendants, Rose Evans-Gordon and City of Dothan, by and through their undersigned attorney and would state as follows:

(1) The Plaintiffs request that they be allowed to amend their complaint yet again and as a basis therefor cite the U.S. Supreme Court's new standards for addressing the retaliatory provisions of Title VII of the Civil Rights Act. The Plaintiffs specifically state "Plaintiffs seek permission to amend because the U.S. Supreme Court in Burlington Northern & Sante Fe Railroad v. White, Docket No. 05-259 (Decided June 22, 2006) has just released its opinion which greatly expands the types of employer conduct which is retaliatory under Title VII which should apply with equal force in 1983 action…" (Plaintiffs' Motion to Amend).

Plaintiffs, however, have not set out any new facts or made any attempt to establish that the decision in Burlington Northern has any affect on this case. Ms. Brackin's

Amended Claim of retaliation is based on her termination. (Paragraph 151, Plaintiffs' "poposed" (sic) Second Amended Complaint). Courts have allowed claims of retaliatory discharge prior to this recent decision, therefore the new standard set out in <u>Burlington Northern</u> has no effect on Ms. Brackin's right to bring this claim. Ms. Martin alleges retaliation because she was not allowed to supervise specific black employees which she alleges equates to retaliation. (Paragraph 187, Plaintiffs' "poposed" (sic) Second Amended Complaint).

    In <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 2006 WL 1698953 (June 22, 2006), the Plaintiff was a female forklift operator who complained of sexual harassment. After her complaint she was transferred to a lesser job as a track laborer. She then filed an EEOC complaint regarding the transfer. She was subsequently suspended without pay for 37 days. This lead to the filing of a retaliation claim. Neither of the Plaintiffs set forth any facts or allegations remotely similar to the facts of <u>Burlington Northern</u> which would render this decision relevant to their case. The Plaintiffs are simply attempting to use the recent ruling in <u>Burlington Northern</u> to add additional claims that they neglected to plead in their original or First Amended Complaint.

    (2) The basis the Plaintiffs give in support of their amendment that it should be allowed in light of new law is therefore subterfuge. The Plaintiffs were not diligent in pleading their claims in the original or First Amended Complaint and now they wish to add additional claims under the guise of newly expanded case law.

    (3) Regardless of <u>Burlington Northern</u> the Plaintiffs should not be allowed to amend the complaint yet again. While Rule 15(a) FRCP allows amendments to be freely

given, it is not without limitations. In Foman v. Davis, 371 U.S. 178 (1962) the court set out several reasons an amendment should be denied. Those reasons included undue delay, failure to cure deficiency by amendments previously allowed, futility of the amendment, etc.

In this case a review of the Plaintiffs' First and Second Amended Complaints establishes that they are virtually identical, including the typographical errors. The Plaintiffs have not made any effort to cure the deficiencies in the complaint even though they were set out in detail in the Defendants' Motions to Dismiss which were filed in response to the original complaint and the First Amended Complaint.

Furthermore, the Plaintiffs' new state law claim alleging breach of contract found in (Paragraphs 186 to 189, Plaintiffs' "poposed" (sic) Second Amended Complaint) does not allege that the Plaintiffs complied with Ala. Code 11-47-23 (1975). See Yanella v. City of Dothan, 66 F. Supp. 2d 1233 (M.D. 1999). The failure to comply with the statute renders this count due to be dismissed.

Wherefore, the Defendants would request that the Plaintiffs' Motion to Amend their Complaint a second time be denied.

Respectfully submitted this 5th day of July, 2006.

        s/ Joe E. Herring, Jr.
        Joe E. Herring, Jr. (HER038)
        Assistant City Attorney
        P.O. Box 2128
        Dothan, AL  36302
        (334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

s/ Joe E. Herring, Jr.
Of Counsel