IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and,  )<br>MARY BETH BRACKIN )<br>)<br>    PLAINTIFFS, )<br>)<br>vs. )<br>)<br>CITY OF DOTHAN; JUDGE ROSE )<br>EVANS-GORDON, )<br>)<br>    DEFENDANTS. ) | CASE NO. 1:05-CV-1172-MEF |

**MOTION TO DISMISS**

    Come now the Defendants, Rose Evans-Gordon and the City of Dothan, by and through the undersigned attorney and pursuant to Federal Rules of Civil Procedure, 12(b)(6) moves this Honorable Court as follows:

    (1)  Count One of Plaintiffs' Second Amended Complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); Turpin v. Mailet, 619 F.2d 196 (1980, cert. denied, 449 U.S. 1016, 101 S. Ct. 577, 66 L. Ed. 2d 475 (1980) (To successfully litigate a lawsuit for deprivation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must show a violation of a constitutionally protected liberty or property interest and deliberate indifference to constitutional rights.)

    (2)  Count Two of Plaintiffs' Second Amended Complaint is due to be dismissed for its failure to state a claim upon which relief can be granted.  Oladeinde v. City of Birmingham, 230 F.3d 1275, 1291 (11th Cir. 2000) (Plaintiffs city employees failed to demonstrate a violation of a right protected by the First Amendment).

(3) Count Three of Plaintiffs' Second Amended Complaint is due to be dismissed for its failure to state a claim upon which relief can be granted. Maggio v. Sipple, 211 F.3d 1346, 1353 (11th Cir. 2000). (Complaint dismissed for public employees' failure to allege a First Amendment violation).

(4) Count Four of Plaintiffs' Second Amended Complaint is due to be dismissed for its failure to state a claim upon which relief can be granted. Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (Vague and conclusory allegations do not support liability in an employment discrimination case and will not prevent a Rule 12(b)(6) dismissal.)

(5) Counts Five and Seven of Plaintiffs' Second Amended Complaint are due to be dismissed for failure to state a claim upon which relief can be granted. McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994); cert. denied 513 U.S. 1110, 115 S. Ct. 898, 130 L. Ed. 2d 783 (1995) (Employment law is not subject to substantive due process protection under the Due Process Clause of the United States Constitution.)

(6) Counts Ten and Thirteen of Plaintiffs' Second Amended Complaint are due to be dismissed for failure to state a claim upon which relief can be granted. Brown v. Opelika, 2006 WL 1515836 (M.D. Ala. 2006) (a section §1983 claim cannot be based on an allegation of retaliation.)

Respectfully submitted this 20th day of July, 2006.

s/ F. Lenton White
F. Lenton White (WHI035)
City Attorney
P.O. Box 2128
Dothan, Alabama 36302
(334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

                                                          s/ F. Lenton White
                                                          Of Counsel