IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br> <br> PLAINTIFFS, <br> <br> vs. <br> <br> CITY OF DOTHAN; JUDGE ROSE <br> EVANS-GORDON, <br> <br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Come now the Defendants, City of Dothan, and Rose Evans-Gordon by and through the undersigned attorney in the above styled cause and in support of their Motion to Dismiss Plaintiffs' Second Amended Complaint state as follows:

**Brackin's Employment Suspension**

Plaintiff Brackin alleges in Count One of her civil rights complaint that Defendants violated her constitutional rights. From the heading to Count One, Defendants presume those rights relate to the First Amendment. Defendants cannot presume, however, that Brackin was deprived of any constitutional right by her "suspension and 2-year probation". (Plaintiffs' Second Amended Complaint, paragraph 100). Brackin alleges no deprivation of any right or status recognized by either federal or state law sufficient to invoke the protection of the Due Process Clause or the Civil Rights Act. Paul v. Davis, 424 U.S. 693, 701, 96 S. Ct. 1155, 1160, 47 L. Ed. 2d 405 (1976) (Tangible interests such as liberty or property are required to invoke the procedural protection of the Due Process

Clause). See also, Von Stein v. Brescher, 904 F.2d 572, 582 (11th Cir. 1990). (Extinguishment or significant alteration any right guaranteed by the United States Constitution necessary to state claim under §1983).

Defendants contend that Count One of Brackin's Complaint fails to allege neither deprivation of a liberty or property interest sufficient to state a claim under 42 U.S. C. §1983.

### First Amendment

The Eleventh Circuit has consistently held that government employees do not enjoy an absolute right to freedom of speech. See Maggio v. Sipple, 211 F.3d 1346, 1351 (11th Cir. 2000). A public employee's speech must be "fairly characterized as constituting speech on a matter of public concern" and "the employee's interest in commenting on the matter outweighs the government's interest in promoting the efficiency of the public services it performs through its employees." Id. (quoting Connick v. Myers, 461 U.S. 138, 142, 246, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983); see also Pickering v. Board of Education, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968) (establishing the balance test).

In determining whether a government employee's speech is related to a matter of public concern, the court must consider "the content, form and context" of the speech. Ladeinde v. City of Birmingham, 230 F.3d 1275, 1291 (11th Cir. 2000) (quoting Connick, 461 U.S. at 147-48, 103 S. Ct. 1684).

The question of whether speech relates to matters of public concern is one of law, not of fact. Gonzales v. Lee County Housing Authority, 161 F.3d 1290, 1297 (11th Cir. 1998). To involve a matter of public concern, a government employee's speech must

"relate to any matter of political, social, or other concern to the community." Connick, 461 U.S. at 146, 103 S. Ct. at 1690.

According to Plaintiffs' Complaint, Brackin, a magistrate, was directed, along with all other city magistrates, not to have any contact with another magistrate, Mary Turner. The Complaint states this order was in conjunction with a police investigation of Mrs. Turner who was simultaneously suspended from work and subsequently "formally charged." (Plaintiffs' Second Amended Complaint, paragraph 46).

Count Two of the Complaint is void of any facts giving rise to public concern for the judge's actions. To the contrary, the logical influence from the allegations is these actions were for the protection of the integrity of the police investigation of Brackin's co-worker in the magistrate's office. Counts Two and Three of Plaintiffs' Complaint are therefore due to be dismissed.

### Substantive Due Process

The United States Supreme Court has consistently held that the substantive component of the Due Process Clause protects those rights that are "fundamental," that is, "rights that are implicit in the concept of ordered liberty." Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937). A finding that a right merits substantive due process protection means that the right is protected "against certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the

3

Constitution." Regents v. Univ. of Michigan v. Ewing, 474 U.S. 214, 229, 106 S. Ct. 507, 515 88 L. Ed. 2d 523 (1985).

