IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, )<br>MARY BETH BRACKIN, )<br>　　　　　　　　　　　　　　　)<br>　　PLAINTIFFS, )<br>　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　) CASE NO. 1:05-CV-1172-MEF<br>　　　　　　　　　　　　　　　)<br>CITY OF DOTHAN; JUDGE ROSE )<br>EVANS-GORDON, )<br>　　　　　　　　　　　　　　　)<br>　　DEFENDANTS. ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS'
RESPONSE TO THEIR MOTION TO DISMISS**

　　Defendants, The City of Dothan, and Judge Rose Evans-Gordon, hereby reply to Plaintiffs' Response to their Motion to Dismiss. Defendants moved to strike Counts One, Two, Three, Four, Five, Seven, Ten and Thirteen on the grounds that said counts fail to state a claim upon which relief can be granted. Defendants do not intend to re-brief their Motion to Dismiss, but are compelled to address certain matters set forth in Plaintiffs' Response.

**Contradictions**

　　Count One of Plaintiff Brackin's Complaint alleges that she is entitled to a remedy pursuant to 42 U.S.C.A. § 1983 for violation of her First Amendment rights by the City of Dothan and Judge Evans-Gordon. Specifically, Brackin alleges that she "was suspended, without pay on April 26, 2004, for 10 working days," and "under the City's Personnel Rules and Regulations the only recourse for a suspension is to seek a hearing

before the Appointing Authority.  Defendant Gordon is the Appointing Authority for Mrs. Brackin.  No further appeal is permissible."  (Plaintiffs' Second Amended Complaint, Paragraphs 35 and 36, *emphasis added*).

Brackin's own Response to Defendants' Motion to Dismiss, however, refutes this allegation of Judge Gordon's decisions not having been subject to meaningful administrative review.  See Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 638 (11th Cir. 1991) (holding that a Municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful administrative review.)  Brackin's own brief recites the section of the Defendant's Civil Service Act regarding an employee's rights regarding suspensions.  It clearly states "the employee may file with the Personnel Board and the Appointing Authority a written answer or explanation of the assigned charges and such answer shall be preserved as a part of the Public Record and the Board may, for cause shown, set aside such suspension order."  *(Emphasis added)*.

In Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities may not be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior.  Instead, municipalities may only be held liable for the execution of a governmental policy or custom.  Later, in Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986), the Supreme Court clarified Monell's "policy or custom" requirement.  In Pembaur, the Court explained that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."  Id. at 480, 106 S. Ct. at 1298.

The Supreme Court and the Eleventh Circuit have consistently held that where employment decisions were reviewable by a Civil Commission, "Appointing Authorities" who made the original decisions were not authorized to establish employment policy for the City. City of St. Louis v. Praprotnik, 485 U.S. 112, 108, 129 S. Ct. 915, 927, 99 L. Ed. 2d 107. See also, Holloman *ex rel.* v. Harland, 370 F.3d 1252, 1292 (11th Cir. 2004); Grech v. Clayton County, Georgia, 335 F.3d 1326, 1351 (11th Cir. 2003); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Oladeinde v. City of Birmingham, 370 F.3d 1275, 1295 (11th Cir. 2000).

Further, no policy is alleged for which the City of Dothan is responsible nor can Judge Evans-Gordon now be shown to be a policymaker for purposes of presenting a claim under § 1983. Count One of Brackin's Complaint is therefore shown by her own Response Brief and Plaintiffs' Second Amended Complaint, to have failed to state a claim in Count One.

## COUNTS TWO AND THREE

Brackin's Response admits that her case "does not fit neatly under the general test for protected speech by a public employee." It repeats allegations that the Judge's Order constituted a "prior restraint," and was "sweeping and absolute."

Brackin ignores what she concedes is an element of her claim. The speech sought to be protected must relate to a matter of public concern. Connick v. Myers, 461 U.S. 138, 142, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983). Akins v. Fulton County, Georgia, 420 F.3d 1293, 1302 (11th Cir. 2005). None of the reasons given by Brackin for the Judge's restriction being unconstitutional apply to unprotected speech. Brackin's Second Amended Complaint alleges that Judge Evans-Gordon's directive to the entire Magistrate

3

staff to "have no contact with Mary Turner," an employee suspended during an investigation that eventually led to criminal charges. (Plaintiffs' Second Amended Complaint, paragraph 46.) Brackin's Complaint further acknowledges Brackin disobeyed this directive and telephoned Mary Turner regarding the location of a certain document. (Plaintiffs' Second Amended Complaint, paragraph 50.)

Contrary to Brackin's assertions, this telephone call by a governmental employee to another suspended government employee is not protected speech as a matter of law. Morgan v. Ford, 6 F.3d 750, 754 (11th Cir. 1993); Maggio v. Sipple, 211 F.3d 1346, 1352 (11th Cir. 2000). Plaintiff's allegation that Judge Evans-Gordon's directive violated unprotected speech is extraneous.

