**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NANCY MARTIN and,**<br>**MARY BETH BRACKIN,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **v.** | ) **Case No. 1:05-CV-1172-MEF** <br> ) |
| **CITY OF DOTHAN and JUDGE**<br>**ROSE EVANS-GORDON,** | ) <br> ) <br> ) |
| **Defendants.** | ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants the City of Dothan and Rose Evans-Gordon hereby answer the Plaintiffs' Second Amended Complaint as follows:

**I.    PURPOSE AND PRELIMINARY STATEMENT**

1.    Defendants deny the allegations of Section I and Section II of the Second Amended Complaint.

**II.    JURISDICTION**

2.    Defendants admit that Plaintiffs have invoked the jurisdiction of the Court and are seeking relief herein; however, Defendants deny that 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. §§ 1981, 1983 and 1988, the First and/or Fourteenth Amendments and any other state or federal statute or common law cause of action were violated and deny that Plaintiffs are entitled to any relief herein. Defendants deny all other allegations contained in paragraphs 1 and 2 of the Plaintiffs' Second Amended Complaint.

3.      Defendants admit that the proper venue for this case is the Middle District of Alabama. Defendants deny all other allegations contained in paragraph 3 of the Plaintiffs' Second Amended Complaint.

### III.    EXHAUSTION

4.      Defendants deny the allegations contained in paragraphs 4, 5, and 6 of the Plaintiffs' Second Amended Complaint.

### IV.    PARTIES

5.      Defendants admit that Plaintiff Brackin was employed by the Defendant City of Dothan as a magistrate on May 1, 1992. Defendants deny all other allegations contained in paragraph 7 of the Plaintiffs' Second Amended Complaint.

6.      Defendants admit that Plaintiff Martin was employed by the City of Dothan on January 16, 2004. Defendants admit that Martin's job title was Municipal Court Administrator. Defendants deny all other allegations contained in paragraph 8 of the Plaintiffs' Second Amended Complaint.

7.      Defendants admit that the City of Dothan is a municipality formed under the laws of the State of Alabama.

8.      Defendants admit that Defendant Rose Evans-Gordon was an attorney before she was appointed Municipal Judge. Defendants deny the remaining allegations set forth in paragraph 10 of the Plaintiffs' Second Amended Complaint.

### V.    NATURE OF ACTION

9.      Defendants deny the allegations in paragraph 11 of the Second Amended Complaint.

10.     Paragraph 12 of the Plaintiffs' Second Amended Complaint does not require an affirmative response, however, insomuch as it does, Defendants deny the allegations contained in paragraph 12 of the Plaintiffs' Second Amended Complaint.

11.     While Paragraphs 13 and 14 of the Plaintiffs' Second Amended Complaint describe the action that Plaintiffs seek, they do not require an affirmative response; however, insomuch as they do, Defendants deny the allegations contained in paragraphs 13 and 14 of the Plaintiffs' Second Amended Complaint and deny that Plaintiffs are entitled to any relief herein.

## VI.     BRACKIN ALLEGATIONS

12.     Defendants admit that Plaintiff Brackin was employed by the Defendant City of Dothan as a magistrate on May 1, 1992. Defendants admit that Ms. Brackin returned to the magistrate's office on April 22, 2001. Defendants deny all other allegations contained in paragraph 15 of the Plaintiffs' Second Amended Complaint.

13.     Defendants deny the allegations contained in paragraphs 16 and 17 of the Plaintiffs' Second Amended Complaint.

14.     Defendants admit that Plaintiff Brackin did not receive any formal disciplinary actions during her initial employment as a magistrate. Defendants deny all other allegations contained in paragraph 18 of the Plaintiffs' Second Amended Complaint.

15.     Defendants deny the allegations as contained in paragraphs 19 and 20 of the Plaintiffs' Second Amended Complaint.

16.     Defendants deny the allegations contained in paragraphs 21, 22, and 23 of the Plaintiffs' Second Amended Complaint.

17.    Defendants are without information or knowledge sufficient to form a belief as to the substance of Plaintiff Brackin's conversation with a third party; therefore, Defendants deny the allegations contained in paragraph 24 of the Plaintiffs' Second Amended Complaint.

