**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| NANCY MARTIN and,<br>MARY BETH BRACKIN | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 1:05 CV-1172-F** |
| | ) |
| CITY OF DOTHAN and | ) |
| JUDGE ROSE EVANS-GORDON, in | ) |
| Her Individual capacity, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on December 8, 2006, and was attended by:

Ishmael Jaffree, Esq.
For Plaintiffs Nancy Martin and Mary Brackin;

Carol Sue Nelson, for Defendants, City of Dothan, and Judge Rose-Evans Gordon.

The parties do request a conference with the Court before entry of the scheduling order based on their inability to agree on certain matters herein.

1.    **Plaintiffs' Martin and Brackin Brief Narrative Statement of the Facts and the Cause of Action Stated in Each Count.**

(a)    There is reason to believe, and the Plaintiffs do believe, that the City during 1999-2000, for political or altruistic reasons decided to appoint a Black full time Municipal Judge. After an unsuccessful candidacy of one black applicant, Kalia Lane, the City decided to offer the position to Defendant Gordon. It is the knowledge that the City wanted a

minority in this position which cause Defendant Gordon to later proclaim to Plaintiff Martin that "the City won't do anything to her because she is black."

From the onset of her employment with the City Defendant Gordon has subjected white employees working under her supervision to harsher discipline and/or disparate treatment than black employees under her supervision is subject to. Indeed, this Defendant has refused to subject certain black employees, Lavera McClain and Eunice Knight to discipline even though their job performance would warrant such discipline. Plaintiffs' Martin and Brackin were white employees who suffered job loss as a direct of such disparate treatment.

1. **Count One: Free Speech.** This count is premised upon Mrs. Brackin's 10 day uncompensated suspension, and subsequent probation, for informing a citizen on a matter which he had a right to know, and for informing him where he could go to seek redress of his grievance.

2. **Count Two: Free Speech.** This count is premised upon Mrs. Brackin's unlawful job termination for the alleged violation of Defendant Gordon's overbroad mandate for her to have no contact with a person who was both a co-worker and close personal friend. Gordon's no contact directive was sweeping and borked no exceptions. This count makes both a facial challenge to the directive overreach and to the prior restraint of speech both protected and unprotected. Indeed it my well have been constitutional for Mrs. Brackin to discuss with the shunned employee the very subject that Gordon was seeking to prohibit, matters regarding the criminal process.

3. **Count Three: Freedom of Association.** This count too is premised upon Mrs. Brackin's unlawful job termination for the alleged violation of Defendant

Gordon's overbroad mandate for her to have no contact with a person who was both a co-worker and close personal friend. Gordon's no contact directive was sweeping and borked no exceptions. This mandate violated Mrs. Brackin's right to meaningfully associate with the shunned employee as well as whom she pleased. The directive was overbroad and tread upon areas of human discourse where the government, without a substantial need to do so, is not permitted to tread.

4.    **Count Four: Procedural Due Process.** This count is a direct challenge to Defendant Gordon's practice of using coercive police interrogation techniques, under the penalty of job termination, as part of her disciplinary procedure. This practice is not permitted by local regulations or the procedural due process clause of the United States Constitution. As a direct result of this practice Mrs. Brackin was first suspended without pay, next placed on two year probation, and finally, terminated.

5.    **Count Five: Substantive Due Process.** This count also is a direct challenge to Defendant Gordon's practice of using coercive police interrogation techniques, under the penalty of job termination, as part of her disciplinary procedure. This practice is not permitted by local regulations or the procedural substantive due process clause of the United States Constitution. As a direct result of this practice Mrs. Brackin was first suspended without pay, next placed on two year probation, and finally, terminated. These adverse job experiences were arbitrary and capricious and resulted in the deprivation of a valuable property right in continued employment.

3

6.     **Count Six: Procedural Due Process.** This count is a direct challenge to the City's refusal to provide to Mrs. Brackin evidence that it had gathered and used in the administrative hearing and which was considered by the Personnel Board in its decision adverse to Mrs. Brackin.

7.     **Count Seven: Substantive Due Process:** Brackin advances this claim premised upon her being terminated for the singular act of contacting an employee for the purpose of obtaining job related information. Mrs. Brackin had a protectable property interest in continued employment of which she was deprived for an improper motive, by means which were pretexual, arbitrary, and capricious, lacked a rational basis and was therefore violative of substantive due process.

