# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br>     Plaintiffs, <br> v. <br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT PROTECTIVE ORDER

To facilitate discovery in this lawsuit, to protect the parties interests in the confidentiality of certain proprietary, medical and sensitive documents, to protect the parties' interest in the confidentiality of personally sensitive matters contained in certain documents, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby stipulate and agree that documents and information produced by the parties or obtained by subpoena in this action shall be subject to the terms and conditions of this Consent Protective Order ("Order"):

1.  This Order shall govern all documents produced by Plaintiffs and Defendants or obtained by Plaintiffs or Defendants pursuant to a subpoena in this action. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2.  The following documents shall be designated as confidential:

    (a) Plaintiffs' federal and state income tax returns;

01443759.1

(b) Plaintiffs' medical records;

(c) any document from the personnel, employment, medical or payroll file of any Defendant or any employee or former employee of Defendant City, or any document containing private or personally sensitive information pertaining to individual Defendants, individual employees or former employees of Defendant City;

(d) any document which reflects Defendant City's proprietary information, audits, and/or investigations not ordinarily disseminated to Defendant City's employees or persons not employed by Defendant City, or which an employee of Defendant would reasonably consider to be confidential;

(e) Any Internal Affairs investigation conducted by the City of Dothan; and

(f) Defendant City's submissions to the EEOC.

3. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than

(a) the parties to this action;

(b) counsel of record to any party to this Order;

(c) the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial of this action;

2

01443759.1

    (d)    persons retained by any party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees);

    (e)    deponents and court reporters in this action;

    (f)    the Court and Court personnel;

    (g)    potential witnesses or consultants, and

    (h)    outside photocopying services.

Confidential documents or information disclosed to any such person shall not be disclosed by him or her to any other person not within the foregoing subparagraphs (a) through (h) of this paragraph. No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

    4.    Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3, counsel for the parties in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purpose set forth in this Protective Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual.

    5.    If a question arising at a pretrial deposition calls for an answer containing information designated as confidential, or if the question contains information designated as Confidential, or if the question contains information designated as confidential, either at the deposition itself or within 30 days after receipt of the transcript

3

01443759.1

thereof, counsel with an interest in protecting such information shall notify all counsel of record that the information provided in such answer or question is considered designated confidential and shall designate such specific portions of the transcript of such deposition which shall thereafter be subject to the provisions of this Order.

6. If a party objects to the designation of any documents or information designated as confidential, counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion. The party asserting confidentiality has the burden to prove that the document deserves such treatment. If the Court determines that a party designating a produced document as confidential made the designation without a good faith basis, the Court in its discretion may order sanctions against the party making the designation.

7. This Order does not affect the parties' ability to use any produced document or information at trial. In the event that any document or information designated as confidential is included with or in any way disclosed by any pleading, motion or other paper filed with the Court, such document or information shall be kept under seal by the Clerk until further order of the Court. Any use of any such document or confidential information and any testimony associated with it shall be held under seal unless the Court orders otherwise.

8. Within 30 days after final termination of this action, including any appeals, and upon written request of the producing party, all documents or information or

extracts thereof and non-privileged notes made therefrom, shall be returned to counsel for the party who produced the documents.

9. Nothing in this Order shall prevent a party from any use of its, his or her own confidential documents.

10. The inadvertent or unintentional disclosure of any confidential information, shall not be construed to be a waiver, in whole or in part, of Plaintiffs' or any Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

11. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

**IT IS SO ORDERED.**

_____
United States District Court Judge
Middle District of Alabama

**AGREED AND ACCEPTED:**

By: _/s/ Ishmael Jaffree/_____
Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244
Attorney for Plaintiffs

By: _/s/ Carol Sue Nelson_____
Carol Sue Nelson
Attorney for Defendants
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

5

01443759.1