# Dothan Police Department

## M E M O R A N D U M

**FROM** : Sergeant Gary S. Coleman

**TO** : Chief John C. White

**DATE** : April 8, 2004

**SUBJECT** : Mary Beth Brackin Investigation (Fondren Damage Claim)

Sir,

I received a damage claim forwarded from Assistant City Attorney Kevan Kelley's office on 01/15/2004. The damage claim was filed by Theron Fondren for reimbursement of $158.90 for a tow fee that he incurred during an arrest on 01/01/2004 on an alias warrant. Fondren states he was arrested on an invalid warrant. Upon examination of Fondren's handwritten claim, he states that Mary Beth of the magistrate's office can confirm the false arrest accusation. Fondren is referring to Mary Beth Brackin. During this investigation, it was brought to my attention by Judge Rose Gordon that Brackin had made statements in front of two other members of the judicial staff, Lavera McClain and Eunice Knight, that she told Fondren that the City of Dothan would be liable for falsely arresting him. During the course of my investigation into Fondren's arrest, I found that he had failed to comply with the Court Referral Program and an alias warrant was issued by Judge Gordon on 08/12/2002. On 01/01/2004 Mr. Fondren was arrested by Shane Ash and booked into the Dothan City Jail on the two-year-old warrant.

Page 1 of 3

DOTHAN/Martin & Brackin 1292
Confidential Subject to Protective Order

Mary Beth Brackin Investigation
(Fondren Damage Claim)
April 8, 2004
Page 2 of 3

On 02/20/2004 at 1:22 p.m. I interviewed Theron Fondren about his contact with Ms. Brackin. When asked if she had told him he was falsely arrested, he replied, "I don't know if she said that." Fondren had few recollections of his conversation with Ms. Brackin.

On 03/16/2004 at 2:40 p.m. I interviewed Ms. Lavera McClain of the Dothan Judicial Department in the chief's conference room at the Dothan Police Department. I asked Ms. McClain if she was familiar with Mr. Fondren's case and she said she had heard Ms. Brackin speak of it. McClain replied that she had when she and Eunice Knight were working in the upstairs magistrate's office Ms. Brackin came into the office saying that she had told Theron Fondren that he had been falsely arrested due to the fact an invalid warrant was issued by Magistrate Ann Baxter and that Baxter should be punished for her incompetence. McClain said the next day Brackin came into the office again and made the statement that she wasn't sorry and wasn't taking it back and that she stood by her original statement, referring to the statement she made in regards to Fondren's arrest. On

03/17/2004 at 3:25 p.m. I interviewed Eunice Knight of the Dothan Judicial Department. She confirmed the incident where Ms. Brackin made the statement claiming the City of Dothan was liable. She also remembers that Brackin said she instructed Fondren to file suit against the City of Dothan.

On 03/22/2004 a letter of notification signed by Judge Rose Gordon was delivered to Mary Beth Brackin at the magistrate's office by Administrative Assistant, Michelle Sellers. Brackin was instructed to meet with Sergeant Ray Owens and myself for an administrative interview. At approximately 2:00 p.m. Sergeant Ray Owens and I conducted the interview with Mary Beth Brackin in the chief's conference room at the Dothan Police Department. Prior to this interview, Administrative Assistant, Michelle Sellers Garritized Ms. Brackin in the presence of Court Administrator, Nancy Martin, Sergeant Ray Owens, and myself. After the interview was underway, I asked

DOTHAN/Martin & Brackin 1293
Confidential Subject to Protective Order

Mary Beth Brackin Investigation
(Fondren Damage Claim)
April 8, 2004
Page 3 of 3

Ms. Brackin if she had ever said anything to Fondren about being falsely arrested. She replied that she didn't recall making that statement, but was not sure. When asked the question again later in the interview, she states that Fondren brought up the issue of false arrest first. I then asked Ms. Brackin if she had ever made any statements in front of other co-workers about telling Fondren the City of Dothan was liable and he should file suit. She again answered, "I don't remember." I then produced a copy of an interoffice memorandum dated 01/08/2003 issued by Judge Rose Gordon directed to all judicial department personnel in regards to Public Relations. It clearly states that employees must use discretion when dealing with a citizen wanting to file a claim or make an allegation of liability against the City of Dothan. Personnel are to direct the person to the City Clerk's Office without commenting on the possibility of liability. I asked Ms. Brackin had she ever seen this document before and she stated that she had and had received a copy of it. Judicial administrative records show she received this document on 01/13/2003.

It appears Ms. Brackin used poor judgment when instructing Mr. Fondren on how to file his reimbursement claim with the City of Dothan after a written directive was issued. She also admitted her actions to fellow co-workers, McClain and Knight. Based on the evidence, Mary Beth Brackin has possibly violated a Major Offense under the Personnel Rules and Regulations, Section 3-42.(6) **Actions or lack of actions that could cause undue financial loss to the City. Negligence in carrying out assigned tasks or duties or responsibilities of one's position.**

Upon these findings it is believed that Personnel Rule Section 3-42.(6) was violated and this complaint is sustained.

*Sergeant Gary S. Coleman* (signature)
Sergeant Gary S. Coleman
Internal Affairs Division

GSC/pd

DOTHAN/Martin & Brackin 1294
Confidential Subject to Protective Order