# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **NANCY MARTIN and,** | ) | |
| **MARY BETH BRACKIN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05-CV-1172-MEF** |
| | ) | |
| **CITY OF DOTHAN and JUDGE** | ) | |
| **ROSE EVANS-GORDON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR ATTORNEYS' FEES</u>

Defendants, the City of Dothan and Judge Rose Evans-Gordon ("Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure respectfully move this Honorable Court for an Order entering Summary Judgment in their favor as a matter of law as to the claims against them by Plaintiffs Nancy Martin and Mary Beth Brackin. In support of their Motion, Defendants state as follows:

1.    This action is a reverse discrimination suit brought by two white former employees of the City of Dothan's Judicial Department, Mary Beth Brackin, who was employed as a magistrate, and Nancy Martin, who was employed as the Municipal Court Administrator.  In addition to her claim of discrimination under Title VII, 42 U.S.C. § 1983 and 42 U.S.C. § 1981, Brackin

has alleged claims of violations of freedom of speech, freedom of association, procedural due process, substantive due process, retaliation, and false imprisonment.  She is bringing these claims against both the City of Dothan, and except for the discrimination and retaliation claims, against Judge Gordon in her individual capacity.  Martin has alleged claims of discrimination and retaliation against the City, and violation of freedom of speech, negligence, and breach of contract against both the City and Judge Gordon (in her individual capacity).

2.    No genuine issue of material fact exists and Defendants are entitled to summary judgment in its favor as a matter of law on all of Plaintiffs' claims.

3.    Brackin and Martin have asserted claims against Judge Gordon in her individual capacity under Counts One, Two, Three, Four, Five, Seven, Eleven, Twelve, Sixteen and Seventeen.  Judge Gordon is entitled to qualified immunity with respect to these alleged acts and, as such, Plaintiffs' claims against Judge Gordon in her individual capacity are due to be dismissed. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985); *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1149 (11th Cir. 1994); *Johnson v. City of Ft. Lauderdale,* 126 F.3d 1372, 1378 (11th Cir. 1997).

## Defendants Are Entitled to Summary Judgment on Plaintiff Brackin's Claims

4.    Defendants are entitled to summary judgment on Plaintiff Brackin's First Amendment Freedom of Speech Claim (Count One) because the undisputed evidence establishes that Brackin did not engage in protected speech.  "[A] public employee's right to freedom of speech is not absolute."   *Bryson v. Cuty of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989)(citation omitted).   Brackin's speech is constitutionally protected only if it satisfies both elements of the test set forth in *Pickering v. Board of Education*, 391 U.S. 563 (1968) and refined in *Connick v. Myers*, 461 U.S. 138 (1983)(the "*Pickering-Connick* test")."  *Maggio v. Sipple*, 211 F.3d 1346, 1351 (11th Cir. 2000).  Brackin's claim fails because she did not speak as a citizen on a matter of public concern but rather as an employee pursuant to her official duties, and, therefore, her speech is not protected. *D'Angelo v. School Bd. of Polk County, Fla*. 497 F.3d 1203, 1210 (11th Cir. 2007). However, even if she had spoken as a citizen on a matter of public concern, her claim would still fail as the City had an adequate justification for treating Brackin differently from any other member of the general public.    "Employers have heightened interests in controlling speech made by an employee in his or her professional capacity. Official communications have official consequences, creating a need for substantive consistency and clarity. Supervisors must ensure that their employees' official communications are accurate, demonstrate sound

judgment, and promote the employer's mission." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1958 (2006).

5.      Defendants are entitled to summary judgment as to Count Two, Brackin's First Amendment Freedom of Speech claim, because Brackin cannot establish that the temporary directive instructing employees not to have contact with another employee while that employee was under investigation for possible criminal conduct was unconstitutionally overbroad. "It has long been a tenet of First Amendment law that in determining a facial challenge to a statute [here the memo], if it be 'readily susceptible' to a narrowing construction that would make it constitutional, it will be upheld." *Bishop v. Aronov,* 926 F.2d 1066, 1071 (11th Cir. 1991)(quoting *American Booksellers v. Webb*, 919 F.2d 1493, 1499 -1500 (11th Cir. 1990) (other citations omitted).   "Since the overbreadth doctrine in effect requires courts to evaluate the *potential* reach of a statute, *conceivable* sets of circumstances, and *possible* direct and indirect burdens on speech, the Supreme Court has noted that the overbreadth doctrine is 'strong medicine' that should be employed only with hesitation, and then only as a last resort."   *American Booksellers v. Webb*, 919 F.2d 1493, 1499 -1500 (11th Cir. 1990)(internal quotations and citations omitted.).   The instruction not to have any contact with Turner, the employee under investigation, arose out of the police department's concern for collusion in their investigation.   Obviously, in light of the fact that

