| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| is form is affected by the Privacy Act of 1974; See Privacy Act Sta ement efore completing this form. | ☐ FEPA  ☒ EEOC | 130 2005 06352 |

None _____ ___ and EEOC

State o local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Mary E. Brackin | (334) 794-264 ) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 105 Cricket Court | Dothan, Alabama 36303 | 06-28-67 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OF LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one is below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| CITY OF DOTHAN | More than 20     AUG 1 9 2005 | (3 4) 615-3000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 126 N. Saint Andrews Street | Dothan, AL 36303 | Houston |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| ROSE EVANS-GORDON (Municipal Judge) | . |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 126 N. Saint Andrews Street | Dothan, AL 36303 | Houston |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (e ))

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ AGE

☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL)

05/03/2005

☐ CONTINUING ACTION

PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I, Mary E. Brackin (white) was formerly employed by the City of Dothan as a Municipal Magistrate. The onset of my first term of employment with the city as a Magistrate was on May 1, 1992. This term continued until August 20, 1995 when I transferred to another department within the city. During my first tenure as Magistrate, my performance evaluation was exemplary.

On or about April 5, 2001, I returned as a Magistrate for the City of Dothan. Prior to my transfer back, Respondent Rose Evans-Gordon (black), was appointed Municipal Judge for the City of Dothan. In this position, she was in charge of the Magistrates and other support personnel in the Magistrates division. Shortly after her hire, Respondent Gordon started to make race-based decisions. She bumped two prospective black Magistrate candidates over other white candidates that were higher than they on the employment roster. These black candidates were offered and accepted the positions. Regardless of their shortcomings, Respondent Gordon refused to discipline or otherwise supervise or allow others to supervise these black Magistrates.        CONT'D ON NEXT PAGE

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT  *Mary Etta Brack* |
| Date *August 16, 2005*   Charging Party (Signature)  *Mary Etta Brack* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |



DEFENDANT'S
EXHIBIT
40

DOTHAN/Martin & Brackin 0817
Confidential Subject to Protective
Order

## CHARGE OF DISCRIMINATION
## CONTINUATION SHEET

After relocation to a new facility Respondent Gordon permitted the black Magistrates to assign themselves premium offices, notwithstanding that there were other white Magistrates with more seniority. This not to subtle preference toward the black Magistrates would be tolerable but for the rigid discipline imposed by Respondent Gordon against the white Magistrates.

The gist of the EEOC Charge (there are other claims over which the Commission lacks jurisdiction which are not being raised here) is that Respondent Gordon, with the support of the City, has a two-tiered system of discipline; one for the white Magistrates, another for the black Magistrates. This disparate disciplinary scheme affects a term and condition of employment on account of race, which is made unlawful by Title VII. For example, Respondent Gordon has terminated and/or caused the resignations of no less than eight white Magistrates since her short term of employment. With respect to the Charging Party, almost since the onset of my second term in the Magistrates office, Respondent Gordon has manufactured reasons to terminate me. She caused no less than four separate internal investigations to be initiated against me. I have been placed on probation for doing no more than telling a citizen what right she had if she thinks that she has been aggrieved. She has instructed a new Administrator, Nancy Martin, to keep a close eye on me and two other white Magistrates, while at the same time implying that she should take a blind eye on what the black Magistrates are doing. Indeed when the new Administrator attempted to supervise the black Magistrates, she too was summarily terminated. At all times relevant to this Charge, the black Magistrates have never been subject to discipline, yet at least two have committed offenses and procedure violations which would warrant discipline.

On May 3, 2005, I was notified by Respondent Gordon, with the approval of Respondent City, that I was being terminated for disobeying a directive not to speak with an employee (white) who had been placed on suspension. Notwithstanding the speech and association implications of such a broad directive, Respondent Gordon was unpersuaded that there was an employment imperative that required contact with this person. To further support her decision, Respondent Gordon added that the reason for my separation included an assertion that two years prior I had negligently carried out an assigned task. Both reasons were pretextual and a cover for Respondent Gordon's heavy-handed, arbitrary and discriminatory treatment of me.

RECEIVED
PLANO

AUG 19 2005

DOTHAN/Martin & Brackin 0817b
CONFIDENTIAL Subject to
Protective Order