
PLAINTIFF'S EXHIBIT

# City of Dothan

# *Personnel Rules & Regulations*

*Employee Handbook*

DOTHAN/Martin & Brackin 5298
CONFIDENTIAL Subject to
Protective Order

# TABLE OF CONTENTS

REGULATION 1 - GENERAL PROVISIONS.......................................................page -1-
Sec. 1-10.    **Purpose**...................................................................................page -1-
Sec. 1-20.    **Declaration of Policy:** ......................................................page -1-
Sec. 1-30.    **Coverage**.................................................................................page -1-
Sec. 1-40.    **Classified Service** ...............................................................page -1-
Sec. 1-50.    **Interpretation** .......................................................................page -2-
Sec. 1-60.    **Enforcement and Administration**....................................page -2-
Sec. 1-70.    **Approval of Rules** ...............................................................page -2-

REGULATION II - RECRUITMENT, SELECTION AND PROBATION ................page -3-
Sec. 2-10.    **The Classified Service** .......................................................page -3-
Sec. 2-20.    **Employee Status** .................................................................page -3-
Sec. 2-25.    **Temporary Alternative Duty** ...........................................page -4-
Sec. 2-30.    **Residence Rule** ...................................................................page -4-
Sec. 2-40.    **Employment of Veterans and Disabled Persons**.........page -5-
Sec. 2-50.    **Eligible, Promotional and Reemployment Registers** ..........page -5-
Sec. 2-60.    **Personnel Selection Procedures** ....................................page -6-
Sec 2-67.5.   **Drug and/or Alcohol Testing** ...........................................page -7-
Sec. 2-70.    **Employment Physical Standards**.....................................page -7-
Sec. 2-80.    **Working Test Period (Probation)** ....................................page -8-
Sec. 2-90.    **Personnel Records** .............................................................page -8-

REGULATION III - DISCIPLINARY POLICY .......................................................page -9-
Sec. 3-10.    **Policy**.......................................................................................page -9-
Sec. 3-20.    **Classification of Offenses**...............................................page -9-
Sec. 3-30.    **Types of Disciplinary Actions**.......................................page -10-
Sec. 3-40.    **SCHEDULE OF DISCIPLINARY PENALTIES** ...........................page -12-
Sec. 3-41.    **MINOR OFFENSES**...................................................................page -12-
Sec. 3-42.    **MAJOR OFFENSES** ..................................................................page -14-
Sec. 3-43.    **INTOLERABLE OFFENSES** ......................................................page -16-
Sec. 3-44.    **SICK LEAVE ABUSE OFFENSES** .............................................page -18-
Sec. 3-50.    **Appeal of Disciplinary Action** ......................................page -18-

REGULATION IV - DUE PROCESS PROCEDURE...........................................page -19-
Sec. 4-10.    **Policy**....................................................................................page -19-
Sec. 4-20.    **Procedure** ............................................................................page -19-

REGULATION V - GRIEVANCE AND APPEAL PROCEDURE.........................page -20-
Sec. 5-10.    **Policy**....................................................................................page -20-
Sec. 5-20.    **Definitions**..........................................................................page -20-
Sec. 5-30.    **Procedure** ...........................................................................page -20-

DOTHAN/Martin & Brackin 5299
CONFIDENTIAL Subject to
Protective Order

Sec. 5-40.    **Attendance of Witnesses**..................................................................page -21-
Sec. 5-50.    **Personnel Board Hearing** ...............................................................page -21-

**REGULATION VI - CLASSIFICATION PLAN**..............................................page -22-
Sec. 6-10.    **Purpose**...........................................................................................page -22-
Sec. 6-20.    **Classification Plan Defined** ............................................................page -22-
Sec. 6-30.    **Responsibility of Administration**...................................................page -22-
Sec. 6-40.    **Composition of the Classification Plan**...........................................page -22-
Sec. 6-50.    **Uses of the Classification Plan** ......................................................page -22-
Sec. 6-60.    **Maintenance of the Classification Plan**.........................................page -23-

**REGULATION VII - JOB PERFORMANCE EVALUATIONS**.............................page -24-
Sec. 7-10.    **Purpose**...........................................................................................page -24-
Sec. 7-20.    **Procedure** .......................................................................................page -24-
Sec. 7-30.    **Period of Evaluation** ......................................................................page -24-
Sec. 7-40.    **Unsatisfactory Job Performance Post Probationary**
              **Employees** .....................................................................................page -24-
Sec. 7-50.    **Confidentiality** ...............................................................................page -24-

**REGULATION VIII - COMPENSATION PLAN AND WAGE ADMINISTRATION** .............
              ...............................................................................................................page -25-
Sec. 8-10.    **Purpose** ..........................................................................................page -25-
Sec. 8-15.    **Class of Positions Defined**.............................................................page -25-
Sec. 8-20.    **Salary Ranges** ................................................................................page -25-
Sec. 8-30.    **Entrance at the Minimum**...............................................................page -25-
Sec. 8-40.    **Lines of Progression** .....................................................................page -26-
Sec. 8-50.    **Promotion** .......................................................................................page -26-
Sec. 8-51.    **Transfer**...........................................................................................page -26-
Sec. 8-52.    **Demotion**.........................................................................................page -26-
Sec. 8-60.    **Part Time, Seasonal and Unclassified Positions**...........................page -27-
Sec. 8-70.    **Hours of Work** ................................................................................page -27-
Sec. 8-80.    **Standby and Call Out Rule** ............................................................page -30-
Sec. 8-90.    **Holiday Pay** .....................................................................................page -32-
Sec. 8-91.    **Allowances** .....................................................................................page -32-

**REGULATION IX - LEAVES OF ABSENCE**................................................page -33-
Sec. 9-10.    **General Policy** ................................................................................page -33-
Sec. 9-20.    **Holiday Leave**..................................................................................page -33-
Sec. 9-30.    **Vacation Leave**................................................................................page -33-
Sec. 9-40.    **Military Leave** .................................................................................page -36-
Sec. 9-50.    **Civil Leave** ......................................................................................page -36-
Sec. 9-60.    **Sick Leave**.......................................................................................page -36-
Sec. 9-70.    **FAMILY AND MEDICAL LEAVE ACT (FMLA) POLICY** ..............page -39-

DOTHAN/Martin & Brackin 5300
CONFIDENTIAL Subject to
Protective Order

Sec. 9-80.    **Medical Leave of Absence Without Pay** ...................................page –40-

REGULATION X - SEPARATIONS ................................................................page –42-
Sec. 10-10.   **Types of Separations** ...................................................................page –42-
Sec. 10-20.   **Rights of Employees at Separation** ............................................page –44-
Sec. 10-30.   **City Equipment and Property** .....................................................page –44-

REGULATION XI - CONDUCT OF EMPLOYEES ..........................................page –45-
Sec. 11-10.   **Attendance and Punctuality** ......................................................page –45-
Sec. 11-20.   **Dress and Appearance** ...............................................................page –45-
Sec. 11-30.   **Outside Employment** .................................................................page –45-
Sec. 11-40.   **Political Activity** ........................................................................page –45-
Sec. 11-50.   **Loaning Money** ..........................................................................page –45-
Sec. 11-60.   **Reporting Illegal or Suspected Activity Involving City
              Employees** ...................................................................................page –45-
Sec. 11-70.   **Firearms** .....................................................................................page –46-
Sec. 11-80.   **Harassment, Threats, And Violence Policy** ..............................page –46-

REGULATION XII - SAFETY, ACCIDENTS, INJURIES AND INSURANCE  ...page –49-
Sec. 12-10.   **Purpose** ......................................................................................page –49-
Sec. 12-20.   **City Safety Creed** ......................................................................page –49-
Sec. 12-30.   **Safety and Loss Prevention** ......................................................page –49-
Sec. 12-40.   **City Vehicle Accidents** ..............................................................page –50-
Sec. 12-50.   **Worker's Compensation** ............................................................page –50-
Sec. 12-60.   **Employee Group Insurance** ......................................................page –51-
Sec. 12-70.   **Returning to Work after Serious Off the Job Injury/Illness** .....page –51-

REGULATION XIII - CREDIT UNION ...........................................................page –52-

REGULATION XIV - PERSONNEL BOARD REGULAR MEETING DATES  ....page –53-

REGULATION XV - AMENDMENT OF PERSONNEL RULES  .......................page –54-

DOTHAN/Martin & Brackin 5301
CONFIDENTIAL Subject to
Protective Order

# CITY OF DOTHAN

## PERSONNEL RULES AND REGULATIONS

(Revised _____)

## REGULATION 1 - GENERAL PROVISIONS

Sec. 1-10.  **Purpose:** It is the purpose of these rules and regulations to establish normal procedures which will serve as a guide in administrative action concerning the various personnel activities of the City of Dothan. These rules are supplementary to the "Civil Service Act of Dothan" and are not intended to supplant or overrule said act.

Sec. 1-20.  **Declaration of Policy:** The following personnel policies are established for the City of Dothan:

Sec. 1-20.  (1)      It is the policy of the City of Dothan to insure affirmative action in providing equal employment opportunities without regard to race, creed, religion, sex, age, mental or physical disability, national origin, or political background, except where age or sex is a bonafide occupational qualification. (PBA 11/9/92)

Sec. 1-20.  (2)      Employment with the City shall be based on merit and free of personal and political consideration.

Sec. 1-20.  (3)      Just and equitable incentives and conditions of employment shall be established and maintained to promote efficiency and economy in operation of the municipal government.

Sec. 1-20.  (4)      Positions having similar duties and responsibilities shall be classified and compensated on a uniform basis.

Sec. 1-20.  (5)      Appointments, promotions, and other personnel actions requiring the application of the merit system shall be based on systematic tests and evaluations.

Sec. 1-20.  (6)      Every effort shall be made to stimulate high morale by fair administration of these regulations and by every consideration of the right and interest of the employee, consistent with the best interest of the City.

Sec.1-20.  (7)      Continuation of employment with the City shall be subject to good behavior, satisfactory performance of work, necessity of the positions, and availability of funds.

Sec. 1-30.  **Coverage:** These rules shall apply to all positions and offices in the Classified Service unless otherwise provided by law.

Sec. 1-40.  **Classified Service:** The Classified Service shall comprise all offices and positions in the City

Page -1

DOTHAN/Martin & Brackin 5302
CONFIDENTIAL Subject to
Protective Order

employ, now existing or hereafter created, except those positions specified as the "Unclassified Service" by state laws.

Sec. 1-50.    **Interpretation**:  These regulations are intended to cover most personnel problems and actions likely to be encountered.   Those points not specifically covered shall be interpreted by the Personnel Director in keeping with the intent and objectives of these regulations.   Records of any interpretations shall be kept by the Personnel Director for consideration of incorporation into these regulations.

Sec. 1-60.    **Enforcement and Administration**:  The enforcement and administration of the rules and regulations set forth in this publication are the responsibility of the Personnel Director; however, the implementation of same is the responsibility of the department heads (Appointing Authorities).

Sec. 1-70.    **Approval of Rules**:   These rules shall be in force and effect when adopted by the Personnel Board.

DOTHAN/Martin & Brackin 5303
CONFIDENTIAL Subject to
Protective Order

## REGULATION II - RECRUITMENT, SELECTION AND PROBATION

**Sec. 2-10.**     **The Classified Service:**  The Classified Service shall comprise all offices and positions in the City employ, now existing or hereafter created, except those positions specified as the "Unclassified Service" by state laws.

**Sec. 2-20.**     **Employee Status:**  The status of each classified City employee falls into one of *six* separate and distinct categories. (PBA 7-24-95)

**Sec 2-20.**     (1)     **Regular Full Time:**  A full time status employee is defined as an employee who is scheduled to work forty (40) hour work weeks during a twelve (12) month period.  An employee earns regular full time status after serving a six (6) month or one (1) year probationary working test period (see §2-80., Working Test Period) in a classified or laborer position and being certified as qualified for the position by the department head. Employees under this status participate in all employee benefits including group hospitalization and life insurance, retirement, vacation, sick leave, and holiday pay. NOTE: New employees will not accrue vacation and sick leave benefits until after they have completed six (6) months of satisfactory service. (PBA 6-8-87, 7-24-95)

**Sec. 2-20.**     (2)     **Probationary Full Time:**  A full time employee, upon his/her original appointment to a classified or laborer position, is under this status until he/she has completed a six (6) month or one (1) year probationary working test period (see §2-80., **Working Test Period)** and is certified as qualified for the position by the department head.  Employees under this status participate in all employee benefits as listed under paragraph (a) above.

**Sec. 2-20.**     (3)     **Part Time:**  A part time status employee is defined as an employee, hired for an indefinite period of time (as defined by a calendar period) who is scheduled to work less than forty (40) hours per week. An employee under this status, upon appointment to a classified part time position, is placed under a six (6) month probationary working test period in accordance with § 2-80, **Working Test Period.**   A part time status employee who is scheduled to work a minimum of thirty (30) hours per week is eligible for group health and life insurance benefits in accordance with the City's group health and life insurance policies. A part time status employee is not eligible for holiday, vacation or sick leave benefits.  Note: unclassified part time appointed or elected officials are eligible for group health and life insurance benefits in accordance with the City's group health and life insurance policies. (PBA 7-24-95, 4-12-99)

**Sec. 2-20.**     (4)     **Temporary Part Time:**  A temporary part time status employee is hired for a limited period of time  as defined by a calendar period, for the performance of specific tasks.  Employees in this category are scheduled to work less than forty (40) hours per week. A temporary part time status employee is not eligible for group health and life insurance benefits, or vacation or sick leave benefits or holiday pay.  However, temporary part time students, employed through the Business Education or Vocation/Industrial Education program, are eligible for holiday pay when employed during the summer, provided they work the full eighty (80) hour pay period (except holidays) during which the holiday falls. (PBA 7-24-95, 4-12-99)

**Sec. 2-20.**     (5)     **Temporary:**  A temporary status employee is defined as an employee who is hired for a limited period of time, not to exceed six (6) months as defined by a calendar period, for the performance of specific tasks.  The employee is scheduled to work a full forty-(40) hour workweek. A temporary status employee is in the Classified Service. Employees in this category are scheduled to work less than forty (40) hours per week. An employee in this status is not eligible for group hospitalization and life insurance or vacation and sick leave benefits; however, a temporary status employee is eligible for holiday pay provided he/she works the full eighty (80) hour pay period (except holidays) during which the holiday falls. (PBA 7-24-95, 4-12-99)

DOTHAN/Martin & Brackin 5304
CONFIDENTIAL Subject to
Protective Order

Personnel Rules and Regulations

**Sec. 2-20.**  (6)  **Unclassified Seasonal/Recreational**: An unclassified seasonal/recreational status employee is an employee who is employed to work in the seasonal recreational programs sponsored by the City. An unclassified seasonal/recreational employee's work schedule is limited to and dependent upon the work hours per week and work weeks per calendar year required to operate the particular seasonal recreational program in which he/she is employed. An employee in this status is not eligible for group health and life insurance benefits, vacation or sick leave benefits or holiday pay. However, an employee in this status is eligible for holiday pay provided he/she works the full eighty (80)-hour pay period during which the holiday occurs. (PBA 7-24-95, 4-12-99)

**Sec. 2-25.**  **Temporary Alternative Duty** is Duty that is assigned to employees who have a restricted activity status, as recommended by their treating physician, or in the case of a work related injury, by the City's Medical staff and/or treating physician. This alternate duty status has a time limit of eight calendar weeks per occurrence, for <u>non-work related illnesses/injuries</u>. It is the responsibility of the affected employee to present to the Employee Health Clinic with written documentation from their treating physician specifying the restrictions and the length of time the restriction applies. The employee should keep the clinic staff informed of their status after each visit to their physician, which should be at least every four-calendar week. If, after the eight week time frame, the employee is not released to his/her full duty status by their treating physician, he/she will have to be taken off work until which time his/her physician releases employee to full duty. If the treating physician feels the employee can not return to his/her full duty status, additional testing/evaluations may be warranted as recommended by the City's Medical Director. This will be at the expense of the employee if not covered by insurance.

