
PLAINTIFF'S EXHIBIT 6

APR 1 2 2004

**A – ADVANTAGE BONDING, Inc.**
**109 East Adams Street**
**Dothan, Alabama 36303**

April 6, 2004

To:    Honorable Rose Gordon, Presiding Municipal Judge
        Nancy Martin, Municipal Court Administrator
        Jerry Corbin, Dothan City Manager
        Kai Davis, Personnel Director

## Employee and Department Complaint

This letter is to serve as notice of complaint against the City of Dothan Magistrate Office Procedures and Lavera McClain, City of Dothan Employee. This complaint is being filed on several issues and they are as follows:

- **(A)** Court Docket Procedures
- **(B)** Bond Forfeiture Procedures
- **(C)** Bondsman Process Issuing Procedures
- **(D)** Warrant Recall Procedures

### (1) Court Docket Procedures:

The surety on a defendants bond has the right to be notified of when his/her client is scheduled for court. In the past couple of weeks we have not been able to do this because every docket that is run will only consist of the defendants name, officers name, and the witness on the case against the defendant. The surety of the defendant is not listed which causes major problems:

- **(A)** The surety, or at least A – Advantage, notifies our clients of his/her next scheduled court appearance. This notification is based upon our receiving a timely court docket which lists the surety on each case. This procedure allows our staff advanced notice of clients who can not be contacted , which allows time to locate and if necessary take defendant into custody and prevent bond forfeitures, which in turn saves the City of Dothan Magistrate staff time.

(B) Without the proper notification to the surety, it can cause additional work on the Magistrate Office and Police in the processing of paperwork, serving of paperwork on surety, the arrest of the defendant which could cause them to loose their job and additional monies that could have been paid on their original fines and costs.

## (2) Forfeiture Procedures:

(A) Over the past few months, A-Advantage Bonding, has had several forfeitures Served by the City of Dothan that were issued in error.
In criminal cases once a defendant has plead guilty or if the court has announced judgment in that case, the surety is relieved from all obligation in that case. The surety has no jurisdiction over the Defendant. Recently A – Advantage has been served bond forfeitures where defendants have plead guilty and the defendant was released on a payment agreement or to provide the Court with a Certificate of Compliance with CRO Program. (NOTE: Which the court should do). The defendant would fail to pay or cooperate with the CRO which would trigger the alias warrant of arrest. Not taking time to review the file, the Magistrate will issue a conditional bond forfeiture which was not to be issued. Some examples are:

| | |
|---|---|
| **MC 03-448** | **Matthew Hertzfeldt** |
| **TR02-13920** | **Timothy McQuary** |

By the Magistrate Staff not reviewing the file and assuming, it has triggered a lot of unnecessary work by City of Dothan Magistrate, Police, Court and Surety.

A mere review of the court file would prevent this from occurring.

## (3) Bondsman Process Procedures:

(A) Except in emergency situations, the surety must have a bondsman process in hand. This serves as the bondsman arrest warrant. Often times A-Advantage Bonding has applied for Bondsman Processes to apprehend a Defendant and not received them for months.

(B) When contacting Magistrates Office for information concerning the bondsman process, the answer you get is you will have to speak with Lavera McClain. Ms. McClains answer is I will get to when I can.

(C) March 17, 2004 Forfeiture Court Hearing: all bonding companies were asked to sign a letter that if money is owed on outstanding Forfeitures and not not paid by noon on March 19, 2004, two days, then that company authority to sign bonds would be revoked. At Houston County bond companies are given a 30 day notice, and in my opinion, the surety should be given the same consideration by the City of Dothan.

(D) March 17, 2004: A – Advantage Bonding staff went to Laver Hill Subdivision to see if by chance Anthony Cipolloni was at his mothers residence. On arrival at the residence information was provided by a reliable informant that the defendant was in the home. In order to enter the residence a bondsman process was required. A – Advantage staff called Ms. McClain and requested a Bondsman Process so they could enter the residence in order to take defendant into custody and surrender to the Chief of Police. A – Advantage staff was told by Ms. McClain that they would have to wait because she had an appointment. When staff asked for someone else to do the process the reply was McClain was the only one who could do it. After some heated exchange and a long delay the process were issued and defendant taken into custody.

