

**JUDICIAL DEPARTMENT**
**City of Dothan**
**(334) 615-4142 – Office**
**(334) 615-4149 – Facsimile**

## INTEROFFICE MEMORANDUM



| | |
|---|---|
| **TO:** | Ms. Kai Davis, Personnel Director |
| **FROM:** | Rose Evans-Gordon, |
| | Municipal Court Judge |
| **DATE:** | July 8, 2004 |
| **SUBJ:** | Follow-Up to June 8, 2004 Employee Counseling Memo |

My concern regarding the stat of affairs at the Magistrates' Office continues to deepen steadily. I requested that Ms. Martin address the problems outlined in my memo dated June 8, 2004 with all due haste, but I have been sadly disappointed in my expectation of actions on her part.

Ms. Martin continues to apply discipline and personnel rules in an arbitrary and capricious manner. The daughter of one of our magistrates was diagnosed with a tumor which required an additional biopsy to determine the extent of surgery required to remove all of the cancerous growth. This magistrate advised Ms. Martin of the aforementioned facts and requested to be allowed to take the day of the second biopsy off from work to attend to her daughter. The employee was advised that she would have to return to work immediately upon her daughter leaving the surgical facility, and furthermore, would be required to bring a note from her daughter's surgeon advising the length of the procedure. The employee, not knowing the extent of the surgical procedure needed until after the second biopsy, advised Ms. Martin that she might not be able to work on the day following the surgery, whereupon Ms. Martin told the employee that if she was not at work on that date, she would be written up. My secretary (our payroll clerk) advised Ms. Martin that this was not acceptable according to Personnel Regulations and advised Ms. Martin of the location of the pertinent rules in our Employee Handbook. Last week another magistrate called in with the news that her husband's niece had been diagnosed with toxic shock syndrome and would need to seek treatment for this in Birmingham, AL. This magistrate was granted four (4) days of leave time to assist with the care of the niece. This one example seems to make it alarmingly clear that different magistrates are treated very differently when it comes to leave time.

Ms. Martin's ability to interact successfully with attorneys both within the City and those not employed by the City has not approved appreciably since my counseling session with her. A stand-out example of this involves an incident in which a magistrate in the Courtroom took offense at a remark made by the City Prosecutor during a trial and called Ms. Martin to complain. Ms. Martin took the magistrate's comments at face value and without any further investigation took the City Prosecutor to task for her remark. Ms. Martin's comments to the City

DOTHAN/Martin & Brackin 1142
Confidential Subject to Protective
Order

Prosecutor were unprofessional enough by themselves, but Ms. Martin has consistently refused to speak to this attorney in the Courtroom or elsewhere since this incident, creating an extremely tense atmosphere for all who must work with the Court.

*reviewed*

Ms. Martin took it upon herself to inform the employee whose evaluation she re-did at my request that she (Ms. Martin) did not appreciate having been "forced" to change this evaluation and that it would not happen again. This was something that the employee had no knowledge of and which came as quite an unpleasant shock to her. Remarks like this do not contribute to a pleasant working environment for the employees of this department and are counter-productive to the job performance that I expect from departmental employees.

DOTHAN/Martin & Brackin 1143
Confidential Subject to Protective
Order