# CONFIDENTIAL



# JUDICIAL COURT DEPARTMENT INVESTIGATION

## TICKET FIXING/BRADLEY PHELPS

DOTHAN/Martin & Brackin 1428
Confidential Subject to Protective Order

# Dothan Police Department

## MEMORANDUM

**FROM** : Sergeant I. Keith Gray

**TO** : Chief John R. Powell

**DATE** : May 2, 2005

**SUBJECT** : JUDICIAL COURT DEPARTMENT INVESTIGATION
UNIFORM TRAFFIC CITATION/BRADLEY THOMAS PHELPS

This is to inform you of the results of the Internal Affairs Investigation which began on March 3, 2005 involving City of Dothan employees Mary L. Turner. Municipal Court Judge Rose Evans-Gordon initially met with Captain Steve Parrish when she learned of allegations of misconduct, and Parrish assigned me the case. Judge Gordon later informed me of the complaint and requested it be investigated.

The complainants Patricia Phelps and her son juvenile Bradley Phelps alleged that Ms. Turner "fixed" a ticket for him, and later threatened him with the reappearance of the ticket when he failed to complete repairs to Turner' personal property. Bradley Phelps was once employed by Mary Turner's husband Kevin Turner. Further Bradley stated that he was issued a traffic citation on April 14, 2003 by Dothan Police Sergeant Anthony Westberry for speeding. Bradley asked Kevin if he could have Mary to "take care of the ticket." According to Bradley she agreed and he had not received any paperwork to the contrary. Several months later Kevin was incarcerated. In the month of June of 2004 Mary asked Bradley to repair the roof on her trailer as compensation for not being held accountable for the citation. He agreed, and began the job with the assistance of his father Robert Phelps, but they did not complete the work fast enough to suit Ms. Turner. She threatened to reinstate sanctions of the citation against him due to him not completing the job. Months later Bradley was arrested on an alias warrant as a result of the threat she had made. Bradley later complained to Municipal Court Judge Rose Evans-Gordon who continued his court case in order that the allegations may be investigated. Patricia Phelps retained an attorney, Thomas Smith, to represent Bradley. During this investigation Ms. Phelps informed me that as proof of prior impropriety on Ms. Turner's part, she explained that her other son Stephen has also had a traffic citation "fixed" by Ms. Turner. (See Internal Affairs Case Number IA-05-03-07).

**Statement of Patricia Phelps on March, 8 2005**
Ms. Phelps stated that her son Bradley received a traffic ticked while employed at "Vital Signs" which is Kevin Turner's business. She said that Kevin and Bradley were due to leave town on business and she reminded Bradley about the ticket. Patricia was told by Bradley and Kevin that Mary Turner was going to "take care of the ticket." Patricia called the magistrate's office and checked to see if Bradley was on the docket for court appearance date sited on the ticket which was June 3, 2003, he was not. She then assumed that the ticket was, "taken care of" since the person she talked to could not find the ticket entered into the computer. She stated that she never thought anything else about the ticket, nor did she ever

DOTHAN/Martin & Brackin 1429
Confidential Subject to Protective Order

receive any notices to appear in court for Bradley. Patricia further stated her husband Robert and son Bradley went to Mary's rental property and worked on the roof sometime around the first of July 2004. They explained to her (Patricia) that they put a tarp and bricks on the roof temporarily until the rain stopped. Approximately one week later, around July 4th, the Phelps' were having a birthday party and cooking out when Mary called to talk to Patricia at her residence. She could not answer the phone and told a family member to tell Mary she would call her back. Mary called again, spoke with Patricia, and asked for Bradley. She told her that Bradley was not home and Mary told Patricia that Bradley had better come finish her roof, "or else" and hung up the phone. Mary called back a third time and spoke with Robert to tell Bradley that the ticket would resurface. Bradley later told his mother after talking with Mary that she (Mary) again said that the she was going to bring the ticket back up. Ms. Phelps began to question Bradley about the ticket, because she thought that it was paid. As I questioned Patricia further, she stated that she was not sure if Mary said the word "resurfaces" directly to her, because her husband has repeatedly said that it was what Mary told him. Patricia is certain that Mary told her something like, "remind him about the ticket, or tell him about the ticket." She remembered that Mary was angry when they had their conversation. It was Patricia's understanding also that Mary was going to pay Bradley for the work on the roof. Patricia stated that Bradley was arrested after Mary made her comments about the ticket.

