IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

NANCY MARTIN and, )
MARY BETH BRACKIN, )
 )
    Plaintiffs, )
 )
v. ) Case No. 1:05-CV-1172-MEF
 )
CITY OF DOTHAN and JUDGE )
ROSE EVANS-GORDON, )
 )
    Defendants. )

### DEFENDANTS' MOTION TO PLACE EVIDENTIARY SUBMISSIONS IN SUPPORT OF SUMMARY JUDGMENT UNDER SEAL OF COURT

Pursuant to the Protective Order entered herein on March 29, 2007, Defendants respectfully request the Court to place certain evidentiary submissions filed in support of their Motion for Summary Judgment under seal of Court, based on the following:

1.     Pursuant to the Protective Order, attached hereto as Exhibit A, the following documents shall be designated as confidential:

(a)     Plaintiffs' federal and state income tax returns;

(b)     Plaintiffs' medical records;

(c)     any document from the personnel, employment, medical or payroll files of any Defendant or any employee or former employee of Defendant City, or any document containing private or personally sensitive information pertaining to individual Defendants or individual employees of Defendant City;

(d)     any documents which reflect the City's proprietary information, audits, and/or investigations not ordinarily disseminated to Defendant City employees

or persons not employed by the City; and

(e) any Internal Affairs investigations conducted by the City.

2. Throughout the discovery process, Defendants have designated documents and testimony as confidential pursuant to the Protective Order.

3. Plaintiffs' counsel has not objected to such designation.

4. Pursuant to Paragraph 7 of the Protective Order, such documents designated as confidential shall be kept under seal by the Clerk until further order of the Court. Moreover, any use of such document or confidential information and any testimony associated with it shall be held under seal unless the Court orders otherwise.

5. Based on the foregoing, Defendants respectfully request the Court to place all of their evidentiary submissions under seal. In the alternative, Defendants request that the following be placed under Seal of Court:

- A. Affidavit of Rose Evans Gordon and Exhibits A – E, which are five Internal Affairs investigations regarding the Judicial Department;

- B. Affidavit of Kevan Kelly and Exhibits A – C which request an investigation by the Legal Department and the Dothan Police Department into a claim against the City;

- C. Lieutenant Ivan Keith Gray's deposition transcript and Plaintiffs' Exhibit 14 thereto. Lt. Gray was a police officer in Internal Affairs who conducted investigations regarding the Judicial Department. Plaintiffs' Exhibit 14 is part of a transcript from an Internal Affairs investigation;

- D. Defendants' Exhibit 6 to Nancy Martin's deposition which contains her tax return and W-2s;

E.    Defendants' Exhibits 11 – 14 to Nancy Martin's deposition which contain information on Municipal Court Defendants not normally disseminated to the public or to City employees;

F.    Defendants' Exhibit 4 to Nancy Martin's deposition which contains outrageous and spurious allegations against Defendants which are totally unsupported by any evidence. Plaintiffs' own attorney admits that Plaintiff Martin has absolutely no proof of such allegations, and such allegations in Exhibit 4 were included at the recommendation of Martin's prior counsel who has since been suspended from the practice of law. (Martin Depo. pp. 262 – 266, 297 – 299);

G.    Defendants' Exhibits 27, 28 and 29 to Plaintiff Brackin's deposition which are tax returns or W-2s for Plaintiff Brackin;

H.    Defendants' Exhibit 16 to Brackin's deposition which involves an Internal Affairs investigation; and

I.    All of Judge Gordon's deposition transcript and Exhibits thereto, including but not limited to:

(a)    Plaintiffs' Exhibit 2 which contains a Legal Department and Police Department investigation into a claim against the City by a citizen;

(b)    Plaintiffs' Exhibit 6 which is a letter from a bail bondsman which contains information about Dothan City employees and Municipal Court Defendants; and

(c)    Plaintiffs' Exhibit 8 which is an Internal Affairs transcript involving the Judicial Department.

