IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF MARY BETH BRACKIN'S AFFIDAVIT

Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), respectfully move this Court to strike certain portions of Plaintiff Mary Beth Brackin's ("Brackin") affidavit submitted in the above-styled action in support of her motion for partial summary judgment. As set forth more fully below, portions of Brackin's affidavit directly contradict her unambiguous prior sworn testimony, are not based on personal knowledge, contain inadmissible hearsay, and/or do not show affirmatively that she is competent to testify to certain matters. As such, those portions of her affidavit should be stricken and not considered in support of her motion for partial summary judgment.

**A.    Portions of Brackin's Affidavit Contains Statements Not Based on Personal Knowledge, Are Irrelevant, and/or Which Constitute Inadmissible Hearsay And Must be Stricken**

1.	Brackin's affidavit is overflowing with allegations which are not based on her personal knowledge and/or are based exclusively on inadmissible hearsay. Accordingly, these portions of her affidavit are due to be stricken.

2.	For instance, in paragraph 6 of her affidavit, Plaintiff contends that she "had reservations about Ms. McClain's hire, not because she was an African American but because she had a reputation while working at the City Jail for making numerous filing and data entry errors…I believe that Lavera was disciplined because of her error rate." This Court should strike this portion of Brackin's affidavit because it does not comply with FED. R. CIV. P 56(e), which mandates that an affidavit opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Brackin's belief about McClain's "reputation" is based on hearsay and speculation. Plaintiff provides no basis for her statements. Furthermore, her own personal belief about the alleged reason for McLain's alleged discipline is insufficient to satisfy the personal knowledge requirement of Rule 56(e). Additionally, these statements constitute inadmissible opinion evidence under Rule 701. *See also* FED. R. EVID. 602; *Ferrell v. Masland Carpets, Inc.*, 2000 U.S. Dist. LEXIS 12992 (S.D. Ala. 2000)(granting defendant's motion to strike and stating mere opinion and speculation is not sufficient to satisfy the

personal knowledge standard of Rule 56(e) and 602); *McLendon v. Georgia Kaolin Co., Inc.*, 782 F. Supp. 1548, 1557-1558 (M.D. Ga. 1992)(portions of affidavits disregarded where affiants testified to something of which they had no personal knowledge); *Gihvan v. Electronic Engineers, Inc.*, 4 F. Supp. 2d 1331, 1335 (M.D. Ala. 1998)(striking portions of affidavits not based on personal knowledge); *See also DeVaughn v. City of Clanton, Ala.*, 917 F. Supp. 1318, 1320 (M.D. Ala. 1997)(portions of affidavits containing hearsay must be stricken because they fail the requirements of Rule 56(e) of Federal Rules of Civil Procedure).

3.   Likewise, in paragraphs 11 and 12, Brackin alleges that Lavera McClain did not get any better with her propensity to make data entry errors and attempts to list errors Lavera McClain allegedly made. Brackin does not describe the basis of her knowledge for these assertions or that Ms. McClain was responsible for the alleged conduct set forth in paragraph 12 of her affidavit. Moreover, in her deposition Brackin testified that she did not know everyone's work performance and did not critique what their work performance was. (Brackin Depo. p. 95:10-13; p. 26:1-8) There is absolutely no showing that Brackin is competent to testify about such issues on the basis of her knowledge. Moreover, in paragraph 13, Brackin contends that Judge Gordon refused to take any administrative action regarding these errors. Again, there is no showing that Brackin is competent to testify as to the matters asserted. She does not establish

that she has any personal knowledge as to what disciplinary action was or was not taken by Judge Gordon with respect to Ms. Knight and is certainly not competent to testify as to this issue.

4. Paragraphs 8 and 9 are due to be stricken in their entirety pursuant to Fed. R. Evid. 402 as the statements contained in these paragraphs are completely irrelevant to any issue in this case. In these paragraphs, Brackin discusses a November 2001 Internal Investigation. Brackin admits in footnote 2 of her brief that there was no formal disciplinary action as a result of this investigation and therefore she did not make it a part of her Second Amended Complaint. Moreover, the statements in paragraph 9 as to what Kimberly Rapelje said to Brackin constitute inadmissible hearsay. Accordingly, these paragraphs are due to be stricken.

5. Likewise, Plaintiff states in paragraph 4 of her affidavit that she obtained glowing evaluations while she worked for the Dothan City Police Department. This is completely irrelevant to any issue in the case and based on her own mere opinion. Opinion evidence is inadmissible under Rule 701 and cannot be considered in ruling on a motion for summary judgment.

6. In paragraph 7 of her affidavit, Plaintiff states that "Ms. Knight and Ms. McClain immediately became close friends. This friendship extended to Judge Gordon and before long the three were frequently going out to lunch

- 4 -

together…" Plaintiff does not explain the basis for these statements. Plaintiff does not have any personal knowledge as to the relationship between Gordon and Knight and is not competent to testify as to the matters asserted. Similarly, Brackin states in paragraph 20, "Lavera's and Eunice's close relationship with Judge Gordon, and her protection of them from job related complaints, created no small amount of resentment from other Magistrates, who would from time to time discus these frustrations with me and I them." Not only does Brackin fail to identify who allegedly expressed their frustrations with her, such statements by Brackin constitute inadmissible hearsay. Moreover, Brackin does not have personal knowledge of any alleged feelings or beliefs of other unidentified Magistrates and she is not competent to testify as to the matters asserted.

7. In paragraph 13 of her affidavit, Brackin states that it was brought to her attention that Lt. Cliff Jarrett issued a memo to Capt. Givens in reference to a juvenile being arrested on an alias warrant issued by the Municipal Court. Then, in paragraph 15, Brackin claims that after she informed Judge Gordon of errors made by Knight, Gordon frequently responded that "everybody makes mistakes." These statements constitute inadmissible hearsay and are due to be stricken.

8. In paragraph 18, Plaintiff contends that "black Magistrates appeared to get a pass no matter what they did." This is pure speculation and opinion evidence and, therefore, inadmissible under Rule 701. Moreover, Brackin fails to

identify the other black magistrates that alleged got a pass no matter what they did. Additionally, in this same paragraph, Brackin contends that Gordon called her and told her clerical errors will happen and not to make a big deal out of it and then instructed her to delete the file before she left. Brackin further alleges that Martin instructed her to do as the Judge instructed and destroy the record. These statements are inadmissible hearsay statements. These statements also contradict Brackin's deposition testimony. In her deposition, Brackin testified that the Judge informed her to delete information in the system as to the wrong Michael McCord and to fix the warrant so the correct Michael McCord would be named. (Brackin Depo. p. 236-237)

9. In paragraph 21, Brackin makes several assertions as to what Mr. Fondron allegedly said to her. Any statements made by Fondron to Brackin constitute inadmissible hearsay. As such, these statements are due to be stricken.

10. In paragraph 22, Brackin contends that after she was deposed, she learned that Lavera and Eunice stated that she told Mr. Fondron that Ann Baxter was incompetent and had caused his arrest. Again, this statement constitutes inadmissible hearsay and is due to be stricken.

11. In paragraph 27, Brackin alleges that Gordon was aware of her close relationship with Turner. Brackin fails to identify the basis of her knowledge of

Gordon's alleged awareness of her relationship with Turner. Because this statement is not based upon personal knowledge it is due to be stricken.

12. In paragraph 29, Brackin contends that other Magistrates take the officer's word that the tickets listed on the officer's transmittal sheet are actually being submitted with the sheet and that both she and other Magistrates sometimes take the officer's other on all of his traffic citations at the same time without going through each one, one at a time. Brackin's statements regarding what officers told her and/or other magistrates constitutes inadmissible hearsay. Moreover, Brackin fails to identify the other Magistrates and does not describe the basis of knowledge for these assertions. Brackin does not have personal knowledge as to whether other unidentified Magistrates take officers' oaths on all of their traffic citations and she is certainly not competent to testify as to this issue. Brackin further states that she got the "impression" that Sergeant Gray did not believe her. This is mere speculation and due to be stricken.

13. Similarly, in paragraph 31, Brackin contends that she did not feel that she violated Judge Gordon's instruction when she called Turner about a show-cause form. This is mere opinion evidence and must be stricken.

14. In paragraph 32, Brackin maintains that Turner shares the most intimate details of her life with her. This statement is due to be stricken as

inadmissible hearsay. Brackin also does not have personal knowledge as to the most intimate details of Turner's life.

15. As is clearly demonstrated above, Brackin's affidavit contains many factual allegations that are not based upon her "personal knowledge," constitute inadmissible hearsay or opinion evidence, and/or are simply irrelevant. Defendants object to all of the statements discussed above, which cannot be properly considered in support of Brackin's Motion for Partial Summary Judgment. For the foregoing reasons, this Court should strike all of the above-referenced portions of Brackin's affidavit.

**B.    The Portions of Brackin's Affidavit that Directly Contradict Her Unambiguous, Prior Sworn Deposition Testimony Are Due to be Stricken**

16. The Court should strike portions of Brackin's affidavit because they directly contradict unambiguous prior testimony and statements made by Brackin. *See Tippins v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). It is well established that when a party has given clear sworn statements that negate the existence of any genuine issue of material fact, the party cannot thereafter create such an issue with an affidavit that contradicts previously given clear testimony. *Clay v. Equifax, Inc.*, 762 F.2d 952, 955 n.12 (11th Cir. 1995). In this regard, a party cannot avoid summary judgment on the basis of a "sham" affidavit. *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424, 1430 (M.D. Ala.

1996) (citing *Van T. Junkins and Associates v. U.S. Industries*, 736 F.2d 656 (11th Cir. 1984)). "An affidavit may ... be disregarded as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . .[and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Clay*, 762 F. 2d at 954 quoting *Van T. Junkins*, 736 F.2d at 657.

### C. Conclusion

For the reasons set forth above, the above referenced portions of Brackin's affidavit should not be made part of the record of this case. Accordingly, Defendants respectfully request that this Honorable Court enter an order striking this evidence.

        Respectfully submitted,

        /s/ Carol Sue Nelson
        Carol Sue Nelson
        Audrey Dupont
        Theodore P. Bell
        Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

/s/ Carol Sue Nelson
OF COUNSEL