*Attachment i*

*It is -with utmost disappointment that I must decline to recommend Ms. Martin for continued employment -with the City of 'Dothan, I had fervently hoped that Ms. Martin -would be able to correct the shortcomings in her supervisory style and rise to the admittedly difficult task before her. However, it has Become painfully obvious that she cannot, or will not "The reasons for this decision are as follows.*

*i. Ms. Martin is apparently unable to interact professionally -with personnel from the various private attorneys' offices •who practice in City Court, the City Attorney's Office, contract personnel and the -various pubic defenders' offices to the point that staff from these offices actually call my office to avoid having to call the Magistrates' Office saying that employees of that office are incredibly nasty to deal •with, further, several attorneys have approached me -with horror stories regarding their inability to obtain the assistance needed to carryout their normal day-to-day duties on behalf of their clients 'with cases in City Court. One especially troubling incident involved Ms. Martin refusing to allow an attorney to file' a motion in the Magistrates' Office. Although the motion -was late, the attorney should simply have been allowed to file the motion which should have then been put before me accompanied by the applicable paperwork for me to rule upon, Ms. Martin took it upon herself to turn the attorney away, refusing to allow the motion to be filed until the attorney threatened further action. On another occasion, I called the Magistrates' Office and asked Ms. Mary Turner to pull the paperwork on a defendant and send that paperwork to me to ensure that a "warrant would not be issued for the defendant's arrest as this gentleman is from out-of-state and had sent in the requisite documents pursuant to his agreement -with the City Prosecutors. After this, Ms. Martin directed that the warrant be issued contrary to my -wishes because the defendant had called the Magistrates' Office and was belligerent -when told, erroneously, that his documents had*

*not Been received and that he -would have to drive Back to "Dothan from Michigan or have a -warrant issued for his arrest although the documents had Been sent and received – well in advance of this court date. The defendant did in fact drive Back to Dothan from Michigan as a result. Ms. Martin issued this directive -without the paperwork -which was in the Court's possession in an effort to prevent the erroneous issuance of this -warrant. After addressing the issue -with Ms. Martin, I dismissed her actions as Being a result of her newness to the position and unfamiliarity -with magisterial procedure; I now perceive that it -was the Beginning of a pattern of Behavior on her part. As troubling as these incidents involving attorneys are, the incidents that cause me the most concern are those regarding citizens -who are not represented By counsel The attorneys at (east know how to gain recourse from these arbitrary decisions; however, the average citizen might have no idea -where to turn for help. The idea of public service, far from increasing in import since Ms. Martins hire, seems to Be ever diminishing in import.*

*The attitudes of the employees of the Magistrates' Office towards one another have also deteriorated. The Back-Biting that had Begun to diminish -while the employees had to putt together to accomplish their -work after the loss of Ms. 'Betty King has now increased alarmingly. 'Rather than continuing to -work together effectively, there appears to Be an endless parade of tattling on each other, recounting false and/or unsubstantiated and unwritten allegations -which Ms. Martin spends an enormous amount of time investigating.*

3. *Traditionally , I have tried to make it clear to the personnel under my supervision that an honest mistake, made through no malice on the part of the employee -wouldn't Be punished if the employee in question made every effort to correct the mistake and deal-with any repercussions arising from the incident. Ms. Martin herself failed to re-assign the duties of Ms. Mary 'Beth 'Brackin -when Ms. "Brackin -was out of-work for an extended period due to disciplinary measures. "Because no dockets -were posted -when Ms. 'Brackin was*

*absent, no officers -were notified to Be in Court and the City •was unable to prosecute -without -witnesses. Many of the defendant' missed word to come to court only to have their cases continued Because the City had no witness. The various personalities of the employees in my department are, By necessity, -well-known to me. I have interacted-with ad of my employees on a regular Basis for the close to five years of my tenure as Municipal 'Judge. Therefore, it is quite difficult for anyone to tell me something erroneous about the •work habits of one of my employees. Ms. Martin recently competed a performance evaluation on one of our most efficient, effective and pleasant employees so negative that it •would have deprived the employee in question of her step increase in pay. This immediately raised caution flags in my mind for several reasons, first, Ms. Martin has Been employed By the City only a short time at that point and six. -weeks of that time the employee evacuated-was out of-work for surgery, thus giving Ms. Martin little time to observe her -work habits. Secondly, a striking disparity Between prior evaluations of the employee prepared By previous supervisors and the one prepared By Ms. Martin -was apparent upon cursory examination of the two, as the employee had previously Been consistently rated above average. "Thirdly, a careful perusal of the evaluation prepared By Ms. Martin revealed that Ms. Martin, in her ignorance of magisterial procedure, had riled on information from outside sources. While her Cock of knowledge is certainly understandable given her short tenure, unsubstantiated' and unsupported allegations are certainly not acceptable reasons for cutting an employee's evaluation score. In support of the evaluation, Ms. Martin cited events -which occurred Before her hire date, clearly something of-which Ms. Martin couldn't have had personal knowledge. After consulting -with another department head, the Interim City Manager and a representative from the Personnel Department regarding my concerns about the evaluation, I called Ms. Martin into my chambers to request that she review the previous evaluations of the employees, copies of-which I provided her, and review her evaluation as*



**DOTHAN/Martin & Brackin 1091**
**Confidential Subject to Protective Order**

*the vague and unsubstantiated Basis of the allegations coupled-with the short time she had Been able to observe the employee, the Cong, favorable -work history of the employee and the enormity of the possible economic deprivation to the employee caused me to fear that the employee -would have ground to appeal this evaluation,*