IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' MEMORANDUM AS TO WHY THEIR MOTION TO SEAL CERTAIN EVIDENCE SHOULD BE GRANTED

Pursuant to the Court's Order of November 30, 2007, Defendants hereby show good cause as to why their Motion to Seal should be granted.

In determining whether to seal records filed herein, the Court should apply a "good cause" standard. *See, Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 11304 (11th Cir. 2001). In doing so there must be a balancing of competing interests, *i.e.*, a common law and constitutional right to access against a party's interest in keeping information concealed. *Id.* Defendants assert that there is good cause which warrants the sealing of certain documents in this case.

In filing their Motion to place certain evidence under seal, Defendants relied on the language of the Protective Order previously entered by Judge Terry F.

- 1 -

Moorer in this action which protected the use and disclosure of certain documents in this case. *See,* Protective Order entered March 29, 2007, Document No. 55). Nevertheless, as noted by the Court, even where there are no third-party challenges to a Protective Order (such as the case here), "the judge is the primary representative of the public interest in the judicial process and is duty bound. . . to review any request to seal" all or part of the record. *See, Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 1353 (N.D. Ga. 2002).

The records and/or documents Defendants seek to seal are not public records and, to the contrary, are sensitive, confidential documents pertaining to sensitive personnel matters and/or investigations into alleged misconduct by City of Dothan employees, *i.e.,* Internal Affairs investigations conducted by the City of Dothan.

The Dothan Police Department maintains an Internal Affairs Division. Internal Affairs from time to time conducts administrative and criminal investigations. These investigations and reports arising therefrom are not public documents. The Internal Affairs documents produced herein were produced with the understanding that they would be subject to the Protective Order and kept under seal of the Court. While they do have relevance to Plaintiff Brackin's claims, they should not lose their confidential and/or privileged status and should be viewed only *in camera* under seal by this Court. To make these or any other Internal Affairs documents and investigations public would thwart governmental

processes and government self-evaluation. *See, Garrison v. Jefferson Parish Sheriff's* Office, 2005 U.S. Dist. LEXIS 36583 (E.D. La. Oct. 20, 2005); *United States v. John* Doe, 434 F. Supp. 2d 377 (E.D. Va. 2006); *Arnold v. City of* Boulder, 2006 U.S. Dist. LEXIS 70766 (D. Nev. Sept. 12, 2006); *Rosser v. The City of* Philadelphia, 2005 U.S. Dist. LEXIS 19627 (E.D. Pa. Sept. 9, 2005). All documents submitted by Defendants and Plaintiffs herein dealing with Internal Affairs investigations should be sealed by the Court and reviewed only *in camera*. These documents include the following:

- Exhibits A – E to the Affidavit of Rose Evans-Gordon, which are five Internal Affairs investigations regarding the Judicial Department;

- Affidavit of Kevan Kelly and Exhibits A – C, which request an investigation by the Legal Department and the Dothan Police Department into a claim against the City[1];

- Lieutenant Ivan Keith Gray's deposition transcript and Plaintiff's Exhibit 14 thereto. Lieutenant Gray was a police officer in Internal Affairs who conducted investigations regarding the Judicial Department. Plaintiffs' Exhibit 14 is part of a transcript from an Internal Affairs investigation; and

---

[1] Defendant City of Dothan further submits that by producing and/or relying on directives by the City's legal department and investigations by Internal Affairs it is not waiving its right to assert privileges as to these documents, directives or investigations in any other pending or future litigation.

- Plaintiffs' Exhibit 8 to Judge Gordon's deposition which is an Internal Affairs transcript involving the Judicial Department.

Defendants further contend that Defendants' Exhibits 11 – 14 to Nancy Martin's deposition and Plaintiffs' Exhibit 3 to Judge Gordon's deposition[2] contain information on Municipal Court Defendants not normally disseminated to the public or to City employees. These records contain allegations of criminal or misdemeanor conduct, including arrest records and warrants which are of a sensitive and personal nature and could prove to be highly embarrassing. They should not be available for public scrutiny when these individuals have no involvement in this action. If nothing more, all references to their names and personal identifiers should be expunged or deleted.

Finally, Defendants' Exhibit 4 to Nancy Martin's deposition should be sealed. This Exhibit contains outrageous and spurious allegations against Defendants which are totally unsupported by the evidence. Plaintiffs' own attorney admits that Plaintiff Martin has absolutely no proof of such allegations, and such allegations in Exhibit 4 were included at the recommendation of Martin's prior counsel who has since been suspended from the practice of law. (Martin Depo. pp. 262 – 266, 297 – 299).

---

[2] Defendants have not filed this Exhibit, but to the extent Plaintiff files it, it should be placed under seal.

Based on the foregoing, as well as the Protective Order previously entered herein, there is good cause to allow the above-described documents to be maintained under seal in that the need for confidentiality far outweighs the right of public access.

Respectfully submitted,


/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000


### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244


/s/ Carol Sue Nelson
OF COUNSEL