## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **NANCY MARTIN and,** | ) | |
| **MARY BETH BRACKIN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05-CV-1172-MEF** |
| | ) | |
| **CITY OF DOTHAN and JUDGE** | ) | |
| **ROSE EVANS-GORDON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF BRACKIN'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff' Brackin has no need to make a full reply to Defendants' responsive brief in opposition to her Motion for Partial Summary Judgment. Brackin has filed both an initial brief in support of her motion and have jointly responded to Defendants' brief in support of their Motion for Summary Judgment. The facts, authorities and arguments contained in these submissions are incorporated by reference into this brief. However, there are two matters that Brackin wishes to address from Defendants' responsive brief.

In footnote 3 (page 3) of Defendants' Response To Brackin's Motion For Partial Summary Judgment they suggest, if not stated affirmatively, that Brackin is foolish to require Gordon to have read the report because she

admitted to the prohibited contact. If, as Defendants' claim, after work hour contact would have been permissible, then how would Gordon have known whether Brackin's contact was after-hours or during work hours?

There is a now well known phrase, "what did she know and when did she know it". If Gordon solely relied upon the written report then the following is the only information that she would have had about the nature of Brackin's contact with Turner:

> "**Statement of Mary E. Brae kin March, 17, 2005**
>
> **Ms Brackin (Marybeth) stated, that she was made aware of an investigation regarding Turner whenever Judge Gordon had a meeting with the judicial employees on March 10, 2005 Ms Brackin said that the employees were directed not to talk with Ms. Turner, not to make any comment about the investigation, not to enter Turner's office, not to print anything on the computer, nor speak to anyone about the investigation When I asked her if she had talked with Turner about anything since the employee meeting she stated that she (Brackin) was given an assignment that Turner usually handled regarding a "Show Cause" letter She (Brackin) contacted Turner and asked her, how to get the setup on the "Show Cause" letter. Turner explained to her the procedure that Betty King had done in the past. It is known within the magistrate's office that Turner and Brackin are close friends.**
>
> **Sergent's Gray's Judicial Court Department Investigation , April 27, 2005 Defendants' Bates# 1301 See Exhibit " A"**

This statement, which is the only statement in the written report concerning Brackin's contact with Turner, is not specific as to time or date.

However, if Gordon read the actual transcript of the conversation that Brackin had with Sgt. Gray concerning her contact with Turner, she would have read the following:

**KG**    **AND YOU HAD', HAVE YOU TALKED TO HER SINCE THEN ABOUT ANYTHING?**

**MB**    **I HAD ASKED HER ABOUT A SHOW CAUSE LETTER THAT, THAT'S ONE OF THE THINGS THAT I WAS GIVEN TO DO OF HER JOB DUTIES.**

**KG:**    **UM, HM.**

**MB:**    **AND I WAS ASKING HER HOW SHE GOT THE SET UP ON IT. AND SHE SAID   THAT WAS SOMETHING BETTY HAD DONE, SO, BUT THAT WAS THE EXTENT OF      IT WAS WHAT, YOU KNOW HOW SHE DID ON SOME OF THE PROCEDURES.**

**KG:**    **OKAY. UH, HAS SHE ASKED YOU ANYTHING ABOUT THIS INVESTIGATION?**

**MB:**    **NO. UH, UH.**

**KG:**    **OKAY. I'M GONNA ASK YOU TO, THE SAME QUESTION, BUT I'M GOING TO   AH WORD IT HOW IT IS HERE ON THE LIST, BECAUSE I'M GOING OVER ALL   THE QUESTIONS WITH EVERYONE.**

**MB:**    **OKAY.**

**KG:**    **AH, OTHER THAN THE SHOW CAUSE LETTER HAVE YOU SPOKEN WITH MRS. TURNER      AFTER THE JUDGE DIRECTED YOU NOT TO, OTHER THAN THAT SHOW CAUSE LETTER     CONVERSATION HAVE YOU SPOKE WITH HER ABOUT ANYTHING ELSE AH, AH IN REGARDS TO WHAT THE JUDGE ASKED YOU NOT TO TALK TO HER ABOUT?**

**MB:**    **NO, NONE OF THAT.**

**Brackin's Statement Defendants' Bates # 1341-1342 Exhibit "B"**

As with Gray's investigative report, this statement is silent as to time and date. Absent further inquiry, Gordon could not have known whether Brackin's contact came within her acceptable contact regime. This is especially true since the nature of Brackin's contact with Turner was not for prohibitive purpose-- collusion.

The only other issue Brackin seeks to address in this response is found at footnote 13 (page 17) of Defendants' responsive brief. In this footnote Defendants' claim that Brackin was terminated, not so much for contacting Turner in violation of a directive not to,  but for insubordination. This is difficult to fathom since the same directive[1] that forbade contact also forbade discussion of any matter relating to the Turner investigation, and it was the alleged breach of the latter directive which promulgated the Internal Affairs investigation where it was learned that Brackin contacted Turner. Several employees breached this directive, most notably Eunice Knight (See Exhibit "D", attached), Sgt. Gray informed Gordon that this part of her directive had been violated (See Gray's depo pp98.15-23; 99.1-23; 100.1-7)[2] and she (Gordon) did not feel that this was insubordinations (See Gordon's depo pp 350. 1-23; 351.1-5)[3]

---

[1] See Exhibit "C", attached.
[2] The entire deposition of Sgt. Gray was submitted with Plaintiffs Response to Defendants' Motion For Summary Judgment.
[3] The entire deposition of Defendant Gordon was submitted with Plaintiffs Response to Defendants' Motion For Summary Judgment.

A reasonable inference can be drawn, considering the facts of this case, that the "no contact" directive was only intended for Brackin given the nature of her relationship with Turner. Gordon could not recall informing the staff that the no contact prohibition had been lifted. (Gordon's depo pp. 341.20-23; 342.1-10) There would have been no need to inform them if the prohibition was not intended for them in the first instance.

Respectfully submitted, this 18th day of December 2007..

s/Ishmael Jaffree_____
ISHMAEL JAFFREE ( IXJ 1791)
800 Downtowner Blvd. Ste 106 B
Mobile Alabama 36609
251-694-9090 ishjaff@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on December 18th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theodore P. Bell
Carol Sue Nelson
Audrey Dupont
Maynard Cooper & Gale
1901 Sixth Avenue North
Birmingham Alabama 35203-2618

/s/Ishmael Jaffree
Ishmael Jaffree