IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

I.  **Introduction**

Defendants hereby submit the following Reply Brief in Support of Their Motion for Summary Judgment. Defendants incorporate their prior submissions herein. Despite Plaintiffs' flawed attempt to create an issue of material fact in their opposition brief, they have clearly failed to do so and Defendants are entitled to summary judgment as a matter of law.

Plaintiffs argue that this is a case of discrimination with "a twist" and "may be" a case of first impression. This is not a case of first impression and the only twist is Plaintiffs' attempt to twist and distort the facts. The Plaintiffs' Affidavits and Brief are riddled with inaccuracies, mischaracterizations, and statements and

allegations based on rank hearsay, opinions, beliefs, speculation and conclusions which are not based on personal knowledge. (*See,* Defendants' Motion to Strike) Moreover, Plaintiffs' response brief provides few cites to support alleged facts, and thus should be stricken. Additionally, Plaintiffs have conceded or withdrawn certain claims, *i.e.,* Count 12, Count 9 (as to the City), Count 14 (as to the City), and Count 17.[1]

## II. <u>Judge Gordon Is Entitled To Qualified Immunity</u>

Defendants further assert that Plaintiffs erroneously state that Defendants did not address certain due process claims against Judge Gordon. Defendants did address such claims. Moreover, the facts and the law are clear that Judge Gordon is entitled to qualified immunity as to all claims against her. To argue that such claims have been waived is meritless. Defendants raised qualified immunity as a defense in their Answer. Moreover, raising qualified immunity at the summary judgment stage is appropriate. *See, Lewis v. City of Montgomery,* 2006 U.S. Dist. LEXIS 44378 (M.D. Ala. 2006); *Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir. 2001).

Additionally, Plaintiffs' attempt to show that Judge Gordon was acting outside her authority is totally without merit. As Department Head, Gordon was ultimately responsible for implementing City of Dothan Personnel Rules and

---

[1] Defendants also submit that Plaintiffs have conceded all claims for punitive damages.

Regulations, including supervising, evaluating, disciplining and discharging employees in the Judicial Department. (Gordon Aff. ¶ 4). She clearly had the authority and was acting within that authority in informing her staff as to directives about not contacting Mary Turner and not to comment on City liability. She also had the authority to discipline one of her employees upon learning of a violation of such a directive.

### III.  Plaintiff Martin's Attempt To Amend Her Retaliation Claim Is Without Merit

Plaintiff Martin alleged in her Second Amended Complaint that she was retaliated against by <u>not being able to perform her duties or make assignments</u> (*see*, Count 13 of Second Amended Complaint) after she allegedly complained of discrimination. Realizing that this alleged retaliatory act occurred before she allegedly complained of discrimination, she attempts to shift the focus of her retaliation claim in her brief to now allege that <u>she was terminated</u> in retaliation for making a complaint of racial discrimination to Personnel Director Kai Davis. This alleged complaint was made on September 29, 2004. (Martin Depo. pp. 301, 304; Def. Ex. 33, p.3).[2] Plaintiff never asserted this in her Complaint or her two Amended Complaints and never sought to amend her Complaint to add this claim though she had been terminated well before her Complaint was filed. She cannot

---

[2] Plaintiff's response brief in footnote 32 on page 78 argues that Plaintiff raised the issue of discrimination on July 17. Plaintiff provides no citation to this statement. Moreover, it is simply not true and not supported by any evidence, and should be totally discounted and stricken.

now assert a retaliation claim for her termination where she failed to plead such a claim. *See, Sweeny v. Ala. Alcoholic Beverage Control Bd.*, 94 F.Supp. 2d 1241, 1270 (M.D. Ala. 2000) (a Complaint cannot be amended by a deposition statement); *Coon v. Ga. Pacific Corp.*, 829 F.2d 1563, 1566 (11th Cir. 1987).

Moreover, even if this claim is allowed, the evidence is undisputed that even if Plaintiff Martin informed Kai Davis that she felt Judge Gordon's actions were discriminatory, Kai Davis never informed Judge Gordon of this statement. It is undisputed that Gordon was unaware of any complaints made by Martin alleging that Judge Gordon was discriminating against any employee. (*See*, Defendants' Initial Brief pp. 84-85). Finally, there is ample evidence to support the legitimate, non-retaliatory reasons for Martin's termination.

## IV. Plaintiffs Mischaracterize The Internal Affairs Investigations

Plaintiffs would have this Court believe that Judge Gordon, totally on her own initiative and accord, ordered an Internal Affairs investigation as to Plaintiff Brackin on several occasions. This is a blatant distortion of the evidence. Plaintiffs in fact concede in their brief that the City Attorney's office was involved in initiating the Fondren investigation. The facts also clearly establish (as more fully addressed in Defendants' Initial Brief) that the remaining investigations came about after a serious ticket-fixing allegation against Magistrate Mary Turner. After these allegations were made, Gordon called upon the City Attorney's office, the

Personnel office, and the Acting Police Chief. Thereafter, an investigation began. Clearly, Judge Gordon did not independently launch or cause this investigation. She merely notified a group of individuals within the City as to serious allegations and possible criminal misconduct. While Plaintiffs assert the investigations are flawed because they have seen no document with the City Manager's name on it, there is no evidence that the City Manager was not involved. Moreover, this certainly does not give rise to a constitutional violation or constitute discrimination.

The remaining Internal Affairs investigations were a continuation of the initial ticket-fixing investigation. One of these investigations revealed that Brackin improperly struck through and voided a ticket entry for a ticket which had been issued, sworn, and assigned a case number. Plaintiffs' attempt in their Exhibit S to cite a UTC Transmittal signed by LaVera McClain as being similar in conduct is without avail. McClain did not strike through and alter a ticket entry on the UTC Transmittal for a ticket that had been issued, sworn, and assigned a case number. She merely recorded and accounted for a ticket that was voided by the police officer before it was turned in to the Magistrate's office. McClain merely recorded it as void. The two entries are totally different and McClain did not engage in any inappropriate conduct. Her actions did not warrant discipline or an investigation. (Gordon Aff. II, ¶ 6)

As to the investigation dealing with who may have leaked information to Ricky Stokes, Plaintiffs point out that most all of the Magistrates interviewed admitted mentioning Turner's suspension to a close friend or family member. However, <u>no one</u> was disciplined for this conduct, including Mary Brackin who admittedly discussed the matter with her mother-in-law and husband. (Gordon Aff., Ex. D – Bates p. 1341). Brackin, however, was the <u>only</u> person who contacted Mary Turner and this was the reason she was found to be in violation of the directive not to contact Turner.

## V.    Brackin's Freedom Of Association Claims Fail

Defendants assert that they have fully addressed this issue in their Initial Brief. Plaintiffs' argument that Brackin has a legitimate freedom of association claim is without merit. The cases cited by Defendants unequivocally establish that the friendship or relationship between Brackin and Turner is not protected by law. Moreover, Brackin was not disciplined for associating with Turner. She was disciplined for the telephone call she made to Turner.

## VI.   Brackin's Remaining Free Speech Claims Due To Be Dismissed

Brackin's free speech claims regarding her contact with Turner have been dismissed. Additionally, Brackin claims that she was disciplined for instructing a citizen where he should go to submit a claim against the City. (Second Amended Comp., ¶ 97). While the facts establish that Brackin went well beyond this and

violated the City's directive, her comments or speech to Fondren was <u>not</u> a matter of public concern. The speech in issue was made primarily in her role as an employee. *See, Fagan v. City of Marcos Island*, 2005 U.S. Dist. LEXIS 36389 (M.D. Fla. 2005) (<u>rejecting</u> plaintiff's argument that his speech concerned alleged police misconduct which is a matter of public concern and finding that the Plaintiff merely informed a citizen that a copy of a police report could be obtained through public record laws). *See also, Morris v. Crane*, 142 F.3d 1379, 1381 (11th Cir. 1998) (courts look to whether the speech at issue was primarily made in the employee's role as a citizen or primarily in the role of an employee).

Moreover, the fact that Brackin was found to be negligent in carrying out her duties does not mean that she was not performing her job duties, and she therefore must have been speaking as a citizen rather than an employee advising a citizen on how to submit a claim against the City (albeit negligently). This speech occurred primarily in Brackin's role as an employee, not a citizen, and as such, does not qualify as speech on a matter of public concern protected by the First Amendment.

### VII. Directive Not To Contact Mary Turner Was Not Overbroad

The directive not to contact Mary Turner was not overly broad. The City had a legitimate interest in preventing collusion and/or possible tampering with evidence while it investigated a potential ticket-fixing scheme. The directive was a temporary restriction during the course of an investigation. It should be narrowly

construed and does not violate the Constitution. *See, Aronov v. Bishop*, 926 F.2d 1066, 1071 (11th Cir. 1991).

## VIII. <u>Plaintiffs Mischaracterize Working Test Period</u>

Plaintiffs' brief inaccurately argues that the City was required to provide a probationary employee with a set number of performance evaluations and inaccurately argues that a <u>formal</u> counseling session or a <u>written</u> notice of an employee's deficiencies must be provided to them prior to termination. Moreover, it inaccurately states that a counseling must make recommendations for improvement. Section 2-80 of the City's Personnel Rules simply does not require this. Their Brief also inaccurately states that Plaintiff Martin was charged with an intolerable offense. The record is clear that she was terminated for unsatisfactory performance during her probationary period.

## IX. <u>Plaintiff Martin's Deficiencies</u>

Additionally, Plaintiffs' Brief and argument is fraught with inconsistencies as to what Martin knew: 1) about her performance deficiencies and when she knew of them; and 2) what events she believed triggered her termination. She concedes in her affidavit and her deposition that at many different periods of her employment that Judge Gordon was not happy with her performance. Moreover, as pointed out in Defendants' Initial Brief, Martin plays a semantics game and she simply wants to ignore the meeting that she, Kai Davis and Judge Gordon had to

discuss her performance issues. Additionally, when it is convenient for Martin, she wants to argue that she should have had complete discretion and authority to run the Department; yet, at other times when it is convenient for her, she asserts that Judge Gordon did not let her know what she could and could not do (such as granting leave requests).

## X.     Martin And Those She Supervised Are Not Similarly Situated

As stated in their Initial Brief, Martin cannot identify any employee that was similarly situated and treated differently. Her attempt to compare herself to the two Magistrates she supervised is completely without merit.

## XI.    Martin's Failure To Provide Court Dockets

One of Martin's deficiencies is that she did not ensure that court dockets were posted in late April and early May 2004 when Mary Brackin was suspended. Martin emphatically testified that Court was not in session the week of April 26, 2004. Contrary to Martin's deposition testimony, Municipal Court was in session the week of April 26, 2004. (Gordon Aff. II, ¶ 5) This, however, does not create an issue of fact. It merely shows that Martin lacked knowledge of or was mistaken about Court not being in session. Moreover, Martin relied on hearsay testimony that Mary Brackin told her dockets had been posted the week of May 3, 2004 (Martin Depo. pp. 181-182) when, in fact, they were not. She has absolutely no independent personal knowledge that dockets were posted.

## XII. Brackin Cannot Establish Similarly Situated Employees Treated Differently Or More Favorably

As set forth in Defendants' Initial Brief, Brackin cannot show any similarly situated employees who were treated differently or more favorably. Brackin's attempt to show that other Magistrates were responsible for errors or improper arrests is totally without merit. See Section XV below.

## XIII. No Evidence of Pretext

Plaintiffs argue that Gordon had a "post hoc rationale" for Martin's termination. This is simply not true and not supported by the evidence. Moreover, there is absolutely no evidence that the decision to terminate Martin was made on September 30, 2004, or that documents were created after the decision to terminate. Defendants' brief clearly sets forth Martin's deficiencies throughout her employment. The reasons set forth for her termination are not pretextual.

## XIV. Testimony As To Terminations/Discipline Misleading Or Inaccurate

Plaintiffs want the Court to believe that Judge Gordon terminated or forced the resignation of at least ten Magistrates and was solely responsible for disciplining others. The facts simply do not support this assertion. Martin's Affidavit testimony on this matter is due to be stricken.

## XV. <u>Improper Reliance On Hearsay</u>

Throughout their Affidavits and briefs, Plaintiffs attempt to establish and argue that the black Magistrates engaged in or committed errors or caused warrants to be improperly issued. These assertions are based on pure hearsay and speculation. The Plaintiffs leap to a conclusion without evidence that the black Magistrates were responsible for certain errors or warrants being issued improperly. For example, Page 90, Footnote 38 assumes that a Mr. Powe was wrongfully arrested "due to LaVer (*sic*) [McClain's] failure to input information into the computer." There is absolutely no evidence that she failed to do this. Defendants have addressed the Powe matter in their Initial Brief. There was no reason to discipline LaVera McClain or Eunice Knight over the Powe matter. Moreover, an alleged complaint by Sergeant Woodruff (p. 90 of Plaintiffs' Brief) against Eunice Knight is pure hearsay. Defendants have addressed the Ricky Stokes complaint about the two Michael McCords in their Initial Brief. Plaintiffs attempt to argue that Judge Gordon ordered some destruction of documents, which is totally baseless. Additionally, there is no evidence that Judge Gordon received Mr. Stokes' letter to Nancy Martin. Furthermore, Martin's own testimony states that bondsmen have little credibility. (Martin Aff. ¶ 81) Furthermore, none of the alleged conduct attributed to McClain or Knight was conduct similar to that engaged in by Brackin. Brackin's argument that Exhibit S (an entry on a UTC

transmittal sheet by LaVera McClain) warranted an Internal Affairs investigation is totally without merit as explained above. McClain did not alter a UTC form and void a ticket entry for a ticket that had been issued, sworn, and entered in the system with a case number as did Brackin. She merely accounted for and recorded a ticket which had been voided by the officer.

## XVI. Conclusion

Based on their Initial Brief and the foregoing, Defendants are entitled to summary judgment on all claims.

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

/s/ Carol Sue Nelson
OF COUNSEL