IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF
NANCY MARTIN'S AFFIDAVIT**</u>

Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), respectfully move this Court to strike certain portions of Plaintiff Nancy Martin's ("Martin") affidavit submitted in the above-styled action in opposition to Defendants' motion for summary judgment. As set forth more fully below, the majority of Martin's affidavit either directly contradicts her unambiguous prior sworn testimony, is not based on personal knowledge, contains inadmissible hearsay, contains purse speculation, opinions, personal beliefs and feelings, and/or does not show affirmatively that she is competent to testify to certain matters. As such, those portions of her affidavit should be stricken and not considered in opposition to Defendants' motion for summary judgment.

A.   **The Majority of Martin's Affidavit Is Infected with Rank Hearsay**

1.  The bulk of Martin's affidavit is based exclusively on inadmissible hearsay. The only possible value of these statements is their use to prove the truth of the facts asserted therein. When put to this purpose, however, the statements are nothing more than rank hearsay due to be stricken. Federal Rules of Civil Procedure, Rule 56(e) mandates that an affidavit opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P R. 56(e). It is well-established that an affidavit that fails to the meet the requirements of Rule 56(e) is subject to a motion to strike. *See Givhan v. Electronic Engineers, Inc.*, 4 F.Supp.2d 1331, 1334-1335 (M.D. Ala. 1998); *Gore v. GTE South, Inc.*, 917 F.Supp. 1564, 1569-1571 (M.D. Ala. 1996). Thus, to the extent Martin's affidavit sets forth facts that would <u>not</u> be admissible in evidence, *i.e.* hearsay, the Court may not consider such testimony and it must be stricken. *See Keith v. MGA, Inc.*, 2006 WL 987154 at *4, n4 (granting motion to strike to the extent it sought to strike portions of affidavit that constitute hearsay that would not be admissible evidence); *DeVaughn v. City of Clanton, Ala.*, 917 F. Supp. 1318, 1320 (M.D. Ala. 1997)(portions of affidavits containing hearsay must be stricken because they fail the requirements of Rule 56(e) of Federal Rules of Civil Procedure).

2.     Throughout her 38 page affidavit, Martin repeatedly attributes statements to Judge Gordon, including, but not limited to, paragraphs 1-8, 18, 20-30, 32, 37, 47-50, 57-60, 70, 72, 74-75, 78, 85, 88, 91, and 94. These statements constitute inadmissible hearsay and are due to be stricken.[1] A few examples should suffice. For instance, in paragraph 3, Martin contends that Judge Gordon cautioned her that some of the Magistrates would probably give her a hard time. In paragraph 5, Martin states "she was advised over and over that I could not imagine how horrible some of the Magistrates could be and was advised of some of the things they had done." Similarly, in paragraph 6, Martin contends that Judge Gordon told her Mary Turner and Mary Beth Brackin were the ones to be careful with and that they would sabotage her and possibly hurt her in their effort to get rid of her. Martin also asserts in paragraph 22 that Judge Gordon told her that Mary Beth Brackin is a troublemaker and that Turner had assaulted Davis and Martin should watch her back. In paragraph 78, Martin alleges that Judge Gordon told her that Ricky Stokes and his bonding company are always trying to cause trouble and his complaint was not worth giving a second chance. Moreover, in paragraphs 23-

---

[1] Expressions of opinion rather than statements of facts do not constitute admissions by a party-opponent. Therefore, it is inadmissible hearsay and must be stricken. See e.g. CJS Evidence § 434; *see also Chmelieski v. Venture Stores, Inc.*, 436 N.E.2d 4, 7 (Ill. App. 1982); *Albertson v. Chicago, M., St. P. & P.R. Co.*, 64 N.W.2d 175 (Minn. 1954), *Fanelty v. Rogers Jewelers*, 55 S.E.2d 493 (N.C. 1949), *Associated Indem. Corp. v. Dixon*, 632 S.W.2d 833 (Tex. App. 1982).

30, Martin alleges several statements by Judge Gordon about the various staff members.

3.   Likewise, Martin also attributes several inadmissible statements to Kai Davis. For instance, in paragraph 58, Martin contends that Davis told her to write Eunice up for insubordination. In paragraphs 74, Martin alleges that Davis admitted that she knew Judge Gordon was guilty of discrimination and that several people had complained to her about it. Additionally, in paragraphs 79-83, Martin's affidavit contains several hearsay statements from Ricky Stokes, Don Thompson, and other unidentified bondsmen, who she admits in ¶81 did not always tell the truth and as a result, she was always cautious of them.

4.   For the foregoing reasons, this Court should strike the portions of Martin's affidavit containing hearsay, including, but not limited to, paragraphs 1-12, 18-34, 36-38, 41-43, 46-50, 55-60, 63, 66, 70-84, 86-91, 88, and 94-95.

**B.   Portions of Martin's Affidavit Contains Statements Not Based on Personal Knowledge, Based on Speculation, Conjecture, Or Inadmissible Opinion Evidence and/or Are Irrelevant, And Must be Stricken**

5.   Martin's affidavit also contains several statements that are entirely conclusory, based on pure speculation and conjecture, and/or inadmissible opinion evidence. Consider the following examples:

- In paragraph 13, Martin claims she accepted the position thinking that the Magistrates she would have to watch out for, and who would cause her the

most trouble, were Mary Beth and Mary Turner. She further states "had I known the real trouble was that Judge shows favoritism toward the minority magistrates and sought to get rid of the white Magistrates, I would never have taken the position."

- In paragraph 38, Plaintiff contends that she and the Judge were getting along great and she got along great with all the Magistrates.
- In paragraph 40, Martin alleges that Judge Gordon was protective of three black Magistrates. In the same paragraph, she contends that she felt she was constantly spied on.
- In paragraph 43, Martin states that she "believes there was several things that led Judge to believe that I was no longer on her team" and continues to discuss several incidents she *believes* influenced how Judge Gordon felt about her.
- In paragraph 47, she states, with no basis, that the City Manager and the Judge were very good friends and that Mary in Personnel and the Judge were very good friends.
- In paragraph 48, Martin also states, with no basis, that the individuals Judge Gordon consulted with had no knowledge of the court system.
- In paragraph 70, Martin alleges that Gordon made light of persons arrested wrongly by the black magistrates.
- In paragraph 51, Martin contends that she changed Lavera's evaluation because she knew she would lose her job if she did not change it.
- In paragraph 53, Martin concludes that "except for initially giving Lavera a bad but fair evaluation the rest of the Judge's memo to Davis was untrue."
- In paragraph 96, Martin alleges "black employees had a willing ear with the Judge in their claims of discrimination" and "frustrated with my refusal to treat the black employees disparately, the Judge used the black employees claims of disparate treatment as a basis to terminate me."

All of these statements are conclusory, based on pure speculation or inadmissible opinion evidence and due to be stricken. *See e.g. Hawthorne v. Sears Termite & Pest Control, Inc.,* 309 F.Supp.2d 1318, 1334-1335 (M.D. Ala. 2003) (explaining that the requirements of Rule 56(e) make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge

are improper and striking portions of affidavit constituting "improperly conclusory assertions rather than statements of fact"); *Ferrell v. Masland Carpets, Inc.*, 2000 U.S. Dist. LEXIS 12992 (S.D. Ala. 2000)(granting defendant's motion to strike and stating mere opinion and speculation is not sufficient to satisfy the personal knowledge standard of Rule 56(e) and 602).

6. Similarly, portions of Martin's affidavit are not based on personal knowledge and due to be stricken. *See Garrison v. Travel Centers of America*, 2005 WL 171184, *8-10 (S.D. Ala. 2005) (striking portions of affidavit not made on personal knowledge, including speculative statements and statements of "personal beliefs"); *Givhan,* 4 F.Supp.2d at 1334-1335 (striking portions of affidavit not made on personal knowledge); *McLendon v. Georgia Kaolin Co., Inc.*, 782 F. Supp. 1548, 1557-1558 (M.D. Ga. 1992)(portions of affidavits disregarded where affiants testified to something of which they had no personal knowledge).

7. For instance, in paragraph 19, Martin contends that she "was to learn after [she] officially started working at the office that the manner of office assignments had caused some very big problems and resentment from the white Magistrates…It was not based on seniority, the drawing of lots, or any other fair method of office assignment but appeared to be preferentially assigned." Similarly, in paragraph 41, Plaintiff contends there was resentment from several of the white

Magistrates based on Judge Gordon's alleged favoritism. Again, in paragraphs 93-94, Martin alleges that Magistrates resented the fact that Eunice and Lavera had a lot of non-busy time, socialized with each other and the Judge frequently spent a lot of time on the phone, on-non business related calls with them. Not only does Martin fail to identify who allegedly expressed resentment, such statements by Martin constitute inadmissible hearsay. Moreover, Martin does not have personal knowledge of any alleged "feelings" or "beliefs" of other unidentified Magistrates, nor does she have any personal knowledge of how office assignments were assigned, the relationship between Eunice and Lavera and Judge Gordon and how much and for what reason they talked on the phone together. She is not competent to testify as to the matters asserted.

8. The most blatant example of issues Martin is not competent to testify to are found in paragraph 40. In that paragraph, Martin makes several allegations with respect to Judge Gordon's terminating, disciplining and/or forcing the resignation of white Magistrates and staff prior to Martin's tenure. This forthright admission of an utter and complete lack of personal knowledge compels that these statements be stricken. Moreover, after making these allegations, Martin states that it demonstrates Judge Gordon's propensity to discipline white staff members for the slightest provocation yet providing a protective shield around the black staff

members.   This is pure speculation and opinion evidence and, therefore, inadmissible under Rule 701.

9.    Similarly, in paragraph 71, Martin discusses a "major" incident where a person was allegedly wrongfully arrested because of Lavera not completing paperwork on the case and issuing a warrant that should have been issued. Martin does not provide the basis for her statements about this incident and even admits that she was not involved in this situation stating "I found out about it accidentally and did some research into it…The Judge refused to discuss the incident with me…"

10.   Likewise, in paragraph 85, in conclusory fashion, without personal knowledge and based on nothing but speculation, Martin recites several employment matters allegedly involving Lavera and Eunice that she brought to Judge Gordon's attention. She has absolutely no factual basis to support her allegations that these Magistrates acted inappropriately or were responsible for the conduct she alleges. Again, Martin fails to explain the basis of her statements. Moreover, this paragraph contains inadmissible hearsay. Martin is not competent to testify as to the matters asserted and therefore these statements are due to be stricken. *See Gore,* 917 F.Supp. at 1569-1571 (striking portions of affidavit that were conclusory in asserting plaintiff's opinion concerning the attendance records of other persons and the consideration given those records by defendants).

Additionally, her statement that "Judge made Mary Beth destroy the paperwork" is rank hearsay and contradicts prior sworn testimony.

11.   In paragraph 52, Martin alleges that Judge Gordon was "overjoyed" after she changed Lavera's evaluation. She further states that Judge was not as happy with her after she brought up the Ricky Stokes affair. In paragraph 84, Martin alleges that Judge Gordon frequently got angry with her if she questioned anything about Get Out Bonding. Similarly, in paragraph 57, Martin contends that Eunice had been angry with her after she questioned her concerning certain bonds. In paragraph 86, she alleges that Eunice was not helpful in trying to locate missing warrants. Martin does not explain the basis for these statements. Martin does not have any personal knowledge as to how Judge Gordon or Eunice felt and is not competent to testify as to the matters asserted. Moreover, in paragraph 57, Martin's statements attributed to Eunice (regarding bond changing procedures) to what she "pretty much stated" are hearsay, and do not amount to evidence of insubordinate conduct.

12.   Paragraphs 17-21 are due to be stricken in their entirety pursuant to Fed. R. Evid. 402 as the statements contained in these paragraphs are completely irrelevant to any issue in this case. In these paragraphs, Martin discusses the various office assignments and alleged complaints about such assignments. Martin is not claiming that she was treated differently with respect to office space or office


assignments because of her race or any other protected category. Accordingly, these paragraphs are due to be stricken.

### C. The Portions of Martin's Affidavit that Directly Contradict Her Unambiguous, Prior Sworn Deposition Testimony Are Due to be Stricken

13. The Court should strike portions of Martin's affidavit to the extent they directly contradict unambiguous prior testimony and statements made by Martin in an obvious effort to avoid summary judgment. *See Tippins v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). It is well established that when a party has given clear sworn statements that negate the existence of any genuine issue of material fact, the party cannot thereafter create such an issue with an affidavit that contradicts previously given clear testimony. *Clay v. Equifax, Inc.*, 762 F.2d 952, 955 n.12 (11th Cir. 1995). In this regard, a party cannot avoid summary judgment on the basis of a "sham" affidavit. *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424, 1430 (M.D. Ala. 1996) (citing *Van T. Junkins and Associates v. U.S. Industries*, 736 F.2d 656 (11th Cir. 1984)). "An affidavit may ... be disregarded as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . .[and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Clay*, 762 F. 2d at 954 quoting *Van T. Junkins*, 736 F.2d at 657.

D.  **Conclusion**

For the reasons set forth above, all of the portions of Martin's affidavit that fail to comply with Federal Rule of Civil Procedure 56(e) should not be made part of the record of this case. Accordingly, Defendants respectfully request that this Honorable Court enter an order striking this evidence.

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

/s/ Carol Sue Nelson
OF COUNSEL