IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br>     Plaintiffs, <br> v. <br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO STRIKE AND REPLY TO
PLAINTIFF MARY BETH BRACKIN'S RESPONSE
TO DEFENDANTS' MOTION TO STRIKE**

I.   **INTRODUCTION**

On November 16, 2007, Defendants filed a Motion for Summary Judgment on all claims filed against them by Plaintiff Mary Beth Brackin and Nancy Martin. Plaintiff Brackin filed a Motion for Partial Summary Judgment, focused on her freedom of speech, freedom of association, procedural due process and substantive due process claims. In support of her Motion for Partial Summary Judgment, Plaintiff Brackin filed an affidavit (Doc # 69-1). Defendants filed a motion to strike (Doc # 81) Brackin's affidavit based on several grounds including: 1) contradiction of Plaintiff's deposition testimony, 2) lack of personal knowledge; 3) hearsay; and 4) opinion, speculations, and conclusions.

On December 13, 2007, Plaintiff Brackin filed a response to Defendants' Motion for Summary Judgment and an affidavit in Opposition to Defendants' Motion for Summary Judgment (Doc. # 85-2). The affidavits filed in support of Brackin's motion for partial summary judgment and in opposition to Defendant's Motion for Summary Judgment are exactly the same. On December 17, 2007, Plaintiff Brackin filed a memorandum in opposition to Defendants' Motion to Strike portions of Brackin's Affidavit. For all the reasons stated in its December 12, 2007 Motion to Strike (which Defendants will not re-brief) and herein, portions of Brackin's affidavit should be stricken and not considered in support of her Motion for Partial Summary Judgment or in opposition to Defendants' Motion for Summary Judgment.

## II. Lack of Personal Knowledge, Relevance, Speculation, Opinion Evidence, and Hearsay

### A. Lack of Personal Knowledge

Rule 56 clearly requires an affidavit to be based on personal knowledge. The record is clear that Brackin does not have personal knowledge of discipline Ms. Lavera McClain may or may not have received. In paragraph 6 of her affidavit, Brackin admits that her statements are based on her belief. In her response to Defendant's motion to strike, Brackin does not dispute that this is simply her *belief* which is based on the fact that Brackin allegedly noted errors by Lavera. Brackin's argument that she has personal knowledge of alleged discipline

Lavera received because she has knowledge of alleged errors made by Lavera is meritless.

Brackin admits that paragraph 6 of her affidavit contains hearsay statements but argues that her comments satisfy the residual exception to the hearsay rule. Pl. Response, pp. 3, 6. Brackin points to her Second Amended Complaint to support her proposition that these hearsay comments should be admitted because it constitutes the "best evidence" of her allegations that Ms. McClain and Ms. Knight were making numerous computer errors and that Judge Gordon never disciplined them for these errors. Brackin's statements are nothing more than pure speculation and improper conclusory allegations and, therefore, due to be stricken. *See e.g. Hawthorne v. Sears Termite & Pest Control, Inc.,* 309 F.Supp.2d 1318, 1334-1335 (M.D. Ala. 2003) (explaining that the requirements of Rule 56(e) make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper and striking portions of affidavit constituting "improperly conclusory assertions rather than statements of fact"); *Ferrell v. Masland Carpets, Inc.,* 2000 U.S. Dist. LEXIS 12992 (S.D. Ala. 2000)(granting defendant's motion to strike and stating mere opinion and speculation is not sufficient to satisfy the personal knowledge standard of Rule 56(e) and 602); *Garrison v. Travel Centers of America,* 2005 WL 171184, *8-10 (S.D. Ala. 2005) (striking portions of affidavit not made on personal knowledge,

including speculative statements and statements of "personal beliefs"); *see also Hill v. Oil DRI Corp. of Georgia,* 198 Fed.Appx. 852, 858 (11th Cir. 2006) (holding district court did not abuse its discretion in striking vague and unsupported conclusory statements in plaintiff's affidavit); *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984) (the mere verification by affidavit of one's own conclusory allegations is not sufficient to oppose a motion for summary judgment); *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000) (holding that conclusory allegations in affidavit are insufficient to defeat motion for summary judgment).

Similarly, with respect to her allegations in paragraphs 11 and 12, even assuming Plaintiff has knowledge of some alleged errors made by Ms. McClain, this knowledge certainly does not provide Plaintiff with a basis to determine Ms. McClain's alleged <u>propensity</u> to make data entry errors, nor does the fact that Brackin informed Judge Gordon of errors made by all the Magistrates. This is especially true in light of the fact that Plaintiff admittedly does not know everyone's work performance. (Brackin Dep., p. 95;10-13; p. 26:1-8). Moreover, this is inadmissible opinion evidence and, therefore, not sufficient to satisfy the personal knowledge requirement of Rule 56(e).

Likewise, Plaintiff admits she does not have personal knowledge that Judge Gordon refused to take any disciplinary action for alleged errors made by Ms. McClain. Plaintiff simply states that Gordon "implicitly" admitted as much when

she testified that she does not specifically recall Brackin reporting errors made by Ms. McClain because Brackin reported errors made by all the Magistrates. Again, Brackin is speculating that because Judge Gordon does not recall specific errors being made then she must have refused to take any administrative action. At most, Brackin has established that she reported errors made by all Magistrates to Judge Gordon. Brackin has failed to establish that she has any personal knowledge as to what <u>disciplinary action</u> was or was not taken by Judge Gordon with respect to Ms. Knight or any other Magistrate. Accordingly, paragraphs 6, 11, 12, and 13 are due to be stricken.

Plaintiff likewise admits that she does not have personal knowledge of the relationship between Gordon, Ms. McClain and Ms. Knight as she alleges in paragraphs 7 and 20 of her affidavit. In her response, Brackin contends that she *could have been* in a position to observe them leaving for lunch together. This is insufficient to establish personal knowledge sufficient under Rule 56(e). Likewise, the fact that Ms. McClain has personal knowledge as to her relationship with Judge Gordon does not provide Brackin with personal knowledge of that relationship. Moreover, Brackin does not dispute that she does not have personal knowledge of any alleged feelings or beliefs of other unidentified Magistrates. Brackin is not competent to testify as to the matters asserted and paragraphs 7 and 20 should be stricken.

In paragraph 27, after discussing how close she is to Turner, Brackin contends that Judge Gordon was aware of her *close* relationship with Mary Turner. Although Judge Gordon may have been aware that Brackin and Turner were friends, Brackin has failed to establish any basis for her knowledge of Gordon's alleged awareness of the *extent* and/or *closeness* of Brackin's relationship with Turner. This statement is not based on personal knowledge and due to be stricken.

Brackin concedes that paragraph 29 is due to be stricken.

B.  Speculation/Opinion

Similarly, Plaintiff fails to establish that her statement in paragraph 18 that "black Magistrates appeared to get a pass no matter what they did" is nothing more than mere speculation and inadmissible opinion evidence. In order for opinion evidence to be admissible, it must be rationally based on the perception of the witness. It appears that Brackin is arguing that this statement is based on her allegation that she brought performance-based complaints to Judge Gordon and Judge Gordon commented that "everyone makes mistakes." This does not provide Brackin with a "rational basis" to form the opinion that all black Magistrates get a pass no matter what they do. As established above, Brackin does not have personal knowledge as to what disciplinary action if any was taken with respect to mistakes made by black Magistrates.

C.  Relevance

As to Plaintiff Brackin's statements in paragraphs 8 and 9 about a 2001 internal investigation, Plaintiff argues that these paragraphs should not be stricken because it is unlikely that Brackin's affidavit will be submitted to the jury or if it is submitted any prejudicial or objectionable portions could be redacted. This argument is meritless. Plaintiff correctly notes that the Court can sort out the paragraph's relevance and give it what weight it chooses. Accordingly, this Court should not give it any weight. This evidence is not relevant to the claims at issue and is due to be stricken in their entirety.

Plaintiff concedes that paragraph 4 should be stricken. Pl. Response, p. 9.

D.   Hearsay

In paragraph 14, Brackin states that it was brought to her attention that Lt. Cliff Jarrett issued an alleged memo to Capt. Givens in reference to a juvenile being arrested on an alias warrant issued by the Municipal Court. Brackin contends that this statement is not being offered for the truth of the matter asserted but rather only as background for an investigation requested by Gordon. First, Brackin has not attached this alleged memo so its impossible to determine exactly the memo says. Regardless, Brackin is certainly offering the statement to prove the truth of the matter asserted, *i.e.* that McClain wrongfully issued an arrest warrant to a juvenile.

Plaintiff also argues that Judge Gordon's statement that "everyone makes mistakes" is an admission by a party opponent. Assuming *arguendo* that Judge Gordon made this statement (as alleged in paragraph 13) this statement is not an admission because it is not a statement of fact but rather an expression of opinion. Therefore, it is inadmissible hearsay and must be stricken. See e.g. CJS Evidence § 434; *see also Chmelieski v. Venture Stores, Inc.*, 436 N.E.2d 4, 7 (Ill. App. 1982); *Albertson v. Chicago, M., St. P. & P.R. Co.*, 64 N.W.2d 175 (Minn. 1954), *Fanelty v. Rogers Jewelers*, 55 S.E.2d 493 (N.C. 1949), *Associated Indem. Corp. v. Dixon*, 632 S.W.2d 833 (Tex. App. 1982).

In paragraph 19, Brackin contends that Gordon called her and told her clerical errors will happen and not to make a big deal out of it and then instructed her to delete the file before she left. Brackin further alleges that Martin instructed her to do as the Judge instructed and destroy the record. In her response, Brackin alleges that she is not offering Martin's statement for the truth of the matter asserted but to show that she spoke to Martin to confirm whether she should delete a record. This argument is nonsensical. Brackin is clearly offering it to prove the truth of the matter asserted. These statements constitute inadmissible hearsay and are due to be stricken.

With respect to paragraphs 21 and 22, Brackin does not dispute that any statements made by Fondron, Ms. McClain or Ms. Knight are hearsay. Pl. Response, p. 12. Accordingly, these statements are due to be stricken.

## III. CONTRADICTIONS

In paragraph 19, Brackin contends that Judge Gordon called her and instructed her to delete a file (that Brackin contends could be used to discipline Ms. McClain). Brackin specifically testified, however, that Judge Gordon told her to delete the wrong name on the warrant (there were two Michael McCord's in the system and fix it). Through her sham affidavit, Brackin now attempts to create an issue of fact by claiming Judge Gordon told her to delete "the file." Brackin's claim that this is simply "semantics" and not a contradiction is clearly without merit. Brackin's attempt to change her sworn testimony is improper and such allegations in her affidavit are due to be stricken.

## IV. Conclusion

For the reasons set forth above, the portions of Brackin's affidavit referenced above and in Defendants' original Motion to Strike should not be made part of the record of this case. Accordingly, Defendants respectfully request that this Honorable Court enter an order striking this evidence.

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

### CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

/s/ Carol Sue Nelson
OF COUNSEL