IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Case No. 1:05-CV-1172-MEF |
| ) | |
| CITY OF DOTHAN and JUDGE ) | |
| ROSE EVANS-GORDON, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE PORTIONS OF GORDON'S AFFIDAVIT II CONTAINED IN DOCUMENT 93**

Plaintiffs seek to have stricken paragraphs 5 and 6 of **Affidavit II** of Defendant, Rose Evans-Gordon. Paragraph 5 purports to validate an assertion that the Municipal Court of Dothan Alabama was in session during the week of April 26, 2004. This document (designated as Defendants' Exhibit "A") is offered to support Defendants' contention that they had a non discriminatory basis to terminate Martin on October 12, 2004. Even if not otherwise objectionable, it would, none-the-less, not support Defendants' theory of the case.

Defendants' claim that one of their nondiscriminatory basis for terminating Martin was her failure to arrange a Court docket for the week of April 26, 2004. The purported reason for this failure was her inability to get another magistrate to take

over Mary Brackin's Docket scheduling duties during the period that Brackin was out on two week suspension. However, Defendants' Exhibit "A", even if not burden by remoteness, still belies the very argument that no court docket was prepared for the week of April 26. Exhibit "A" reflects page "1" of an unknown number of pages, showing that cases were scheduled for that date.

      The principle reason for Plaintiffs' objection to paragraph 5, and Exhibit "A" referenced in that the paragraph, which apparently is what the statement in the paragraph is based, is that it is hearsay and it does not satisfy any of the exceptions to hearsay found at Federal Rules of Evidence 803. Exhibit "A" obstensively is offered as a business record exception to hearsay. However, no foundation has been laid to establish a proper predicate for the document, nor is there any evidence that the document is complete. See *United States v. Williams*, 837 F.2d 1009, 1013 n.6 (11th Cir. 1988) (proper foundation for admission of 803(6) testimony should include testimony of witness with personal knowledge of how document was compiled); See also *Itel Capital Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259-60 (11th Cir. 1983) (person who actually prepared business record need not testify but other circumstantial evidence and testimony must suggest trustworthiness of documents); And *United States v. Dreer*, 740 F.2d 18, 20 (11th Cir. 1984) (proper foundation for admission of business record must sufficiently indicate reliability, including "circumstances surrounding the origin and the nature of the compilation").

Defendants' Exhibit "A", fails to satisfy any of the trustworthiness safeguards referenced above and therefore is due to be stricken. Similarly, Gordon's statement contained in paragraph 5 of her affidavit must be stricken since it relies on the exhibit for its trustworthiness.

In paragraph 6, Gordon attempts to explain away why Plaintiffs Exhibit "S" (attached) did not trigger an Internal Affairs investigation and possible disciplinary action for "negligence" against Lavera McClain, a black Magistrate, as had Exhibit "T" (attached) caused to be inflected upon Brackin. In paragraph 6, Gordon claims that she had "reviewed Exhibit S to Plaintiffs Response Brief which is a UTC Transmittal Form signed by LaVera McClain dated April 15, 2003."

There is little discernable difference between Exhibit "S" and Exhibit "T". Both are UTC Transmittal Forms reflecting traffic tickets submitted by Dothan police officers. Both contained a UTC Number reflecting that the officer wrote and turned in a traffic ticket. Both contained a date issued for the ticket. Neither was given a case number and both had VOID written in, purportedly by a magistrate. Both were discovered as a result of an Internal Affairs investigation of Mary Turner.[1] The only substantive difference is one was signed by a white magistrate, Plaintiff Brackin and the other signed by a black magistrate. Further, one resulted in a finding of a major

---

[1] Defendants concede that Exhibit "T" (Brackin's signed Transmittal) was the result of Turner's Internal Affairs investigation. The fact that Exhibit "S" resulted for the same investigation can not be disputed. Exhibit "S" has a Bates number of 1435. Exhibit "U" (attached) is the traffic ticket giving rise to the Turner investigation. Its Bates number is 1436 reflecting that these documents were gathered at the same time and as part of the same investigation inquiry.

infraction and job termination, the other was deemed not worthy of further investigation.

```
               Q.  I need to go back to this ticket.
           16   Part of your reason for the termination of
           17    Ms. Brackin was her allegedly not accounting
           18    for a ticket by putting "void" on the
           19    transmittal form within two years from being
           20    placed on probation.
           21    Do you agree that this ticket incident did
           22     not happen within two years of her being
           23     placed on probation?
           0440
            1    MS. NELSON:  I'm not sure what you're
            2    talking about.  I think you --
            3    A.  Well, we discovered --
            4    Q.  The transmittal issue, that did not occur
            5       within two years of her being placed on
            6       probation?
            7    A.  We discovered it within two years.  We would
            8       not have known if it hadn't come up in the
            9       course of an investigation.
           10    Q.  But it didn't happen within two years, right?
           11    A.  It didn't, the conduct?
           12    Q.  The conduct didn't happen within two years?
           13    A.  That's my understanding.
           14        MS. NELSON:  Two years of her --
           15        MR. JAFFREE:  Being placed on probation.
           16    Q.  Well, isn't it true, that not only did you add
           17       it, that that ticket thing was to try to find
           18       some vehicle to justify terminating
           19       Ms. Brackin?
           20        MS. NELSON:  Object to the form.
           21    A.  I didn't even know about the ticket.  It was
           22       discovered during an investigation of another
           23       complaint.  I didn't -- I didn't invent it.
```

(Gordon's depo at pp. 439.15-23; 440.1-23)

In paragraph 6 Gordon makes the following self serving statement:

> The UTC Form merely reflects that McClain recorded a ticket as void as it was turned in to her by the police officer. Because the officer had voided the

> ticket, it was recorded and accounted for, but was not assigned a case number and not entered into the system. Unlike Mary Beth Brackin, McClain did not strike through, alter and void a ticket entry on the UTC Transmittal Form for a ticket that had been issued, sworn to and assigned a case number. McClain's handling of this transmittal was not inappropriate and did not warrant an investigation or discipline.

No basis is provided for this statement. Gordon could not have gathered this information from merely looking at the transmittal. There is no suggestion that Gordon is the keeper of this record and even if she was this fact alone would not make her privy the history of this transaction.[2] The only way Gordon could possibly make the statement contained in paragraph 6 was to obtain this information from a third party, or more than one third party. Therefore, Gordon's statement is infected with hearsay, and inadmissible under Federal Rule of Evidence 802.

Further, if Gordon's statement is offered as an 803(6) keeper of the record exception, then this defense is unavailing since she is not offering a document but her testimony concerning a document. Further, there is no suggestion that Gordon is the keeper of this record and even if she was this fact alone would not give her greater insight to the history of the record than the person who made it.

For the above stated reasons, Gordon's statements contained in paragraphs 5 and 6 and the document attaché to paragraph 5 are due to be stricken.

---

[2] Gordon has admitted in her deposition that she was located in another building and not over to the Magistrate's office on a day to day basis. (Gordon's depo pp. 91.17-21, 93.1-8, 99.7-9. Further, she admitted that she doesn't handle administrative matters but defer to the Administrator to act independently (Gordon's depo pp. 101.11-14; 102.10-15)

Respectfully submitted, this 24th day of December 2007..

                                 s/Ishmael Jaffree_____
                                 ISHMAEL JAFFREE ( IXJ 1791)
                                 800 Downtowner Blvd. Ste 106 B
                                 Mobile Alabama 36609
                                 251-694-9090 ishjaff@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theodore P. Bell
Carol Sue Nelson
Audrey Dupont
Maynard Cooper & Gale
1901 Sixth Avenue North
Birmingham Alabama 35203-2618

                                 /s/Ishmael Jaffree
                                 Ishmael Jaffree