### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY MARTIN and, | ) | |
| MARY BETH BRACKIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-1172-MEF |
| | ) | |
| CITY OF DOTHAN and JUDGE | ) | |
| ROSE EVANS-GORDON, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
### MOTION TO STRIKE PORTIONS OF MARTIN' AFFIDAVIT

In a case chuck full of disputed operative facts, Defendants toll mightily to eviscerate   all traces of disputed fact. In their latest effort, they seek to stiffel not only statements made by Martin to Gordon, but statements made to her by Gordon and statements made by her to Kai Davis, Dothan's  Personnel Director.  Defendants seek to have stricken almost the full measure of Martin's Affidavit. Principally, they seek to have stricken statements made to Martin by an opposing party (Gordon)[1], not due to the trustworthiness of whether the statements were actually made, but on the basis of opinion hearsay. (See page 3 of Defendants Motion To Strike footnote 1.[2]

---

[1] To a lesser degree, Kai Davis.

[2] Generally any statement made by an opponent is fair game. It is not hearsay if it is made by a party opponent. Miles v. M.N.C. Corp.,750 F.2d 867, 873-75 (11th Cir.1985). *City of Tuscaloosa v. Harcros Chemicals Inc.*, 158 F.3d 548,____ (11th Cir. 1998)  See also  Fed. R. Evid. 801(d)(2)(D).

1

The specific offending paragraphs are 1-8, 18, 20-30, 32, 37, 47-50, 57-60, 70, 72, 74-75, 78, 85, 88, 91, and 94. Defendants' challenge paragraph 3 for its inclusion of a warning Gordon provided to Martin concerning two white magistrates. Paragraphs 5, 6 and, 22 are attacked for the same reasons. Paragraphs 23-30 is challenged because Gordon gave Martin a run down of all of the magistrates whom she would be supervising, casting negative aspersions on the white magistrates and giving the black magistrates glowing reviews.

Defendants claim these statements, at best, represent the opinion of Gordon and are therefore inadmissible as hearsay. Carried to its natural and probable extreme Defendants argument would eviscerate the notion of "direct evidence" of discrimination because all such statements are based upon the opinion of the decision maker as to the value of the suspect class member discriminated against. For example, the statement "blacks are shiftless and lazy and when I see the first signs of this I am going to fire them" represents an opinion that pursuant to Defendants' interpretation of the Rules would be inadmissible opinion hearsay. .

A discrimination suit (unlike, for instance, a breach of contract action) puts the plaintiff in the difficult position of having to prove the state of mind of the person making the employment decision. See *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, (1983) (noting the difficulty of this intractable issue). Such direct evidence is encountered only infrequently, since direct evidence "is composed of only the most blatant remarks, whose intent could be nothing other than

to discriminate on the basis of some impermissible factor." *Schoenfeld v. Babbitt,* 168 F.3d 1257, 1266 (11th Cir. 1999).

However, Plaintiffs here need not rely upon esoterical exceptions to the hearsay rule because statements by party opponents are simply not hearsay. Fed.R.Evid. 801(d) (2)(A) provides "A statement is not hearsay if ... the statement is offered against a party and is (a) his own statement ...." See *United States v. Munoz,* 16 F.3d 1116, 1120 (11th Cir.1994) (noting that "a statement is not hearsay if it is the statement of the party against whom it is offered").

This case is premised not so much upon Gordon's dislike for white people, but upon her protective tendency when it involves black magistrates. It is alleged that while Gordon permits, even encourages, discipline of white magistrates, she provides a protective cover for alleged wrongdoing by black magistrates. Hence, her statements to Martin are circumstantial evidence of "the mind of the person making the employment decision(s)".

Defendants next challenge statements by Kai Davis, contained in paragraphs 58 and 74 of Martin's Affidavit, where it is alleged that Davis instructed Martin to write up Eunice for insubordination and further acknowledged that Gordon was guilty of discrimination. It should be noted that Davis is a city official, responsible, along with

the Personnel Board, for setting personnel policy[3]. Davis is part of the administrative

due process system set up by the Civil Services Act of the City of Dothan.

The City of Dothan is the only adverse party to Martin's Title VII claims. The

City acts, if at all, through its agents, servants, and/or employees. Kai Davis, as

Personnel Director for the City, is its agent. A "statement by [a] party's agent or

servant concerning a matter within the scope of the agency or employment, made

during the existence of the relationship," however, is deemed an admission by a party

opponent and is excluded from the definition of hearsay. Fed. R. Evid. 801(d)(2)(D);

see *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1456 (11th Cir. 1997).Davis

is an agent of the City, who is a party to this litigation, and, therefore, her statements

to Martin are not hearsay.[4]

In their next section, Defendants cite a bevy of statements which they contend

are conclusory, based on pure speculation or inadmissible opinion evidence. These

statements are:

---

[3] .Among the duties and responsibilities of the Personnel Director are : (a) direct and supervise the administrative and technical activities of the department; (b) appoint from the Employment Register, with the approval of the Board, such employees and special assistants as may be necessary to effectively organize the Department and the System herein created; (c) attend all meetings of the Board and provide for recording its official acts; (d) prepare and recommend Rules and Regulations for the administration of the provisions of this Act; (e) recommend and on its adoption establish, administer and execute a plan for a Classified Service in the City of Dothan; ( See generally, City of Dothan, Alabama Civil Service Act Section 9)..

[4] Even if the Court feels that Davis' statements, even if admitted as true, are too vague or remote to support Martin's Title VII claim, the statement still can be considered not hearsay for reasons of its not being admitted for the truth of the matter asserted but solely for the purpose of establishing that the statement was said and that Martin first raised the issue of Gordon's discriminatory practices with Davis. See generally *United States v. Inadi*, 475 U.S. 387, (1986); *Tennessee v. Street*, 471 U.S. 409, 410, (1985); *United States v. Peaden*, 727 F.2d 1493, 1500 n.11 (11th Cir.), cert. denied, 469 U.S. 857 (1984). Davis' statement also evades the reach of the hearsay exclusion under the "effect on listener exception" to the hearsay rule., *Grayson v. Dungan*; 628 So.2d 445, 447 (Ala 1993). The effect upon Martin was to confirm that race played an impermissible role in Gordon's disciplinary policy.

* In paragraph 13, Martin claims she accepted the position thinking that the Magistrates she would have to watch out for, and who would cause her the most trouble, were Mary Beth and Mary Turner. She further states "had I known the real trouble was that Judge shows favoritism toward the minority magistrates and sought to get rid of the white Magistrates, I would never have taken the position."

* In paragraph 38, Plaintiff contends that she and the Judge were getting along great and she got along great with all the Magistrates.

*In paragraph 40, Martin alleges that Judge Gordon was protective of three black Magistrates. In the same paragraph, she contends that she felt she was constantly spied on.

* In paragraph 43, Martin states that she "believes there was several things that led Judge to believe mat I was no longer on her team" and continues to discuss several incidents she believes influenced how Judge Gordon felt about her.

* In paragraph 47, she states, with no basis, that the City Manager and the Judge were very good friends and that Mary in Personnel and the Judge were very good friends.

* In paragraph 48, Martin also states, with no basis, that the individuals Judge Gordon consulted with had no knowledge of the court system.

* In paragraph 70, Martin alleges that Gordon made light of persons arrested wrongly by the black magistrates.

* In paragraph 51, Martin contends that she changed Lavera's evaluation because she knew she would lose her job if she did not change it

5

> \* In paragraph 53, Martin concludes that "except for initially giving Lavera a bad but fair evaluation the rest of the Judge's memo to Davis was untrue."
>
> \* In paragraph 96, Martin alleges "black employees had a willing ear with the Judge in their claims of discrimination" and "frustrated with my refusal to treat the black employees disparately, the Judge used the black employees claims of disparate treatment as a basis to terminate me."

Before each of these statements are addressed in turn, the Court's attention is directed to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike Portions of Brackin's Affidavit at page 4-6 (Document # 88) filed December 17, 2007.. In this response, Plaintiffs referenced how Defendants have been recalcitrant in providing information referencing disparate treatment experienced by the white magistrates by Gordon. Given this recalcitrance, Martin's statements may be the best evidence available to Plaintiffs, who through due diligence have attempted to discover the truth of the matter.

Even if considered hearsay, Martin's comments  satisfies the residual exception to the hearsay rule found at Federal Rule of Evidence 807  in that: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence".

With respect to Defendant's "inadmissible opinion" argument, Federal Rules of Evidence 701 allows "lay opinion" testimony that is rationally based on personal perceptions.  Prior to its amendment in 2000, Rule **7**01 provided that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Fed. R. Evid. 701 (amended 2000).

In 2000, Rule 701 was amended to include an additional subsection which reads as follows: "and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Id.  The Advisory Committee Notes to amended Rule 701 explained that the addition of subsection (c) was an attempt "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.

Therefore; if Martin's opinion evidence is based upon her (1) personal observation of the work performance of the magistrates;  (2) based upon her past experience,and (3)  she was competent to make such observations from which to draw an opinion,  then such opinion is a permissible exception from the hearsay rule.. See *Tampa Bay Shipbldg. & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003).

The fact that Martin does not expressly state that her statements were based upon personal knowledge is not relevant. Rule 56 does not require that the opponent of a summary judgment motion positively proclaim that their statements are based upon personal knowledge. The only requirement is that they be so based. Personal knowledge can be inferred by the facts and the status of the declarant. *Barthelemy v. Air Lines Pilot Ass'n*, 897 F.2d 999, 1018 (9th Cir.1990)

As noted in Barthelemy "Appellants correctly note that competence and personal knowledge can be inferred when the affiant's bears a sufficiently close relationship to the matter to which he or she is swearing". Id at 1018. Specifically, the Rule 56(e) requirements can be "reasonably inferred from [the affiant's] position[ ] and the nature of [her] participation in the matters to which [she] swore." Id. see also *Ondis v. Barrows*, 538 F.2d 904, 907 n.3 (1st Cir. 1976) (finding personal knowledge requirement met based on the affiant's position in the company).

Further, and more importantly, the fact that a statement may contain hearsay does not necessarily prevent is from being used defensively to defeat summary judgment. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); where the Court noted "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment". The Eleventh Circuit has held that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be "reduced to admissible

evidence at trial" or "reduced to admissible form." *Wright v. Southland Corp.*, 187

F.3d 1287, 1304 n. (11th Cir.1999); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130,

1135 (11th Cir.1996); *McMillian v. Johnson*, 88 F.3d 1573, 1584-85 (11th

Cir.1996).See also  *Church of Scientology Flag Service Org., Inc. v. City of

Clearwater*, 2 F.3d 1514, 1530 (11th Cir.1993), cert. denied, U.S., 115 S. Ct. 54, 130

L. Ed. 2d 13 (1994); and  *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013,

1015 & n. 1 (11th Cir.1987).( both holding that  inadmissible hearsay may sometimes

be considered by a court when ruling on a summary judgment motion).

Martin claims in paragraph 13, that she accepted the position thinking that the

Magistrates she would have to watch out for, and who would cause her the most

trouble, were Mary Beth and Mary Turner. Further, had she known that Gordon

demonstrated a preference to minority magistrates; she would have not taken the job.

The first of these statements is based upon observable fact, the second an expression

of  sentiment.   The former is not hearsay and the later is a 701 exception to the

hearsay rules.

Whether Martin would have accepted the position if she knew the true state of

affairs is not offered for proof of the matter asserted. "If the significance of an offered

statement lies solely in the fact that it was made, no issue is raised as to the truth of

anything asserted, the statement is not hearsay." Fed.R.Evid. 801(c), Advisory

Committee's Note. See, e.g., *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir.1992)

9

(finding out-of-court statements were offered to prove reliance, not for their truth, and therefore should have been considered by district court in motion for summary judgment).

Martin, next to Gordon, was the chief administrator of the Judicial Department for the City of Dothan. As such, she was responsible for the day to day supervision of the magistrates and clerical staff. However, she could not impose discipline requiring a finding of a Major offense unless the same was signed off on by Gordon. Section 21 of the City of Dothan Civil Service Act only permits the Appointing Authority (Department Head) to discharge an employee. Similarly, Section 22 of the Act only permits the Appointing Authority to suspend an employee. Therefore, Martin was in the unique position of observing Gordon's discriminatory administration of discipline and forming an opinion of the same. 701 provide the vehicle for her statement and the same is admissible in response to Defendants' summary judgment motion.

Martin's statement in paragraph 38 concerning her getting along with Gordon and the other magistrates is not hearsay for it is not offered for the truth of the matter asserted but only as background filler. The same non hearsay rationale applies to paragraphs 43, concerning when Martin felt that she lost favor with Gordon and paragraph 48 concerning the knowledge base of people with whom Gordon consulted.

Paragraph 70, concerning Gordon's response when presented with information concerning black magistrates wrongfully arresting people, is based upon fact observed by Martin when she broached the topic with Gordon. Indeed, the last time that Martin mentioned the topic of the wrongful arrest of Powe (September 29, 2004 involving Eunice and Lavera, the seeds of her termination was germinated the following day ( See Martin's Day Planner, Exhibit "A" attached)[5].

Paragraph 51, concerning the real possibility of a job loss if she didn't changed Lavera's evaluation, is a statement of fact premised upon Gordon's statement to her reminding her that she was still probationary. (See paragraph 50 of Martin's affidavit). Ditto paragraph 53 that except for one particular, the bad evaluation of Lavera, Gordon's June 8, 2004 memo to Kai Davis contained untruths. This is a disputed fact. The June 8, memo, among other things, claimed that Gordon had met with Martin to discuss its contents. How else could Martin deny that this meeting occurred but by saying that it did not? Statements of disputed facts, within the declarant's personal knowledge, are not hearsay.

Paragraph 96, which alleges that black employee's claims of discrimination received a willing ear by the judge, is also based upon facts established in the record. Without restating Plaintiffs' brief in opposition of Defendants' Motion for Summary Judgment, Eunice in her deposition admitted that both she and Lavera meet secretly

---

[5] This planner was attached as an exhibit to Nancy's deposition and given to the Defendants prior to questioning Martin in full during her deposition.

with Gordon, complained of Martin's discrimination, Gordon in turn referred them to Kai Davis and Martin's termination followed shortly thereafter. Martin's asserts that her claims of discrimination practiced by Gordon was ignored first by Davis (who acknowledge them but did nothing) and then by Gordon. These are facts (albeit disputed) within Martin's personal knowledge and as established by the record.

Defendants' next challenge paragraphs 19, 41, 93 and 94 on the grounds of hearsay and Martin's lack of personal knowledge. In paragraphs 19 and 41, Martin alleges that white magistrates registered with her their resentment that offices appeared to be preferentially assigned. This statement is offered not for the truth of the matter asserted by the white magistrates but to only establish that the statements were made. They therefore are not hearsay.

The claims in paragraphs 93 and 94 are mostly derive from Martin's personal knowledge and observations. Martin references her September 23 memo that generated responses from Lavera and Eunice. As their immediate supervisor, these responses were sent directly to Martin and copied to Gordon. In paragraph 93 Martin alludes to Lavera's and Eunice's non-busy time, socialization and personal telephone calls. As their immediate supervisor, situated in the same facility, Martin was in a position to observe these magistrates and express factually what she observed. Martin's subsequent memo to Gordon and Gordon's memo to Martin referenced in paragraph 94 are statements of fact within Martin's personal knowledge. There is no

question concerning the authenticity of the memos since they were provided to Plaintiffs' counsel in response to production request. Defendants' challenge to the statements contained within these paragraphs is without merit.

Defendants challenge Martin's statements in paragraph 40 that Gordon disciplined several white magistrates, some prior to her tenure. Of course any magistrates disciplined by Gordon during Martin's tenure she would have direct knowledge since Martin was the instrument through which the discipline took place. Her discipline, and that of her co-plaintiff, Brackin, is a matter of record and beyond dispute.  However, Defendants additionally question whether Martin would be in a position to know that "in the course of five years, she (Gordon) had fired or forced to resign five white magistrates (Kevin Sorrels, Allison Davis, Patty Kindberg, Kim Phillips, Cheryl Moray), one white clerk (Debbie Irby), and a white Administrator (Donna Nicholson). Though it is true that these disciplinary occurred prior to Martin's watch, they have been substantiated by Defendants production to Plaintiffs[6] and Gordon's deposition testimony. (Gordon's depo pp. 136.10-141.13, 154.7-157.11). Martin's knowledge base is through these submissions.

Also, Defendants take issue with Martin's statement in this same paragraph that Gordon provided a protective shield around black magistrates. This is opinion premised upon Martin's observations since Gordon encouraged Martin to discipline

---

[6] Because the documents demonstrating the listed employees discipline signed off on, if not initiated by Gordon, are collateral to whether Gordon discriminated against the Plaintiffs, they have not been submitted as an exhibit. However, they are available upon request.

Brackin, Ann Baxter and Michelle Bryan**,** (all white magistrates) but wouldn't permit her to discipline black magistrates. Martin's opinion, as expressed in this paragraph, is protected by  and consistent with  Fed. R. Evid. 701 in that they are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Defendants challenge paragraph 71 where Martin asserts that there was a major incident where a person was arrested wrongly because of Lavera not completing paperwork on the case and issuing a warrant that should not have been issued. This statement is not being offered to prove the truth of the matter asserted (that there was a wrongful arrest) but that the facts were provided to Gordon who refused to take any action or make any further inquiry. This statement is not hearsay.

Defendants next argue that Martin's assertions in paragraph 85 of her Affidavit is conclusionary and not based upon personal knowledge. However Martin acknowledged that her statement was based over the course of her employment and that she had brought to Gordon's attention several performance problems involving Lavera and Eunice only to have Gordon respond that every one makes mistakes. This is within Martin's personal knowledge, both expressly and implicitly as the Administrator of the Magistrates Office. The statements provided by Martin in this paragraph are at worst disputed statements of operative facts.

Defendants group paragraphs 52, 84, 57, and 86 as statements made by Martin concerning Gordon's and Eunice disposition when she (Martin) approached them with positive and/or negative information. Martin's opinion of Gordon's and Eunice's disposition is permissible under Rule 701 of the Federal Rules of Evidence. See Fed. R. Evid. 701 (allowing lay testimony as to opinions or inferences "which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ( c ) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702"); see also *United States v. Henderson,* 409 F.3d 1293, 1299-1300 (11th Cir. 2005), cert. denied, __ U.S. __ , 126 S. Ct. 1331 (2006).

Finally, Defendants challenge paragraph 17-21 as irrelevant. These paragraphs address complaints by white staff concerning disparate treatment. Again they are not being offered for their truth but to establish that statements were made and Gordon's involvement in insuring that a newly hired black magistrate obtains a premium office. Gordon's acts and statements within the presents of Martin were within her personal knowledge. Viewing the case as a hole, as the Court must, it can determine the relevance of these statements without having them stricken from the record.

For the foregoing reasons the Defendants' Motion to Strike Portions of Martin's Affidavit is due to be denied.

Respectfully submitted, this 31st day of December 2007..

15

s/Ishmael Jaffree_____
ISHMAEL JAFFREE ( IXJ 1791)
800 Downtowner  Blvd. Ste 106 B
Mobile Alabama 36609
251-694-9090 ishjaff@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 31st, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theodore P. Bell
Carol Sue Nelson
Audrey Dupont
Maynard Cooper & Gale
1901 Sixth Avenue North
Birmingham Alabama 35203-2618

/s/Ishmael Jaffree
Ishmael Jaffree