IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and, <br> MARY BETH BRACKIN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF DOTHAN and JUDGE <br> ROSE EVANS-GORDON, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:05-CV-1172-MEF <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF JUDGE GORDON'S AFFIDAVIT

Pursuant to the Court's Order of January 2, 2008, Defendants hereby show cause as to why Plaintiffs' Motion to Strike Portions of Judge Gordon's Affidavit should not be granted.

Plaintiffs contend that paragraphs 5 and 6 of the Affidavit should be stricken as hearsay. Plaintiffs' argument, however, is totally without merit, if not frivolous, and their Motion to Strike is due to be denied.

Judge Rose Evans-Gordon is Department Head of Dothan's Judicial Department and Presiding Judge of Dothan's Municipal Court. As such, she has access to municipal court records kept in the normal course of business, including court dockets and UTC Transmittal forms.

As Presiding Judge of Dothan's Municipal Court, Judge Gordon is responsible for conducting hearings and trials in her courtroom. Through her own personal knowledge and/or review of municipal court dockets kept in the normal course of business by the Judicial Department, she is competent to testify that Municipal Court was in session the week of April 26, 2004.[1] Additionally, the Docket Sheet for this date attached to her Affidavit is clearly a business record kept in the normal course of business and is an exception the hearsay rule. It is a computer generated document and there is absolutely no evidence to establish that it is untrustworthy.

As to paragraph 6, Plaintiffs cited "Exhibit S" in their Response Brief. Exhibit S is a document that was attached to an Internal Affairs Investigation into a ticket-fixing probe regarding Magistrate Mary Turner. (See Gordon Affidavit I, Exhibit B.) Exhibit S is a UTC Uniform Transmittal form signed by a Magistrate LaVera McClain. The UTC Transmittal form contained the ticket issued to Bradley Phelps. Bradley Phelps was the individual who first alerted the Court that Magistrate Mary Turner was supposed to have taken care of the speeding ticket he received.

Plaintiffs plucked this form from the Internal Affairs Investigative Report and cited it in a vain attempt to show that the completion of this form was no

---

[1] The fact that Municipal Court was in session this date and dockets were not posted is but one of the myriad of performance issues Judge Gordon encountered with Nancy Martin.

different than what Plaintiff Mary Beth Brackin did in altering a UTC Transmittal form by striking through an entry and writing "void" on the entry of a ticket that had been sworn to by an officer, and given a case number. (See Exhibit 34 to Brackin Depo.) As Department Head of the Judicial Department and Presiding Judge, Judge Gordon is certainly competent to review Plaintiffs' Exhibit S and testify as to the UTC Transmittal Form, what it reflects, and whether there was anything inappropriate in the completion of the form. As noted in Judge Gordon's Affidavit, there was nothing inappropriate in the manner in which Exhibit S was handled or completed. There was no alteration of the form; there was not a strikethrough of the entry of a sworn ticket; and the Magistrate did not write "void" under the "Case Number Column".[2] As a result, no investigation or discipline was in order.

As noted by the Alabama Court of Civil Appeals (Exhibit 36, pp. 17-18 to Brackin Depo.), the Internal Affairs investigation into the Stephen Phelps ticket issue (Exhibit C to Gordon Affidavit I), and the disciplinary action issued to Brackin on April 29, 2005 (Exhibit 32 to Brackin Depo.), Plaintiff Brackin's conduct in handling this Transmittal form (Exhibit 34 to Brackin Depo.) was improper. On the other hand, there is absolutely nothing to suggest that Magistrate

---

[2] Moreover, as noted in the Court of Civil Appeals decision regarding Ms. Brackin, there are circumstances where an officer may void a ticket before it is sworn. However, the ticket still must be turned in and accounted for. (See, Decision, Exhibit 36, pp. 8-18 to Brackin Depo.)

McClain's completion of Plaintiffs' Exhibit S was inappropriate or warranted an Internal Affairs investigation where the form merely reflected "void" under the "Remarks Column." Internal Affairs reviewed this UTC Transmittal Form as a part of their investigation and found nothing inappropriate as to the completion of this UTC Transmittal Form. (See Gordon Affidavit I, Exhibit B.) Judge Gordon's review of the form likewise establishes that there was nothing inappropriate about Exhibit S and certainly not comparable to Plaintiff Brackin's conduct.

Plaintiffs' Motion to Strike is totally without merit and is due to be denied.

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

      I hereby certify that on January 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

                                              /s/ Carol Sue Nelson
                                              OF COUNSEL