IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and,<br>MARY BETH BRACKIN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DOTHAN and JUDGE<br>ROSE EVANS-GORDON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:05-CV-1172-MEF<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO SEVER IN THE EVENT DEFENDANTS' SUMMARY JUDGMENT IS NOT GRANTED

Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), have previously filed a Motion for Summary Judgment seeking a dismissal of all claims brought by Plaintiffs. Defendants assert that Summary Judgment is due to be granted in their favor on all claims. However, to the extent that Defendants' Motion is not fully granted and any claims remain as to Plaintiffs Nancy Martin and Mary Beth Brackin, Defendants respectfully move this Court to sever Plaintiff Nancy Martin and Mary Beth Brackin's actions and order separate trials of Plaintiffs' claims, in accordance with Fed. R. Civ. P. 20(b), 21, and 42(b). In the interest of judicial economy and to minimize costs, Defendants' did not seek to sever the claims raised in Plaintiff's Second Amended Complaint through the discovery process and during the summary judgment and briefing stage of the

proceedings. Now that discovery is complete and the facts have been fleshed out, it is abundantly clear that each Plaintiff's claims arise from separate and distinct events, and involve completely different and distinct issues of fact and law, and separate trials are necessary to avoid prejudice against Defendants and confusion of the jury.

Federal courts have found severance under *Fed. R. Civ. P.* 21 appropriate when claims are distinct and involve different evidence. *See, e.g., Grigsby v. Kane*, 250 F.Supp.2d 453, 456 (M.D.Pa. 2003)(holding that plaintiffs' wrongful termination claims should be severed, even though some of the factual allegations overlapped, when one plaintiff mainly alleged discrimination on the basis of race, while the other alleged retaliation for exposing employer's allegedly illegal quota system); *see also Dow Corning Corp. v. Surgitek, Inc.*, 61 F.R.D. 578, 579-580 (E.D.Wis. 1973)(granting plaintiff's motion to sever when issues were sufficiently dissimilar to make severance beneficial in terms of economy and convenience).

The Eleventh Circuit has recognized that submitting claims based on different theories of liability simultaneously to a jury may overwhelm and confuse jurors, and that separating the claims under *Fed. R. Civ. P.* 42(b) can alleviate this confusion. *See Harrington v. Cleburne County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)(affirming pretrial order requiring separate trials of claims based on distinct grounds of discrimination); *see also Southern Ry Co. v. Tennessee Valley*

*Auth.*, 294 F.2d 491, 494 (5th Cir. 1961)(upholding trial court's severance of distinct issues for trial). Similarly, in *Grayson v. K-Mart Corporation*, 849 F.Supp. 785, 790-91 (N.D.Ga. 1994), the Northern District of Georgia held that the ADEA claims of various plaintiff employees against K-Mart must be tried separately due to the "tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus prejudicing defendants with respect to the other plaintiffs' claims." 849 F.Supp. at 790-91. The court noted that the work history of each plaintiff was quite distinct, and the claims and defenses of each plaintiff could only be fairly considered in light of his or her separate work history. *See id.* at 791. If all claims were tried together, it was highly likely that the defendant would suffer prejudice, while adjudicating the claims in separate trials would not prejudice the plaintiffs. *See id.* The court therefore concluded "that defendant's motion for severance should be granted under either Rule 21 or 42(b)." *Id.*

In the case at bar, there are very few commonalities between Martin and Brackin's claims. Both were employed by the City of Dothan, both worked in the Judicial Department of which Defendant Judge Gordon is the department head, and both were discharged from their employment. However, short of a general complaint that Judge Gordon discriminated against them, there are no similarities to their claims. Brackin, a former magistrate, has alleged the following claims:

3

1. (Count 1) Violation of the First Amendment freedom of speech clause, stemming from what alleged discipline for "instructing a citizen where he could go to submit a claim against the City." (Second Amend. Compl. ¶ 97).

2. (Counts 2 and 3) Violation of the First Amendment freedom of speech clause and freedom of association clauses, based on the alleged instruction that the department employees have no contact with Mary Turner, the City Magistrate under a criminal investigation for ticket-fixing. (Second Amend. Compl. ¶¶ 102, 106).

3. (Counts 4 and 5) Violation of the Procedural Due Process and Substantive Due Process Clauses of the Fourteenth Amendment, alleging that the investigations conducted within the Judicial Department by members of the Internal Affairs department of the City's police department violated Brackin's procedural due process rights, and the fact that she was interviewed during these investigations violated her substantive due process rights. (Second Amend. Compl. ¶¶ 111-116).

4. (Count 6) Violation of the Procedural Due Process Clause of the Fourteenth Amendment, alleging that that her due process rights were violated regarding her Personnel Board hearing. (Second Amend. Compl. ¶¶ 121, 123). (As per Brackin's Pretrial Order contentions, she is no longer pursuing this claim.)

5. (Count 7) Violation of the Substantive Due Process Clause of the Fourteenth Amendment, alleging that she was terminated for making contact with Turner during Turner's criminal investigation in violation of this Gordon's directive. (Second Amend. Compl. ¶¶ 125, 127).

6. (Counts 8 and 9) Race Discrimination in violation of Title VII and 42 U.S.C. § 1983,[1] based on her termination for negligence and insubordination on or about May 5, 2005. (Second Amend. Compl. ¶¶ 137, 142-43).

7. (Count 10) Retaliation under 42 U.S.C. § 1983, alleging that she "was terminated in retaliation for exercising free speech and free association rights protected by the First and Fourteenth Amendment . . . ." (Second Amend. Compl. ¶ 151).

8. (Count 11) False Imprisonment, alleging that being interviewed in the course of the investigations conducted within the Judicial Department by members of the

---

[1] While the caption of Count Eight lists 42 U.S.C. § 1983, the body of this text addresses only Title VII

4

Internal Affairs department of the City's police department constituted imprisonment. (Second Amend. Compl. ¶ 152-53).

In contrast, Martin, the former Municipal Court Administrator, alleges the following claims:

1. (Count 12)   Violation of the First Amendment freedom of speech clause, based on her accusing Judge Gordon of showing favoritism to a particular bonding company. (Second Amend. Compl. ¶ 154). (However, Martin has abandoned this claim according to her Pretrial Order contentions);

2. (Counts 13 and 14)[2] Race Discrimination in violation of Title VII and 42 U.S.C. § 1983, alleging that her termination for poor job performance on or about October 18, 2004 was discriminatory;

4. (Count 15)[3]   Retaliation under 42 U.S.C. § 1983, alleging that she was not allowed to perform her duties after she supposedly complained about what she alleges were Judge Gordon's discriminatory practices.

5. (Counts 16 and 17)[4] Negligence and Breach of Contract, complaining that Judge Gordon allegedly failed to point out Martin's deficiencies in her job performance and failed to give her an opportunity to cure those deficiencies. (The Breach of Contract claim has subsequently been abandoned, based on Martin's Pretrial Order contentions.)

As these two lists highlight, not one of Brackin and Martin's numerous claims arise from the same incident or facts. Brackin's constitutional claims arise out of Internal Affairs investigations and directives during a period when Martin was not even an employee of the City. Similarly, Brackin alleges a false imprisonment claim for alleged actions having no relationship to Martin. Martin makes a negligence claim totally unrelated to Brackin. Their employment histories

---

[2] Misidentified as "Count Eleven" and "Count Twelve" in the Complaint, p. 30, 33..

[3] Misidentified as "Count Thirteen" in the Complaint, p. 35.

[4] Misidentified as "Count Fourteen" and "Count Fifteen" in the Complaint, p. 35, 36.

are also different, and the majority of witnesses and documentary evidence regarding their claims will be different. Brackin was a magistrate, hired in 1992, whereas Martin, hired in 2004, was a Municipal Court Administrator. Martin, having been recently hired by the City, was at all times only a probationary employee whereas Brackin was not. Martin, a supervisor, was discharged in October 2004 when, as a probationary employee, she was not recommended for further employment because of her poor performance. Brackin was not discharged until the next year, when she was terminated for discrete acts of negligence and insubordination, totally unrelated to Martin or her claims. As addressed in Defendants' Motion for Summary Judgment, the events giving rise to their terminations are distinct and wholly unrelated.

The disparities between Brackin and Martin's claims and allegations are similar to that addressed by the Northern District of Georgia in *Grayson v. K-Mart Corp.* 849 F.Supp. 785 (N.D.Ga. 1994), and the Court's analysis in that case is very persuasive. The defendant in *Grayson* sought separate trials for similar claims raised by multiple Plaintiffs on the grounds that the claims were improperly joined under Rule 20(a) and that it was entitled to have the claims severed under Rule 21 and 42(b). The Court, granting the request, noted

> that no common question of law or fact exists between the plaintiffs' cases, within the meaning of Rule 20(a). 'It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient.' <u>As detailed</u>

> previously, each demotion decision affecting the plaintiffs in these cases was a discrete act by the defendant. 'As indicated, the factual and legal questions between the plaintiffs and the defendant are based upon the wholly separate acts of the defendant with respect to each plaintiff. There is consequently a complete lack of common questions of fact or law, the second element required by Rule 20(a), and the action[s] must be severed on this ground as well.'

*Grayson v. K-Mart Corp.* 849 F.Supp. 785, *789 (N.D.Ga.,1994)(emphasis added)(quoting *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 524 (N.D.Okla.1970))(citing *Anderson v. Phelps,* 655 F.Supp. 560 (M.D.La.1985); *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 449 (N.D.Cal.1975)). The Court further stated that,

> Each plaintiff must prove liability on the part of the defendant with respect to the adverse action defendant took with respect to him. It is precisely this need to focus the jury's attention on the merits of each individual plaintiff's case that counsels against proceeding with these cases in one consolidated trial. There is a tremendous danger that one or two plaintiff's unique circumstances could bias the jury against defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims.

*Id.* at 790 (emphasis added).

To try these two actions together would almost certainly prejudice the Defendants. For example, while Plaintiffs must prove the same legal elements regarding their race claims, they must do so for unrelated events with independent facts and evidence. However, it is very likely that a jury member will consider both Plaintiffs' causes of action together and "borrow" elements proved by one Plaintiff to "fill-in" gaps in the case of the other. Or, similarly, if a juror feels that

7

one of the Plaintiffs established that they had suffered harm, to therefore assume that the other Plaintiff must also have suffered the same type of harm regardless of the evidence. Additionally, while both have pled claims of retaliation, Martin's retaliation claim is brought under Title VII, but Brackin's is based on her alleged free speech and association activity. Brackin has made no Title VII retaliation claim. Such retaliation claims are totally unrelated, but could easily confuse a jury.

Trying all claims together, arising from completely different acts and events, will most likely overwhelm and confuse the jurors, and the Eleventh Circuit has recognized that separating the claims under *Fed. R. Civ. P.* 42(b) can alleviate this confusion. *See Harrington v. Cleburne County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)(affirming pretrial order requiring separate trials of claims based on distinct grounds of discrimination); *see also Southern Ry Co. v. Tennessee Valley Auth.*, 294 F.2d 491, 494 (5th Cir. 1961)(upholding trial court's severance of distinct issues for trial).

Thus, the prejudice to Defendants in trying both Plaintiffs' claims together is great, while there is no prejudice to Plaintiffs in having separate trials. Accordingly, separation of the two Plaintiffs' claims into separate trials is appropriate.

WHEREFORE, Defendants respectfully request that this Court Order that Plaintiff Nancy Martin's claims be tried separately from Plaintiff Mary Beth Brackin.

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
Audrey Dupont
Theodore P. Bell
Attorneys for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
951 Government Street
Mobile, AL 36604-244

/s/ Carol Sue Nelson
OF COUNSEL