**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**NANCY MARTIN and,**

**MARY BETH BRACKIN,**

**Plaintiffs,**

**v.**                                               **) Case No. 1:05-CV-1172-MEF**

**CITY OF DOTHAN and**

**JUDGE ROSE EVANS-GORDON,**

**Defendants.**


**PLAINTIFF BRACKIN'S PROPOSED JURY INSTRUCTIONS**

What follows are Brackin's Proposed Jury Instructions. These instructions are intended to be conditioned on the Court's paring some, if not all, of Brackin's claims, the Defendant's objections, if any, and the Court's ruling upon the same.  Except for one instance these instructions are taken, in modified form, from the Eleventh Circuit's Pattern Jury instructions as last modified in 2005. The single exception, Proposed Instruction No 9, is taken from the Seventh Circuit's Pattern Jury Instructions. Because Plaintiff raises multiple theories of relief, several of the below instructions repeat specific provisions. I have not attempted to delete the repeated sections. . I did not know which instructions would be accepted there no effort was made to redact repeated phases. However, the Court would not be expected to be redundant.

## JURY INSTRUCTION ONE

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people such as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence - -that is, the testimony of the witnesses and the exhibits I have admitted into the record - - but as you consider such evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to

either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**11th Cir. Pattern Instruction # 2.3**

**Consideration of the Evidence**
 **Duty to Follow Instructions**
 **Governmental Entity or Agency**
 **Involved**

**Given_____      Denied\_\_\_\_\_**

## JURY INSTRUCTION THREE

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**11th Cir.  Pattern Instruction # 3**

**Credibility of Witnesses**

**Given_____          Denied_____**

## JURY INSTRUCTION FOUR

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**11th Cir.  Pattern Instruction # 4.1**

**Impeachment Of Witnesses**
**Inconsistent Statement**

**Given_____        Denied_____**

## JURY INSTRUCTION FIVE

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

Plaintiff's case involves multiple issues. When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

While Plaintiff rises several claims, except for her claim that she was suspended for exercising free speech which I will discuss shortly, she is only entitled to one recovery. In other words, Plaintiff may assert several claims concerning her termination, if you fell that she has satisfied her burden on more that one of these claims, she would only be entitled to one recovery. However, her separation claims asserts a

different type of damages which must be examined separately.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**11th Cir. Pattern Instruction # 6.2**

**Burden Of Proof**
**When There Are**
**Multiple Claims**

       **Given_____**        **Denied_____**

## JURY INSTRUCTION SIX

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiffs rights under the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the  City of Dothan, State of Alabama, the Municipal Judge for  said City, while acting in the capacity of the Department Head of the City's Judicial Department, intentionally violated the  Plaintiff's  constitutional rights under the First Amendment to the Constitution when the Defendants  suspended Plaintiff for allegedly informing a citizen that he had been wrongfully arrested and that the Magistrate who caused the arrest was incompetent and that he could sue the City to seek recourse from the wrongful arrest. In another count in her Claim for Relief, Plaintiff claims that Defendants intentionally violated the Plaintiff's constitutional rights under the First Amendment to the Constitution when the Defendants discharged her for contacting a suspended Magistrate, who she claims was her close friend, after she was told by the Municipal Judge to make no contact with this person.

The Defendants deny that they violated the Plaintiffs rights in any way, and assert that both Plaintiff's suspension and subsequent termination was for insubordination.

Under the First Amendment to the Constitution of the United States,

every public employee has the right to "freedom of speech" addressing issues of public concern. They also have the right to freely maintain close associate rights.

In this case, therefore, if you find that the Plaintiff engaged in speech activity concerning a matter of public concern (that is publishing a matter that a member of the public has a right to know), you are instructed that the subject of such speech activity was a matter of public concern; and, as a public employee, the Plaintiff could not legally be penalized because of the Plaintiffs exercise of First Amendment rights in discussing that subject of public concern. Additionally, the law provides that the state may not infringe upon or punish a governmental employee for maintaining close associational ties. Therefore, if you find that the Plaintiff and the suspended Magistrate did have a close personal relationship then the Plaintiff could not be penalized for contacting her personal friend after she had been told not to.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiffs rights under the Constitution of the United States.

In order to prevail on her suspension claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First:</u>          That the actions of the Defendants were

under color" of the authority of the State;

Second:    That the Plaintiff engaged in speech activity concerning informing a citizen that he had been wrongfully arrested, the person responsible was incompetent and that he had a right to seek relief from the City;

Third    That such speech activity was a substantial or motivating factor in the Defendants' decision to suspend the Plaintiff from employment.

Fourth:    That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In order to prevail on her termination claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That the actions of the Defendants were "under color" of the authority of the State;

Second:    That the Plaintiff engaged in associational activity between a close and not casual friend;

Third:    That such associational activity was a substantial or motivating factor in the Defendants' decision to terminate the Plaintiff's employment.

Fourth:    That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the

official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned for the Constitutional Count of Plaintiff's Complaint, a public employer may suspended and/or discharged a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiffs protected speech activities were a "substantial or motivating" factor in the Defendants' decision,

the Plaintiff does not have to prove that the protected speech activities were the only reason the Defendants acted against the Plaintiff. It is sufficient if the Plaintiff proves that the Plaintiffs protected speech activities were a determinative consideration that made a difference in the Defendants' adverse employment decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the Plaintiffs favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been suspended and/or discharged for other reasons even in the absence of the protected speech activity. If you find that the Plaintiff would have been suspended for reasons apart from the speech activity, then your verdict should be for the Defendants. Similarly, if you find that the Plaintiff would have been terminated   for reasons apart from the associational activity, then your verdict should be for the Defendants on this count. However if you find that the Plaintiff would not have been suspended and/or discharged, you must then decide the issue of the Plaintiffs damages.

In considering the issue of the Plaintiffs damages, you are instructed that you should assess the amount you find to be justified by a preponderance

of the evidence as full, just and reasonable compensation for all of the Plaintiffs damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial;

(b)    Emotional pain and mental anguish

(c)    Punitive damages, if any.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiffs federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiffs federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing

the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

**11th Cir.  Pattern Instruction # 1.1.1**

**Public Employee**
**First Amendment Claim**
**Discharge/Failure To**
**Promote Free Speech**
**On Matter of Public Concern**


**Given_____          Denied_____**

**JURY INSTRUCTION SEVEN**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race. More specifically, the Plaintiff claims that she was discharged from employment for alleged misdeeds or rule violations where similarly situated black employees were not discharged or disciplined for similar and/or worse infractions.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that she was terminated for disobeying a direct order from the Department Head to not make contact with a suspended employee.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

> First:     That the Plaintiff was discharged from employment by the Defendant; and

> Second:    That the Plaintiffs race was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may discharge an

employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiffs race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiffs race. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiffs race, then you will make that finding in your verdict. If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiffs damages:

In considering the issue of the Plaintiffs damages, you are instructed that you should assess the amount you find to be justified by a preponderance

of the evidence as full, just and reasonable compensation for all of the Plaintiffs damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   Net lost wages and benefits to the date of trial;

(b)   Emotional pain and mental anguish.

(c)   Punitive damages, if any.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that

may have existed under the circumstances to reduce or minimize the loss or damage. So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiffs federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1)

that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiffs federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

**11th Cir. Pattern Instruction # 1.2.1**

**Public Title VII - Civil Rights Act
Race Discharge**

**Given_____      Denied_____**

## JURY INSTRUCTION EIGHT

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, the Plaintiff claims that she was discharged from employment for alleged misdeeds or rule violations where similarly situated black employees were not discharged or disciplined for similar and/or worse infractions.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that she was terminated for disobeying a direct order from the Department Head to not make contact with a suspended employee.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:      That the Plaintiff was discharged from
            employment by the Defendant; and

Second:    That the Plaintiffs race was a substantial or motivating
            factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this Count requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned with respect to this Count, an employer

may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiffs race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would not have been employed have been dismissed for other reasons apart from the Plaintiffs race. If you find that the Plaintiff would have been dismissed for reasons apart from race, then your verdict should be for the Defendant.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiffs damages, you are instructed that you should assess the amount you find to be justified by a preponderance

of the evidence as full, just and reasonable compensation for all of the Plaintiffs damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to
       the date of trial;

(b)    Emotional pain and mental anguish,

(c)    Punitive damages, if any.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiffs federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing

policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts

**11th Cir.  Pattern Instruction # 1.3.1**

**Civil Rights Act 42 USC § 1981**
**Race Discrimination in Employment**
**Discharge**

      **Given_____          Denied_____**

## JURY INSTRUCTION NINE

In this case, Plaintiff claims that Defendants violated her constitutional right to free speech by    retaliating against her by suspending her *because* she allegedly informed a citizen that he had been wrongfully arrested and that employee negligence was the cause, and that her later termination from employment was in retaliation for she contacting a suspended fellow employee after she had been instructed by the Defendant to have no contact with this employee..

To succeed in these claims, Plaintiff must prove several things by a preponderance of the evidence. First with respect to her suspension she must establish:

**1.**     Plaintiff allegedly informed a citizen that he was wrongfully arrested by the negligent acts of a city employee.

*2.*     Defendant suspended Plaintiff without pay from work for while acting under color of law. By this I mean that a person performs, or claims to perform, official duties under any state, county, or municipal law, ordinance, or regulation.

**3.**     Plaintiff's speech to the citizen *was* a reason, alone or with other reasons that Defendant relied on when it suspended the Plaintiff.

**4.**     Plaintiff was harmed by the loss of pay or other compensation.

Next with respect to her job termination she must establish:

**1.**    Plaintiff contacted a person with whom she had a special relationship which was more than casual.

**2.**    Defendant terminated Plaintiff while acting under color of law

**3.**    Plaintiff's contact with the suspended employee was a reason, alone or with other reasons that Defendant relied on when it terminated the Plaintiff.

4.    Plaintiff was harmed by the loss of pay or other compensation.

If Plaintiff has convinced you that each of these things is true by a preponderance of the evidence, then you must consider Defendant's claim that it would have suspended and later terminated Plaintiff anyway. To succeed in this claim, Defendant must prove by a preponderance of the evidence that even though Plaintiffs speech and contact *was* a reason for its decision to suspend then terminate her*,* there were other reasons which would have led Defendant to suspend and/or terminate her   even if Plaintiff had not spoken to the citizen or make contact with the suspended employee*.*

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, and that Defendant has not proved its claim by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove by a preponderance of the evidence each of the things required of him, or if you find that Defendant proved its claim, then you must find for Defendant.

**7th Cir.  Pattern Instruction # 6.01**

**Public Employee's First Amendment Retaliation Claim**

       **Given_____      Denied_____**

## JURY INSTRUCTION TEN

The rules of law that apply to the Plaintiffs claim against the City are different from the rules of law that apply to the Plaintiffs claims against the individual Defendant, and each claim must be considered separately. I will first explain the rules or principles of law you must apply in deciding the Plaintiffs claim against the City and will then discuss the Plaintiffs claims against the individual Defendant.

Ordinarily, a corporation - - including a public body or agency such as the City of Dothan  is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "*respondeat superior*" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs. This doctrine does not apply, however, in a case such as this where the Plaintiff claims a violation of constitutional rights.

So, in this case, the City of Dothan can be held liable only if you find that the deprivation of the Plaintiffs constitutional rights was the direct result of the City's ordinance, regulation, decision, policy, or custom. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. It is not enough merely to show that a City employee caused the Plaintiffs injury.

A policy or custom means a persistent, widespread, or repetitious course of conduct by policy makers with final authority to establish the City's policy with respect to the action ordered. It may be written, or it may be a consistent series of decisions and actions adopted or approved by the policy makers.

A policy or custom means a persistent, widespread or repetitious course of conduct by public employees which, although not authorized by, or which may even be contrary to written law or express municipal policy, is so consistent, pervasive and continuous that the City policy makers must have known of it, so that, by their acquiescence, such policy or custom has acquired the force of law without formal adoption or announcement.

The Court has determined that the City's policy makers, within the meaning of this instruction, were the City Manager and the City Council. Therefore, if you find that the acts of the official policy maker deprived the Plaintiff of constitutional rights, the City of are liable for such deprivations.

**11th Cir.  Pattern Instruction # 1.10.1**

**Miscellaneous Issues**
**Respondeat Superior**
**(Under 42 USC §1983)**

**RESPECTFULLY SUBMITTED,**

/s/Ishmael Jaffree
Ishmael Jaffree (IXJ 002)

**Attorney for Plaintiffs,**
THE LAW OFFICES OF
ISHMAEL JAFFREE.
800 Downtowner Blvd.    Ste.
106 B
Mobile, Alabama  36609
PH:    (251) 694-9090
FAX:  (251) 602-6842
EMAIL:ishjaff@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Theodore P. Bell
Carol Sue Nelson
Audrey Dupont
Maynard Cooper & Gale
1901 Sixth Avenue North
Birmingham Alabama 35203-2618

/s/Ishmael Jaffree
Ishmael Jaffree