IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and MARY BETH BRACKIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:05-CV-1172-MEF ) |
| CITY OF DOTHAN and JUDGE ROSE EVANS-GORDON, | ) ) ) |
| Defendants. | ) |

## MOTION FOR CLARIFICATION

COME NOW Defendants Judge Rose Evans-Gordon and the City of Dothan, by and through their counsel, and respectfully file this motion for clarification of the Court's ruling in its Memorandum Opinion and Order of February 25, 2008, as more fully set forth below.

Defendant Gordon requests clarification of the Court's ruling on her claim of qualified immunity. In Section IV.A. of the Opinion and Order the Court discusses her claim of immunity, holding that "Judge Gordon has met her burden to show that she was engaged in a discretionary function" and "all of Plaintiff's § 1983 claims fail to state actual constitutional violations." While the Court finds in favor of Judge Gordon's immunity on all of the points under discussion, it did not specifically state that Judge Gordon was entitled to qualified immunity. Accordingly, Judge Gordon

respectfully requests the Court clarify its Opinion and Order that she is entitled to qualified immunity.

Additionally, the Court, in addressing Plaintiff Brackin's Title VII discrimination claims, noted in Footnote 13 of the Memorandum Opinion that: "While Brackin brought her claim against both Judge Gordon and the City, Brackin conceded in her brief that her discrimination claim against the City was without merit." (Emphasis added). In this regard, the Court allows Counts Eight and Nine to survive. Count Eight (Racial Discrimination under Title VII) is only brought against the City officially (*See* Second Amended Complaint, ¶ 139) and Count Nine (Racial Discrimination under § 1983) is only brought against the City officially. (*Id.* at ¶ 150). Thus, Plaintiff Brackin pled no racial discrimination claims against Defendant Gordon and the § 1983 discrimination claim against the City has been conceded.

Defendants therefore respectfully request the Court clarify its Memorandum Opinion and Order to grant immunity to Defendant Gordon, to dismiss Count Nine (§ 1983 Racial Discrimination against the City) in that Plaintiff Brackin has conceded this claim, and to establish that there are no race discrimination claims pled against Defendant Gordon in her individual capacity.

Respectfully submitted,


*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax: (205) 254-1999


## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama


*/s/ Carol Sue Nelson*
OF COUNSEL