The Supreme Court has clearly stated that state employment decisions are not covered by its substantive due process jurisprudence. Accordingly, the Eleventh Circuit has decided that a public employee cannot assert a substantive due process claim for being terminated for a pretextual reason. Bussinger v. City of New Smyrna Beach, Fla., 50 F.3d 922, 925 (11th Cir. 1995), McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994), cert. denied, 513 U.S. 1110, 115 S. Ct. 898, 130 L. Ed. 2d 783 (1995).

Plaintiff Brackin's Complaint alleges that her employment termination resulted in the deprivation of her property interest "by means that were pretextual" in violation of substantive due process. (Plaintiffs' Second Amended Complaint, Count Seven). Based upon the foregoing authority, Count Seven of Plaintiffs' Complaint is therefore due to be dismissed.

Brackin further alleges to have suffered unspecified "adverse job consequences" as a result of Defendants' substantive and procedural due process violations of her "interrogations." (Plaintiffs' Second Amended Complaint, Count Four, paragraph 112; Count Five, paragraph 116).

Plaintiff does not specify or give any supporting facts to describe what "adverse job consequences" resulted from these interrogations nor any constitutional basis for the challenged "interrogations" in Counts Four and Five of her Complaint. Counts Four and Five fail to allege either a deprivation of a constitutionally protected right from the "interrogations" themselves, or how the interrogations caused Brackin to suffer a

4

constitutional deprivation. Counts Four and Five of Plaintiffs' Complaint are also therefore due to be dismissed.

### Heightened Pleading Standard for Section 1983 Complaints Against Public Officials

The allegations in Counts Four and Five of Plaintiffs' Second Amended Complaint of "adverse job consequences" are different than employment "termination" as used elsewhere in the Complaint. Defendants are left to speculate and surmise what "adverse job consequences" resulted from the questioning or "interrogation" of Brackin.

Count Four described the "adverse job consequences" as the result of procedural due process violations. Count Five makes them the result of substantive due process violations.

Plaintiff's statement that the interrogations resulted in direct harm to her is not explained or described in any way. Defendants are left to surmise and infer what is meant. It is unknown from Brackin's complaint how her being questioned resulted in "adverse job consequences," or if these "consequences" are even the same as her termination of employment or what constitutional prohibition exists against such "interrogations."

These allegations do nothing more than suggest that the Defendants did anything more than ask her questions about the facts which ultimately led to the disciplinary action taken against her. There is no false imprisonment or unnecessary force allegation made under the Fourth Amendment nor any other federally protected right associated with the "interrogation."

In sum, these vague and conclusory allegations do no more than create the inference that there was no violation of a constitutionally protected right. Counts Four and Five of Plaintiffs' Second Amended Complaint are therefore due to be dismissed.

### Retaliation Claims

Both Brackin and Martin allege a retaliation claim pursuant to 42 U.S.C. §1983 in Counts Ten and Thirteen of their Second Amended Complaint. However, the Middle District has held that "[a] §1983 claims can not be predicated on allegations of retaliation; Title VII … provides the exclusive remedy for such claims." Brown v. Opelika, 2006 WL 1515836 (M.D. Ala. May 30, 2006) quoting Gamper v. State of Ala. Dept. of Corr., 968 F.Supp. 1483,1485 N.1 (M.D. Ala. 1997) see also Lightner v. Town of Ariton, Alabama, 902 F.Supp. 1489, 1499 (M.D. Ala. 1995). Based on the case law and the fact that Plaintiffs' Brackin and Martin base their retaliation claim on §1983 these claims fail as a matter of law. Therefore, Counts Ten and Thirteen of the Plaintiffs' Second Amended Complaint are due to be dismissed.

Respectfully submitted this 20th day of July, 2006.

       s/ F. Lenton White
       F. Lenton White (WHI035)
       City Attorney
       P.O. Box 2128
       Dothan, Alabama 36302
       (334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 20${}^{th}$ day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

s/ F. Lenton White<br>
Of Counsel