Count Two and Count Three further fails to state a claim cognizable under § 1983 because, as set out in both Plaintiff's Amended Complaint and her Response to Defendants' Motion to Dismiss, the Judge's decisions to first suspend, then terminate Brackin's employment were subject to meaningful administrative review. (Plaintiffs' Second Amended Complaint, paragraphs 55 and 56, Plaintiffs' Response to Defendants' Motion to Dismiss, page 4.)

Brackin's Response fails to provide any authority in support of Counts Two and Three stating a claim under § 1983. Based upon the foregoing, those Counts are therefore due to be dismissed.

## COUNT FOUR

In Count Four of Plaintiffs' Second Amended Complaint, Brackin alleges she was interrogated by a Dothan Police officer in violation of her procedural due process rights and as a direct result was "caused to suffer adverse job consequences." In the Motion to

4

Dismiss, Count Four, defendant notes there is no identification of the constitutional deprivation Brackin terms as "adverse job consequences." Brackin's response appears to attempt to cure her defective pleadings by alleging she was suspended, lost wages, placed on probation and was eventually terminated. (Plaintiff's Response, page 11.) However, Plaintiff's Response to the Motion to Dismiss should not be treated as a third amendment to the Complaint. Brackin's response contends that the claim incorporated 53 paragraphs of facts contained in the Complaint, however, she does not set out which of these facts is applicable to this count of the Complaint.

A procedural due process claim under § 1983 has four elements: (1) persons acting under color of State Law; (2) deprives Plaintiff ; (3) of property and (4) without due process of law. Hicks v. Jackson County Commission, 324 F. Supp 2d 1084 (N.D. Ala. 2005). In her Complaint Brackin does not allege a deprivation resulted from the interrogations. No allegations are made therefore sufficient to trigger the procedural safeguards of the due process clause. Even if Brackin had alleged such a deprivation in her Complaint, her admitted rights to administrative review of the action pursuit to the Dothan Civil Service Act, (referred to in her own Second Amended Complaint and Response) would bar recovery under § 1983. McKinny v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994).

Based on the foregoing and the authority contained in Defendant's Brief in Support of the Motion to Dismiss, Count Four of Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

## **COUNT FIVE**

In Count Five of Plaintiffs' Second Amended Complaint, Brackin again fails to allege what constitutionally protected right Defendant violated when Brackin was "interrogated," or how these "interrogations" resulted in a deprivation of Brackin's liberty or property interest. In Count Five of the Complaint, Brackin does not allege that she was suspended or dismissed as a result of these "interrogations." In her response Brackin agrees that Count Five along with Count Four incorporates 53 paragraphs of factual allegations which should support her contentions, however, Brakin does not specify which of these facts should be applied to this count.

It appears that the alleged "interrogation" in itself, is presented as a sufficiently plead violation of a constitutionally protected right. Brackins' Second Amended Complaint does not allege any constitional deprivation such as termination, demotion or suspension directly resulting from it.

As for her interview with the investigator, the Eleventh Circuit addressed an alleged substantive due process violation stemming from a police interrogation in the recent case of Tinker v. Beasley, 429 F.3d, 1324 (11th Cir. 2005). In Tinker, a police officer repeatedly interrogated a murder suspect for several days, denying her an opportunity to talk to an attorney. The officer threatened she would never see her children again unless she confessed and that she had two options: "the chair" or "life in prison." The Plaintiff further alleges she was pressured by reference to her recently deceased mother and that officers referred to her as "frying" and "sizzling" in the electric chair. The Plaintiff also alleged being threatened if one of her family members went to a lawyer on her behalf. *Id.* at 1326. The Eleventh Circuit held as a matter of law, these facts were insufficient to

shock the conscience so as to violate the suspect's substantive due process rights. *Id.* at 1331.

The facts in the case before the court pale in comparison. Brackin alleged that she was told she must "sign a document consenting to the police interrogation or she would be charged with insubordination, an immediately dischargeable offense." (Plaintiffs' Second Amended Complaint, paragraphs 21 and 29.)  Brackin further alleges officers told her "that if they had reason to believe that she was being dishonest, they would administer a lie detector test - and if she refused, it would be the basis for job termination." (Plaintiff's Second Amended Complaint, paragraph 49.)

In light of the clearly established law of the Circuit Court, Brackin has failed to allege coercive questioning by Defendant to rise to a level that shocks the conscience sufficiently to violate Brackin's right to substantive due process, Count Five of the Plaintiffs' Second Amended Complaint is due to be dismissed.

## **COUNT SEVEN**

Brackin's response acknowledges that no claim exists under § 1983 for alleged substantive due process violations based on property rights in a pretextural termination case. (Plaintiffs Response pages 12 and 13.)  Brackin alleges she has stated a claim and cites the Court to a passage from <u>Beckwith v. City of Daytona Beach, Fla.</u>, 58 F. 3d 1554 (11th Cir. 1995) in support of her contention.  In the portion of <u>Beckwith</u>, cited by Brackin, the court held that Plaintiff could state a claim of retaliatory discharge based on a First Amendment violation.  In this case however, Brackin did not allege a violation of her First Amendment rights in Count Seven of Plaintiffs' Second Amended Complaint. In Count Seven, Brackin contends she suffered a "deprivation of a property interest."

7

(Plaintiffs' Second Amended Complaint, paragraph 127.)  The Eleventh Circuit has consistently and clearly stated that, "Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the due process clause, not its substantive component."  McKinney v. Pate, 20 F.3d 1550, 1560; Hinson v. Clinch County, Georgia Board of Education, 231 F.3d 821, 832 (11th Cir. 2000); Bussinger v. City of New Smyrna Beach, Fla., 50 F.3d 922, 925 (11th Cir. 1995); and Narey v. Dean, 32 F.3d 1521, 1527 (11th Cir. 1994).

Even in her response Brackin does not specifically allege a violation of her First Amended Rights, she simply states "she was engaged in actions protected by the United States Constitution." (Plaintiffs' Response, page 13.)   It appears Brackin wants the Court to read Count Seven to include facts elsewhere in her Complaint to support her contention that there was a First Amendment violation even though she did not specify the facts or even cite the First Amendment is Count Seven.

Incredibly, Brackin has essentially suggested she simply has thrown enough allegations at the wall that some of it ought to stick. Count Seven, however, is specific in regard to a single phone call to a friend and coworker about which there is no basis for public concern.

Based on the foregoing, the Plaintiffs' Second Amended Complaint, the Defendant's Motion to Dismiss, the Plaintiffs' Response to the Motion to Dismiss, and the above referenced Count are due to be dismissed for failure to state a claim upon which relief may be granted.

## **COUNT TEN AND THIRTEEN**

Both Plaintiffs allege retaliation claims which consist of one paragraph. Neither of the Plaintiffs set out sufficient facts to support a claim of retaliation. The Plaintiffs' Response does not separate the counts and appears to make all arguments as to both.

Brackin alleges a retaliation claim is cognizable pursuant to 42 U.S.C. § 1981 in her Response, however, Brackin does not allege or even cite § 1981 in Count Ten of her Second Amended Complaint. Brackin does allege that her retaliation claim is based on her First Amendment right to free speech and association. However in paragraph 151 of Plaintiffs' Second Amended Complaint, Brackin does not set out any specific facts to establish a violation of her First Amendment rights. Without benefit of specific allegations to support Count Ten, the Defendant assumes that Brackin is alleging that her First Amendment rights were violated, when she, along with all other employees of the Magistrate's office, were given a directive to have no contact with Mary Turner. (Plaintiffs' Second Amended Complaint, paragraph 46.) Brackin admitted contacting Mary Turner after receiving the directive and alleges that the phone call was made in order to locate a document. (Plaintiffs' Second Amended Complaint, paragraph 50.) This speech as argued earlier is not of public concern and does not meet the criteria to establish a First Amendment violation. See Cook v. Gwinnett County School Dist., 414 F.3d 1313, 1318 (11th Cir. 2005). Furthermore, Brackin has not cited any cases that would contradict the recent District Court's holding in Brown v. Opelika, 2006 W.L. 1515836 (M.D. Ala. May 20, 2006) or Gamper v. State of Ala. Dept of Corr., 968 F. Supp 1483, 1499 (M.D. Ala. 1997) which held a § 1983 claim cannot be predicated on a claim of retaliation. Brackin's pleadings do not establish a claim of retaliation under

§ 1981 and § 1983 or the First Amendment and are due to be dismissed for failure to state a claim.

In her response Martin contends that Count Thirteen must be construed as a claim for retaliation for complaining about something that the law makes illegal – "race discrimination." (Plaintiff's Response, page 15.) Martin goes on to allege that her termination was in retaliation for alleging a black owned Bonding Company received preferential treatment from the Court. There are no allegations of a First Amendment violation contained in Count Thirteen of the Complaint, nor is there any allegation regarding a Bonding Company. Here again the Plaintiffs appear to recognize that their pleadings are defective and are trying to support their Complaint with factual allegations in their Response. Additionally, Martin does not cite any case that contradicts the recent District Court holding in Brown v. Opelika, 2006 W.L., 1515836 (M.D. Ala, May 20, 2006) or Lamper v. State of Ala. Dept. of Corr., 968 F. Supp. 1483, 1499 (M.D. Ala. 1997).

Martin has failed to sufficiently plead a claim of retaliation and Count Thirteen is due to be dismissed.

Respectfully submitted this 11th day of August, 2006.

      s/ Joe E. Herring
Joe E. Herring (HER038)
Assistant City Attorney
P.O. Box 2128
Dothan, Alabama 36302
(334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ishmael Jaffree.

s/ Joe E. Herring  
Of Counsel