18.    Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff Brackin told a third party; therefore, Defendants deny the allegations contained in paragraph 25 of the Plaintiffs' Second Amended Complaint.

19.    Defendants deny the allegations contained in paragraph 26 of the Plaintiffs' Second Amended Complaint.

20.    Defendants admit that Defendant Judge Gordon issued a memo regarding citizens inquiring about reimbursements from the City of Dothan. Defendants deny all other allegations contained in paragraph 27 of the Plaintiffs' Second Amended Complaint.

21.    Defendants deny the allegations contained in paragraphs 28, 29, 30, 31, and 32 of the Plaintiffs' Second Amended Complaint.

22.    Defendants admit that Plaintiff Brackin was notified April 23, 2004 that she would be suspended for 10 days without pay for violation of the Dothan Personnel Rules and Regulations. Defendants deny all other allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint.

23.    Defendants admit that a second major violation of the City of Dothan Personnel Rules and Regulations can result in termination if the offense occurs during the employee's probationary period. Defendants deny all other allegations contained in paragraph 34 of the Plaintiffs' Second Amended Complaint.

24.    Defendants deny the allegations contained in paragraph 35 of the Plaintiffs' Second Amended Complaint.

25.    Defendants admit that Plaintiff Brackin was suspended for 10 days without pay for violation of the City of Dothan Personnel Rules and Regulations. Defendants deny all other allegations contained in paragraph 36 of the Plaintiffs' Second Amended Complaint.

26.    Defendants deny the allegations contained in paragraph 37 of the Plaintiffs' Second Amended Complaint.

27.    Defendants admit that Ms. McClain has received no formal discipline while working as a magistrate and that the police department did not investigate Ms. McClain. Defendants deny all other allegations contained in paragraph 38 of the Plaintiffs' Second Amended Complaint.

28.    Defendants deny the allegations contained in paragraph 39 of the Plaintiffs' Second Amended Complaint.

29.    Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff Brackin's intentions were, or the motivation behind her action; therefore, Defendants deny the allegations contained in paragraph 40 of the Plaintiffs' Second Amended Complaint.

30.    Defendants are without information or knowledge sufficient to form a belief as to what "was known by everyone in the Magistrate's office"; therefore, Defendants deny the allegations contained in paragraph 41 of the Plaintiffs' Second Amended Complaint.

31.    Defendants are without information or knowledge sufficient to form a belief as to the "closeness" of Plaintiff Brackin or Mary Turner; therefore, Defendants deny the allegations contained in paragraph 42 of the Plaintiffs' Second Amended Complaint.

32.    Defendants admit that an attorney in traffic court informed Defendant Gordon that Ms. Mary Turner had taken care of a traffic ticket and then reinstated the ticket when his client failed to perform repairs to her home. This resulted in the client's arrest on the traffic ticket. Defendants deny all other allegations contained in paragraph 43 of the Plaintiffs' Second Amended Complaint.

33.    Defendants admit that Plaintiff Brackin was not charged regarding the incident that resulted in Ms. Turner's termination and arrest. Defendants deny all other allegations contained in paragraph 44 of the Plaintiffs' Second Amended Complaint.

34.    Defendants admitted that the "ticket processing" matter was turned over to the Dothan Police Department for investigation. Defendants deny all other allegations contained in paragraph 45 of the Plaintiffs' Second Amended Complaint.

35.    Defendants deny that Ms. Turner was suspended from her employment prior to being formally charged by the police. Defendants admit that all personnel in the magistrate's office were directed by Defendant Gordon to have no contact with Ms. Turner while the criminal investigation was pending. Defendants deny all other allegations contained in paragraph 46 of the Plaintiffs' Second Amended Complaint.

36.    Defendants deny the allegations contained in paragraph 47 of the Plaintiffs' Second Amended Complaint.

37.    Defendants are without information or knowledge sufficient to form a belief as to whether "Rickey Stokes" ran a story on a website regarding the incident; therefore,

Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint.

38.    Defendants admit Plaintiff Brackin was interviewed regarding violation of her supervisor's directive to have no contact with Ms. Turner during the criminal investigation. Defendants deny all other allegations contained in paragraph 49 of the Plaintiffs' Second Amended Complaint.

39.    Defendants admit that Plaintiff Brackin denied any contact with Rickey Stokes, however, Plaintiff Brackin did admit violating her supervisor's directive to have no contact with Ms. Turner during the criminal investigation. Defendants deny all other allegations contained in paragraph 50 of the Plaintiffs' Second Amended Complaint.

40.    Defendants admit that Plaintiff Brackin was terminated. Defendants deny all other allegations contained in paragraph 51 of the Plaintiffs' Second Amended Complaint.

41.    The Plaintiffs deny the allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint.

42.    Defendants admit that the traffic ticket was voided by Plaintiff Brackin. Defendants deny all other allegations contained in paragraph 53 of the Plaintiffs' Second Amended Complaint.

43.    Defendants admit that Plaintiff Brackin's insubordination was a factor in her termination. Defendants deny all other allegations contained in paragraph 54 of the Plaintiffs' Second Amended Complaint.

44.    Defendants deny the allegations contained in paragraph 55 of the Plaintiffs' Second Amended Complaint.

45.     Defendants admit Plaintiff Brackin filed a timely appeal to the Dothan Personnel Board. Defendants deny all other allegations contained in paragraph 56 of the Plaintiffs' Second Amended Complaint.

46.     Defendants admit that the information contained in the police file was not turned over to the Plaintiffs. Defendants complied with the Dothan Civil Service Act regarding the hearing and deny all other allegations contained in paragraph 57 of the Plaintiffs' Second Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 58 of the Plaintiffs' Second Amended Complaint.

48.     Defendants admit that the information contained in the police file was not turned over to Plaintiff Brackin. Defendants complied with the Dothan Civil Service Act regarding Plaintiff Brackin's hearing, and deny all other allegations contained in paragraph 59 of the Plaintiffs' Second Amended Complaint.

49.     Defendants deny the allegations contained in paragraph 60 of the Plaintiffs' Second Amended Complaint.

50.     Defendants admit the Personnel Board hearing was limited to the relevant charges that were brought against the Plaintiff Brackin and the Personnel Board followed the provisions of the Dothan Civil Service Act during the hearing. Defendants deny all other allegations contained in paragraphs 61 and 62 of the Plaintiffs' Second Amended Complaint.

51.     Defendants admit the Personnel Board affirmed the decision of the appointing authority. Defendants deny all other allegations contained in paragraph 63 of the Plaintiffs' Second Amended Complaint.

52.    Defendants deny the allegations contained in paragraphs 64 and 65 of the Plaintiffs' Second Amended Complaint.

## VII.    MARTIN ALLEGATIONS

53.    Defendants admit the allegations contained in paragraph 66 of the Plaintiffs' Second Amended Complaint.

54.    Defendants admit that Mrs. Martin was interviewed by Defendant Gordon. Defendants deny the remaining allegations in paragraph 67 of the Plaintiffs' Second Amended Complaint.

55.    Defendants deny the allegations contained in paragraph 68 of the Plaintiffs' Second Amended Complaint.

56.    Defendants admit that Plaintiff Martin was hired by the Defendant City of Dothan on January 16, 2004. Defendants deny all other allegations contained in paragraph 69 of the Plaintiffs' Second Amended Complaint.

57.    Defendants deny the allegations contained in paragraph 70 of the Plaintiffs' Second Amended Complaint.

58.    Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff Martin discovered or what she believes; therefore Defendants deny all other allegations contained in paragraph 71 of the Plaintiffs' Second Amended Complaint.

59.    Defendants admit that Tonja Minnifield was offered a position with the Defendant City of Dothan and accepted said offer. Defendants deny all other allegations contained in paragraph 72 of the Plaintiffs' Second Amended Complaint.

60.     Defendants admit that the Dothan Magistrate's Office was moved to a new location with more space. Defendants deny all other allegations contained in paragraph 73 of the Plaintiffs' Second Amended Complaint.

61.     Defendants deny the allegations contained in paragraphs 74, 75, 76, 77, and 78 of the Plaintiffs' Second Amended Complaint.

62.     Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff Martin was told or believed. Therefore, Defendants deny the allegations contained in paragraph 79 of the Plaintiffs' Second Amended Complaint.

63.     Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint.

64.     Defendants admit Plaintiff Martin met with Kai Davis to discuss employment issues, however, Defendants deny all other allegations contained in paragraphs 81 and 82 of the Plaintiffs' Second Amended Complaint.

65.     Defendants deny the allegations contained in paragraphs 83 and 84 of the Plaintiffs' Second Amended Complaint.

66.     Defendants admit that Plaintiff Martin changed Ms. Knight's and Ms. McClain's job duties and that McClain and Knight expressed concern about the changes in their duties. Defendants deny the remaining allegations of paragraph 85 of Plaintiffs' Second Amended Complaint.

67.     Defendants admit that Defendant Gordon issued a memo to Plaintiff Martin dated 09-28-04 requiring that Plaintiff Martin refrain from making changes in magistrate duties until they had an opportunity to discuss the matter. Defendants deny

all other allegations as alleged in paragraph "85"[1] of the Plaintiffs' Second Amended Complaint.

68.    Defendants deny the allegations contained in paragraphs 87, 88, and 89 of the Plaintiffs' Second Amended Complaint.

69.    Defendants admit the allegations in paragraph 90 of the Plaintiffs' Second Amended Complaint.

70.    Defendants deny the allegations contained in paragraph 91 of the Plaintiffs' Second Amended Complaint.

71.    Defendants admit that Plaintiff Martin had to work a twelve month probationary period and that periodic performance evaluations were to be done. Defendants deny all other allegations contained in paragraph 92 of the Plaintiffs' Second Amended Complaint.

72.    Defendants admit that Plaintiff Martin received an evaluation on April 21, 2004 and in October, 2004. Defendants deny all other allegations contained in paragraph 93 of the Plaintiffs' Second Amended Complaint.

73.    Defendants deny the allegations contained in paragraphs 94, 95, and 96 of the Plaintiffs' Second Amended Complaint.

## VIII.    BRACKIN'S CLAIMS

## COUNT ONE

74.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 97. Therefore, Defendants deny the allegations contained in paragraph 97 of the Plaintiffs' Second Amended Complaint.

---

[1] There are two paragraphs numbered 85 in the Amended Complaint.

75.    Defendants deny the allegations contained in paragraphs 98, 99, 100, and 101 of the Plaintiffs' Second Amended Complaint.

## COUNT TWO

76.    Defendants admit that Defendant Gordon issued a memo and spoke to all magistrates regarding contacting Ms. Turner during the course of the police investigation. Defendants deny all other allegations contained in paragraph 102 of the Plaintiffs' Second Amended Complaint.

77.    Defendants deny the allegations contained in paragraphs 103, 104, and 105 of the Plaintiffs' Second Amended Complaint.

## COUNT THREE

78.    Defendants admit Defendant Gordon issued a memo and spoke to the magistrates about contacting Ms. Turner during the police investigation. Defendants deny all other allegations contained in paragraph 106 of the Plaintiffs' Second Amended Complaint.

79.    Defendants deny the allegations contained in paragraphs 107, 108, 109, and 110 of the Plaintiffs' Second Amended Complaint.

## COUNT FOUR

80.    Defendants deny the allegations contained in paragraphs 111, 112, 113, and 114 of the Plaintiffs' Second Amended Complaint.

## COUNT FIVE

81.    Defendants deny the allegations contained in paragraphs 115, 116, 117, and 118 of the Plaintiffs' Second Amended Complaint

## COUNT SIX

82.    Defendants deny the allegations contained in paragraph 119 of the Plaintiffs' Second Amended Complaint

83.    The Defendants admit that Defendant Gordon was made aware of Plaintiff Brackin's admission that she violated Defendant Gordon's directive and this admission supported Defendant Gordon's decision regarding Ms. Brackin's employment. Defendants deny all other allegations in paragraph 120 of the Plaintiffs' Second Amended Complaint.

84.    Defendants deny the allegations contained in paragraph 121 of the Plaintiffs' Second Amended Complaint.

85.    Defendants deny that the Plaintiffs requested the information in accordance with the Dothan Civil Service Act. Defendants deny all other allegations contained in paragraph 122 of the Plaintiffs' Second Amended Complaint.

86.    Defendants deny that the Plaintiffs requested the information pursuant to the Dothan Civil Service Act or that the informal request was relevant to the hearing as alleged in paragraph 123 of the Plaintiffs' Second Amended Complaint.

87.    Defendants deny the allegations contained in paragraph 124 of the Plaintiffs' Second Amended Complaint.

## COUNT SEVEN

88.    Defendants deny the allegations contained in paragraphs 125, 126, 127, and 128 of the Plaintiffs' Second Amended Complaint.

## COUNT EIGHT

89.    Defendants deny the allegations contained in paragraph 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, and 139 of the Plaintiffs' Second Amended Complaint.

## COUNT NINE

90.    Defendants deny the allegations contained in paragraph 140 of the Plaintiffs' Second Amended Complaint.

91.    Defendants admit that Plaintiff Brackin is a white female entitled to equal protection. Defendants deny any discrimination as alleged in paragraph 141 of the Plaintiffs' Second Amended Complaint.

92.    Defendants admit that Plaintiff Brackin is a white female. Defendants deny all other allegations contained in paragraph 142 of the Plaintiffs' Second Amended Complaint.

93.    Defendants deny the allegations contained in paragraphs 143, 144, 145, 146, 147, 148, 149, and 150 of the Plaintiffs' Second Amended Complaint.

## COUNT TEN

94.    Defendants deny the allegations contained in paragraph 151 of the Plaintiffs' Second Amended Complaint.

## COUNT ELEVEN

95.    Defendants deny that Plaintiff Brackin was subject to false imprisonment during her interview and deny all other allegations contained in paragraphs 152 and 153 of the Plaintiffs' Second Amended Complaint.

## X.    MARTIN'S CLAIMS

## COUNT TWELVE

96.    Defendants deny the allegations contained in paragraphs 154, 155, 156, 157, and 158 of the Plaintiffs' Second Amended Complaint.

## SECOND COUNT ELEVEN

97.    Defendants admit Plaintiff Martin is a white female. Defendants deny any discrimination as alleged in paragraphs 159 and 160 of the Plaintiffs' Second Amended Complaint.

98.    Defendants admit the Plaintiff Martin is a white female. Defendants deny all other allegations contained in paragraph 161 of the Plaintiffs' Second Amended Complaint.

99.    Defendants deny the allegations contained in paragraphs 162, 163, 164, 165, 166, 167, 168, and 169 of the Plaintiffs' Second Amended Complaint.

## SECOND COUNT TWELVE

100.    Defendants deny the allegations contained in paragraph 170 of the Plaintiffs' Second Amended Complaint.

101.    Defendants admit that Plaintiff Martin is a white female. Defendants deny all other allegations contained in paragraph 171 and 172 of the Plaintiffs' Second Amended Complaint.

102.    Defendants deny the allegations contained in paragraphs 173, 174, 175, 176, 177, 178, 179, and 180 of the Plaintiffs' Second Amended Complaint.

## COUNT THIRTEEN

103.    Defendants deny the allegations contained in paragraph 181 of the Plaintiffs' Second Amended Complaint.

## COUNT FOURTEEN

104.    Defendants deny the allegations contained in paragraphs 182, 183, 184, and 185 of the Plaintiffs' Second Amended Complaint.

## COUNT FIFTEEN

105.    Defendants deny the allegations contained in paragraphs 186, 187, 188, and 189 of the Plaintiffs' Second Amended Complaint.

106.    The remainder of the Second Amended Complaint contains a prayer for relief which requires neither admission nor denial; however, Defendants deny that they violated any statute or constitutional provision, deny that they breached any contract and deny that they committed any wrongful, discriminatory or retaliatory act. Defendants deny that Plaintiffs are entitled to any relief herein.

## DEFENSES

Defendants assert the following defenses herein:

## FIRST DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim on which relief can be granted against Defendants.

## SECOND DEFENSE

Plaintiffs' Second Amended Complaint is barred by estoppel, res judicata, collateral estoppel, and unclean hands.

## THIRD DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred by absolute immunity, sovereign immunity, and state agency immunity.

## FIFTH DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred by qualified immunity, judicial immunity, and/or quasi judicial immunity.

## SIXTH DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred by good faith immunity.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by Ala. Code §§ 11-47-190 and 11-93-2.

## EIGHTH DEFENSE

Portions of Plaintiffs' claims are barred in that plaintiffs have no protectable proprietary property or liberty interest protectable by the First or Fourteenth Amendments.

## NINTH DEFENSE

Plaintiffs' claims under Title VII cannot be made against an individual. Rose Evans-Gordon is not an employer within the meaning of Title VII.

**TENTH DEFENSE**

Plaintiffs' claims are barred to the extent that they are based on the doctrine of respondeat superior.

**ELEVENTH DEFENSE**

Neither race nor any alleged complaints of alleged discrimination or alleged exercise of constitutional rights were factors, determinative or otherwise, in any practice regarding plaintiffs.

**TWELFTH DEFENSE**

Even if race or any alleged complaints of alleged discrimination or alleged exercise of constitutional rights were factors in any of Defendants' decision, which Defendants deny, the same decision(s) would have been made regardless of Plaintiffs' race or alleged complaints of alleged discrimination or alleged exercise of constitutional rights.

**THIRTEENTH DEFENSE**

Defendants have business justifications for their decisions.

**FOURTEENTH DEFENSE**

All actions taken by Defendants were based on legitimate, non-discriminatory, non-retaliatory reasons, which were not pretextual.

**FIFTEENTH DEFENSE**

All actions taken by Defendants were for good cause, made in good faith and based on factors other than race or retaliation.

## SIXTEENTH DEFENSE

Plaintiffs have failed to assert a claim upon which punitive damages may be awarded.

## SEVENTEENTH DEFENSE

Plaintiffs cannot claim or recover punitive damages pursuant to § 1981, Title VII § 1983, the First or Fourteenth Amendment, or any other state or federal law.

## EIGHTEENTH DEFENSE

Any award of punitive damages would be violative of federal law, the Constitution of the United States, and the Constitution of Alabama.

## NINETEENTH DEFENSE

To the extent plaintiffs have failed to mitigate their damages, they are barred from recovering from Defendants.

## TWENTIETH DEFENSE

Defendants plead that no policy or custom proximately violated any alleged constitutional rights in this case.

## TWENTY-FIRST DEFENSE

Defendants plead that a policy or custom was not the moving force behind any alleged constitutional violation in this case.

## TWENTY-SECOND DEFENSE

Defendants plead that they was not deliberately indifferent to Plaintiffs' constitutional rights.

### TWENTY-THIRD DEFENSE

Defendants plead that they are entitled to substantive immunity.

### TWENTY-FOURTH DEFENSE

Plaintiffs have no damages and as such are barred from recovery from Defendants.

### TWENTY-FIFTH DEFENSE

Plaintiffs' Second Amended Complaint is barred by contributory negligence.

### TWENTY-SIXTH DEFENSE

Plaintiffs' Second Amended Complaint is barred by lack of consideration.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by the Dothan Civil Service Act.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' Second Amended Complaint is barred in that, under 42 U.S.C. § 2000e(f), Plaintiffs are not within the protection of Title VII.

### TWENTY-NINTH DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred in that they failed to exhaust the administrative prerequisites and conditions precedent to bringing this action.

## THIRTIETH DEFENSE

Plaintiffs' Second Amended Complaint or portions thereof are barred in that they are beyond the scope of the underlying EEOC charge.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of employment at will.

## PRAYER FOR RELIEF

Wherefore, having fully answered the Second Amended Complaint, Defendants request the Second Amended Complaint be dismissed with prejudice; that judgment be entered for Defendants and that Defendants be awarded its attorney's fees herein plus such other general and equitable relief as this Court deems just and appropriate.

## NOTICE OF INTENT TO PURSUE ATTORNEY'S FEES

Defendants assert that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith and Defendants intend to pursue attorney's fees against the plaintiffs.

Respectfully submitted this 13th day of November, 2006.

*s/ Carol Sue Nelson*
Carol Sue Nelson
Attorney for Defendants

**OF COUNSEL**
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1023
(205) 254-1999 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

F. Lenton White, II, Esq.
City of Dothan
City Attorney's Office
P.O. Box 2128
Dothan, Alabama 36303

Joe E. Herring, Jr., Esq.
City of Dothan
City Attorney's Office
P.O. Box 2128
Dothan, Alabama 36303

_s/ Carol Sue Nelson_
OF COUNSEL