8.     **Count Eight: Title VII Racial Discrimination[1]:** This claim is premised upon the fact that the City by and through Defendant Gordon subjects white employees, specifically Mrs. Brackin to a different standard of discipline and treatment as that provided to certain black employees. Brackin was subject to severe discipline for an alleged negligent data entry while black employees frequently made data entry errors, some resulting in false arrest and incarceration, yet they were not subject to discipline.

9.     **Count Nine: 1983 Racial Discrimination.** This claim is premised upon the fact that the City by and through Defendant Gordon subjects white employees, specifically Mrs. Brackin to a different standard of discipline and treatment as that provided to certain black employees. Brackin was subject to severe discipline for an alleged negligent data entry while black employees frequently made data entry

---

[1] Though the style of the Second Amended Complaint mistakenly refers to 1983, the body clearly refers to Title 7.

errors, some resulting in false arrest and incarceration, yet they were not subject to discipline.

10.    **Count Ten: 1983 Retaliation.** Mrs. Brackin is asserting in this claim that the City by and through Defendant Gordon first suspended and then terminated her in retaliation for exercising free speech and free association rights protected by the First and Fourteenth Amendments to the US Constitution.

11.    **Count Eleven: False Imprison.** This is a state claim which Mrs. Brackin asserts that the City, by compelling Mrs. Brackin's presence in a police interrogation, which she was not free to leave except with the loss of employment, was a species of false imprisonment made unlawful by state common law.

12.    **Count Twelve: Free Speech.** In this Claim Mrs. Martin asserts that she was discharged because she complained to Defendant Gordon that a certain black owned bonding company was receiving more favorable treatment than other non minority bonding companies. She also complained to this defendant that she should not be restricted to only supervising white employees that she should be allowed to manage the black employees as well. Shortly after this exchange Mrs. Martin was summarily discharged.

13.    **Count Thirteen: Title VII Race Discrimination**[2] Mrs. Martin in this Count alleges that she was terminated from her position as Administrator, in substantial part, because she refused or otherwise failed to adhere to Defendant Gordon's mandate that she treat the City's black employees more favorably than its white employees.

---

[2] In the Second Amended Complaint this Count is mistakenly denominated as Count Eleven but Count Eleven exist elsewhere in the Complaint. This mistake resulted in the remaining Counts being misnumbered.

14.     **Count Fourteen: 1983 Race Discrimination.** Mrs. Martin in this Count alleges that she was terminated from her position as Administrator, in substantial part, because she refused or otherwise failed to adhere to Defendant Gordon's mandate that she treat the City's black employees more favorably than its white employees.

15.     **Count Fifteen: 1983 Retaliation.** Mrs. Martin is asserting in this claim that the City by and through Defendant Gordon discharged her , in part, in retaliation for exercising free speech rights protected by the First and Fourteenth Amendments to the US Constitution.

16.     **Count Sixteen: Negligence.** This is a state claim brought by Mrs. Martin **seeking** relief for the City's failure to follow its own procedure and, provide her with required scheduled evaluations and/or permit her to cure any work related deficiencies, prior to discharge for poor job performance as required by the City's Personnel Rules and regulations.

17.     **Count Seventeen: Breach of Contract. .** This is a state claim brought by Mrs. Martin **seeking** relief for the City's failure to follow its own procedure and, provide her with required scheduled evaluations and/or permit her to cure any work related deficiencies, prior to discharge for poor job performance as required by the City's Personnel Rules and regulations.

**Defendants' Statement of the Facts and Defenses.**

1.     Defendants deny Plaintiffs' allegations above and deny that they discriminated or retaliated against plaintiffs. Defendants further deny that any of Plaintiffs' constitutional rights were violated. Defendants deny that they were negligent in any of their actions or decisions

6

regarding plaintiffs. Defendants further deny that any contractual relationship existed between Plaintiffs and Defendants and deny that they breached any alleged contract with Plaintiffs. Defendants deny that plaintiffs are entitled to any relief herein.

All employment actions and decisions regarding Plaintiffs were for legitimate, nondiscriminatory and nonretaliatory reasons, which are not pretextual and did not violate any of Plaintiffs' constitutional rights. Plaintiff Martin was terminated for unsatisfactory job performance during her probationary period. Plaintiff Brackin was terminated for violations of Personnel Rules. Defendants further deny that Plaintiffs engaged in any protected activity. Defendants incorporate all of the defenses set forth in their Answer. Finally, Defendants submit this action is due to be severed.

2.      This jury action should be ready for the **trial term of November 26, 2007**, and at this time if the case is not severed it is expected to take approximately **5-7 days** to try, excluding jury selection.

3.      The parties request a pretrial conference in **October of 2007.**

4.      Discovery Plan. The parties propose to the Court the following discovery plan:

Discovery will be needed on the following subjects:

By Plaintiffs

Circumstances surrounding the employment of Defendant Gordon; the degree of control exercised over prior Administrators by Defendant Gordon, the disciplinary actions taken and/ or encouraged by Defendant Gordon since the onset of her employment with the City of Dothan until the date that Mrs. Brackin was denied her appeal by the Personnel Board of the City of Dothan; the personnel files of all employees of the Magistrates' Office since the tenure of Defendant Gordon to the present.; all documents concerning the employment of the Plaintiffs; all

7

tapes and transcripts of all police interrogations of Mrs. Brackin done at the request of an agent, servant, and/or employee of Defendant City; the applications of all applicants who applied for the Municipal Judge position which Defendant Gordon currently holds; all documents concerning the Plaintiff's job performance which are not included in their personnel files; all memos, documents, handouts, manuals, and other written and/or recorded data which address employee personal standards to which the employees conduct is expected to be measured; documents submitted by bonding companies in relation to appearance bonds required by the Court; certain court records of individuals who may have been wrongfully arrested by error of a magistrate or other Court personnel; information concerning individuals Mrs. Bracken may have spoken which resulted in an investigation of her and/or other discipline; certain traffic citation documents and transmittal sheets; copies of Defendant Gordon's personnel file; documents concerning all claims or defenses of the Defendants;.

## **By Defendants**

Defendants submit that many of the items or subjects set forth by plaintiffs above are not only objectionable, but are misstatements of facts. Defendants will present those objections at the appropriate time. Defendants will need discovery on all of Plaintiffs' claims including Plaintiffs' claims of race discrimination, retaliation, constitutional violations, negligence and breach of contract. Defendants will also need discovery on Plaintiffs' alleged damages.

All discovery commenced in time to be completed by **June 15, 2007.**

5.    Initial Disclosures. The parties will exchange by December 29, 2006 the information required by *Fed.R.Civ.P.* 26(a)(1).

6.    The Defendants request until **March 16, 2007** to join additional parties and to amend the pleadings. The plaintiffs request until June 30, 2007, to join additional parties and to amend the pleadings.

7.    Reports from retained experts under Rule 26(a)(2) due:

From Plaintiffs by **March 15, 2007**.

From Defendants,, by **April 15, 2007**.

8.    Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due ten days after the pretrial conference.

9.    Discovery Limits.

(a)    Plaintiffs propose a maximum of 60 interrogatories by each party to any other party. Responses due 30 days after service. Defendants propose a maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

(b)    Plaintiffs propose a maximum of 12 depositions by Plaintiffs and 6 by Defendants, each deposition limited to a maximum of 8 hours for parties and 4 hours for other witnesses unless extended by agreement of parties. Defendants propose a maximum of 6 depositions by Plaintiffs and 6 by Defendants, Each deposition limited to a maximum of 8 hours for parties and 4 hours for other witnesses unless extended by agreement of parties.

(c)    Plaintiffs propose a maximum of 60 requests for admission by each party to any other party. Responses due 30 days after service. Defendants propose a maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

(d)    Plaintiffs propose a maximum of 80 requests for production of documents by each party to any other party. Responses due 30 days after service. Defendants propose a maximum of 25 requests for production of documents by each party to any other party. Responses due 30 days after service.

(e)    Plaintiffs propose that the parties will be limited to 8 request for inspection to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, wherein the scope of Rule 26(b). This includes the right to photograph the land or property entered. Defendants object to this proposal.

10.    All potentially dispositive motions filed by **July 19, 2007**.

11.    Settlement potential is difficult to evaluate at this time due to the early state of litigation.

*s/ Ishmael Jaffree*
Ishmael Jaffree
Attorney for Plaintiffs

951 Government Boulevard, Ste. 415
Mobile, AL 36604
Tel.:    (251) 694-9090
Fax:    (251) 694-9090

*s/ Carol Sue Nelson*
Carol Sue Nelson
Attorney for Defendants

**OF COUNSEL**
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1119
(205) 254-1999 (Fax)

01416165.1