others in the office might be involved in Turner's scheme, the City had a legitimate reason to prohibit them from speaking with Turner during the course of the investigation. It is undisputed that Gordon's restriction was not indefinite, but rather was only while the investigation was ongoing. The restriction at issue was reasonably narrow. *See American Booksellers v. Webb*, 919 F.2d 1493, 1500 (11th Cir. 1990)(citing *Erznoznik v. City of Jacksonville,* 422 U.S. 205 (1975); *Broadrick v. Oklahoma,* 413 U.S. 601 (1973)).

6. Brackin's third claim is that the City violated her First Amendment right to freedom of association when it instructed her not to associate with Turner while Turner was under criminal investigation. Count Three is due to be dismissed because Brackin's relationship with Turner is not protected by the Constitution. To succeed on this claim, Brackin must first demonstrate that she had a constitutional right and that [she] suffered an adverse employment action for exercising the right. *Davis v. Phenix City, Alabama* 2007 WL 1857263, *11 (M.D.Ala. 2007)(citing *Chesser v. Sparks,* 248 F.3d 1117, 1124 (11th Cir.2001)). The constitutional right to association protects two different forms of association: "intimate association" and "expressive association." *McCabe v. Sharrett,* 12 F.3d 1558, 1562 (11th Cir. 1994). Brackin's association with Turner does not rise to the level of either form. Because Brackin's relationship was neither an intimate or expressive relationship, the relationship at issue is not one covered within the

protections of the First Amendment, and her claim must fail as a matter of law. *Cummings v. DeKalb County*, 24 F.3d 1349, 1354 (11th Cir. 1994).

7.  In Count Four, Brackin complains that the investigations conducted within the department by members of the Internal Affairs department of the City's police department violated her procedural due process rights. (Compl. ¶ 111-114). To make a procedural due process claim, Brackin must show a deprivation of a property interest, and that such a deprivation occurred without a proper procedure. Her claim fails because she cannot show a deprivation of a property interest. *Ross v. Clayton County, Georgia*, 173 F.3d 1305, 1307 (11th Cir. 1999).

8.  However, evening assuming for the sake of argument that she can show a property interest in her employment, her procedural due process claim pertaining to the investigations still fails. First, the Eleventh Circuit has held that district courts lack subject matter jurisdiction over alleged federal due process violations by a municipality where the aggrieved persons have the right to bring their grievance to the state's circuit court. *Gainer v. City of Winter Haven, Fla.* 170 F.Supp.2d 1225, 1234 (M.D.Fla.,2001)(citing *Boatman v. Town of Oakland,* 76 F.3d 341, 346 (11th Cir.1996). Not only did Brackin have such a right, she utilized that right in appealing her termination to the Houston Circuit Court, Case Number CV-05-5144. In fact, her appeal went all the way to the Alabama Court of Civil Appeals. (*City of Dothan v. Brackin*, 959 So.2d 678 (Ala. Civ. App. 2006)).

Accordingly, there is no subject matter jurisdiction to hear Backin's procedural due process claim.

9.     Additionally, while information learned in the course of two of the investigations did lead to Brackin's suspension and termination,  Brackin cannot point to any property interest arising from the investigations themselves that require procedural due process.  Even taking into account her later suspension and termination, which were separate events distinct from the investigations, her claim still fails because Brackin does not have a property interest in her employment.  Furthermore, even if her suspension and discharge did impact a protected property right, she was provided ample procedural due process.  Accordingly, this claim is due to be dismissed.

10.     Likewise, Brackin's claim of a substantive due process violation (Count Five) fails because the investigations she complains of did not impinge upon any 'fundamental right'- "that is, rights that are 'implicit in the in the concept of ordered liberty."  *Shows v. Morgan*, 40 F.Supp.2d 1345, 1356 (M.D. Ala. 1999)(citations omitted).  There is no constitutional right to be free from being questioned during an investigation, much less a 'fundamental right.'  Even if Brackin is arguing that the fundamental right at issue is not a right to be free from questioning, but rather that her employment rights were violated, her substantive due process claim still fails.  The Eleventh Circuit is clear that public employment

is "not subject to substantive due process protection." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). Because the investigations did not impinge on any fundamental right, and because employment claims are not subject to substantive due process protection, Brackin's claim of a substantive due process violation fails.

11.     Brackin's sixth claim alleges that her due process rights were violated because: (1) the City's attorney had access to and consulted the transcripts of Mrs. Gordon and the witnesses during the Personnel Board hearing on her termination; and (2) the City alleged refused to release the transcripts and other specific documents despite Brackin's counsel's written request. (Compl. ¶ 121, 123). This claim fails for the following reasons: (1) there is no subject matter jurisdiction to hear a procedural due process claim when Brackin had the ability to have her grievance heard in circuit court. *Gainer v. City of Winter Haven, Fla*. 170 F.Supp.2d 1225, 1234 (M.D.Fla.,2001)(citing *Boatman v. Town of Oakland,* 76 F.3d 341, 346 (11th Cir.1996); (2) because the City was not restricted to terminating Brackin only for cause, she did not have a protected property interest in her employment and therefore cannot point to a property interest that mandated procedural due process protection. *Douglas v. Evans*, 916 F.Supp. 1539, 1547 (M.D.Ala. 1996); and (3) the fact that Brackin's counsel did not have interview transcripts or documents that she requested does not negate the fact that she was provided proper due process.

12.    In her seventh count, Brackin alleges that "Defendant Gordon terminated Mrs. Brackin for making a single contact with her friend and coworker in violation of this Defendant's directive," and that "this act constituted a substantive due process violation because it resulted in the deprivation of a property interest for an improper motive." (Compl. ¶¶ 125, 127). Brackin's claim fails for two reasons. First, "an employee with a protected interest in his job may not maintain a substantive due process claim arising out of his termination." *Bussinger v. City of New Smyrna Beach,* 50 F.3d 922, 925 (11th Cir. 1995)(citation omitted). Second, to the extent Brackin is claiming that her substantive due process claim is derived from an alleged freedom of speech violation, the Court has already found that the speech at issue was not protected by the first amendment. (Doc. # 42, Memorandum Opinion and Order, p. 11). Because the speech was not protected, she cannot claim a violation of a fundamental right, which is required to show a substantive due process violation. *Shows v. Morgan*, 40 F.Supp.2d 1345, 1356 (M.D. Ala. 1999)(citations omitted).

13.    Plaintiff cannot establish a *prima facie* case of racial discrimination arising out of her termination.[1]    It is undisputed that Brackin was terminated for

---

[1] Brackin captioned her eighth claim "Racial Discrimination, 42 U.S.C. § 1983." (Compl. p. 24). However, count nine has an identical heading, and the first full paragraph under count eight states "This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq." (Compl. ¶ 129). Accordingly, Defendants consider the heading of count eight to be a clerical error, and consider count eight to be an allegation of a violation of Title VII.

two different major offenses within a 24 month period. The first was Personnel Rule 3-42(6), a major offense of violating a Dothan Personnel Rule and Regulation in the handling of a traffic ticket, after Brackin struck through and wrote "void" on a ticket listed on a Uniform Traffic Citation transmittal form. She also committed insubordination, in that she "willfully, by [her] own admission, disobeyed a directive from your department head to refrain from any contact with Mary Turner during the police department investigation of Mrs. Turner. You admittedly understood this directive and chose to disregard it by calling Mrs. Turner. This is a major offense." It is also undisputed that Brackin received a major offense and ten day suspension in April 2004 for insubordination <u>and</u> actions that could cause undue financial loss to the City.

14. Moreover, Plaintiff's termination claim fails because she cannot identify any similarly situated (minority) employee who engaged in the same conduct but was treated more favorably than she was. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003)(quoting *Holified v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). Regardless, Defendants have articulated legitimate, non-discriminatory reasons for termination of Brackin's employment and Brackin has failed to rebut this reason with substantial evidence of pretext.

15. Brackin's § 1983 claims (Count Nine) against the City must be dismissed because the City may not be held liable under a theory of *respondeat*

*superior. See Monell v. Department of Social Services of the City of New York*,
436 U.S. 658, 691 (1978). Brackin cannot establish that her termination or any
other acts complained of were in furtherance of any official policy or custom of the
City. Accordingly, this claim fails.

16. Brackin's retaliation claim under 42 U.S.C. § 1983 (Count Ten) fails
as a matter of law. In her tenth claim, Brackin alleges that she "was terminated in
retaliation for exercising free speech and free association rights . . . ." (Compl. ¶
151.). In its Opinion, the Court has ruled that Brackin cannot make a retaliation
claim based on her termination for her phone conversation with Turner. (Doc. #42,
Memorandum Order and Opinion, p. 15). This claim fails because Brackin did not
engage in protected activity as her relationship/association with Turner is not the
type of relationship protected by the Constitution. Even assuming *arguendo* that
she did engage in protected activity, this claim still fails as she cannot show any
adverse action was taken against her because of her association with Turner. It is
undisputed that Brackin was never disciplined in any way for associating with
Turner. Because she cannot point to any adverse action arising from her
associating with Turner, Brackin's claim of retaliation fails. *Stavropoulos v.
Firestone*, 361 F.3d 610, 618 (11th Cir. 2004).

17. Brackin's false imprisonment claim (Count Eleven) fails as a matter
of law because she cannot show any threat of force—express or implied. Brackin

raises a claim of false imprisonment pertaining to three investigations conducted by the Internal Affairs of the Dothan Police Department that Plaintiff was instructed to participate in. For there to be a false imprisonment, "there must be some direct restraint of the person. . . . Any exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." *Hardy v. Town of Hayneville* 50 F.Supp.2d 1176, 1192 (M.D.Ala., 1999)(quoting *Big B, Inc. v. Cottingham,* 634 So.2d 999, 1001 (Ala.1993)). Plaintiff's claim fails because there was no threat of force and the threat of loss of employment does not constitute a "threat" for purposes of a false imprisonment claim.

## Defendants Are Entitled to Summary Judgment on Plaintiff Martin's Claims

18. In Martin's first claim (Count Twelve), she alleges that she was terminated in part for "express[ing] her concern about whether Defendant Gordon was showing favoritism to one of the bonding outfits that operate in the City and service the bond requirements of defendants who appear before Dothan Municipal Court." (Compl. ¶¶ 154, 157). This claim fails for the simple reason that it is undisputed that her discharge was unrelated to any comments Martin might have made about the bonding company. Additionally, her claim fails because the

speech she alludes to was not protected. *Garcetti v. Ceballos* 126 S.Ct. 1951 (2006).

19.    Martin's race discrimination claim based on her termination fails because she cannot establish a *prima facie* case.[2]  Martin, a probationary employee terminated approximately nine months after she was hired, alleges that she was terminated because of her race in violation of Title VII.  (Compl. ¶161-62).   It is undisputed that Martin was terminated for unsatisfactory performance consisting of multiple performance issues.   Moreover, Martin's claim of discrimination fails because she cannot point to any similarly situated comparator who was treated differently. *Hammons v. Wallace,* 2006 U.S. App. LEXIS 6396, *11 (11th Cir. 2006)(plaintiff failed to identify similarly situated comparators where one comparator was not directly responsible for all of the areas in which problems had arisen that resulted in plaintiff's termination and second comparator was plaintiff's subordinate).

20.    Even if Martin could show a *prima facie* case, the City has shown a legitimate, non-discriminatory reason for its action, i.e., the unsatisfactory performance during her probationary period.   Moreover, her deficiencies were pointed out to her and she was given an opportunity to improve. As such, the

---

[2] Due to a typographically error, this and the subsequent counts were incorrectly numbered in Plaintiffs' complaint.   Defendants are referring to these counts according to the correct numbering.

burden shifts to Martin to show that this reason is pretextual.  "The pretext inquiry is concerned with the employer's *perception* of the employee's performance, not the employee's own beliefs." *Hankins v. AirTran Airways, Inc*. 237 Fed.Appx. 513, 522, (11th Cir. 2007)(Citing *Cooper v. Southern Co.,* 390 F.3d 695, 740 (11th Cir.2004)).    Martin cannot show that it was more likely that Judge Gordon's decision to terminate her probationary term of employment was actually motivated by a discriminatory motive, especially considering the undisputed fact that she was hired by Judge Gordon and the person hired by Judge Gordon to replace Martin was also white.  Martin simply cannot show pretext.  See *Hankins v. AirTran Airways, Inc*. 237 Fed.Appx. 513, 522(11th Cir. 2007).  Accordingly, this claim fails as a matter of law.

21.    Martin's § 1983 claims (Count Fourteen) against the City must be dismissed because the City may not be held liable under a theory of *respondeat superior.  See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978).  Martin cannot point to any evidence establishing that the act of discrimination she allegedly suffered was in furtherance of any official policy or custom of the City. In the absence of any evidence that the alleged discrimination she allegedly endured was the result of any policy or custom of the City, Martin's §1983 claim against the City of Dothan must be dismissed. *See Hammer v. Hillsborough County Board of County Commissioners*, 927 F. Supp.

1540, 1546 (M.D. Fla. 1996). Furthermore, it is not enough merely to show the existence of a policy, but also that its application resulted in a deprivation of Martin's constitutional rights. *Church v. City of Huntsville,* 30 F.3d 1332, 1345 (11th Cir. 1994). Because Martin was a probational employee with no guarantee of employment, she had no property interest in her position and cannot point to the deprivation of any constitutional right. *Shows v. Morgan*, 40 F.Supp.2d 1345, 1356 (M.D. Ala. 1999). Thus, for these reasons and those expanded upon more fully in response to Count Nine, above, Martin's § 1983 claim of discrimination arising from her discharge must fail.

22.    Martin's § 1983 retaliation claim (Count Fifteen) fails as a matter of law because she cannot establish a *prima facie* case. Martin alleges that she "was not allowed to perform her duties as Administrator as performed by prior Administrators or permitted to make assignments effecting the black magistrates after she complained about Defendant Gordon's discriminatory practices." (Compl. ¶ 181). In order to demonstrate a *prima facie* case of retaliation under §1981 or §1983, Martin must demonstrate (1) that she engaged in statutorily protected activity (emphasis added), (2) that she was subject to an adverse employment action, and (3) that the adverse action was causally related to her protected activity. *Gupta v. Florida Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000); *cert. denied*, 532 U.S. 1076 (2001). Thereafter, the City must articulate a

legitimate, nonretaliatory reason for its action, at which point Martin must demonstrate that the reason offered by the City is merely pretext for unlawful retaliation. *Pennington v. City of Huntsville*, 261 F.3d 1261, 1266 (11th Cir. 2001); *Olmstead v. Taco Bell Corp.,* 141 F.3d 1457, 1460 (11th Cir. 1998); *Sullivan v. National R.R. Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir. 1999). Martin cannot establish a *prima facie* case of retaliation since she cannot show <u>any</u> of the three required elements. First, and most significantly, she never complained to Judge Gordon, the person she accuses of preventing her from making assignments effecting black magistrates, about race discrimination. Thus, Martin cannot establish that she engaged in statutorily protected activity. Furthermore, it cannot be disputed that Gordon was not aware of any complaints made by Martin alleging that Judge Gordon was discriminating against any employee. (Gordon Aff., ¶ 11). Moreover, the retaliatory acts she complained of occurred prior to her alleged complaint of discrimination. Thus, Martin cannot establish any causal connection. Even if she could establish she engaged in protected activity and was allegedly retaliated against *after* she engaged in such activity, her claim still fails because she was not subjected to any adverse employment action. The act Martin alleges is retaliatory falls short of being an adverse action, even under the relaxed standard in *Burlington Northern.* Because Martin cannot show <u>any</u> of the required elements for a claim of retaliation, this claim must fail.

23.    Defendants are entitled to summary judgment on Martin's negligence claim (Count Sixteen). Martin has brought this count against both Judge Gordon and the City.  She alleges that Judge Gordon owed her "a duty to point out her deficiencies and provide her a reasonable opportunity to cure those deficiencies" pursuant to Sec. 2-80 of the City's Personnel Rules and Regulations.   In other words, Martin is alleging negligence per se.   "This Court has stated that four elements are required for violation of a statute [or regulation] to constitute negligence per se: (1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury." *Parker Bldg. Services Co., Inc. v. Lightsey ex rel. Lightsey,* 925 So.2d 927, 931 (Ala. 2005)(citing *Fox v. Bartholf,* 374 So.2d 294, 295 (Ala.1979)).  Martin, however, cannot show that Judge Gordon or the City violated the Personnel Rule at issue. As such, this claim fails as a matter of law.

24.    Martin's breach of contract claim (Count Seventeen) fails as she cannot identify a contract, must less establish any breach of any contract by the Defendants. The allegations in Martin's breach of contract claim are identical to her negligence claim in Count Sixteen, above.  Specifically, she alleges that Judge Gordon and the City failed to meet the requirements of Sec. 2-80.  She brings this

claim against both Judge Gordon and the City.  In order to establish the elements of a breach-of-contract claim, Martin must show: (1) that a valid contract existed between her and Judge Gordon, and between her and the City; (2) that she performed under the contract; (3) that both Judge Gordon (for her to be liable) and the City (for the City to be liable) failed to perform under the contract; and (4) that she was damaged as a result. *Sullivan v. Eastern Health System, Inc.* 953 So.2d 355, 359 (Ala. 2006)(citations omitted.).  First, her claim against Judge Gordon fails because she cannot identify any contract that existed between Judge Gordon and herself.  "No contract is formed without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract." *Steiger v. Huntsville City Bd. of Educ.* 653 So.2d 975, 978 (Ala. 1995)(citing *Strength v. Alabama Department of Finance,* 622 So.2d 1283, 1289 (Ala.1993)).  Martin cannot show any of these elements with regards to Judge Gordon with regards to the City Rules and Regulations.  This claim should be dismissed against Judge Gordon due to the lack of existence of a contract between Judge Gordon and Martin.

25.    As to the City, Martin cannot establish the existence of a contract.  As noted above with regards to Martin's claim for negligence, even assuming she can show that Sec. 2.80 establishes a contract with Martin, her claim fails because she cannot show that either the City or Judge Gordon failed to perform under the contract.  Accordingly, this claim is due to be dismissed.

26.     Finally, Plaintiffs' punitive damages claim is due to be stricken. Punitive damages are unavailable against the City of Dothan. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. §1983"); *Walters v. City of Atlanta*, 803 F.2d 1135, 1148 (11th Cir. 1986) (punitive damages under §1982 unavailable against municipality); *Harrelson v. Elmore County of Alabama*, 859 F.Supp. 1465, 1467 (M.D. Ala. 1994) (same); *Garrett v. Clarke County Board of Education*, 857 F.Supp. 949, 952 (S.D. Ala. 1994) (punitive damages unavailable against government entity under Title VII).

27.     Defendants finally assert that this entire action is groundless, frivolous and/or without foundation and brought in bad faith.  Defendants herein respectfully request the Court to award attorneys' fees and costs against the Plaintiffs.

28.     In support of their motion for Summary Judgment, Defendants rely on the pleadings herein, their Brief filed herewith, and the Evidentiary Submissions filed herewith consisting of:

     (a)     Sworn Deposition of Plaintiff Brackin and exhibits thereto;

     (b)     Sworn Deposition of Plaintiff Martin and exhibits thereto;

     (c)     Sworn Deposition of Rose-Evan Gordon and exhibits thereto;

     (d)     Sworn Deposition of Eunice Knight;

(e)    Sworn Deposition of Keith Gray;

(f)    Sworn Affidavit of Kai Davis and exhibits thereto;

(g)    Sworn Affidavit of Rose-Evan Gordon and exhibits thereto;

(h)    Sworn Affidavit of Michelle Sellers Smith;

(i)    Sworn Affidavit of Kevan Kelly and exhibits thereto;

(j)    Sworn Testimony of Brackin Personnel Board Testimony;

(k)    Certified Indictment of Mary Turner.

WHEREFORE, premises considered, Defendants respectfully request that this Court enter an Order Granting Summary Judgment as a matter of law in their favor as to all of Plaintiffs' claims in this action, and award attorneys' fees and costs against the Plaintiffs.

Respectfully submitted,

/s/Theodore P. Bell
Theodore P. Bell
Attorney for Defendants

**OF COUNSEL:**
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 (Fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on November 16, 2007 electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the foregoing on counsel of record by mailing a copy in the United States Mail, with proper postage thereon, addressed as follows:

Ishmael Jaffree, Esq.
951 Government Street
Suite 415
Mobile, Alabama 36604
(251)694-9090

/s/Theodore P. Bell
of counsel