In cases of restricted activity status that is a result of a work-related injury/illness, the eight-calendar week limit does not apply. The City's Medical staff, in accordance with the authorized treating physician, will monitor the covered employee's work status. (PBA 8/17/92, PBA 8-9-93, PBA 12/13/93, PBA 3/13/00)

**Sec. 2-30.**  **Residence Rule**: It is the policy of the City of Dothan to give preference in hiring to persons living within the city limits of Dothan. This means that when a position vacancy occurs with the City of Dothan, those persons found to be most qualified for the position and living within the city limits of Dothan shall be given first preference for the position. If no individual is found to be most qualified within the city limits, selection shall be conducted outside the city limits.

**Sec. 2-30.**  (1)  All employees of the Fire, Police, Water, Public Works, Electric and Community Developments, and such other personnel as may be designated by department heads for emergency and/or standby duty must be immediately available to their department heads at all times by means of telephone and must be able to meet emergency calls in a minimum of time.

**Sec. 2-30.**  (2)  Maximum reporting time for emergency and/or standby duty for employees noted in § 2.30(1), above, is thirty (30) minutes from time notified to report to employee's regular work reporting station. (PBA 1/9/95)

| Note: This reporting time supersedes all previous maximum reporting times. (PBA 1/9/95) |
| --- |

**Sec. 2-30.**  (3)  All employees of the City of Dothan are encouraged to move within the city limits, as preference shall be given to those employees living within the city limits in case of layoffs.

Page revised 3/14/00

DOTHAN/Martin & Brackin 5305
CONFIDENTIAL Subject to
Protective Order

Personnel Rules and Regulations

Sec. 2-40.     **Employment of Veterans and Disabled Persons**:  It shall be the policy of the City to give special consideration to the employment of war veterans and to encourage wherever possible the employment of persons with disabilities in positions where the disability will not substantially interfere with the performance of assigned duties.   Veterans shall receive credit according to Section 13 of the Civil Service Act of Dothan:

"Upon successfully passing an entrance examination for a position in the Classified Service, five point preference is given to honorably separated veterans who served on active duty in the Armed Forces of the United States during any war (the official dates of war service are April 6, 1917 - July 2, 1921, and December 7, 1941 - April 28, 1952); during the Period April 28, 1952, through July 1, 1955; in any campaign or expedition for which a campaign badge or service medal has been authorized; for more than 180 consecutive days, any part of which occurred after January 31, 1955, and before October 15, 1976.  (An initial period of active duty or training under the "six-month" Reserve or National Guard programs does not count.); during the Gulf War between August 2, 1990 and January 2, 1992.  Ten point preference is given to veterans who served on active duty in the Armed Forces at any time, and who (1) have a service-connected disability or (2) are receiving compensation, disability retirement benefits, or pension under laws administered by the Veterans Administration, Army, Navy, Air Force, Coast Guard, or Marine Corps.  A veteran who has been awarded the Purple Heart for wounds received in action is considered to have a service connected disability.  (PBA 11-9-92) (6-17-2002 to reflect Civil Service Act)

Sec. 2-50.     **Eligible, Promotional and Re-employment Registers**:   The Personnel Director shall establish and maintain such eligible, promotional and re-employment registers for the various classes of positions within the City service as are necessary to meet the needs of the service.   The Personnel Director shall determine the period during which such registers shall remain in effect, but this period shall not exceed 1two (2) years. (PBA 11-14-88, 8-12-96)

Sec. 2-50.     (1)     **Eligible Registers**:  Eligible registers shall contain the names of those applicants who are deemed by virtue of the examination process (See § 2-60(5), Examination Process) to be qualified to perform the duties required of a specific class. The names of the eligibles may be placed on such registers in order of applicants' final ratings on examinations.  Applicants shall be notified by the Personnel Director of their qualifying or failure to qualify for placement on an eligible register. The Personnel Director may remove from an eligible register the name of an applicant who has been placed on such register if it is determined that he/she intentionally made a false statement on his/her application, cheated on his/her examination, or permitted any fraud preventing the impartial execution of the principles of selection through merit.   The Personnel Director shall notify each person of the removal of his/her name and the reason therefore.  When the Director deems it necessary to do so, a new eligible register may be combined with an existing register by placing the names of those eligible from both registers on a combined register.

Sec. 2-50.     (2)     **Promotional Registers**:  Promotional registers shall contain the names of those City employees who are qualified for a vacant position.

          (a)     **Service Credit**:  In establishing such registers, City employees will receive a maximum of five (5) points for years of service.  The formula for computing service points should be a factor of .5 x years of service up to a maximum of

Personnel Rules and Regulations

five (5) points. Such service points shall be added to the employee's total test score. (PBA 4/8/96)

     (b)    **2Time of Service Requirement:** Anyone who will have completed the time of service requirements, also known as time-in-grade or time-in-rank, two (2) years from the date advertised as the initial examination date will be eligible to apply for the position being advertised. (PBA 05/12/97)

     (c)    **Examination date:** The examination date will be set by the Personnel Department allowing for the required study time as set by the testing instrument and recognizing the necessity of maintaining current promotional registers for high turnover positions. (PBA 01-13-89)

**Sec. 2-50.**    (3)    **Re-employment Registers:** City employees separated from the Classified Service in good standing (See § 10.10(1), Resignation) or as a result of layoffs shall be placed on a re-employment register in an order determined by length of service. Each name on a re-employment register shall be removed from such register at the expiration of one (1) year from the effective date of separation.

**Sec. 2-60.**    **Personnel Selection Procedures:** The following procedures shall be used in recruiting and selecting City employees.

**Sec. 2-60.**    (1)    **Written Notice:** The department head shall give notice in writing to the Personnel Director of any pending position openings, utilizing Personnel Requisition Form #139.

**Sec. 2-60.**    (2)    **Job Announcements:** The Personnel Director shall have prepared written job announcements giving the major functions, prerequisites, and minimum qualifications for each position to be filled, and the closing date for receiving applications. §2-60(3) and (4). immediately following may be initiated simultaneously when time is a critical factor in filling a vacancy in the Classified Service.

**Sec. 2-60.**    (3)    **Promotions:** It is the policy of the City of Dothan to fill classified positions with the most qualified personnel available. To allow for upward mobility, all vacancies and promotional positions shall be advertised internally utilizing promotional registers; job announcements for same shall be posted on all departmental bulletin boards. The City of Dothan shall, as an Equal Opportunity Employer, recognize its responsibility to insure equal opportunity in promotional decisions based only on valid and job oriented requirements.

**Sec. 2-60.**    (4)    **Outside Advertisement:** If an insufficient number of City employees in the Classified Service are interested in and/or qualified for a vacant position, the Personnel Director shall advertise for applicants in whatever manner will provide a suitable number and quality of applicants including: advertisement of job announcements in local or national news media as appropriate; distribution of same to local employment agencies and/or colleges as required to attract the best qualified individuals; and utilization of eligible and re-employment registers.

**Sec. 2-60.**    (5)    **Examination Process:** All applications received for vacant positions shall be screened for required and/or basic qualifications. All qualified applicants shall be examined for qualifications by application review; and/or by written and/or performance tests related to training and experience; and/or by personal interview with the Appointing

---

2
Page revised 5/12/97

DOTHAN/Martin & Brackin 5307
CONFIDENTIAL Subject to
Protective Order

Authority in cases warranting same.

Sec. 2-60.    (6)    **Selection**:  After oral interviews are completed, the department head shall examine the merits of all applicants interviewed, and select the person who best meets the job requirements.

Sec. 2-60.    (7)    **Selection Follow-up**:  After an applicant has been selected, 3notice of the selection shall be sent by the department head to the EEO Officer with Copy to the Personnel Director for his approval.  In the event that a qualified applicant is considered for appointment and is not hired, the department head shall be responsible for explaining in detail and in writing his reasons for not hiring the person.  This explanation shall be forwarded to the EEO Officer who shall satisfy himself that the reasons given are valid and nondiscriminatory.  If he is not satisfied, the matter shall be referred to the Personnel Board, which shall conduct a hearing with notice to all parties.  Thereafter, the EEO Officer shall be authorized to direct the appointment of the qualified applicant if the board has determined that the applicant was rejected or discriminated against because of his race, creed, religion, sex, age, mental or physical disability, national origin or political background.  Applicants shall not be notified until the above process is completed.  (PBA 11/9/92)

Sec. 2-60.    (8)    **Processing**: The new employee shall be referred to the Personnel Department for employment processing at least 24 hours prior to the starting date of employment.  The Department Head shall have Personnel Form #110 completed and forwarded to the Personnel Department prior to the new employee's starting date.

Sec 2-67.5.    **Drug and/or Alcohol Testing**:  Drug and/or alcohol testing of City employees shall be conducted in accordance with The City of Dothan Drug Testing Policy and Procedures which are incorporated herein by reference.  (PBA 6-11-90, 1-9-95, 7/24/95)

| COPY OF POLICY ON FILE IN PERSONNEL DEPARTMENT |
|---|

Sec. 2-70.    **Employment Physical Standards**:  The following procedures shall be used to determine applicants' conformance to the City of Dothan employment physical standards.

Sec. 2-70.    (1)    The Safety/Employee Health division shall be responsible for the development of physical standards for the various job classifications in the City of Dothan which are job related and in compliance with all applicable Federal and State laws and City policies concerning employee selection.  These physical standards shall become effective when certified to the Personnel Director by the Employee Health Clinic Medical Director. (PBA 12-10-90)

Sec. 2-70.    (2)    All employees including full time, part time, seasonal and rehires shall be certified as meeting the City of Dothan physical standards for the position applied prior to the applicant being processed for employment by the Personnel Department.

Sec. 2-70.    (3)    It shall be the responsibility of the Employee Health Clinic to perform all physical examinations and certify the applicant as meeting the approved physical standards.

---

[3]**Notice by Memorandum.**

DOTHAN/Martin & Brackin 5308
CONFIDENTIAL Subject to
Protective Order

Final determination regarding an applicant's failure to meet physical standards shall be made by the Employee Health Clinic Medical Director (PBA 7-13-87). Results of pre-placement physical examinations will be documented on Personnel Form 168, (Screening Form). (PBA 12-10-90, PBA 3/13/00)

**Sec. 2-80.**   **Working Test Period (Probation):**

**Sec. 2-80.**   (1)   **Appointed or promoted employees:** Every employee appointed or promoted to a position in the Classified Service or to a common laborer position, shall automatically be placed under probationary status and required to serve a working test period of not less than six (6) months nor more than twelve (12) months. The length of the working test period or probationary status shall be determined by the class of position and training period established for the position. During this working test period, periodic performance and other job related evaluations showing employee progress shall be made, and the employee shall be kept informed of individual progress. Employees who prove unsatisfactory during the working test period may be removed from the position by the Appointing Authority at any time during this period, subject to the approval of the Personnel Director; however, inadequate job progress and/or deficiencies must be pointed out to the employee and the employee must be given the opportunity to improve and/or correct the inadequacies and/or deficiencies before being removed from the position. The Personnel Director may remove an employee during a working test period if the employee was appointed, promoted or demoted without prejudice as the result of fraud or error. The removal action is usually final.

**Sec. 2-80.**   (2)   **Demoted employees:** An employee demoted without prejudice shall be placed on probationary status as above if requested by his/her department head and approved by the Personnel Director. (PBA 09-19-88)

**Sec. 2-80.**   (3)   **Position change.** An employee serving an initial probationary working test period shall not be eligible for promotional and/or in-house vacancies in the Classified Service until satisfactorily completing this initial probationary working test period.

**Sec. 2-80.**   (4)   **Due process procedure.** Due process procedures as outlined in Regulation IV - DUE PROCESS PROCEDURE, shall be afforded any employee who is removed during an initial probationary working test period. (Approved PBA 6-9-86)

**Sec. 2-90.**   **Personnel Records:** Employees shall bring to the immediate attention of their supervisors and department heads any changes or errors in personal information such as change of name, phone number, dependent beneficiaries, etc. The department shall then notify the Personnel Department of such changes or errors and refer the employee to the Personnel Department, if necessary, for completion of proper forms. This will enable the City to keep up-to-date personnel information and at the same time assure the employee that items affecting pay, benefits, etc., are handled in a timely and efficient manner. The Personnel Department is the official repository for every employee's individual personnel records and related papers.

DOTHAN/Martin & Brackin 5309
CONFIDENTIAL Subject to
Protective Order

## REGULATION III - DISCIPLINARY POLICY

**Sec. 3-10.**  **Policy:**

Sec. 3-10.  (1)  **Duty:**  It shall be the duty of all City employees to comply with and to assist in the compliance of the provisions of the Personnel Rules and Regulations. Employees shall be disciplined for violation of established rules and regulations; such discipline shall be in accordance with procedures established by the Personnel Rules and Regulations.

Sec. 3-10.  (2)  **Date of Record:**  The "date of record" used for disciplinary offenses is the date on which the department head signs the counseling or warning report. (PBA 5/9/94)

Sec. 3-10.  (3)  **Past Practice** (Consistent Application):  Non-enforcement of City Personnel Rules and Regulations can lead employees to believe that violation of specific rules and regulations is acceptable. Later attempts to enforce these rules and regulations can cause deep-seated discontent and morale problems. Be Consistent.

Sec. 3-20.  **Classification of Offenses:**  In order that discipline is not disproportionate to the offense, offenses are classified in a progression from minor, less serious type offenses—including Sick Leave Abuse; to major, serious offenses; and intolerable offenses. (See § 9-60(3), for Abuse of Sick Leave disciplinary action.) The classification of offenses are defined as follows:

Sec. 3-20.  (1)  **Minor, Less Serious Type Offenses:**  Disciplinary actions for violation of "Minor" offenses are designed to be positive in nature, whereby employees are accorded the opportunity to correct their behavior or performance.

(a)  Disciplinary actions for these type offenses progress through a formal counseling report, written warning report, final warning report or a final warning report with a one to five day suspension without pay. Whether or not an employee receives a final warning report and a suspension without pay shall depend upon whether there are any mitigating circumstances present. For employees who are unable or unwilling to correct their job performance and/or behavior in a satisfactory manner, the last recourse in disciplinary progression for minor type offenses is discharge. Exempt employees can only be suspended for violation of major safety related disciplinary infractions (See §8-70[6]). (PBA 9-9-96)

(b)  The disciplinary progression period for "Minor" offenses shall be twelve consecutive months from the date of the last Minor offense violated. In order for an employee to clear his record of "Minor" disciplinary offenses, employee must not commit any minor disciplinary offense for twelve continuous months from the "date of record" of the last Minor disciplinary offense. (PBA 5/9/94)

Sec. 3-20.  (2)  **Major Offense:** "Major" offenses are offenses that are extremely serious in nature but not so serious that a discharge is required upon committing the first such offense.

(a)  The first "Major" offense committed shall result in a "final warning" and a one (1) to twenty-(20) day suspension without pay. Exempt employees can only be suspended for violation of major safety related disciplinary infractions. (See §8-70[6]). Violation of any subsequent "Major" offense within two years shall be grounds for discharge. (PBA 9-9-96)

Page revised 9/9/96

DOTHAN/Martin & Brackin 5310
CONFIDENTIAL Subject to
Protective Order

A *"day"*, as referenced in the Civil Service Act of Dothan, Section 22, Suspensions, is defined as 8 hours pay or compensation, or in the case of shift employees 1/10 (.10) of their bi-weekly pay or compensation. (An alternative method to administer the above provision of the Personnel Rules would be to transfer the suspended employee to 8-hour shifts for the duration of their suspension) (PBA 2/12/01)

(b)    The disciplinary progression period for "Major" category offenses shall be twenty-four consecutive months from the date of the last "Major" category offense violation. In order for an employee to clear his record of "Major" category offenses, the employee must not commit any major category disciplinary offenses during the twenty-four month progression period. (PBA 5/9/94) (PBA 2/03/03)

Sec. 3-20.    (3)    **Intolerable Offenses**:  "Intolerable" offenses are those offenses that are of such severe nature that the employer cannot tolerate more than the commission of one such offense.  An employee who violates or commits an "Intolerable" offense shall be subject to discharge (Implemented in accordance with Personnel Regulation IV, DUE PROCESS PROCEDURE).

Sec. 3-30.    **Types of Disciplinary Actions:**

Sec. 3-30.    (1)    **Formal Counseling Report**:  This is the first step in the progressive disciplinary system for "Minor Offenses."  The Formal Counseling Report involves a formal conversation between a supervisor and an employee about a behavior and/or a performance problem.  The supervisor shall explain to the employee the exact nature of the offense(s) violated and shall instruct the employee how the problem can be corrected.  At the time the supervisor meets with the employee, a completed Personnel Form #147 shall be given to the employee for his/her signature and a copy shall be given to the employee.  The original shall be remitted to the Personnel Department and shall become a part of the employee's personnel record.

Sec. 3-30.    (2)    **Written Warning Report**:  A Written Warning Report is the second step in the progressive discipline system for "Minor Offense" violations.  The supervisor shall complete Personnel Form #147 and meet with the employee for a formal discussion of the exact offense(s) the employee violated.  He shall explain to the employee how the problem may be corrected.  The supervisor shall also explain to the employee that further violation of any of the offenses classified as "Minor" within a twelve month period after the date of record for the last "Minor Offense," shall result in a "Final Warning" or a "Final Warning and Suspension Without Pay."  The employee shall sign a copy of the Personnel Form #147 report, which shall become part of the employee's personnel file, with a copy given to the employee and the original forwarded to the Personnel Department.

Sec. 3-30.    (3)    **Final Warning Report or Final Warning Report With A One To Five Day Suspension Without Pay**:  This is the third step in the progressive discipline system for "Minor Offense" violations.  The supervisor shall complete Personnel Form #147 and meet with the employee for a formal discussion of the exact offense(s) violated by the employee. The supervisor shall instruct the employee how he/she may improve his/her performance and/or behavioral problem.

Page Revised 2/03/03

DOTHAN/Martin & Brackin 5311
CONFIDENTIAL Subject to
Protective Order

The supervisor shall also explain to the employee the severity of a "Final Written Warning" or a "Final Written Warning and Suspension Without Pay" and shall explain to the employee that the commission of any other offense classified as "Minor" within a twelve-month period from the date of this warning report shall be grounds for the employee's discharge. The employee shall sign the completed Personnel Form #147 report; a copy shall be given to the employee and the original forwarded to the Personnel Department and shall become part of the employee's personnel file. (Note: A due process hearing [Determination Hearing] shall be conducted with an employee before any decision is made to suspend an employee without pay—Personnel Regulation IV, DUE PROCESS PROCEDURE.)

Sec. 3-30.    (4)    **Final Warning and One To Twenty Days Suspension Without Pay**: This is the disciplinary action that follows violation of any offense classified as "Major." A due process hearing (Determination Hearing) is conducted with the employee prior to making a decision to implement this disciplinary action (Personnel Regulation IV). The supervisor will meet in a formal discussion with the employee explaining the exact offense(s) the employee violated and the seriousness and consequences of the offense(s). The supervisor shall instruct the employee how he/she may correct his/her performance and/or behavioral problem. The supervisor shall explain to the employee that the violation of any further "Major Offense" within two years from the date of record of this offense is grounds for discharge. At the time of the meeting, the supervisor will have completed the Personnel Form #147 report documenting all points discussed in the formal meeting. He signs the Form and gives a copy to the employee. The original is forwarded to the Personnel Department, which becomes a part of the employee's personnel file. (PBA 5/9/94)

A *"day"*, as referenced in the Civil Service Act of Dothan, Section 22, Suspensions, is defined as 8 hours pay or compensation, or in the case of shift employees 1/10 (.10) of their bi-weekly pay or compensation. (An alternative method to administer the above provision of the Personnel Rules would be to transfer the suspended employee to 8-hour shifts for the duration of their suspension) (PBA 2/12/01)

Sec. 3-30.    (5)    **Discharge**: Discharge is the most severe disciplinary action that may be taken against an employee. A due process hearing (Determination Hearing) must be conducted with an employee prior to making a decision to discharge an employee (Personnel Regulation IV). An employee who does not correct performance and/or behavioral problems after the progressive discipline process for "Minor" and/or "Major Offenses" or an employee who commits an "Intolerable Offense" is indicating an inability or unwillingness to correct his/her behavior. By utilizing progressive discipline, it is hoped that many employee problems can be corrected at an early stage, thereby benefiting both employees and the City by eliminating an employee's discharge from his/her position with the City of Dothan.

Sec. 3-30.    (6)    **Demotion**: See Personnel Rules and Regulations VIII, §8.53. The application of one disciplinary action does not preclude the imposition of another. (Note: A due process hearing [Determination Hearing] must be conducted with an employee prior to a decision being made to demote an employee [Personnel Regulation IV].)

Page Revised 2/03/03

DOTHAN/Martin & Brackin 5312
CONFIDENTIAL Subject to
Protective Order

Personnel Rules and Regulations

**Sec. 3-40.     S C H E D U L E   O F   D I S C I P L I N A R Y   P E N A L T I E S:** This schedule of Disciplinary Penalties is not all inclusive. There may be offenses other than those listed for each category of "Minor", "Major", or "Intolerable Offenses" for which the appropriate level of discipline is administered. These types of offenses shall be explained in full on Personnel Form #147 under "Other" for each category of offense. The application of one disciplinary action does not preclude the imposition of another.

| Sec. 3-41.          MINOR OFFENSES | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|
| Sec. 3-41.     (1)     Failure to give proper notice of an absence which could be anticipated | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (2)     Unauthorized absence. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (3)     Failure to report to work as soon as possible from any period of paid time off, included but not limited to, personal illness, extended disability, sickness in family, death in family, jury duty, vacation. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (4)     Tardiness (An employee not at his or her assigned work station at the beginning of the first hour of his/her work day is considered tardy.) | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (5)     Leaving work without permission | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (6)     Interfering with the work of others, offensive personal habits which interfere with efficiency. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (7)     Inaccurate, careless, failure to comply with standard procedures, makes recurring errors. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (8)     Unsatisfactory learning rate, unable or unwilling to learn or understand work or new procedures as demonstrated by work standard or performance rating. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (9)     Unreliable, forgets to carry out normal assigned tasks; requires unusual amount of supervisory time. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.     (10) Uncooperative in dealing with co-workers, customers, supervisors, or public. | Formal Counseling | | Final Warning or Final Warning and Suspension | Discharge |

Page -12

DOTHAN/Martin & Brackin 5313
CONFIDENTIAL Subject to
Protective Order

Personnel Rules and Regulations

| | | | | |
|---|---|---|---|---|
| Sec. 3-41.  (11)  Improper use of, or failure to exercise supervisory authority and responsibility. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (12)  Discourteous treatment of the public, customers or co-workers, | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (13)  Violation of routine safety practices, failure to report a work related injury within a twenty-four period. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (14)  Improper use or care of city property. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (15)  Political solicitation during working time. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (16)  Violation of dress codes as prescribed by department policy. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| Sec. 3-41.  (17)  Language or conduct that is abusive or offensive to members of the opposite sex. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |
| ec. 3-41.(18)  Other; explain in detail on Personnel Form #147 the offenses(s) committed by the employee. | Formal Counseling | Written Warning | Final Warning or Final Warning and Suspension | Discharge |

Page -13

DOTHAN/Martin & Brackin 5314
CONFIDENTIAL Subject to
Protective Order

**Reg.III, contd.**

| Sec. 3-42.        MAJOR OFFENSES | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|
| Sec. 3-42. (1)    Negligent damage to City property or to property of others. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (2)    Dangerous horseplay, threatening physical harm to or otherwise endangering others. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (3)    Serious violations of safety practices which could have dangerous consequences. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (4)    Serious violation of city ordinances, administrative regulations, or department rules which could have dangerous consequences. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (5)    Sexual harassment as defined in Personnel Rules and Regulations XI, Sec. 11-80. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (6)    Action(s), or lack of action(s) that could endanger the life or health of self or others, that could cause undue financial loss to the City, negligence in carrying out assigned tasks or duties or responsibilities of one's position. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (7)    Gambling or unauthorized loaning (loan sharking) of money while on the job. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (8)    Sleeping on the job. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (9)    Possession of alcoholic beverages with no proof of intention to consume while on the job. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (10)    Careless misrepresentation of work records. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (11)    Irresponsible use of City credit, purchasing authority. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (12)    Delaying or restricting City operations or influencing others to do so. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (13)    Misconduct, contravention of criminal law, or any disgraceful conduct which reflects unfavorably on the City as an employer or public entity. | Final Warning and Suspension | Discharge | | |

DOTHAN/Martin & Brackin 5315
CONFIDENTIAL Subject to
Protective Order

| | | | | |
|---|---|---|---|---|
| Sec. 3-42. (14)    Insubordination | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (15)    Release of confidential or restricted information. | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (16)    First time loss of driver's license where driver's license is a requirement for the position in which employed.   License must be reinstated within ninety days, otherwise employee will be terminated after due process § 3-43. (20).  (PBA 1-13-92, 1-9-95) | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (17)    Failure to report for emergency call-out or standby duty in maximum time allowed as specified at Personnel Regulation VIII, § 8-80 (PBA 1-9-95) | Final Warning and Suspension | Discharge | | |
| Sec. 3-42.(18)    Employees who test positive for alcohol at a level of 0.02 to 0.079 in accordance with Drug and Alcohol Testing Policy, Section I -I.3.b.(1) (PBA 11-10-97) | Final Warning and Suspension | Discharge | | |
| Sec. 3-42. (19)    Other, explain in detail on Personnel Form #153 the offense(s) committed by the employee. (PBA 1-9-95) | Final Warning and Suspension | Discharge | | |

Page revised 11-10-97 corrected 12/19/97

DOTHAN/Martin & Brackin 5316
CONFIDENTIAL Subject to
Protective Order

**Reg. III, cont'd.**

| Sec. 3-43.     INTOLERABLE OFFENSES | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|
| Sec. 3-43. (1)   Possession   and/or   use   of controlled, non-prescribed dangerous drugs, while on the facility or on the job by other than sworn law enforcement officers in the line of duty performing evidence seizure or undercover operations of the Dothan Police Department. | Discharge | | | |
| Sec. 3-43. (2)   Use of alcohol while on the job or under the influence of alcohol while on the job | Discharge | | | |
| Sec. 3-43. (3)   Driving a City vehicle while under the influence of intoxicants such as alcohol, non-prescribed drugs, controlled substances. | Discharge | | | |
| Sec. 3-43. (4)   Actual physical possession and/or use of a firearm or force against another person while on City property by other than sworn law enforcement officers operating within the line of duty (NOTE: With the exception of properly permitted firearms secured in privately owned vehicles which are parked in public parking lots). | Discharge | | | |
| Sec. 3-43. (5)   Deliberate falsification of records and/or personal misrepresentation of statements given to a supervisor, officials, the public or Boards. | Discharge | | | |
| Sec. 3-43. (6)   Falsifying employment application, employee records or medical records. | Discharge | | | |
| Sec. 3-43. (7)   Punching another employee's time card or deliberate falsification of time cards. | Discharge | | | |
| Sec. 3-43. (8)   Willful and deliberate damage to city property, the public, or the property of co-employees. | Discharge | | | |
| Sec. 3-43. (9)   Violation of City of Dothan Drug Testing Policy and Procedures approved by Personnel Board 7/24/95 as amended. | Discharge | | | |
| Sec. 3-43. (10)   Theft of City property, property of the public or co-employees. | Discharge | | | |

DOTHAN/Martin & Brackin 5317
CONFIDENTIAL Subject to
Protective Order

Personnel Rules and Regulations

| | | | | |
|---|---|---|---|---|
| Sec. 3-43. (11)    Membership in any organization which advocates the overthrow of the government of the United States by force or violence. | Discharge | | | |
| Sec. 3-43. (12)    Acceptance of gratuities for personal favors or personal gain as defined by the ethics laws of the State of Alabama | Discharge | | | |
| Sec. 3-43. (13)    Refusal to be examined by a City authorized, fully licensed physician when so directed. | Discharge | | | |
| Sec. 3-43. (14)    Prohibited political activity as defined in Section 11-80-6, Code of Alabama, 1975 as amended. | Discharge | | | |
| Sec. 3-43. (15)    Repeated sexual harassment as defined by Personnel Rules and Regulations XI, §11-.80. | Discharge | | | |
| Sec. 3-43. (16)    Abandoning the job, unauthorized absence for five consecutive work days. | Discharge | | | |
| Sec. 3-43. (17)    Unsatisfactory work performance during the probationary period as evidenced by the employee's job performance evaluation reports. | Discharge | | | |
| Sec. 3-43. (18)    Gross insubordination. | Discharge | | | |
| Sec. 3-43. (19)    Other;  Explain in detail on Personnel Form #153 the offense(s) committed by the employee. | Discharge | | | |
| Sec. 3-43. (20)    Where driver's license is a requirement for the position in which employed, second loss of driver's license within a two-year period of time or loss for a period greater than ninety days. (PBA 1-13-92). | Discharge | | | |

DOTHAN/Martin & Brackin 5318
CONFIDENTIAL Subject to
Protective Order

| Sec. 3-44.    SICK LEAVE ABUSE OFFENSES (See § 9-60(3) (b), for implementation) | First Offense | Second Offense | Third Offense | Fourth Offense |
|---|---|---|---|---|
| Sec. 3-44. (1)    Employee has used eight (8) occurrences of sick leave in a twelve (12) month period, and/or | Formal Counseling | Written Warning | Final Warning | Discharge |
| Sec. 3-44. (2)    where there is a consistent pattern of utilization of sick leave. (PBA 5/9/94) | Formal Counseling | Written Warning | Final Warning | Discharge |
| Sec. 3-44. (3)    Employee has failed to submit required doctor's certificate after 2nd offense written warning. (PBA 5/9/94) | NA | NA | Final Warning | Discharge |

Sec. 3-45    **VEHICLE ACCIDENT POINT SCALE AND DISCIPLINARY PROGRESSION.**

(1)    Employees accumulating vehicle accident points under the City of Dothan Motor Vehicle Operations Policy, adopted herein by reference, will be subject to the following disciplinary action(s), administered in accordance with this Regulation III and Regulation IV – Due Process Procedure:

| 1 point | Formal Counseling Report |
|---|---|
| 2 points | One (1) Day Suspension |
| 3 points | Three (3) Day Suspension |
| 4 points | Five (5) Day Suspension |
| 5 points | Ten (10) Day Suspension |
| Over 5 points | 11 – 20 Day Suspension or Termination |

(2)    The disciplinary action progression under this Vehicle Accident Point scale is independent of other disciplinary action progressions authorized by these Personnel Rules and Regulations. (PBM 9-10-01)

Sec. 3-50.    **Appeal of Disciplinary Action**: Any Classified employee or laborer, other than those under probationary status, may appeal any disciplinary action taken by following the procedure outlined in REGULATION V - GRIEVANCE AND APPEAL PROCEDURE or by following the procedures in Sections 21 and 22 of "the Civil Service Act of Dothan" outlined below.

Sec. 3-50.    (1)    **Discharges**: A discharged employee may, within ten (10) days after receipt of the discharge notice, appeal the action of the department head to the Personnel Board, by filing a written answer to the chairman with a demand for a hearing. It shall be the duty of the Board to fix a time and place for hearing the appeal, and to give notice thereof to the employee and the department head, which appeal shall be heard by the Board on a date not later than thirty (30) days from the date the appeal is taken. The Personnel Board shall have the authority, after an appropriate hearing, and based upon a finding of the facts and applicable law involved, to reduce the severity of the disciplinary action taken by the department head, and issue such orders and decrees with reference thereto as may be just and reasonable, and for the best interest of the City. (rev. CSA 5/14/92)

Sec. 3-50.    (2)    **Suspensions**: A suspended employee may, within ten (10) days from the date of receipt of the suspension notice, file with the Personnel Board and the department head a written answer or explanation of the assigned charges and such answer shall be preserved as a part of the Public Record and the Board may, for cause shown, set aside such suspension order. (PBA 4-8-85)

DOTHAN/Martin & Brackin 5319
CONFIDENTIAL Subject to
Protective Order

REGULATION IV - DUE PROCESS PROCEDURE

Sec. 4-10.    **Policy**: When disciplinary action is indicated, it is necessary that such action be administered timely, justly, uniformly, and impartially.

Sec. 4-20.    **Procedure**: Whenever any such disciplinary action could result in suspension, demotion, or dismissal of a classified employee or laborer, the following procedures shall be followed to insure that each employee in fact receives "due process" in accordance with legal precedents.

Sec. 4-20.    (1)    Department heads, as appointing authorities, shall conduct determination hearings for their respective departments. If a department head is absent for any reason, the individual designated as acting department head is to conduct the hearing. For uniformity and convenience, standard forms have been prepared and are to be used.

Sec. 4-20.    (2)    The department head shall have completed Personnel Forms #147 (Employee Disciplinary Action Report Form) and #153 (Notice of Determination Hearing). The notices shall be served by the department head or through the Dothan Police Department to the affected employee at least twenty-four (24) hours prior to the date of the hearing. (PBA 6/8/92)

Sec. 4-20.    (3)    The Personnel Director or his designated representative shall be present at the hearing and assure that Personnel Form #154 (Interview Questions Prior to Determination Hearing) is completed before the hearing begins.

Sec. 4-20.    (4)    Within three (3) working days after the hearing is conducted, the department head shall render a decision based on the facts in the case, and notification of the decision (completed Personnel Form #155 - Decision of Determination Hearing) shall be served to the affected employee by the department head or through the Dothan Police Department.

Sec. 4-20.    (5)    In all cases, Forms #147, #153 and #155 shall be completed in triplicate. The affected employee shall receive a copy, the department head shall be furnished a copy, and the original shall be retained by the Personnel Director to be placed in the employee's 201 File.

Sec. 4-20.    (6)    In the event of a particularly violent action or intolerable offense on the part of an employee, e.g. fighting, destruction of City property, gross insubordination, etc. the employee shall be removed from the job and placed on administrative leave with pay until the determination hearing is held and the decision is made.

DOTHAN/Martin & Brackin 5320
CONFIDENTIAL Subject to
Protective Order



## REGULATION V - GRIEVANCE AND APPEAL PROCEDURE

Sec. 5-10.    **Policy:** It is the Policy of the Personnel Board to provide equitable treatment of all its employees. In order that local government can meet the needs of its citizens, it is imperative that there exist an orderly and constructive employee-employer relationship. In order to insure that such a relationship continues to exist, there must be prompt consideration and equitable adjustment of employee grievances.

Sec. 5-20.    **Definition:** A grievance is defined as a dispute or complaint by any classified employee with regard to the administration of policies, rules, procedures or other aspects of the working relationship with the City. Actual policy, rules and established procedure cannot be grieved. A grievable issue exists where there is a complaint regarding the administration of such policy, rule or procedure. Grievances shall include any dispute concerning
• the interpretation or application of policies, rules or procedures governing disciplinary action, performance ratings, attendance and hours of work, working conditions, and
• allegations of personal bias or reprisal, as well as
• any other matters which are germane to the employee's employment, and which are not specifically reserved to the Personnel Board under the law and rules of the Personnel Board, or are not reserved to the various governmental bodies under any statutory provision.

                **Non Grievable Issues:** Matters dealing with classification, pay compensation and benefits and actions specifically set forth in the Civil Service act of Dothan and Personnel Board rules and regulations shall not be considered under grievance procedures, but shall be addressed in accordance with the provision set forth in the Civil Service Act and in the rules and regulations. Any question as to what constitutes a grievance or what should be processed as a grievance or what should be processed as a matter subject to the rules and regulations, shall be determined by the Personnel Director, subject to review by the Personnel Board.

Sec. 5-30.    **Procedure:** Any classified employee who is not under initial probationary status in accordance with the Policy outlined above may initiate a grievance. In the presentation of grievances, grievants are assured of freedom from restraint, interference, discrimination or reprisal. All adjudication of grievances processed under this rule shall be retroactive until the time the grievance occurred or as modified by the Personnel Board. The grievants may be represented by counsel only in step Two-B (Section 5-30.(2) [b]) of the grievance procedure.

Sec. 5-30.    (1)    **Step One:** An employee who desires to initiate a Grievance must file a complaint in writing (Personnel Form Number 118), within ten working days after the date of the incident giving rise to the complaint, with the supervisor and furnish a copy thereof to the department head and the City Manager, unless the complaint is against the supervisor, in which case the grievant bypasses the supervisor and files the grievance directly with the department head. The department head shall, within five working days thereafter, arrange a conference on the grievance with the grievants, with or without the supervisor, and such other representatives as the department head and the grievants may agree upon in order to ascertain all the facts in the grievance. Both the department head and the grievant shall make a good faith effort to resolve the grievance. Within ten working days after such conference, the department head shall advise the grievant in writing of the disposition of the grievance, a copy of which shall be transmitted to the Personnel Director.

                If the disposition of the grievance from the department head has been filed with the Personnel Director and served on the grievant as herein prescribed, and the disposition is not satisfactory

Page revised 8-11-97

DOTHAN/Martin & Brackin 5321
CONFIDENTIAL Subject to
Protective Order

to the grievant, the grievant may appeal the grievance to step two within five working days after such report has been filed. Unless the grievance shall be appealed to step two, the grievant shall be barred from any further proceedings with respect to such grievance.

Sec. 5-30.  (2)     **Step Two:** Appeal to the Personnel Board. In order for a grievance to be considered in step two, it must be presented in writing utilizing personnel form number 118 by the grievant to the Personnel Director with a copy to the department head within the time prescribed in step one above. The grievance as presented to the Personnel director shall consist of the statement of the grievance, the statement of the supervisor, if any, and the statement of the department head.

(a)     **Pre-hearing fact finding investigation.** Within the period of twenty working days, the Personnel Department will conduct a fact finding investigation in order to ascertain for the Personnel Board the pertinent facts involved in the grievance. The Personnel Director or his/her designate shall obtain from the grievant and the department head a list of all individuals or witnesses involved in the grievance. The Personnel Director or his/her designate shall interview or obtain statements from the grievant and the department head and other witnesses to the grievance as noted above. The Personnel Director shall determine from the facts gathered from the investigation of the grievance what policies, rules or procedures are in question concerning the grievance and, if the grievance meets the criteria of the grievance policy, definition and procedures. The Personnel Director shall have compiled a report of all the findings for and certify the report to the Personnel Board along with a copy to the grievant and the department head.

(b)     **Personnel Board.** Within twenty working days of receiving the Personnel Director's report, the Personnel Board shall convene a meeting with notices to all parties of the grievance to hear testimony, if any, as to the disposition of the grievance and whether or not to proceed with a Personnel Board Hearing.

If it is the decision of the Personnel Board to hear the grievance, the Board shall schedule a public hearing on the grievance as early as practical. Notice of the date, time and place shall be given to the grievant and the appointing authority (Department Head). The parties may be represented by counsel. The Board shall not be bound by technical rules of evidence and court but shall seek diligently all the information and evidence bearing on the merits of the case.

Sec. 5-40.  **Attendance of witnesses.** It shall be the duty of the Personnel Director to subpoena witnesses for or against the employee upon written request of either party to the hearing. Civil Service employees under the jurisdiction of the Personnel Board shall be required to attend and testify without subpoena.

Sec. 5-50.  **Personnel Board Hearing:** The hearing before the Board shall be de novo, and the Board may rescind, modify, alter or affirm the action of the appointing authority, if any, or may impose such additional or different action as may be warranted by the evidence adduced at the hearing. Within thirty working days after the conclusion of the hearing, the Board shall render its decision in the form of a Personnel Board Order. Copies of the decision shall be delivered to all parties at interest. The Board shall require that all testimony introduced at hearings shall be under oath and recorded and transcribed by a certified Court Reporter and that such record shall be preserved and filed in the Personnel Department. Any party to the hearing may request copies of the transcript, provided all costs of such transcription is borne by the party requesting same.

Page revised 8-11-97

DOTHAN/Martin & Brackin 5322
CONFIDENTIAL Subject to
Protective Order

## REGULATION VI - CLASSIFICATION PLAN

Sec. 6-10.     **Purpose:** The Classification Plan provides a complete inventory of all positions within the Classified Service and accurate descriptions and specifications for each class of employment. The plan standardizes titles, each of which is indicative of a definite range of duties and responsibilities and has the same meaning throughout the Classified Service.

Sec. 6-20.     **Classification Plan Defined:** The Classification Plan is the official and approved system of grouping positions into appropriate classes and covers all positions under the merit system. It includes:
   - A schematic index to class specifications,
   - Class specifications, and
   - Rules of administration.

Sec. 6-30.     **Responsibility of Administration:** The Personnel Director shall be responsible for administering the Classification Plan. The Director may delegate such functions as he deems advisable.

Sec. 6-40.     **Composition of the Classification Plan:** The Classification Plan consists of:

Sec. 6-40.     (1)     Groupings of classes of positions which are of approximately equal difficulty and responsibility, which require the same general qualifications and which can be equitably compensated for within the same range of pay under similar working conditions.

Sec. 6-40.     (2)     Classification Titles: Classification titles are descriptive of the work of each classification which shall identify the classification. Class titles shall be used in all personnel, accounting, budget, appropriation, and financial records. No person shall be appointed or employed in a position in the Classified Service under a title not included in the Classification Plan. Titles used in the course of departmental routine to indicate authority, status in the organization, or administration rank may continue to be used for such purposes.

Sec. 6-40.     (3)     Classification Specifications: Written specifications for each classification containing a description of the nature of the work, relative responsibility of the position, examples of work which are illustrative of the duties of the position, requirements of the position in terms of knowledge, abilities, and skills necessary for performance of the work, and a statement of experience and training desirable for recruitment. Specifications are to be interpreted in their entirety and in relation to others in the Classification Plan. Particular phrases or examples are not to be isolated and treated as a whole definition of the class. Specifications are deemed to be descriptive and explanatory of the kind of work performed and not necessarily inclusive of all duties performed.

Sec. 6-40.     (4)     An allocation list showing the classification title of each position in the City service as identified by the name of the employee holding that position.

Sec. 6-50.     **Uses of the Classification Plan:** The Classification Plan shall be used:

Sec. 6-50.     (1)    In preparing public announcements of examinations or vacancies.

DOTHAN/Martin & Brackin 5323
CONFIDENTIAL Subject to
Protective Order



| Sec. 6-50. | (2) | As a guide in preparing examinations that will measure the qualifications needed to perform the work of the class. |

Sec. 6-50.    (2)    As a guide in preparing examinations that will measure the qualifications needed to perform the work of the class.

Sec. 6-50.    (3)    In determining lines of promotion and in developing employee training programs.

Sec. 6-50.    (4)    In determining salaries to be paid for various types of work.

Sec. 6-50.    (5)    In determining personal service items in departmental budgets.

Sec. 6-50.    (6)    In providing uniform job terminology understandable by all City officers, employees and the general public.

Sec. 6-60.    **Maintenance of the Classification Plan**: The Personnel Director is charged with the responsibility for the proper and continuous maintenance of the Classification Plan so that it will reflect on a current basis the duties being performed by each employee in the Classified Service and the class to which each position is allocated. The Director shall make necessary amendments to the Classification Plan in the form of new classifications, revisions of existing classifications and the abolition of classifications no longer required in the plan. Revisions of specifications and reallocations within the approved Classification Plan shall be made as follows:

Sec. 6-60.    (1)    The Personnel Director shall study the duties and responsibilities of each new position and place it in the appropriate class within the classification plan for the duties performed.

Sec. 6-60.    (2)    Changes in the duties and responsibilities of a position, involving either the addition of new assignments or the taking away or modification of existing assignments shall be reported to the Personnel Director by department heads. If these changes are determined to be permanent, are more than minor changes, and justify a reallocation to a different class, the Director shall place such position in the appropriate class.

Sec. 6-60.    (3)    The Personnel Director shall periodically review the classification of positions, and upon the basis of the investigation, make or recommend the making of appropriate changes in allocations or in the Classification Plan.

Sec. 6-60.    (4)    Any deletions or additions of positions are subject to the approval of the Personnel Board.

DOTHAN/Martin & Brackin 5324
CONFIDENTIAL Subject to
Protective Order

REGULATION VII - JOB PERFORMANCE EVALUATIONS

Sec. 7-10.    **Purpose:** The Personnel Director shall establish, in cooperation with department heads, a job performance evaluation system for each position classification in the Classified Service based on standards of employment and output of employees. The system may be amended periodically as necessity arises. Its main objective is to provide employees with sufficient information to enable them to improve their job performance. Job performance evaluation ratings shall be considered in such manner and with such weight as hereby set forth in the Personnel Rules and Regulations:

♦  In determining salary increases or decreases within the established limits,
♦  As a factor in promotional tests,
♦  As a factor in determining layoffs when forces are reduced because of insufficient funds or work,
♦  In determining the order in which names are to be placed on a reemployment register, and
♦  As a means of discovering employees who should be promoted, demoted, transferred or dismissed.

Sec. 7-20.    **Procedure:** Job performance evaluations shall be made by the employee's supervisor. All adverse evaluations shall include recommendations for corrective action for the employee. After review and final approval of the approving authority all evaluations shall be discussed with the employee and shall be signed by the employee following the conclusion of such discussions. In the event that an employee disagrees with an evaluation rating, he/she shall have the right to utilize the Grievance and Appeal Procedure. All job performance evaluations shall become a part of the individual's personnel records. (PBA 09-19-88)

Sec. 7-30.    **Period of Evaluation:** Job performance evaluations shall be made in writing at such periodic intervals as the Personnel Director deems necessary to effectively evaluate an employee's performance during the probationary or working test period established for the class of position held. Upon successful completion of the probationary or working test period, job performance evaluations shall be made in writing at least annually. (See §2-80. - Working Test Period). (Revised PBA 6-9-86)

Sec. 7-40.    **Unsatisfactory Job Performance Post Probationary Employees:** If during the period of evaluation an employee's job performance is unsatisfactory, the employee's department head and evaluating supervisor shall immediately meet with the employee in order to determine the areas in which the employee fails to meet the expected levels of job performance and identify ways in which the employee may be able to improve his or her job performance.

The employee will be reevaluated at the completion of two-month intervals for a period of six months. Failure of the employee to improve job performance to a satisfactory level at the completion of the six-month reevaluation period shall be grounds for discharge. (PBA 12-10-90)

An employee on this type of special evaluation schedule will not be eligible for promotion or transfer or other job action, including annual step increase, until the employee has completed the six-month special evaluation schedule with a satisfactory or higher rating. (PBA 8-12-02)

Sec. 7-50.    **Confidentiality:** Job performance evaluations shall be confidential and shall be made available to only:

•  The employee,
•  the employee's supervisor and department head,
•  the Personnel Director or representative, and the Personnel Board.

Page revised 8/19/02

DOTHAN/Martin & Brackin 5325
CONFIDENTIAL Subject to
Protective Order

REGULATION VIII - COMPENSATION PLAN AND WAGE ADMINISTRATION

Sec. 8-10.    **Purpose:**  The Compensation Plan shall include a schedule of salary ranges consisting of minimum and maximum rates of pay and intermediate steps for all classes of positions included in the Classification Plan, as adopted by the Personnel Board and subsequent amendments thereto and in accordance with Compensation Plans and Wage Policies approved by the Personnel Board on September 19, 1988 and subsequent amendments thereto. (PBA 3-11-91)

Sec. 8-15.    **Class of Positions Defined:** - The grouping of positions with similar levels of difficulty, responsibility and KSA's (Knowledge, Skills and Abilities) required into the same pay level within a particular pay plan or between pay plans.

Sec. 8-20.    **Salary Ranges:**

Sec. 8-20.    (1)    Development and Maintenance of Salary Ranges:  Salary ranges shall be linked directly to the Classification Plan and shall be established in accordance with the procedure set out in the City of Dothan Job Evaluation System as adopted by the Personnel Board August 12, 1985 and amended April 10, 1989.  The following factors shall also be considered in establishing rates of pay:  prevailing rates of pay for similar employment in private establishments in the Dothan area, rates of pay in other jurisdictions, cost of living factors, the financial policies of the City, and other economic considerations.  The rates of pay for minimum, maximum and intermediate steps of each salary range shall be those rates in the basic salary schedule which most nearly reflect these factors.  (PBA 4-10-89)

Sec. 8-20.    (2)    Actions Pertaining to Salary Ranges:    Salary levels are intended to furnish administrative flexibility in recognizing individual differences between positions allocated to the same level, in providing step increases in accordance with Compensation Plans and Wage Policies as adopted on September 19, 1988 and in meeting conditions requiring pay adjustment. (PBA 10-16-89) (PBA 3-11-91)

Sec. 8-30.    **Entrance at the Minimum:**  An employee shall be paid, upon his/her original appointment to a classified or laborer position, the minimum rate of pay for that position except when it is determined that a new employee possesses exceptional qualifications or labor market conditions warrant employment at a higher rate in the salary level.  The authority to enter an employee above the minimum rate requires a request by the Appointing Authority, recommendation by the Personnel Director, and approval by the Governing Body. (PBA 04-09-84)

Sec. 8-30.    (1)    An employee promoted to a position with a minimum salary that is equal to or less than his/her current salary shall receive a salary increase equal to two steps based on the employee's current level and step.  In no event will an employee's salary exceed the maximum of the level and step to which the employee is being promoted. (PBA 09-19-88)

Sec. 8-30.    (2)    An employee transferred to a different position with a minimum salary that is less than his/her current salary shall receive no salary decrease.

Sec. 8-30.    (3)    An employee re-employed or reinstated to his/her former position or to another position in the same level may, within one year of leaving said position, and at the request of the Appointing Authority, be paid at the same rate that he/she was receiving at the time of layoff or other separation in good standing.  The pay of the individual being rehired will be placed in the step and level of the position being rehired to that most nearly matches, but that does not exceed the employee's former rate of pay. (PBA 11-12-02) (See §10-10[1])

DOTHAN/Martin & Brackin 5326
CONFIDENTIAL Subject to
Protective Order

Sec. 8-40.     **Lines of Progression:**  The city recognizes that certain positions require a period of formal training for certification or an apprenticeship training period with the city before an employee is able to fully assume and perform the duties and responsibilities of the position.  These positions are Police Officer, Fire Fighter, Auto Equipment Mechanic Apprentice, Electric Meter Technician Apprentice, Lineman Apprentice, Radio Technician Apprentice, Water Station Operator Trainee, Wastewater Treatment Plant Operator Trainee (additional positions may be added or deleted as required upon the request of the Department Head and the approval of the Personnel Director).

Individuals entering any of the above named positions either through appointment, promotion, demotion or transfer will be required to enter the position at the minimum level of the pay plan, Step One (1). (PBA 08-14-89)

Sec. 8-50.     **Promotion:**  Promotion means an advancement from one class to another class of positions with increased duties, responsibilities, knowledge, skill and ability requirements, and for which a higher pay level has been established.  Promotional pay policies require that the employee:

Sec. 8-50.     (1)     Employee must not receive less in the new position than was received in the previous position.

Sec. 8-50.     (2)     Employee must not receive less than the minimum rate in the pay level authorized for the new positions, and

Sec. 8-50.     (3)     Employee's pay rate shall not be limited to the minimum pay rate for the new position if his/her current salary is higher than said minimum rate of pay.

Sec. 8-51.     **Position Reclassification:**  This occurs as a result of a job evaluation study that determines that an employee is performing at a higher level of duties and responsibilities than their present position pay would warrant, and the employee's position is assigned to a higher salary range.  Pay adjustments to the employee's salary shall be calculated utilizing the same procedures as for promotions. (PBA 11-20-00)

Sec. 8-52.     **Transfer:**  Transfer means the lateral movement by an employee within the Classified Service from one position to another position in the same class.  A transfer may be within a department or between two separate departments with the approval of the Appointing Authorities involved and the authorization of the Personnel Director.  Transfer pay policies require that the transferring employee receive no change in salary.

Sec. 8-53.     **Demotion:**  Demotion means a change in employment status resulting in the movement from one position to another position that requires lesser minimum qualifications and is assigned a lower pay range.  There are five (5) reasons for demotions to take place:  At employee's request, as a result of job evaluation, during reductions in force, as a disciplinary measure and unsatisfactory performance of a newly promoted employee.  Effects Upon Pay:

Sec. 8-53     (1)     **At the employee's request:**  An employee's request for demotion must be approved by the Department Head and by the Personnel Director.  The employee must meet all the qualifications required of the job requested to be demoted to or must have previously held the position which the employee is requesting to be demoted to.  If the employee has never held the position for which he/she is requesting demotion, they will be required to serve the probationary period that is required by that position.  If there are no other incumbents present in the position in which the employee is being demoted, the pay of the individual demoted under these conditions will be placed in the step and range of the position being demoted to that most nearly matches, but that does not exceed the employee's present salary.  If there are other incumbents already present in the position in which the employee is being demoted, consideration must be given to the incumbents already present in the position in order not to disturb in-grade salary levels of the more senior incumbents.  In no event will the employee's salary exceed the maximum of the range in which he/she is being demoted.  Due to the differences of salary amounts of the various steps and categories of jobs in the salary plan, the employee may suffer a salary decrease under this procedure. (PBA 12-14-92)

DOTHAN/Martin & Brackin 5327
CONFIDENTIAL Subject to
Protective Order

Sec. 8-53    (2)    **As a result of job reclassification:**  This occurs as a result of a job evaluation study that determines that an employee is performing at a lower level of duties and responsibilities than their present pay would warrant.  The pay of an individual demoted under these circumstances would remain the same.  If the employee's present pay is above the maximum of the salary range in which the employee is being demoted, the employee's salary would be redlined at the employee's present rate and the employee would still be allowed to receive general increases.  If the employee's present salary is within the range of the position he/she is being demoted to, their present salary would not change and the employee would continue to be eligible for all salary increases as per present salary and wage policies. (PBA 10-16-89)

Sec. 8-53    (3)    **Due to reductions in force:**  An employee that is demoted as a result of reduction in force will be placed in the step of the range of the position being demoted to that most nearly but that does not exceed the employee's present salary.  In no event will the employee's salary exceed the maximum of the salary range of which he/she is being demoted.

Sec. 8-53    (4)    **As a disciplinary measure:**  A demotion of this type is sometimes used as a disciplinary measure where an infraction of rules of conduct occurs and where mitigating circumstances dictate that the employee should not be dismissed nor should he continue to perform his present duties.  An employee that is demoted to a lesser position due to disciplinary measures must have previously held the position being demoted to or must meet all the qualifications of the position being demoted to.  The pay of employee demoted under these circumstances would be treated the same as in §8-53(1) above. (PBA 10-16-89)

Sec. 8-53    (5)    **Result of unsatisfactory performance or at the employee's request of a newly promoted employee:**  This situation would occur when an employee is promoted to a higher level position and is unable, through no disciplinary infractions, to perform satisfactorily the duties and responsibilities of the higher level position.  An employee that is demoted in this situation would be allowed to retreat back to their former position within the same step of the range in which they held at the time of promotion provided the position has not been filled.  If their former position has been filled, the employee will be terminated and will be placed on a rehire register for that position for a one-(1) year period of time. (PBA 01-13-89)

Sec. 8-60.    **Part Time, Seasonal and Unclassified Positions:**  The Personnel Director may, with the approval of the Personnel Board and/or the City Manager, Mayor and City Commissioners, establish rates of pay for part time, seasonal or other employment of a limited duration not to exceed six (6) months.  In establishing such rates of pay, the Personnel Director shall take into consideration the applicable rate of full time employment of the same or similar nature, the prevailing rates in other employment and the appropriations available for such part time, seasonal or other employment.

Sec. 8-70.    **Hours of Work:**

DOTHAN/Martin & Brackin 5328
CONFIDENTIAL Subject to
Protective Order

Sec. 8-70.    (1)    **General**:  Except for shift employees in the Fire Department (Fire Companies), and employees working other special shifts, employees of the City shall be on a forty (40) hour work week.  The City's seven day work period begins at 12:00 a.m. Sunday and ends at midnight the following Saturday. Insofar as is possible, work should be scheduled during the regular office hours of the Administrative Department which are 8:00 a.m. to 5:00 p.m. Monday through Friday; however, some departments, may schedule their normal eight (8) hour work day to begin at an earlier hour for operational requirements and/or to serve the public more efficiently. All normal work hours and work hours of scheduled shifts shall be posted on respective departmental bulletin boards.  The Personnel Director shall be notified in writing of scheduled shift hours.  Salaries are paid on a biweekly basis and City payroll checks are issued on alternate Fridays following the end of the biweekly pay period (Saturday). (Approved 4-9-84, PBA 7/13/92)

Sec. 8-70.    (2)    **Fire Companies**:  Fire Companies shall operate on a twenty-four (24) hour "tour of duty" schedule with twenty-four (24) hours on and forty-eight (48) hours off.  Three (3) shifts, A, B, and C, are established to man the Fire Companies.

Sec. 8-70.    (3)    **Trading Time**:  A common practice or agreement among employees engaged in fire protection and law enforcement activities is that of substituting for one another on regularly scheduled shifts in order to permit an employee to absent himself/herself from work to attend to purely personal pursuits.  This practice is commonly referred to as trading time and shall have no effect on hours of work if the following criteria are met:

(a)    The trading of time is done voluntarily by the employees participating in the program and not at the behest of the City.

(b)    The reason for trading of time is due not to the City's business operations, but to the employees' desires or needs to attend to personal matters.

(c)    A record is maintained by respective departments of all time traded by employees.

(d)    The period during which time is traded and paid back does not extend beyond the calendar year.

(e)    The practice must have the approval of the department head.

Sec. 8-70.    (4)    **Overtime**:  Classified employees and laborers shall receive compensation for overtime in accordance with the Fair Labor Standards Act (FLSA).  Overtime payments will be made in the form of overtime pay.  Overtime, within reason, is more appropriate to utilize than additional personnel; however, as a general rule, the requirement of frequent and considerable overtime in a department shall be considered evidence of under staffing and shall be subject to investigation by the Personnel Director. A record of all departmental overtime shall be kept by respective departments and shall be included as supporting documents to respective biweekly payrolls.  Compensation shall be made as follows. (PBA 4/8/96)

Page revised 4/8/96

DOTHAN/Martin & Brackin 5329
CONFIDENTIAL Subject to
Protective Order

(a)    Any classified employee or laborer, except members of Fire Companies, Patrol and Traffic Divisions of the Police Department, and those exempted in paragraph (6) below, who is required to work more than forty (40) hours in the stated seven day work period shall receive pay for those extra hours at one and one-half times his/her regular hourly rate. (PBA 7-13-92, 5/9/94, 4/8/96)

(b)    Members of Fire Companies who work in excess of 212 hours in a 28 day work period, computed in accordance with Section 553.230 Sec. 207K FLSA, shall be paid at one and one-half times the regular hourly rate. (PBA 5-13-85, PBA 2/14/00, PBA 6/12/00)

(c)    Members of the Traffic and Patrol Divisions of the Police Department who work in excess of 168 hours in a 28 day work period, computed in accordance with Section 553.230 Sec. 207K FLSA, shall be paid at one and one-half times the regular hourly rate. (PBA 6-8-98, PBA 6/12/00)

(d)    In computing overtime hours worked, all paid leave to include vacation, sick leave, holiday, military, etc., shall be compensated as regular hours. (PBA 9-15-86, 7-13-92)

(e)    Members of the Police Department appearing as witnesses under power of subpoena in connection with law enforcement duties on their scheduled time off shall be entitled to overtime compensation at one and one-half times their regular hourly rate for the time spent in court for a minimum of 2 hours. Should Court overtime overlap another type of overtime because of the 2 hour minimum, then the officer will receive no more than one and one-half times their regular hourly rate for any hour or partial hour. [PBA 12-14-98]

(f)    No employee eligible to receive overtime pay shall order himself/herself into overtime work without the approval of his/her department head or, should the situation arise, the Personnel Director. Regularly designated standby crews are considered to have approval if a situation arises whereby they are called out to duty. (See §8-80, Standby and Call Out Rule.)

(g)    All overtime earned in a particular pay period must be paid in that same pay period.

**Sec. 8-70.**    **(5)**    **[deleted PBA 4/8/96]**

**Sec. 8-70.**    **(6)**    **Exemptions From Overtime**: Certain positions in the Classified Service are in the category of Overtime Exempt Positions and do not receive overtime compensation except when recommended by the department head because of unusual circumstances and approved by the City Manager. These positions are identified by an asterisk (*) next to the job code number on Compensation Plan listings and include professional, supervisory and management personnel other than first-line supervisors who must work with their employees or crews when overtime work is required. Before a position is placed in this category, it shall meet all criteria for Exempt Category Positions as specified in Section 541.1 Executive, 541.2 Administrative or 541.3 Professional, of the Fair Labor Standards Act and approved by the Personnel Board.(PBA 4-8-85, 4/8/96)

DOTHAN/Martin & Brackin 5330
CONFIDENTIAL Subject to
Protective Order

Sec. 8-70.     (7)     **Emergency Overtime Policy**:     An emergency overtime situation exists when recommended by the Department Head and/or approved by the City Manger. Any Classified employee or laborer other than those exempted in §8-70(6), shall receive Emergency Overtime pay at the rate of one and one-half times his/her regular hourly rate of pay when he/she is instructed to report for duty before he/she has had eight (8) consecutive hours of off duty since the end of his/her last scheduled work period. Any employee who so reports shall be paid at the overtime rate for all hours worked thereafter until he/she has had eight (8) consecutive hours off duty. (PBA 8-9-82)

Sec. 8-70.     (8)     **Employment by a Different Department**: The prescribed rates of pay include payment for all work performed in those classes even though work may be performed in more than one department. Each department may pay its proportionate share of such services but the total compensation received by such employee shall not exceed the prescribed maximum rate for the class.

Sec. 8-80.     **Standby and Call Out Rule:**

Sec. 8-80.     (1)     **Definitions**:

(a)     **Standby**: An employee, as authorized by his/her department head, who is available at a designated non-job site after normal working hours to respond to calls for City services is on standby status.

(b)     **Call Out**: An employee, regardless of whether or not he/she is on standby status, who responds to a call to perform City services after normal working hours, as authorized by his/her department head, is on call out status.

Sec. 8-80.     (2)     **Period of Duty**: Standby status, and related pay for such duty, shall be for a period not less than eight (8) nor more than sixteen (16) hours between normal working days and for no more or less than twenty-four (24) hours on a scheduled off-duty day.

Sec. 8-80.     (3)     **Pay Schedule**:

(a)     Standby: Employees designated for this duty shall be paid one (1) hour of regular pay for each such duty shift during the normal work week he/she is on this status, and two (2) hours of regular pay for non-scheduled work days. If called out, such employee shall be paid at the call out rate in lieu of standby pay. Standby pay will be paid to police officers only on non-scheduled days at the rate of two (2) hours of regular pay. This will only apply to situations where officers are on standby for a court appearance. It must be verified by a court liaison. Should the officer need to attend court, Court overtime will be paid in lieu of standby pay.[PBA 12-14-98]

(b)     **Call Out**: An employee shall be paid at overtime rates (one and one-half times his/her regular hourly pay rate) for all calls to which he/she responds. Such overtime shall be accounted for in increments of tenths (tenth of an hour equals six minutes). An employee shall be guaranteed a minimum of two (2) hours overtime for each time he/she is called out in intervals of two (2) hours. Overlap of the Call Out 2 hour minimum with another type of overtime will only be paid at one and one-half times the regular hourly pay rate for any hour or partial hour._ Such time shall be computed from the time the employee leaves his non-job site and returns to that point (portal to portal). (PBA 6-9-86, 12-14-98]

Sec. 8-80.     (4)     **General:**

(a)     Department heads shall maintain with Central Dispatch a current list of employees who are on standby for emergency and/or other necessary services.

DOTHAN/Martin & Brackin 5331
CONFIDENTIAL Subject to
Protective Order

(b)    Department heads may provide electronic pagers to employees on standby to allow greater freedom of movement of the employee if particular circumstances justify such. The purchase of pagers for this purpose must be made upon the recommendation of the department head and must be approved by the City Manager

(c)    The privilege of taking a City vehicle home may be extended to employees on standby if the frequency of calls or the necessity of special equipment is necessary, or the nature of service is such that a City vehicle is necessary for identification purposes. Such use of City vehicles must be justified and recommended by the department head to the City Manager and approved by same.

Sec. 8-80.    (5)    **Exemptions to the Rule:**

(a)    Employees are exempt from standby and call out duty if their job classification specifically stipulates the exemption.

(b)    The Personnel Board may exempt supervisory, professional and management personnel from standby and call out duty.

DOTHAN/Martin & Brackin 5332
CONFIDENTIAL Subject to
Protective Order

**Sec. 8-90.**    **Holiday Pay:**

Sec. 8-90.    (1)    An annual schedule of holidays can be found at §9-20 Holiday Leave of the Personnel Rules and Regulations.

Sec. 8-90.    (2)    When an employee's scheduled work day or scheduled day off falls on an announced holiday, the employee will be authorized to take the equivalent paid time off at a later date in-lieu-of the original holiday.  The in-lieu-of holiday must be taken within 12 months from the date of the original holiday or it will be forfeited.  Department Heads will be responsible for scheduling the in-lieu-of holidays within the 12-month period as stated above.

Sec. 8-90.    (3)    Supervisors will denote on the employee's time card HO for holidays taken on the actual holiday or HS for an in-lieu-of holiday.

Sec. 8-90.    (4)    A classified employee employed prior to April 13, 1992 leaving city employment in good standing (§10-10, Types of Separation, (1) Resignation or (6) Retirement), shall be authorized for any outstanding in-lieu-of holidays, as described in §8-90(2) above, at the employee's present rate of pay up to a maximum of 80 hours; 240 hours for Fire Service, 24-hour shift personnel, 120 hours for Police Service, twelve-hour shift personnel.(PBA 8-13-90) (PD 1/7/91) (PBA 4/13/92) (PBA 6-8-98) [PBA 12-14-98]

Sec. 8-90.    (5)    Employees employed with the City of Dothan effective on or after April 13, 1992 must utilize outstanding in-lieu-of holidays as described in §8-90(2) above, prior to their separation from the employ of the City.  Failure to do so will result in the loss of the holiday.  (PBA 4/13/92)

**Sec. 8-91.**    **Allowances:**

Sec. 8-91.    (1)    **Maintenance Allowances**: Allowances given employees in the form of food, lodging, utilities, or other subsistence services shall be included in the total rates and equivalent cash values shall be deducted from the employees' stipulated pay rates.  The Personnel Director shall determine such cash values, giving consideration to such factors as the conditions of each individual employment, additional service value of the employee to the City as a result of providing him/her with such subsistence, and the estimated cash value of such subsistence.

Sec. 8-91.    (2)    **Travel and other Official Expenditures**: The prescribed minimum and maximum rates of pay do not include allowances for official travel or other expenses incurred in City business or allowances made to employees for the official use of personally owned automotive equipment.  Employees shall be reimbursed for such expenses in amounts as determined by the Personnel Director.

Page revised 6/8/98, 12/14/98

DOTHAN/Martin & Brackin 5333
CONFIDENTIAL Subject to
Protective Order

Page   33

REGULATION IX - LEAVES OF ABSENCE

Sec. 9-10.    **General Policy:**

Sec. 9-10.    (1)    **Official Leaves:** Holiday leave, vacation leave, sick leave, military leave and civil leave are officially established leaves of absence and shall be granted by department heads in accordance with this Division, Regulation IX, of the Personnel Rules and Regulations.

Sec. 9-10.    (2)    **Other:** Leave without pay, emergency leave, education leave and other leaves of absence not listed in paragraph 1. above may be granted by department heads on a case by case basis subject to the approval of the Personnel Board.

Sec. 9-10.    (3)    **Maternity Leave:** Pregnancy shall be treated as any other illness.   Sick leave and, if necessary, vacation leave may be utilized for this purpose.

Sec. 9-20.    **Holiday Leave:** Announced holidays for all employees are New Year's Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Veteran's Day, Thanksgiving Day, day after Thanksgiving, Christmas Day, and any other day the Personnel Board proclaims a holiday. Whenever possible, when a holiday falls on a Saturday or Sunday, the following Monday shall be declared a holiday for City employees.  Employees required to be on regular duty on an announced holiday shall receive compensation according to §8-90, **Holiday Pay.**

Sec. 9-30.    **Vacation Leave:** All vacation leave shall be computed and reported in hours.   Eight (8) hours leave equals one (1) working day, based on the eight-(8) hour, five-(5) day work week.

Sec. 9-30.    (1)    Each department head, classified employee and full time laborer shall accrue vacation leave after completing six (6) months of satisfactory service as follows:  (PBA 6-8-87)

    (a)    Employees with continuous service up to and through ten (10) years shall accrue four (4) hours vacation leave per each completed pay period (except the third pay period of any month) not to exceed a maximum of ninety-six (96) hours per year.

    (b)    Employees with over ten (10) years continuous service shall accrue six (6)  hours vacation leave per each completed pay period (except the third pay period of any month) not to exceed a maximum of one hundred forty-four (144) hours per year.

    (c)    The pay period an employee becomes eligible to *accrue* six (6) vacation hours is the pay period during which his/her ten- year anniversary hire date falls, excepting the third pay period of any month.  Should an employee's ten-year anniversary hire date fall during a third pay period, his/her accumulation of six (6) vacation hours shall begin the following pay period.

    (d)    New employees becoming eligible during the first week of a pay period (except the third pay period of any month) shall *accrue* four (4) hours vacation leave for that pay period. Employees becoming eligible during the

DOTHAN/Martin & Brackin 5334
CONFIDENTIAL Subject to
Protective Order

second week of a pay period begin accumulating four (4) hours vacation leave the following pay period unless that following pay period is the third pay period of any month, in which case accumulation begins the first pay period of the following month. Employees becoming eligible during the third pay period of any month begin accumulating four (4) hours vacation leave the following pay period.  (PBA 6-8-87)

(e)    **Public Safety,** 7K exempt employees shall spend and accrue vacation on a ratio equal to the length of their required shift in hours.  I.e. if a shift is 24 hours in duration, the ratio will be 24 hours accrued and 24 hours spent.

The accrued formula for 7K exempt employees is computed as follows: Maximum number of shifts allowed x shift length in hours ÷ 24 pay periods per year = accrual per pay period.   The maximum number of vacation shifts allowed for Fire Department 7K employees per year is six for employees with continuous service up to and through ten years and nine for employees with over ten years continuous service. [PBA 12-14-98]

Sec. 9-30.       (2)      **Bonus Vacation Hours:**

(a)    An employee who does not use any sick leave hours for a period of one (1) year shall receive bonus vacation hours based upon his/her sick leave balance as of the last day of the pay period in which his/her anniversary sick day falls.   If the employee's sick leave hours balance is 720 he/she shall receive 32 bonus vacation hours.  If the employee's sick leave hours balance is at least 96 but less than 720 he/she shall receive 24 bonus vacation hours.

(b)    **Public safety.**   7k employees will earn bonus vacation in the same amounts as described in (2)(a) above, based on their maximum sick leave accrual.[PBA 12-14-98]

(c)    Earned bonus vacation hours may be either added to the employee's vacation leave hours balance or may be paid to the employee at his/her current regular rate of pay.

(d)    The employee must notify the department head during the pay period in which his/her anniversary sick day falls, using the appropriate time keeping method (time card or other acceptable time keeping record), whether he/she elects to have the bonus vacation hours added to his/her vacation leave hours balance or whether he/she elects to be paid for the bonus vacation hours at his/her current regular rate of pay.  The election to be paid for bonus vacation hours cannot be made in a later pay period.

(e)    In the event the employee fails to make an election as stated in c. above, the bonus vacation hours shall be added to the employee's vacation leave hours balance as set out in b. above.

(f)    The bonus vacation hours shall be credited to the employee during the pay period in which his/her anniversary sick day falls using the appropriate hours code.   The election to be paid for bonus vacation hours cannot be made in a later pay period. (PBA 03-09-87)

Sec. 9-30.    (3)    **Maximum Carry Over of Vacation Hours Into the Following Year.**    These hours must be earned or accrued during the current year (January through December).

Revised 12/14/98

DOTHAN/Martin & Brackin 5335
CONFIDENTIAL Subject to
Protective Order

(a)    Employees with continuous service up to and through ten (10) years may carry forward up to a maximum of 96 regular vacation hours plus bonus vacation hours, if any.

(b)    Employees with over ten (10) years continuous service may carry forward up to a maximum of 144 regular vacation hours plus bonus vacation hours, if any.

(c)    The year-end balance used in calculating carry over hours is the balance of vacation hours as of the last day of the last complete payroll period of the current year. (Employees who have or will have accrued vacation hours in excess of the maximum to be carried forward should use those hours on or before this date in order to avoid losing them.) Any vacation hours used or bonus hours earned after this date and before the end of the calendar year are treated as used/earned in the following calendar year as they are not reported and paid for until the first pay period in the new year.

(d)    Maximum carry over of vacation hours into the following year for Public Safety: 7K employees will use the same logic as described in Section 9-30(3). [PBA 12-14-98]

Sec. 9-30.    (4)    **Utilization of Vacation Leave:**

(a)    Department heads will be responsible for scheduling the time at which vacation leave may be taken and shall allow or direct the taking of vacation leave as will best promote the efficiency of their employees and department and to insure that all employees are able to utilize their accrued vacation leave. Should a department head fail to allow an employee to take proper advantage of his/her accrued vacation leave due to emergencies or other mitigating circumstances, then the Department Head shall submit an explanation as to why vacation leave was not taken to the City Manager for his recommendation, and subject to the approval of the Personnel Board, said employee will be paid for his/her accrued vacation leave in excess of the maximum carry-over amount. In the absence of emergencies or other mitigating circumstances, accrued vacation hours in excess of the maximum to be carried forward at the end of the year shall be forfeited. (PBA 12-14-87/Effective 12-20-87)

(b)    Should a conflict arise in the scheduling of employees vacation leave, employment seniority with the City shall be the ruling factor. (PBA 12-14-87/Effective 12-20-87)

(c)    An employee shall only be authorized to use vacation leave accrued prior to the pay period in which the vacation leave is requested. No advance vacation leave shall be authorized. (PBA 12-14-87/Effective 12-20-87)

Sec. 9-30.    (5)    **Vacation Leave Separation Pay:**    A regular employee leaving City employment in good standing (see §10-10[1], Resignation) shall be compensated for vacation leave accrued to the date of separation.

(a)    Vacation hours *accrued* during the pay period an employee terminates (except the third pay period of any month) are determined by the total number of hours, excluding overtime hours, for which said employee is to be paid that pay period, as follows:

0 - 79 total hours = 0 vacation hours *accrued*
80 total hours = 4 vacation hours *accrued*
or
6 vacation hours *accrued*

(b)    Employees terminating during a third pay period do not *accrue* vacation leave during that pay period.

Revised 12/14/98

DOTHAN/Martin & Brackin 5336
CONFIDENTIAL Subject to
Protective Order

Sec. 9-30.     (6)     Temporary, seasonal and part time employees do not *accrue* vacation leave.

Sec. 9-40.     **Military Leave:**

Sec. 9-40.     (1)     **General Policy:**  Military leave shall be granted to City employees for:

    (a)     Training and service performed by an inductee, enlistee, or reservist, or any entrant into a temporary component of the Armed Forces of the United States.

    (b)     Time spent in reporting and returning from such training and service; or if rejection occurs, from the place of reporting for service.

    (c)     Active duty training of a reservist in the Armed Forces of the United States or of a member of the National Guard of the United States where the call is for training only.

Sec. 9-40.     (2)     **Military Leave with Pay:**  City employees on active military training, not to exceed 168 hours in a calendar year, shall be entitled to military leave of absence without loss of pay, time, efficiency rating, vacation leave and sick leave provided employees requesting Military Leave with pay have completed Personnel Form 300 in advance of commencing military duty.  In any event, an employee must notify his/her Department Head at least 24 hours prior to commencing military leave.  Failure to do so could result in disciplinary action.  Personnel Form 300 along with Military Orders must be forwarded to the Personnel Department no later than the pay period ending date in which the Military Leave occurs in order for the Military Leave to be paid.  (Rev. PBA 10-13-97)

Sec. 9-40.     (3)     **Re-employment Rights:**  A classified employee ordered to active duty as a reservist or member of the National Guard or ordered to initial active duty training for a period of not less than three (3) months nor more than six (6) months is entitled to re-employment rights provided he/she applies for same within thirty-one (31) days after his/her release from active duty.  Individuals who are on active duty for a period exceeding six (6) months have ninety (90) days to exercise re-employment rights.

Sec. 9-50.     **Civil Leave:**  Any employee shall be given necessary time off without loss of pay when performing jury duty.

Sec. 9-60.     **Sick Leave:**

Sec. 9-60.     (1)     **General Policy:** Sick leave may be granted only for absence from duty because of personal illness, legal quarantine, or death or illness in the immediate family. Time lost due to injury while on duty shall not count against sick leave.

    (a)     Sick leave authorized for illness in the immediate family shall be limited to a maximum of sixteen (16) hours for employees to make arrangements for the care of said member of his/her family who is ill.  Additional sick leave may be taken for mitigating circumstances with the advice of the Supervisor and approval of the department head on a per occurrence basis.

    (b)     In case of death in the immediate family, the number of hours absence shall not exceed forty (40) hours.  In case of death in the immediate family employees may also have the option of utilizing vacation leave instead of sick leave if they so elect.

    (c)     A member of the employee's immediate family shall be construed to mean: the employee's spouse, their children, the employee's parents, the employee's spouse's parents, and the employee's brothers, sisters, grandparents and grandchildren. Step-, half-, and adoptive relationships to the employee are included in this definition. (PBA 12-14-87) (PBA 9-10-01)

DOTHAN/Martin & Brackin 5337
CONFIDENTIAL Subject to
Protective Order

Sec. 9-60.    (2)    **Notification**: Employees are required to notify their department heads and supervisor as early as possible on the first day of their sick leave absence. Employees must also notify their supervisor as to whether their sick leave absence is due to personal illness or illness or death in their immediate family. (PBA 09-14-87)

Sec. 9-60.    (3)    **Abuse of Sick Leave**: See §3-44, for schedule of disciplinary penalties.

(a)    Abuse of sick leave is considered to be present when an employee has used eight (8) occurrences of sick leave in a twelve (12) month period and/or where there is a consistent pattern of utilization of sick leave. (i.e. leave before or after an employee's off days or before or after holidays.)(PBA 5/9/94)

(b)    Immediately after sick leave abuse is considered to be present the following disciplinary action will be taken:

- First Offense: Formal Counseling Report to employee concerning his/her use of sick leave. (Personnel Form #147-A) (PBA 5/9/94)

- Second Offense: (1st Written Warning Report) First sick leave absence after formal counseling. First written warning to employee concerning his/her use of sick leave and requirement that employee must for any future sick leave absence furnish a doctor's certificate explaining why employee was physically unable to be present for work. Failure by employee to furnish a doctor's certificate will result in loss of compensation for sick leave absence. (Personnel Form #147-A) (PBA 5/9/94)

- Third Offense: (2nd Written Warning Report) First sick leave absence after first written warning and failure to provide a doctor's certificate. Second written warning shall constitute final warning to employee concerning his/her sick leave usage. (Personnel Form #147-A) (PBA 5/9/94)

- Fourth Offense: (3rd Written Warning Report) First sick leave absence after final warning and failure by employee to provide a doctor's certificate. Third written warning shall constitute discharge of employee. (Implemented in accordance with Personnel Regulation IV, DUE PROCESS PROCEDURE— Personnel Form #147-A and Personnel Form #153 ) (PBA 5/9/94)

(c)    The disciplinary progression period for "Sick Leave Abuse" offenses shall be twelve consecutive months from the date of the last offense violated. In order for an employee to clear his record of "Sick Leave Abuse" disciplinary offenses, the employee must not commit any Sick Leave Abuse disciplinary offense for twelve continuous months from the "date of record" of the last "Sick Leave Abuse" disciplinary offense. (PBA 5/9/94)

Sec. 9-60.    (4)    **Advanced Sick Leave**:

(a)    In cases of serious disability or illness, sick leave may be advanced to any regular employee after all accrued sick leave has been used. Each application for advanced sick leave must be supported by a doctor's certificate and must be approved by the department head and Personnel Director. The total advances of sick leave may not at any time exceed 160 hours.

(b)    Employees are not entitled to advanced sick leave during their probationary working test period.

DOTHAN/Martin & Brackin 5338
CONFIDENTIAL Subject to
Protective Order

(c)    Any employee who has a record of advanced sick leave at the date of his/her termination shall reimburse the City for the total amount of such sick leave at the hourly rate of pay received by said employee during the time of such absence multiplied by the total number of advanced sick leave hours on record at the time of termination. The City of Dothan shall have the right to deduct from any salary or wages which may be accrued to such employee at the date of termination all sums of money which have been theretofore paid such individual for advanced sick leave.

(d)    Each classified employee or laborer shall be required to sign an agreement to reimburse the City for advanced sick leave as described in item §9-60(c) above.

Sec. 9-60.    (5)    **Computation, Accumulation and Utilization of Sick Leave:** Sick leave shall be computed and reported in hours. Eight (8) hours leave equals one (1) working day, based on the eight-(8) hour, five-(5) day work week. Each department head, classified employee and laborer shall accrue sick leave after completing six (6) months of satisfactory service as follows: (PBA 6-8-87)

(a)    Sick leave is accrued at the rate of four (4) hours per pay period (except the third pay period of any month), not to exceed a maximum of ninety-six (96) hours per year. The maximum number of sick leave hours an individual may accumulate while in the employment of the City is 720.

(b)    **Public Safety.** 7K employees shall spend and accrue sick leave on a ratio equal to the length of their required shift in hours. I.e. if a shift is 24 hours in duration, the ratio will be a twenty-four hours accrued and twenty-four hours spend. The accrual formula for 7K exempt employees is computed as follows: Maximum number of shifts allowed x shift length in hours ÷ 24 pay periods per year = accrual per pay period. The maximum number sick leave shifts allowed for Fire Department 7K exempt employees per year is six shifts. The maximum number of sick leave shifts a 7K employee can accumulate is forty-five. [PBA 12-14-98]

(c)    New employees becoming eligible during the first week of a pay period (except the third pay period of any month) shall accrue four (4) hours sick leave for that pay period. Employees becoming eligible during the second week of a pay period begin accumulating four (4) hours sick leave the following pay period, unless that following pay period is the third pay period of any month, in which case accumulation begins the first pay period of the following month. Employees becoming eligible during the third pay period of any month begin accumulating four (4) hours sick leave the following pay period. (PBA 6-8-87)

(d)    An employee who does not use any sick leave hours for a period of one year is entitled to receive bonus vacation hours in accordance with §9-30(2), Bonus Vacation Hours.

Sec. 9-60.    (6)    **Sick Leave Pay at Retirement:**

(a)    Upon retirement, and only upon retirement, employees shall be authorized a separation payment based on the number of hours sick leave accumulated up to a maximum of 720 hours. The payment shall be computed on the percentage of retirement an employee receives. For example, an employee retiring on 50 percent of his/her salary (under the City of Dothan Pension and Retirement System) and having accumulated 720 hours sick leave, is authorized a separation payment of 720 x 50% or pay for 360 hours at his/her regular rate of pay at the time of retirement. This section applies to employees employed with the City of Dothan prior to April 13, 1992. There will be no sick leave separation payment at retirement for employees employed on or after April 13, 1992. (PBA 4/13/92)

Page revised 12/14/98

DOTHAN/Martin & Brackin 5339
CONFIDENTIAL Subject to
Protective Order

(b)    Any individual resigning or leaving City employment for any reason prior to retirement forfeits any accumulated sick leave.

Sec. 9-60.    (7)    Temporary, seasonal and part time employees do not accrue sick leave.

Sec. 9-70.    **FAMILY AND MEDICAL LEAVE ACT (FMLA) POLICY: (PBA 8-9-93):**    The City of Dothan is covered by the federal Family and Medical Leave Act and will comply with the requirements of the Act.  Under the Act, you may take up to twelve weeks unpaid leave for the following reasons:

To care for newborn or newly placed adopted or foster child;

To care for a spouse, parent or child with a serious health condition;

or because of your own serious health condition.

Sec. 9-70.    (1)    **Eligibility**—To be eligible for leave, you must have worked for the City for at least 1,250 hours during the twelve months before your request for leave.

Sec. 9-70.    (2)    **Notice**—You must give the Personnel Director and your Department Head thirty days notice of your expected leave, or whatever notice is practical under the circumstances.

Sec. 9-70.    (3)    **Parental Leave**—The Act allows you to take leave for the birth of a child, or for the placement of an adopted or foster child.  Generally, this type of leave must be taken in a block, up to twelve weeks.  You may not take periodic leave or work a reduced schedule unless the Personnel Board approves your request.  You must apply any unused vacation or sick leave toward your twelve-week period.  Parental leave must be taken within twelve months of the birth or placement of the child.

Sec. 9-70.    (4)    **Medical Leave**—The Act also allows you to take leave to care for a spouse, parent, or child with a serious health condition, or because of your own serious health condition.  If you take family/medical leave, you must apply any unused vacation or sick leave toward your twelve-week leave.  Medical leave may be taken in either a block, or you may take periodic leave or work a reduced schedule.  If you choose periodic leave or a reduced work schedule, the City may temporarily transfer you to another job that will better accommodate recurring periods of leave.  If you are transferred, the alternate job will have pay and benefits that are equivalent to your current job.

(a)    If you take any type of medical leave, you must provide the Personnel Director and your Department Head with a certification —Personnel Form #125, available from the Personnel Department—from your health care provider as soon as possible.  The certification must include the following information:

• The date that the condition began;

• The expected length of the condition;

• The appropriate medical facts regarding the condition;

Page revised 11/12/01

DOTHAN/Martin & Brackin 5340
CONFIDENTIAL Subject to
Protective Order

- If applicable, a statement that you are needed to care for your spouse, parent or child, and the approximate length of care needed;

- If applicable, a statement that you are unable to perform the functions of your job.

(b)    If you seek to take periodic leave or work a reduced schedule, your certification must include the information listed above, PLUS the following:

- IF THE LEAVE IS FOR YOUR OWN SERIOUS HEALTH CONDITION, the dates on which you expect to receive medical treatment and the length of time that you will be undergoing treatment;

- IF THE LEAVE IS FOR THE CARE OF A SPOUSE, PARENT, OR CHILD WITH A SERIOUS HEALTH CONDITION, a statement that you will need to leave to care for a covered relative with a serious health condition or to help with the relative's recovery, and the expected length and schedule of your periodic leave or reduced work schedule.

(c)    The City reserves the right to require a second or third medical opinion in appropriate cases where authorized by the Act. The City will pay the cost of any second or third opinion.

Sec. 9-70.    **(5)    Health Insurance**—During the period of either parental or medical leave, The City will maintain your health insurance coverage. You must continue to make timely payments of your share of such coverage. Under most circumstances if you do not return to work at the end of your leave, the City will require you to reimburse the health insurance premiums that it paid during the period of your leave.

Sec. 9-70.    **(6)    Return to Work**—When you return to work at the end of either a parental or medical leave, you will be placed in your original job or an equivalent job with equivalent pay and benefits. You will not lose any seniority or other benefits that you had accumulated before you took your leave. However, you will not be entitled to step increases, promotions, or other benefits that become available during the period of leave. Personnel Rule §12-70, Returning to Work After a Serious off the Job Injury/Illness, will apply to work at the end of Medical Leave.

Sec. 9-70.    **(7)    Other Information Available**—This is only a summary of the basic provisions of the Family and Medical Leave Act, and other exceptions and requirements may apply to you that are not discussed here. If you are considering taking a leave under the Act, you should consult with the Personnel Department for the details that apply to your situation.

Sec. 9-80.    **Medical Leave of Absence Without Pay:** **Medical** leave of absence without pay may be taken if it is necessary to leave your job for health reasons. THIS RULE ACTS IN COMBINATION WITH PERSONNEL RULE §9-70. (PBA 12-14-92, 8-9-93)

Sec. 9-80.    **(1)    Procedure** - Requests for leave of absence must be in writing to the Personnel Board through your department head and accompanied by your doctor's written statement, clearly defining the disability and the approximate period of disability. You will be required to use your accrued sick leave, before being eligible to apply for a medical

DOTHAN/Martin & Brackin 5341
CONFIDENTIAL Subject to
Protective Order

leave of absence.  If you are unable to return by your leave expiration date, a written doctor's statement giving the new expected return date must be submitted prior to the expiration of your original leave.  A doctor's release stating that you are able to return to the full duties and responsibilities of your job must be presented upon return to work, at which time you will be placed in the same or a comparable job.  (PBA 12-14-92)

Sec. 9-80.    (2)    **Benefits Effected** -  During a medical leave of absence, accrued time of service and other benefits are protected but do not continue to accrue.  (PBA 12-14-92,)

Sec. 9-80.    (3)    **Limitation** - Employees are responsible for paying their portion (portion on which the City pays the premium) and their dependent's portion of the health insurance premium, in order to keep health insurance coverage intact.  Arrangements must be made in advance with payroll personnel in order to arrange payments for insurance benefits, etc.  The total medical leave may not extend beyond nine months.  If after nine months your doctor will not release you to return to work, your employment with the City will terminate.  (PBA 12-14-92, 8-9-93)

DOTHAN/Martin & Brackin 5342
CONFIDENTIAL Subject to
Protective Order

## REGULATION X - SEPARATIONS

Sec. 10-10.     **Types of Separations:**    All separations of classified and unclassified employees shall be designated as one of the following types and shall be accomplished in the manner indicated: resignation, compulsory resignation, quit without written notice, disability, death, retirement, layoff or dismissal.   Department heads shall furnish the Personnel Director a Notice of Termination (Personnel Form #111) no later than one (1) working day (24 hours) following the effective date of separation.  The Personnel Department will not process any related paperwork including personnel requisitions and retirement withdrawals until this Notice Of Termination has been received.

Sec. 10-10.     (1)     **Resignation**: An employee wishing to leave City employment in good standing shall file with his/her department head, at least one week before leaving, a written resignation stating the date the resignation shall become effective and the reason(s) for leaving.  Failure to comply with this procedure may be considered cause for denying said employee future employment with the City.   Department heads shall forward a copy of all written resignations to the Personnel Director within twenty-four (24) hours after receipt.

Sec. 10-10.     (2)     **Compulsory Resignation**:  Unauthorized absence from work for a period of five   (5) consecutive working days shall be considered a compulsory resignation.

Sec. 10-10.     (3)     **Quit Without Written Notice**:  Quitting the job without written  notice or other proper notice. (PBA 8-9-82)

Sec. 10-10.     (4)     **Disability**:  An employee may be separated for disability when he/she cannot perform the required duties because of a physical or mental impairment.  Actions may be initiated by the employee or by the City; however, all cases must be supported by medical evidence acceptable to the Personnel Director.  Disability resulting from an on-the-job injury may lead to retirement of the employee.

Sec. 10-10.     (5)     **Death**:  Separation shall become effective as of the date of death.  All compensation due in accordance with §10-20, Rights of Employees at Separation shall be paid to the estate of the employee or to the surviving spouse as may be required by law.

Sec. 10-10.     (6)     **Retirement**:  Eligible employees (See §2.20, Employee Status) are automatically covered under the City of Dothan Employee's Pension and Retirement System upon employment.

DOTHAN/Martin & Brackin 5343
CONFIDENTIAL Subject to
Protective Order

| a. Individuals employed by the City on or before May 11, 1977 have the option to retire under the following conditions: | | | |
|---|---|---|---|
| 20 years creditable service = 50% <br><br> 25 years creditable service = 60% <br><br> 30 years creditable service = 67½% <br><br> 40 years creditable service = 77½% | X | Average monthly salary over past five years or highest five-year pay period. | = Retirement Pay |

| b. Individuals employed by the City after May 11, 1977, have the option to retire under the following conditions: | | | |
|---|---|---|---|
| 25 years creditable service at age 55 or over =50% <br><br> 30 years creditable service at age 55 or over =57½% <br><br> Over 30 years creditable service: an additional 1% is given for each year of creditable service over 30. | X | Average monthly salary over past five years or highest five-year pay period | = Retirement Pay |

(c)    Payroll deductions for the retirement plan and Social Security (FICA) are automatically deducted at the prescribed percentages from each payroll check.

(d)    For more details on the retirement system, please refer to Act No. 543, Alabama Law, dated May 11, 1977.

Sec. 10-10.    (7)    **Layoff:** A department head may lay off any employee whenever such action is made necessary by reason of shortage of work or funds, the abolition of a position, or because of changes in organization; however, no regular employee shall be laid off while there are temporary, provisional, or probationary employees serving in the same class of positions for which the regular employee is eligible and available. The Personnel Director shall prescribe layoff procedures to include consideration of length of service. The names of employees laid off for any of the above reasons shall be placed on a reemployment register for a period of one year. If an abolished position is recreated within one year, individuals laid off shall be reemployed according to their position on the reemployment register.

Sec. 10-10.    (8)    **Dismissal:** REGULATION IV - DUE PROCESS PROCEDURE must be followed in any dismissal case involving classified or unclassified employees, to include part time, temporary/seasonal or probationary employees. (See §2-80. Working Test Period for additional information regarding the dismissal of probationary employees.) (Revised PD 7-31-96)

revised 7-31-96

DOTHAN/Martin & Brackin 5344
CONFIDENTIAL Subject to
Protective Order



Sec. 10-20.     **Rights of Employees at Separation:**

Sec. 10-20.     (1)     **Payroll Time:** Regular employees who separate shall receive payment for all earned salary and all authorized leave subject to deductions and any indebtedness pursuant to §10-30, City Equipment and Property. Final payment for all payroll time shall be made at the end of the pay period during which the employee terminates. (PBA 4/8/96)

Sec. 10-20.     (2)     **Retirement Withdrawal:** An employee covered under the City of Dothan Employee's Pension and Retirement System who separates prior to retirement will receive a refund of all annuity fund payroll deductions. The employee will be notified by U.S. mail of the amount of after-tax annuity refund and the amount of tax deferred annuity refund, if any. After-tax annuity refund checks are issued approximately two weeks after the employee's final payroll check has been issued. Tax deferred annuity refunds are released in accordance with applicable IRS regulations. (City of Dothan Pension Act 99-316, 6/01/99)

Sec. 10-30.     **City Equipment and Property:** At the time of separation and prior to the time of final payment, all records, assets and items of City property in the employee's custody shall be transferred to the department head. Certification to this effect shall be indicated on the Notice of Termination (Personnel Form #111) submitted by the department head to the Personnel Director. Any amount due the City because of a shortage in the above shall be withheld from the employee's final paycheck.

Page revised 4/8/96, 12/01/00

DOTHAN/Martin & Brackin 5345
CONFIDENTIAL Subject to
Protective Order

## REGULATION XI - CONDUCT OF EMPLOYEES

**Sec. 11-10.**     **Attendance and Punctuality:**  Each employee is expected to be on duty at the time prescribed by his/her particular department or division.  It is the employee's responsibility to notify his/her supervisor of any intended or unintended absence prior to his/her normal reporting time. Absence from work without proper leave or notification can be the basis for disciplinary action.

**Sec. 11-20.**     **Dress and Appearance:**  There are no specific rules covering the dress and appearance of City employees.   Certain departments, however, do have such rules and these rules shall be adhered to by members of the affected departments.  Employees not covered by specific rules are expected to exercise their better judgment.  Each employee should keep in mind that he/she fills a public service position and that inappropriate appearance or dress habits can be as offensive to the citizens who pay City employee salaries as any other form of discourtesy or disrespect.

**Sec. 11-30.**  **Outside Employment:**  Although outside employment is discouraged, the City does allow its employees to hold another job while employed by the City.  A full time employee who undertakes regular employment outside of his/her City employment shall notify the Personnel Director through his/her department head.  If the outside employment in any way interferes with an employee's effectiveness in his/her work with the City, he/she may be asked to terminate such outside employment.  An employee holding outside employment is subject to the same call out procedure as any other City employee (See §8-80 **Standby and Call Out Rule**).  It should be clearly understood by all employees that the City is considered the primary employer and as such has the right to expect its employees to give priority to their job responsibilities with the City.

**Sec. 11-40.**     **Political Activity:**

**Sec. 11-40.**     (1)     The principle of the merit system is to keep government jobs free from political patronage.  This not only creates a patronage free public employee work force but also protects employees' jobs from being taken away because of political reasons; therefore, active political participation by City employees is prohibited.   This does not, however, interfere with an employee's right to vote or to express his/her opinion privately.

**Sec. 11-40.**     (2)     No person shall be promoted, appointed, demoted, or dismissed from any position in the Classified Service or in any way favored or discriminated against with respect to employment because of his/her political affiliation.

**Sec. 11-40.**     (3)     For more details on political activity, see Sections 23 and 24 of the "Civil Service Act of Dothan".

**Sec. 11-50.**     **Loaning Money:**  The practice of loaning money or its equivalent between City employees for the purpose of personal gain is against Personnel policy.  The responsibility for administration of this rule and any disciplinary action resulting from this rule shall rest with the individual department heads.

**Sec. 11-60.**     **Reporting Illegal or Suspected Activity Involving City Employees:**

**Sec. 11-60.**     (1)     Any City employee becoming aware of or having any information regarding illegal activity in any City department shall immediately notify his/her respective Department Head.

**Sec. 11-60.**     (2)     The Department Head receiving such information shall:

DOTHAN/Martin & Brackin 5346
CONFIDENTIAL Subject to
Protective Order

(a)    If the activity is of a criminal nature, the City Manager and the ranking officer on duty in the Police Department shall be notified. The Police Department shall conduct an investigation to determine the validity of the information. If the information is valid, normal investigative procedures shall be followed. The Chief of Police or officer in charge shall keep the City Manager appraised as the investigation progresses.

(b)    The Office of the Police Chief shall complete a report of the investigation and submit a copy to the City Manager and the Personnel Director.

(c)    If the information is of a non-criminal nature, the Department Head shall notify the City Manager and the Personnel Director, who shall evaluate the information and order or conduct an investigation if deemed necessary. The City Manager shall have the prerogative of utilizing the Police Department to assist with or conduct the investigation. In any event, a report shall be compiled by the investigating department and submitted to the City Manager and Personnel Director.

Sec. 11-60.    (3)    **Police Department Internal Investigations:**

(a)    In the event an investigation of any criminal offense or misconduct involving Police Department personnel becomes necessary, the incident shall be investigated by the Office of the Police Chief.

(b)    If the incident does not come within the jurisdiction of the department by statute or City of Dothan Merit System, or if the incident is of a nature whereby another agency would have offense jurisdiction outside the department's jurisdiction, the proper agency shall be notified and department personnel shall cooperate with the authorized agency.

(c)    In any investigation whereby the expertise or resources of another agency can or might assist or expedite the investigation, the services of that agency may be requested and utilized. (PBA 6-13-83)

Sec. 11-70.    **Firearms:** With the exception of duly sworn law enforcement officers, all City employees are expressly prohibited from carrying firearms (pistols, guns, etc.), concealed or openly displayed, into any City owned or leased facility or property. Under certain conditions, work crews and/or survey parties may be authorized to carry a weapon (shotgun) when working in areas where snakes or other animals may endanger the safety or life of employees. Department Heads only have the authority to approve a request from their crew foreman to carry a weapon when working in such infested and hazardous areas.

Sec. 11-80    **Harassment, Threats, and Violence Policy:** (Rev. 10-18-99)

Sec. 11-80.    (1)    **Purpose:** The purpose of this policy is to help assure a working environment where all employees can maximize productivity in their jobs by eliminating offensive or threatening conduct that might interfere with maximum productivity. There are several types of anti-social behavior that can interfere with this goal including: (1) sexual harassment; (2) racial, religious and other forms of harassment; and (3) Violence and threats of violence. All of these types of behavior can distract employees from their job-related duties, and it is the policy of the City of Dothan to prohibit and eliminate these types of behaviors.

Rev. 10-18-99

DOTHAN/Martin & Brackin 5347
CONFIDENTIAL Subject to
Protective Order

Sec. 11-80.    (2)    **Definitions:**

(a)    **Sexual Harassment:**  Sexual Harassment can include:

1.    Physical assaults or physical conduct that is sexual in nature (touching, pinching, or brushing against another's body).

2.    Unwelcome sexual advances, propositions, comments, "kidding," "teasing," or requests for sexual favors.

3.    Sexual displays or publications such as calendars, cartoons, graffiti, or computer pornography.

4.    Other verbal or physical conduct of a sexual nature that would interfere with an individual's work performance, or create an intimidating, hostile or offensive work environment.

5.    Retaliation for complaints of harassment.

(b)    **Racial, Religious, National Origin, Disability, or Age Harassment:** These types of harassment can include:

1.    Any conduct based on race, religion, national origin, disability, or age that makes an employee uncomfortable at work or which interferes with an employee's ability to perform the job.

2.    Jokes which refer to race, religion, national origin, disability, or which portray age in a negative light.

3.    The posting or distribution of cartoons, drawings, or any other material which adversely reflects on a person's race, religion, national origin, disability, or age.

4.    The use of "slurs" or other offensive language.

5.    Practical jokes, horseplay, or teasing which tend to make fun of a person's race, religion, national origin, disability, or which reflect negatively on a person's age.

6.    Retaliation for complaints of harassment.

(c)    **Violence and Threats of Violence.**  This type of anti-social behavior can include:

1.    Any conduct which involves the offensive touching of another employee.

2.    Intimidating or threatening gestures or body posture that reflect possible violence or a threat of violence.

3.    Verbal threats to "get even," "go postal," or similar statements that cause an employee to fear possible harm by another employee.

Rev. 10-18-99

DOTHAN/Martin & Brackin 5348
CONFIDENTIAL Subject to
Protective Order

Sec. 11-80.     (3)     **What To Do If You Experience Harassment, Threats Of Violence, Or Violent Behavior:** These types of anti-social behaviors can be blatant or they can be subtle. Despite the definitions given above, it is sometimes difficult to recognize whether particular conduct falls within these types of anti-social behaviors. Any employee who feels that he or she is the victim of any of these types of anti-social behaviors should report the conduct immediately. Further, any employee who observes conduct that could be a violation of this policy should report that conduct promptly.

Reports should be made to your supervisor, your Department Head, the EEO Officer, the Assistant Personnel Director or Personnel Analyst, or the Personnel Director. Upon receipt of a harassment complaint by a supervisor, department head, EEO Officer or Personnel Analyst, the Personnel Director shall be notified immediately. While verbal reports will be accepted, in most cases an employee reporting these types of behaviors will be asked to make a written report providing as much detail as possible concerning who has engaged in the behavior, when, where, and exactly what was done or said.

Sec. 11-80.     (4)     **How Reports Will Be Handled:** Reports of anti-social behavior will be promptly investigated. In most cases, the investigators will meet with the person making the report to get a complete and accurate statement concerning the nature of the problem. The investigators will then normally meet with the accused employees and other potential witnesses. Once the facts have been gathered, the City will try to address and eliminate any problems through one or more of the following actions: (1) verbal counseling sessions with those committing possible anti-social behavior; (2) group meetings or training sessions; (3) referrals to formal counseling; (4) written disciplinary action or suspension; or (5) terminations of employment.

In most cases, the employee reporting the anti-social behavior will be informed of the results of the investigation and of the remedial action taken.

While all reports of anti-social behavior will be treated as confidentially as possible, the requirement to conduct an impartial investigation means that complete confidentiality cannot be assured.

Sec. 11-80.     (5)     **Your Role and Responsibility:**

First and foremost, each of us is responsible for our own conduct and should avoid the types of behaviors addressed in this policy.

Second, each of us has a responsibility to report anti-social behavior that we experience or observe.

With your help in enforcing this policy, we can make our City a better and more productive place to work for all employees.

Page revised 07-29-02

DOTHAN/Martin & Brackin 5349
CONFIDENTIAL Subject to
Protective Order

REGULATION XII - SAFETY, ACCIDENTS, INJURIES AND INSURANCE

Sec. 12-10.  **Purpose:**  The purpose of this regulation is to establish rules governing safety, the reporting of accidents and injuries, and procedures for submitting workmen's compensation and insurance claims.

Sec. 12-20.  **City Safety Creed:**  The necessity of the service or the importance of the job is never so great that we cannot do the job safely!

Sec. 12-30.  **Safety and Loss Prevention:**  The Employee Safety Committee Policy shall by reference be incorporated and made a part of these rules and regulations.  (PBA 9-10-01)

Sec. 12-30.  (1)  **General:**

    (a)  The safety of City employees is considered one of the primary obligations of the City.  Primary objectives of the safety and loss prevention program are the prevention of personnel accidents and fatalities both on and off the job, and the prevention of property damage and loss.

    (b)  Safety and loss prevention are not separate and apart from the job but are an integral part of each assignment of all employees and shall be considered major elements in management appraisal and in job performance evaluations.

    (c)  Safety and loss prevention are paramount considerations in providing tools, materials, and equipment necessary to accomplish an assigned job.

    (c)  Responsibility for enforcement of safety and loss prevention rules and policies shall rest with department heads and supervisors. Disciplinary action for violation of, or non-compliance with, safety and loss prevention rules, policies and/or procedures (including but not limited to the Employee Procedure for On-The-Job Injuries, Supervisor Procedure for On-The-Job Injuries, Supervisor's First Report of Injury, the Motor Vehicle Operations Policy, the Employee Safety Committee Policy, and departmental safety policies and procedures) shall be implemented in accordance with these Personnel Rules and Regulations. (PBA 11-8-82) (PBA 12-10-90) (PBA 9-10-01)

Sec. 12-30.  (2)  **Employee Responsibility:**

    (a)  Employees are responsible for their own safety and are expected to satisfy themselves before starting any job that can be done safely under existing conditions.  They must not take chances or permit associates to do so.

    (b)  Employees are expected to conduct all job duties in a safe working manner in order to prevent property damage and personal liability losses due to their own negligence.

    (c)  Employees are responsible for assisting others in avoiding the above losses by bringing loss producing situations and/or unsatisfactory working conditions to the attention of their co-workers and/or supervisors.

Sec. 12-30.  (3)  **Supervisor Responsibility:**

    (a)  Supervisors at every level, from department heads down, are responsible for safeguarding the lives and health of the individuals under their supervision and for the prevention of loss, damage, and destruction of City property. (PBA 9-10-01)

page revised 9/01

DOTHAN/Martin & Brackin 5350
CONFIDENTIAL Subject to
Protective Order

(b)    Supervisory employees are particularly responsible for the training, performance, and behavior of employees under their supervision.

(c)    Prompt disciplinary action shall be administered whenever a department head or supervisor determines that an employee has neglected required safety practices, deliberately disobeyed safety rules, or through unsafe acts endangered his/her own health or safety and/or the health or safety of others.

Sec. 12-40.    **City Vehicle Accidents:** The Motor Vehicle Operations Policy, incorporated herein by reference, shall be followed whenever any City vehicle is involved in an accident.  (PBA 9-10-01)

Page revised 9/01

DOTHAN/Martin & Brackin 5351
CONFIDENTIAL Subject to
Protective Order

Sec. 12-50.     **Worker's Compensation:**  Any employee who is injured in any manner or degree while on duty or serving in the line of duty shall immediately notify his/her supervisor of such injury.

Sec. 12-50.     (1)     Employees injured on the job and supervisors of employees injured on the job shall follow "Employee Procedure for On-The-Job Injuries" and "Supervisors Procedure for On-The-Job Injuries". Copies of these procedures are available in the Employee Health Clinic.

Sec. 12-50.     (2)     All on-the-job injuries shall be investigated for the purpose of preventing accidents of the same or similar type and to insure compliance with the safety rules and policies in accordance with the Employee Safety Committee Policy and/or the Vehicle Operations Policy and various department safety and loss prevention policies. The results of these investigations and recommendations for prevention of future injuries and loss shall be reported to the City Manager and Department Heads. (PBA 11-8-82) (PBA 12-10-90) (PBA 9-10-01)

Sec. 12-60.     **Employee Group Insurance:**  For details concerning insurance coverage, refer to the "Group Insurance Plan for Employees of the City of Dothan" or contact the Insurance staff in the Personnel Department.

Sec. 12-70.     **Returning to Work After Serious Off the Job Injury/Illness:**  If an employee is hospitalized or under the care of a physician which requires a physician's recommendation as to when the employee should resume normal activities due to an illness and/or injury off the job, the employee shall present himself/herself in the Employee Health Clinic prior to returning to work. The employee shall not be allowed to return to work without the proper "Return to Work" form (#165) from the Clinic.

---

*NOTE:  The intent of this rule is to provide medical assistance to those employees that are returning to work after a serious illness and/or injury that required extensive treatment; i.e. surgery or recovery from a heart attack, etc. There is no intention in the scope of this rule to take any adverse action against a City employee. This rule is only intended to provide health assistance to our employees.*
*(PBA 12-16-85)*

---

DOTHAN/Martin & Brackin 5352
CONFIDENTIAL Subject to
Protective Order

## REGULATION XIII - CREDIT UNION

Sec. 13-10.    Alabama Telco Credit Union and Five-Star Credit Union are financial service organizations available to all City employees. They provide savings and loan arrangements that assist all their members in saving or borrowing money at reasonable rates. A City employee may become a member of the credit unions by contacting the respective credit union office. Payroll deductions for savings and repayment of loans may be authorized by the employee.

DOTHAN/Martin & Brackin 5353
CONFIDENTIAL Subject to
Protective Order

REGULATION XIV - PERSONNEL BOARD REGULAR MEETING DATES

Sec. 14-10.    Regular monthly and special called meetings of the Personnel Board shall be held on dates and times at public meeting rooms as directed by the Personnel Board.  Notice of said meeting will be posted on all City Public and Department Bulletin Boards. (revision authority: Section 8, City of Dothan Civil Service Act, PD 1-7-91)

DOTHAN/Martin & Brackin 5354
CONFIDENTIAL Subject to
Protective Order

REGULATION XV - AMENDMENT OF PERSONNEL RULES

Sec. 15-10.    Amendments and revisions to the Personnel Rules may be initiated by the Personnel Director, the Personnel Board, any department head, or the City Commission. Before becoming effective, such amendments or revisions shall be posted on a bulletin board to be designated by the Personnel Director, shall be given a public hearing, and shall be approved by the Personnel Board. Amendments and revisions shall become effective when approved by the Personnel Board.

DOTHAN/Martin & Brackin 5355
CONFIDENTIAL Subject to
Protective Order

## REFERENCES

Detailed references may be found in the following documents which are available in all City departments.

"The Civil Service Act of Dothan", Act No. 273, Alabama Law, dated August 7, 1947, as amended.

"The City of Dothan Pension and Retirement System", Act No. 103, Alabama Law, dated June 18, 1953, as amended.

"Group Health Care Plan City of Dothan".  Effective October 1, 1993, as amended.

"City of Dothan Drug and Alcohol Testing Policy,"  Personnel Board Action March 11, 1996 City of Dothan Policy #51, as amended.

DOTHAN/Martin & Brackin 5356
CONFIDENTIAL Subject to
Protective Order