(E) Listed below are some cases on bond forfeitures we responded to with application for a bondsman process and as of this date no bondsman process issued and received. Some of the listed cases are already appearing on the bond forfeiture docket and sureties time clicking:

MC 99-873, TR 02-382, TR 03-5985, TR 99-8574, MC 00-617, MC 01-250, MC 02-2578, MC 02-2702, MC 03-129, MC 03-1528, MC 03-1870, MC 03-1938, MC 03-1920, MC 03-2066

(List not all inclusive)

(F) March 17, 2004 Pay by list: One of the names listed on the pay by sheet issued by the City of Dothan Magistrate on March 15, 2004 was Michael McCord, MC 2003 – 895 in the amount of $ 750.00. When research was performed by A – Advantage Staff we could not find where A – Advantage ever made a $ 750.00 bond for this defendant. When we spoke with Magistrate Staff via telephone we found that the information concerning the defendant in the court system did not match the information in the jail system. After the phone call a personal visit to the Magistrate Office was made and spoke to Ms. McClain personally. When the errors were pointed out she marked over the $ 750 and wrote $ 500. The court computer reflected a McCord who worked at Farley and lived in Brentwood being arrested for theft of property and failing to appear in court, the jail computer showed a Cottonwood residence with a different date of birth and social security being arrested under the same case number. When this was pointed out to Ms. McClain she said we were to get the McCord who lived in Brentwood and worked at Farley. It was pointed out again the questions and she refused to look into the matter. We then went to the Police Department and Courtroom where no resolution was found. It was then that we spoke to Mary Beth Brackin who took the time to look into the matter and resolved the issue.

THE ISSUE: The McCord that Ms. McClain said for us to arrest has only had a speeding ticket in Dothan. The arrest was placed under his name. He is employed with Farley Nuclear Plant and enjoys a security clearance. Had he been arrested, the legal implications for the City of Dothan and A – Advantage Bonding would have been tremendous. A mere check into the information provided would have solved this problem as Ms. Brackin took the time to perform. Ms. McClain did not care to take the time to check.

CLOSING:   The staff of A – Advantage Bonding has been informed that all issues to be resolved must be done in writing and not verbal, and that is the purpose of this complaint.

In all Alabama State Courts, District and Circuit, we are on-line with the court system and have access to review the files. In the City of Dothan, we are not on line with the court and do not have the luxury to review the files. (They are public yet Dothan refuses to allow them to be reviewed). A simple resolution to being on line with the courts would simplify a lot of these issues.

We are further concerned over the attitude that Ms. McClain often time exhibits towards staff. In her defense it could be that she is overwhelmed with the responsibility she has. The City of Dothan staff is encouraged to review her responsibilities and / or duties to see if everyone is being served to the utmost capacity.

We will be awaiting your reply on this serious matter.


Respectfully,

**A – Advantage Bonding, Inc.**

*[signature]*

Rickey Stokes, President

*[signature]*

Tim Dickerson, Operations Manager

*Lavera working on these 4/13/04*

# A – Advantage Bonding, Inc.

## MEMORANDUM



**TO:** City of Dothan Magistrate Office
Lavera McClain
Nancy Miller
**FROM:** Rickey Stokes, President
**DATE:** April 13, 2004
**RE:** Bondsman Process

The following forfeitures are listed on the May docket and as of this writing we have not received bondsman process.

| | | |
|---|---|---|
| MC | 2003 – 2555 | Larry Banks |
| MC | 2003 – 2575 | Tamara Childress |
| MC | 2003 – 2576 | Tamara Childress |
| MC | 2003 – 1530 | Heath Earwood |
| MC | 2003 – 1531 | Heath Earwood |
| MC | 2003 – 1875 | David Kilpatrick |
| TR | 2002 – 8729 | Corey Skinner |
| TR | 2002 – 8730 | Corey Skinner |
| MC | 2003 – 1098 | Schella Zellars |

Without bondsman process we can not pick up the defendant.

Thanks