**Statement of Bradley Phelps on March 9, 2005**
Mr. Phelps stated he was speeding on South Oates Street on April 14, 2003 and was given a ticket by a Dothan Police Officer (Sgt. Westberry). Bradley went to work for Kevin and told him about the ticket and Kevin told him that Mary said she would see if she could take care of it. Bradley later spoke with Mary about the ticket and she told him that she would keep continuing it, and would take care of it after it was continued.

While Bradley was employed for Vital Signs, Kevin financed a vehicle for him, and he was to make payments to Kevin on the first of each month. He did so until Kevin was arrested. He was unsure how much he had paid Kevin, but estimates that the balance was approximately $1,200.00. He stated that he began giving Mary the payment up until July 4th. Bradley explained after receiving the traffic ticket he went to Kevin's business and showed him the ticket. Further Bradley stated Kevin called Mary, who was inside of the house, and told her about the ticket. She came from the house and told Bradley that she would see what she could do about it. She had to talk to the sergeant/police officer. Approximately two weeks after this, he was working at the business and Mary told him not to worry about the ticket because it would be taken care of. Months late after Kevin's arrest, Mary called Bradley at home and asked him if he could come to her residence and bush hog and fix the roof on the trailer. He and his father went to Mary's house the week prior to July 4, 2004 and cleaned the roof off. Mary and Bradley had discussed and agreed that as compensation for all of the work, they would deduct the month's vehicle note, and she would pay him as well. He bush hogged on or around June 23rd 2004, and did not receive payment. The following week, June 27, 2004, is when he purchased tarp from Lowe's and cleaned the roof. They had planned to patch the roof on the following weekend which was the July 4th weekend, but they were preoccupied. The following weekend Mary called the Phelps' residence and told his father that she was going to make the ticket re-appear because he (Bradley) did not go and finish the roof. Bradley's father told him what Mary threatened to do, so he and a friend went to her house and Bradley spoke with her. She told him that the ticket was going to reappear, and that she wanted full payment for the vehicle. He told her that his labor was not free, and she told him that she did not think that the work that he had done was worth it. He showed her a receipt where he had purchased the tarp, and gave her eighty or ninety dollars towards the normal monthly payment of $175.00 on the vehicle, and considered their agreement

DOTHAN/Martin & Brackin 1430
Confidential Subject to Protective Order



settled. Mary wanted more money and began to get aggravated and said again that he could just look forward to the ticket reappearing. He replied, "okay do what you gotta do Mary," and as he was preparing to leave, his friend told him that he had given her the receipt and he told Bradley to get it back. After some disagreement of who was to keep the original receipt Mary gave it back to Bradley, and they left. Bradley stated that he has never received anything from the magistrate's office, nor the court regarding his appearance for the ticket. He stated he was arrested for failure to appear in court, but does not understand how he could have been arrested without receiving a notice. Later after making bond, Bradley went to the magistrate's office and spoke with Ms. Lavera McClain, in an attempt to pay the ticket. She told him that he could not pay the ticket, but must appear in court. He told McClain what Mary had told him regarding the ticket had been taken care of. McClain reiterated that he had to appear in court.

**Statement of Robert Phelps on March 9, 2004**
Mr. Phelps stated that Bradley was working for Kevin Turner at his sign company. Robert said that his son and Mary Turner evidentially became friends, because after Kevin was incarcerated Bradley would occasionally do some work for her. Additionally he stated that Mary has a little trailer behind the shop and it had an addition made onto it. From the roof Robert could see that the wood was rotted away, and water was leaking between the addition where she had just put new carpet. Mary wanted to see if they could fix the leak. He told her that they could not fix it due to other obligations, but could come back the next weekend, and she agreed. He and Bradley however, did go to Lowe's and purchased some tarp and covered the roof temporarily. On July 4th weekend, Mary called his residence and wanted them to finish the repairs. Robert told her that he was not home and she sounded as if she was mad. Mary said to Robert, "Well, you tell him to forget about the roof here, I'm gonna get somebody else and tell him a speeding ticket is gonna reappear." He told Bradley what she said, and told him that they can't go over to her house now due to the barbeque and other things they had going on. He told Bradley to call her and tell her that they may be able to come on the next day. Robert could not understand how Mary could make the speeding ticket reappear one year later. Robert said that Mary also told his wife about the ticket reappearing, stating that Mary was calling their residence constantly to make sure she got her point across.

**Statement of Lavera McClain on or about March 10, 2005**
Ms. McClain stated that Bradley Phelps came into her office and asked why an alias writ was issued for his arrest. She looked into the computer and told him that the ticket was not paid. He stated that he did not understand why it had not been taken care of because he had an agreement with Mary Turner about her "taking care of the ticket," in exchange for him fixing her roof. She told him that any agreement he had with Ms. Turner was between he and her. I showed McClain uniform traffic citation number M5532102 and asked her to look at the court dates that were recorded, and asked if anything appeared out of the ordinary. She stated, "First of all on a minor charge such as speeding; unless something out of the ordinary happens, it's not normally continued this many times." When asking her what is specifically odd about Bradley's ticket she replied, "It's continued a lot of times, shorter periods, over a longer period of time." McClain identified handwriting on the back of the citation as belonging to Turner, "09/16/03 OOT." After Bradley exited the magistrate's office, McClain said that Turner approached her and asked what he wanted. When McClain told her, Turner replied that he was just crazy and went back to her office. On October 11, 2004, the date of his arraignment, Bradley spoke with McClain again and repeated the agreement that he had with Turner. Again, McClain told him to talk to the judge on his court date.

**Statement of Stephen Phelps on April 29, 2005**
Mr. Stephen Phelps stated he received a traffic ticket in the past by a City of Dothan Police Officer and

DOTHAN/Martin & Brackin 1431
Confidential Subject to Protective Order

Mary Turner asked him to bring his copy to her. He did so and she told him that she would take care of it. He has not seen it since, nor has he been held accountable to it. He also knows that his brother Bradley received a ticket by a City of Dothan Police Officer and he showed it to him. Later on Bradley asked Stephen to help him fix the roof on Mary's trailer, but Stephen could not go. Robert went with Bradley to assist him with the repairs. Stephen stated that he was at home when Mary called their house mad, rude being snobby. Further he stated that he saw her name and phone number on their caller ID box, and could hear Mary on the phone. He said that Mary was talking loud to one of his relative as they were standing in their kitchen area.

**Statement of Sgt. Anthony Westberry on April 29, 2005**
Sgt. Westberry stated that he wrote a traffic ticket to Mr. Bradley Phelps for speeding, ticket number M5532102 on April 14, 2003. He stated that he gave a copy of the citation to Bradley and on the next day he took the citation to the magistrate's office and swore an oath to Ms. Lavera McClain. She stated he had never met Bradley prior to the traffic stop. Westberry did recall that Bradley told him that he was related to Mary Turner. Further, Westberry stated that during his conversation with Turner she did not ask him to "take care" of the citation, but she stated that Bradley was employee by her husband.

**Statement of Mary Turner on April 26, 2005**
Ms. Turner stated that she was sure that her husband called her and asked her to continue Bradley's ticket because they were working and she did. I asked her if she contacted Sgt. Westberry, and she said that at some point she did speak to him about the ticket, but he had already sworn to the ticket. She did not ask him if he could help her out with the ticket. I asked her if Bradley worked for her and she stated that she had a trailer that had a leaky roof and she asked Bradley if he and his father wanted to repair it. Her husband Kevin had recommended that she contact Bradley. She felt that Bradley might be interested because he was making payments to her on a vehicle that her husband had finance for him and she thought he might was to work the payment off. He told her that he was interested, and both Bradley and Robert cleaned the roof off, and obtained a tarp to temporarily repair her trailer due to rain. Time past by and they did not finish the repairs, so she called their residence and informed them that they did not need to finish the job because she had hired someone else to fix the roof. She also told Bradley not to forget the monthly vehicle payment less the expenses for materials and labor. Mary denied the allegations that the work was in exchange for taking care of the ticket. She stated further that when she called their residence, she spoke with Bradley's sister and father, however she did not recall speaking to Patricia on that occasion. She also denied telling Robert that the ticket would reappear if Bradley did not finish the job. She stated that Bradley came to her residence, showed her a receipt for the tarp, and they discussed the job that he and his father had done as well as the vehicle payment. Mary adamantly denied discussing that the ticket would reappear during this meeting as well.

After a complete investigation, Investigator Michael Etress, of the Criminal Investigation Division of the Dothan Police Department, obtained an arrest warrant for Mary Turner based on probable cause for the crime of Extortion in the Second Degree on April 26, 2005. It is more likely than not that Mary Turner violated the following:

**MAJOR OFFENSES**
Personnel Rule, Regulation III, Sec. 3-43. (12) "Acceptance of gratuities for personal favors or personal gain as defined by the ethics laws of the State of Alabama.
**VIOLATION OF ALABAMA CRIMINAL CODE SECTION**
13A-8-15 Extortion in the Second Degree.

DOTHAN/Martin & Brackin 1432
Confidential Subject to Protective Order

**SMITH & McGHEE, P.C.**
P.O. Box 1225
211 W. Main St. Suite 2
Dothan, Alabama 36301
Office (334) 702-1744
Fax (334) 673-1744

Thomas S. Smith
Shaun McGhee

___

February 18, 2005

Hon. Rose P. Evans-Gordon
Municipal Court Judge
210 N. St. Andrews St.
Dothan, Alabama 36303

Re: City of Dothan vs. Bradley Thomas Phelps, TR003-439

Dear Judge Gordon:

I would like to schedule a meeting between you, a city prosecutor (I have mentioned the issue in this case to Ashton), myself and Mr. Phelps to discuss some disturbing aspects of this case.

Apparently Mary Turner has unilaterally reinstated the charge against Mr. Phelps that was "taken care of" due to a dispute between her and the defendant. If Mr. Phelps can be heard in an informal setting, it may go a long way to resolving this matter.

Sincerely,

Thomas S. Smith

TSS/hal

DOTHAN/Martin & Brackin 1433
Confidential Subject to Protective Order

**ORIGINAL**

## DOTHAN POLICE DEPARTMENT
### Internal Affairs Division
### Report of Complaint Form PD 15

Date: 3-8-05   Time: 0900   How was complaint made: Phone   In Person   Letter

Complainant's Name: Evans-Gordon   Rose
             Last              First              Middle

Date of Birth: _____ Age: ___ Sex: ___ Race: ___ S.S.#: ___-___-___

Driver's License #: _____ State: ___ Complainant arrested?  YES   NO

Home Address: _____
                                          City     State     Zip Code

Business Address: _____
                                          City     State     Zip Code

Home Telephone: ___-___-___   Work Telephone: ___-___-___

Name of Employee involved in incident: Mary Turner   I.D.#: ___

Sex: F   Race: W   Division Assignment: Judicial Dept.   Squad: ___

### COMPLAINT ALLEGATIONS

Date of Incident: 9-11-04   Time: 1230   Location: _____

### COMPLAINANT'S NARRATIVE

On the above date Captain Steve Parrish asked me to contact Judge Rose Evans-Gordon about alleged misconduct involving Magistrate Mary Turner. A defendant, Bradley Phelps, while in court accused Ms. Turner of "Ticket Fixing" then she had him arrested for not completing a repair of her personal property.

DOTHAN/Martin & Brackin 1434
Confidential Subject to Protective Order

Police Officer's Name: Westberry 339

| State of Alabama<br>Unified Judicial System<br>FORM UTC 3 Rev 3/82 | UTC TRANSMITTAL FORM<br>FOR MUNICIPAL COURTS | UTC Control<br>Page 1 of 1 pages |
|---|---|---|

TO: (Court Name & Address)

Court Name: City of Dothan Municipal Court  615-4150

Address: 200 N. Saint Andrews Street, Suite 3

Dothan, Alabama 36303

FROM: (Law Enforcement Name & Address)

Agency Name: City of Dothan Police Department  615-3000

Address: 210 N. Saint Andrews Street

Dothan, Alabama 36303

| SER | UTC NUMBER | DATE ISSUED | D.L. ATTCH | COURT CASE NUMBER (TR) YEAR | NUMBER | REMARKS |
|---|---|---|---|---|---|---|
| M | 5532101 | 4-14-03 | | | 4389 | Brandon Trawick |
| M | 5532102 | | | | 4390 | Bradley Phelps |
| M | 5532103 | | | | — | VOID |

DATE: MONTH 4 / DAY 15 / YEAR 03

COURT ID: AL 0 3 8 0 2 1 J

The above listed traffic tickets are received for court action.

Received by: LaVere McC___

Original - Court     Copy - Police Agency

DOTHAN/Martin & Brackin 1435
Confidential Subject to Protective Order

# ALABAMA UNIFORM TRAFFIC TICKET AND COMPLAINT

FORM UTC-1 REV. 3/97

COURT CASE NO. TR03-4390

ALABAMA, COUNTY OF: Houston
CITY TICKET NUMBER: M 5532102

The undersigned, being duly sworn, deposes and says that he/she has probable cause to believe and does believe that the person herein named did, within the previous 12 months, commit the offense set forth contrary to law in that on or about:
- Month/Day/Year: 04/14/03
- Time: 4:19 PM
- Type Vehicle: Private

**Name:** Bradley Thomas Phelps
**Address:** 1204 Providence Rd
**City:** Slocomb **State:** AL **Zip:** 36375
**State:** AL **Driver's License Number:** 7263105
**Sex:** M **Race:** W **DOB:** 12/07/85
**Ht:** 509 **Wgt:** 140 **Eyes:** GRN **Hair:** RED
**Vehicle Tag Number:** 38D012Z **State:** AL **Year:** 03
**Vehicle Description:** 94 Chevrolet Camaro y/lw
**Owner of Vehicle:** Driver

Did unlawfully operate a motor vehicle, other vehicle, at or near S Oates St @ Garland St within the city limits of Dothan

Municipal Ordinance No. 62-1, adopting Section 32-5A-171

CHECK THE APPROPRIATE BLOCK:
1. ☒ Speeding 51 MPH 30 Speed Limit

**Complainant's Signature:** [signature]
**Officer ID:** 339 **Agency ORI:** AL 0380100
**Verified and Acknowledged before me this date:** Laura McCl__ 4/15/03
**Municipal Court:** Dothan **Phone:** 334 615-4150
**Court Appearance Date:** 06/03/03 **Time:** 10:00 AM
**Court Address:** 210 N St Andrews St
**Defendant's Signature:** Bradley Phelps
☒ Released on Own Recognizance

COMPLAINT AND AFFIDAVIT 0703-3609

TICKET # M 5532102

---

I HEREBY CERTIFY THIS TO BE A TRUE AND ACCURATE COPY OF THE ORIGINAL DOCUMENT.

[signature]
Notary Public
My Commission Expires: 4/6/09

DOTHAN/Martin & Brackin 1436
Confidential Subject to Protective Order

| Code | COURT RECORD | COURT CASE NUMBER |
|---|---|---|
| 0SS021 | | 03-4390 |

☒ MUNICIPAL COURT OR ☐ DISTRICT COURT OF: **DOTHAN** COUNTY  TICKET NUMBER: M5532102

**DEFENDANT'S NAME:** Bradley Phelps  **CHARGE:** SPE 51/30

**CONTINUED TO:** 09/16/03  **REASON:** OOT AW04-4545
**2ND CONTINUANCE:** 07/31/04  **REASON:** Cont. 7-27-04 @ 9AM

| UTC-6A MAILED | NEW COURT DATE | UTC-6B ISSUED | UTC-6B CLEARANCE |
|---|---|---|---|
| 10/28/03 | 11/18/03 | | |

| WARRANT ISSUED | BOND SET $ / CASH DEPOSITED $ | WARRANT SERVED | WARRANT RECALLED |
|---|---|---|---|

| CONDITIONAL BOND FORFEITURE ORDER ISSUED | | BOND FORFEITURE ORDERED FINAL | |
|---|---|---|---|

**ATTORNEY FOR DEFENDANT:** Tom Smith

CHECK IF APPLICABLE: ☐ Defendant informed of right to counsel  ☐ Voluntarily waived counsel  ☐ Defendant found indigent, counsel appointed

**PLEA OF DEFENDANT (CHECK ONE):**
1 ☐ Guilty as charged   2 ☐ Guilty of   3 ☐ Not guilty

**ADJUDICATION (CHECK ONE):**
1 ☐ Guilty as charged   2 ☐ Not guilty   3 ☐ Guilty of   4 ☐ Nol prossed   5 ☐ Dismissed

**ORDERS OF THE COURT**

| FINE $ | COURT COSTS $ | TOTAL FINE AND COURT COSTS $ |
|---|---|---|

**ADDITIONAL PENALTIES / FEES / COSTS**

| HEAD INJURY DUI $ | CRIMINAL HISTORY DUI $10.00 | CRIME VICTIMS (DUI/RECKLESS DRIVING) MISDEMEANOR (MINIMUM $25.00) $ |
|---|---|---|

| HOUSING & MAINTENANCE $ | MEDICAL $ | ATTORNEY RECOUPMENT $ | RESTITUTION $ | PARTIAL PAYMENTS AUTHORIZED FOR $ |
|---|---|---|---|---|

☐ JAILED  M D Y   DAYS___ RELEASED ☐  M D Y   LOCATION

☐ SENTENCE SUSPENDED ___DAYS ___MONTHS  ☐ PROBATION ___DAYS ___MONTHS  ☐ COMMUNITY SERVICE ___DAYS ___MONTHS

☐ TRAFFIC SAFETY PROGRAM M D Y   ☐ SUBSTANCE ABUSE EVALUATION   ☐ COURT REFERRAL PROGRAM COMPLETED M D Y

COURT ORDERED LICENSE SUSPENSION ___DAYS ___MOS.  ☐ CONSECUTIVE ☐ CONCURRENT  LICENSE SURRENDERED TO COURT M D Y  RECEIVED BY

CONFIDENTIAL: ☐ NO ☐ IF YES: ☐ Juvenile ☐ Youthful Offender

Trial 9-16-03

10-28-03 10AM

| DISPOSITION DATE M D Y | SIGNATURE OF JUDGE/MAGISTRATE |
|---|---|

| CASE APPEALED M D Y | APPEAL BOND $ | CIRCUIT COURT CASE NUMBER |
|---|---|---|

ARRESTING AGENCY (TYPE OF ARREST): ☐ STATE ☐ COUNTY ☐ MUNICIPAL

| CASH RECEIVED FROM | RECEIPT # | AMOUNT $ | DATE M D Y |
|---|---|---|---|
| NAME AND TITLE | | | |

LICENSE ATTACHED: ☐ YES ☐ NO    DPS RECEIVED LICENSE ☐ YES ☐ NO

**COURT ACTION AND DISPOSITION**

I HEREBY CERTIFY THIS TO BE A TRUE AND ACCURATE COPY OF THE ORIGINAL DOCUMENT.

_[signature]_
Notary Public
My Commission Expires: 4/6/09

DOTHAN/Martin & Brackin 1437
Confidential Subject to Protective Order

04-3721

<AWI>

STATE OF ALABAMA                                         ALIAS WARRANT NUMBER

[UNIFI]ED JUDICIAL SYSTEM         **ALIAS**              AW   404545
HOUSTON COUNTY              **WARRANT OF ARREST**        CASE NUMBER
ALABAMA                                                  IN TR 03 0004390
IN THE MUNICIPAL COURT OF DOTHAN, ALABAMA

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

BRADLEY THOMAS PHELPS, having been arrested and/or cited for the offense of

   SPEEDING(UNAGGRAV-OJ
   MUNI CRT CST TRAFFIC

and released on bail or own recognizance to appear in the Municipal Court of the City of Dothan, 07/27/2004 If, to answer to the said charge, and having failed to appear in said court on said day; you are therefore, commanded forthwith to arrest said defendant, BRADLEY THOMAS PHELPS,
and commit to jail unless he or she gives sufficient bail, to appear in said court on said charge, and make return of this alias warrant according to law.

The Defendant may be released on bail upon his or her entering bond in the amount of $ 300.00 dollars, with at least two good sureties approved by an authorized officer of by depositing cash or negotiable bonds of the U.S. or the State of Alabama in the above amount with the court clerk.

WITNESS MY HAND THIS DAY 7/29/04    BY: _Eunice Knight_
                                        JUDGE/MAGISTRATE

ORIGINAL

### DEFENDANT IDENTIFICATION

NAME: BRADLEY THOMAS PHELPS  SSN:   D.O.B: 12/07/1985  RACE: W  SEX: M
[AG]E:    HEIGHT: 5ft09in  WEIGHT: 140  HAIR: BRN   EYES: GRN
LAST KNOWN ADDRESS: 1204 PROVIDENCE RD  CITY: SLOCOMB  STATE: AL  ZIP: 36375
EMPLOYER:   EMPLOYER ADDRESS: :  CITY:   STATE:   ZIP:
DL: AL 7263105
VEHICLE YEAR: 0000 MAKE: 94 CHEV CAMARO  MODEL:   TAG NO. AL38D102Z
OTHER

### ARREST INFORMATION
### CITY OF DOTHAN
### VS.
### BRADLEY THOMAS PHELPS

### CERTIFICATE OF EXECUTION

I have executed this warrant by arresting the within named Defendant BRADLEY THOMAS PHELPS On this date, __Sept. 11__, __2004__, at __1305__ o'clock ___ a.m. _X_ p.m. and:
_X_ Committing to jail      ___ Admitting to jail

Remarks: _____
_K. Mullp_  659
OFFICER'S SIGNATURE   I.D. NUMBER

DOTHAN/Martin & Brackin 1438
Confidential Subject to Protective Order

 

# The City Of Dothan
# Municipal Court

Honorable Rose Evans-Gordon
Municipal Judgte

Nancy Martin
Municipal Court Administrator

FROM:     Judge Rose Evans-Gordon

TO:       Mary Turner

DATE:     March 10, 2005

SUBJECT:  **ADMINISTRATIVE LEAVE**

Effective immediately, you are hereby placed on Administrative Leave pending an Administrative investigation. You are to have no contact with any municipal court employees. If you are contacted by any municipal court employees, you are to notify Judge Gordon immediately.

You are further directed to surrender all keys and passes to municipal court facility and its equipment.

_____
Rose Evans-Gordon
City Judge

lw

cc: Personnel Director

____3.10.05____
DATE AND TIME SERVED


_____
INTERNAL AFFAIRS

Post Office Box 2128
Dothan, Alabama 36302-2128
(334) 615-4150
(334) 615-4142
Fax (334) 615-4149

DOTHAN/Martin & Brackin 1439
Confidential Subject to Protective Order




# The City Of Dothan
# Municipal Court

Honorable Rose Evans-Gordon
Municipal Judgte

Nancy Martin
Municipal Court Administrator

| | |
|---|---|
| **FROM** | : Rose Evans-Gordon, Municipal Court Judge |
| **TO** | : Mary Turner, Municipal Court Magistrate |
| **DATE** | : March 10, 2005 |
| **SUBJECT** | : **INTERNAL COMPLAINT** |

Be advised that an **Internal Affairs Administrative Investigation** is now underway, and you are the **subject** of this investigation. You are hereby directed to attend an administrative investigation interview, which will be held at the Dothan Police Department in the Chief's Conference Room on Tuesday, March 15, 2005 at 9:00 AM. Failure to attend may result in disciplinary action.

You are now being directed not to speak with anyone, other than your attorney about this investigation until it is completed.

You will be notified of the disposition of this investigation when it is concluded.

I have received a copy of the administrative investigation interview notice.

_____   3.10.05   9:00 AM
Member Signature              Date/Time

Witness: _____   Witness: _____

Post Office Box 2128
Dothan, Alabama 36302-2128
(334) 615-4150
(334) 615-4142
Fax (334) 615-4149

DOTHAN/Martin & Brackin 1440
Confidential Subject to Protective Order

# Dothan Police Department

## M E M O R A N D U M



**FROM** : Sergeant I. Keith Gray

**TO** : Lieutenant Roy Woodham

**DATE** : March 15, 2005

**SUBJECT** : **INTERNAL COMPLAINT**

On March 3, 2005, Captain Steve Parrish assigned me to investigate allegations of misconduct, which were made by Bradley Phelps against Municipal Court Magistrate Mary Turner. During the course of my administrative investigation I discovered the possibility of further misconduct on behalf of Municipal Court Magistrate Mary Beth Brackin and Corporal Eric Duhaime. I became concerned that the possibility of unethical behavior, which is criminal in nature, may exist. I met again with Captain Parrish as well as other officials and it was decided that a criminal investigation be launched, and the administrative investigation be suspended. This memorandum serves as a request for the Criminal Investigation Division to investigate the allegations made by Bradley Phelps and report your findings back to the Professional Standards and Inspections (Internal Affairs) Division.

I. Keith Gray, MS
Internal Affairs Division

*RW. 346 assigned 3/15/05*

DOTHAN/Martin & Brackin 1441
CONFIDENTIAL Subject to
Protective Order




# The City Of Dothan
# Municipal Court

Honorable Rose Evans-Gordon
Municipal Judgte

Nancy Martin
Municipal Court Administrator

April 12, 2005

Dept. of Public Safety
Legal Division
Mr. Jack Curtis
301 South Ripley
Montgomery, AL 36102

Re:   Bradley Thomas Phelps   DL: 7263105   UTC: M5532102

Mr. Curtis:

Mr. Phelps' driver's license has been suspended as a warrant was issued against him for failure to appear in Dothan Municipal Court. The incident in question is under investigation by the Dothan Police Department at this time. It is questionable as to whether Mr. Phelps received notice of the court date for which the warrant was issued; therefore we are requesting that his driver's license be re-instated and the reinstatement fee be waived.

Thank you in advance for any assistance that you may be able to offer in this matter. Of course, complete confidentiality in this matter is of the utmost import.

Sincerely,

Michelle Sellers
Acting Clerk of Court

COPY
Original mailed
4/12/05 mns

FAXED
4/12/05 2:00 pm
mns

Post Office Box 2128
Dothan, Alabama 36302-2128
(334) 615-4150
(334) 615-4142
Fax (334) 615-4149

DOTHAN/Martin & Brackin 1442
CONFIDENTIAL Subject to
Protective Order

Bradley Phelps



DOTHAN/Martin & Brackin 1443
CONFIDENTIAL Subject to
Protective Order