                                    Respectfully submitted,


                                    /s/ Carol Sue Nelson
                                    Carol Sue Nelson
                                    Attorney for Defendants

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
(205) 254-1000
(205) 254-1999 (Fax)


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2007 I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

F. Lenton White, II, Esq.
City of Dothan
City Attorney's Office
P.O. Box 2128
Dothan, Alabama 36303

Joe E. Herring, Jr., Esq.
City of Dothan
City Attorney's Office
P.O. Box 2128
Dothan, Alabama 36303


                                    /s/ Carol Sue Nelson
                                    OF COUNSEL

# EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:05-CV-1172-MEF-TFM |
| ) | |
| CITY OF DOTHAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Upon consideration of the *Motion for Consent Protective Order* (Doc. 54, filed March 28, 2007) it is

**ORDERED** that the *Motion for Consent Protective Order* is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

1. This Order shall govern all documents produced by Plaintiffs and Defendants or obtained by Plaintiffs or Defendants pursuant to a subpoena in this action. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2. The following documents shall be designated as confidential:

    (a) Plaintiffs' federal and state income tax returns;

    (b) Plaintiffs' medical records;

    (c) any document from the personnel, employment, medical or payroll file of any Defendant or any employee or former employee of Defendant

City, or any document containing private or personally sensitive information pertaining to individual Defendants, individual employees or former employees of Defendant City;

(d) any document which reflects Defendant City's proprietary information, audits, and/or investigations not ordinarily disseminated to Defendant City's employees or persons not employed by Defendant City, or which an employee of Defendant would reasonably consider to be confidential;

(e) Any Internal Affairs investigation conducted by the City of Dothan; and

(f) Defendant City's submissions to the EEOC.

3. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than

(a) the parties to this action;

(b) counsel of record to any party to this Order;

(c) the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial of this action;

(d) persons retained by any party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees);

(e) deponents and court reporters in this action;

  (f)  the Court and Court personnel;

  (g)  potential witnesses or consultants, and

  (h)  outside photocopying services.

Confidential documents or information disclosed to any such person shall not be disclosed by him or her to any other person not within the foregoing subparagraphs (a) through (h) of this paragraph. No such documents or information designated as confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

4. Prior to making such disclosure of any confidential documents or information pursuant to paragraph 3, counsel for the parties in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may only be used for the purpose set forth in this Protective Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual.

5. If a question arising at a pretrial deposition calls for an answer containing information designated as confidential, or if the question contains information designated as Confidential, or if the question contains information designated as confidential, either at the deposition itself or within 30 days after receipt of the transcript thereof, counsel with an interest in protecting such information

shall notify all counsel of record that the information provided in such answer or question is considered designated confidential and shall designate such specific portions of the transcript of such deposition which shall thereafter be subject to the provisions of this Order.

6. If a party objects to the designation of any documents or information designated as confidential, counsel for the objecting party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion. The party asserting confidentiality has the burden to prove that the document deserves such treatment. If the Court determines that a party designating a produced document as confidential made the designation without a good faith basis, the Court in its discretion may order sanctions against the party making the designation.

7. This Order does not affect the parties' ability to use any produced document or information at trial. In the event that any document or information designated as confidential is included with or in any way disclosed by any pleading, motion or other paper filed with the Court, such document or information shall be kept under seal by the Clerk until further order of the Court. Any use of any such document or confidential information and any testimony associated with it shall be held under seal unless the Court orders

otherwise.

8. Within 30 days after final termination of this action, including any appeals, and upon written request of the producing party, all documents or information or extracts thereof and non-privileged notes made therefrom, shall be returned to counsel for the party who produced the documents.

9. Nothing in this Order shall prevent a party from any use of its, his or her own confidential documents.

10. The inadvertent or unintentional disclosure of any confidential information, shall not be construed to be a waiver, in whole or in part, of Plaintiffs' or any Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

11. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

DONE this 29th day of March, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE