## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NANCY MARTIN and** ) | |
| **MARY BETH BRACKIN,** ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v. ) | Case No. 1:05-CV-1172-MEF |
|  ) | |
| **CITY OF DOTHAN and JUDGE** ) | |
| **ROSE EVANS-GORDON,** ) | |
|  ) | |
| Defendants. ) | |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ALLEGED DISCRIMINATION AND/OR NEGATIVE EXPERIENCES WITH JUDGE GORDON BY PLAINTIFF'S CO-WORKERS

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1. Any testimony, evidence or argument relating in any way to charges, complaints of and/or allegations of negative experiences and/or discrimination made by other employees against Judge Gordon. Defendants anticipate that Plaintiff Brackin may "parade" in a handful of witnesses who will allege that Judge Gordon terminated or forced the resignation of other Magistrates and/or treated them less favorably than she did the black Magistrates. The Court should exclude any testimony, evidence, or argument of alleged discriminatory treatment of other co-workers because such evidence has no relevance to Plaintiff's claims, and amounts to impermissible "me too" evidence. Fed. R. Evid. 401-02.

2. Other courts are in accord that evidence of alleged unfair treatment of other employees by the defendant must be excluded under Fed. R. Evid. 401 and 402 unless there is a logical or reasonable connection to <u>the particular claims of the plaintiff</u>. *See Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (lower court erroneously admitted prior acts of discrimination because the evidence could not logically or reasonably be tied to the decision to terminate

01606377.1

[plaintiff]). Plaintiff has not offered any evidence that would logically or reasonably connect any complaints of discrimination or unfair treatment by other workers with the employment actions at issue in this case. *See Goff v. Continental Oil Co.*, 678 F.2d 593, 597 (5th Cir. 1982) (plaintiff not allowed to introduce testimony of three other employees alleging discrimination because such testimony did not relate to whether the plaintiff had suffered discrimination), *overruled on other grounds*, *Carter v. South Central Bell*, 912 F.2d 832 (5th Cir. 1990). Obviously, Plaintiff hopes to persuade the jury to overlook their own evidentiary deficiencies by infecting the hearing with testimony regarding unrelated alleged bad acts, *many of which are based on time-barred events.* The subjective testimony of a parade of witnesses concerning the circumstances surrounding their own employment is not relevant to the determination the jury must make, *i.e.*, whether Plaintiff Brackin suffered from discrimination.

3.   Moreover, this type of testimony concerning Judge Gordon would constitute inadmissible character evidence under 404(a). Such testimony would clearly be presented as an attempt to suggest to the jury that Judge Gordon must have acted similarly with respect to Plaintiff Brackin. In other words, Plaintiff hopes to persuade the jury to believe that since others may allege discrimination by Judge Gordon, she must be a "discriminator" generally, and have therefore discriminated against Plaintiff. Rule 404(a) of the Federal Rules of Evidence is

clear that character evidence is not admissible for purposes of proving conformity therewith on a later occasion. See 404(a)("Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion") and 404(b)("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

      4.    For these reasons, federal courts have routinely rejected attempts by plaintiffs to prove their own burden of discrimination through the introduction of "me too" evidence. *See e.g. Denny v. City of Albany*, 247 F.3d 1172 (11th Cir. 2001)(courts "are reluctant to consider 'prior bad acts'" in Title VII race discrimination case where those acts do not relate directly to the plaintiffs."); *Pollard v. Rea Magnet Wire Co.*, 674 F.Supp. 645 (N.D. Ind. 1986), *rev'd on other grounds*, 824 F.2d 557 (7th Cir. 1987)(ruling that testimony concerning a supervisor's reputation for being prejudicial and for treating a protected class disparately was inadmissible); see *Becker v. Arco Chemical Co.*, 207 F.3d 176 (3d Cir. 2000)(motion for new trial granted as the court improperly admitted evidence of other wrongs by the employer which should have been excluded under 404(b). The "me too" evidence was offered for an impermissible inference concerning defendant's character to prove the defendant had a propensity to commit an illegal act); *Richardson v. Tricom Pictures & Productions, Inc.*, 334 F.Supp.2d 1303

(S.D. Fla. 2004)(reliance on evidence that the alleged harasser was previously accused of sexually harassing three other female employees is improper)(*citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-24, 155 L.Ed.2d 585, 123 S.Ct. 1513 (2003); *Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D.P.A. 1980), aff'd., 639 F.2d 774 (3rd Cir. 1980)(holding that former employees who have filed similar employment actions against a defendant may not testify at the trials of other litigants in order to establish the individual must have also discriminated against plaintiff).

5. Likewise, evidence that Magistrates allegedly resigned due to negative treatment by Judge Gordon prior to Plaintiff's employment (and the actionable time period) is too remote in time and irrelevant under Rule 402. *See Fed. R. Evid.* 402; *see also Townsend,* 2002 U.S. App. LEXIS at *4 (affirming district court's exclusion of evidence of racist comments made by the alleged discriminator eight or nine years before the plaintiff began working with him as it was too remote in time and not relevant to plaintiff's claim that he, specifically, was the victim of discrimination."); *Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F.Supp. 1116, 1120 (E.D. Pa. 1993)(excluding evidence of past acts of discrimination and harassment as they were more than four years old); *Land v. Midwest Office Technology, Inc.*, 125 F.Supp.2d 433 (D. Kan. 2000)(court held that, absent some showing that geographically remote acts impacted the plaintiff's

work environment, evidence of sexual harassment directed at employees other than the plaintiff would be inadmissible in a Title VII action).

6. Significantly, this testimony is highly prejudicial and will only cause undue delay, prolong the trial and lead to a needless presentation of evidence. Even assuming this evidence is somehow relevant (which it is not), and that its admission does not constitute inadmissible character evidence (which it clearly does) – such evidence should still be clearly excluded pursuant to Rule 403 of the Federal Rules of Evidence. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In fact, it is hard to imagine a better example of the type of evidence that should clearly be excluded under 403. Evidence of this nature is obviously being introduced not for any probative value, but for the sole purpose of prejudicing the jury and to compensate for the lack of evidence Plaintiff has in support of her own claims. To the extent there is any probative value to this case, it is clearly outweighed by the danger of unfair prejudice.

7. Additionally, it will clearly waste time and lead to undue delay. If testimony of this nature is admitted, Defendants have the Hobson's choice of defending each situation (*i.e.*, by offering testimony from every other white

Magistrate that ever worked with or under Judge Gordon's supervision and/or litigating each witnesses' case) or leaving that testimony unrebutted, either of which is prejudicial. If the testimony is allowed, Defendants will likely be forced to conduct a "mini-trial" with regard to the allegations of these unrelated employees. *See McWhorter v. Birmingham,* 906 F.2d 674 (11th Cir. 1990) (evidence of other police officers who allegedly were harassed and intimidated by the same decision-maker who fired the plaintiff was properly excluded; the admission **of this evidence would have resulted in a series of "mini-trials"** regarding the employment history of each officer); *Palmer v. Board of Regents of the Univ. Sys.*, 208 F.3d 969 (11th Cir. 2000)("evidence of other decision makers' statements or actions in other departments . . . would cause the Defendant to have to produce evidence to defend its actions in those other cases."); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1423 (7th Cir. 1986)(noting that in discrimination cases, **evidence of other discriminatory acts attributed to the defendant "will often flunk Rule 403"**); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990)(admission of alleged discriminatory acts unrelated to the discrimination claimed by plaintiff **creates "mini-trials" with no probative value**"); *McCleland v. Montgomery Ward & Co.*, 1995 U.S. Dist. LEXIS 14012, at *8-10 (N.D. Ill Spet. 21, 1995)(excluding evidence of sexual harassment by office manager on various grounds including the fact that it **would necessitate a "trial within a**

**trial" on an issue collateral to plaintiff's claim**); *Shahl v. Sun Microsystems,* 19 F.3d 533, 539 (10th Cir. 1994)(court properly excluded evidence of the supervisor's sexual relationship with his assistant under Federal Rule of Evidence 403); *see also Hogan v. American Telephone & Telegraph Co.*, 812 F.2d 409, 410 (8th Cir. 1987)(in race and gender discrimination case court held testimony of two witnesses regarding supervisor's "hostile and belligerent relationship with black employees" was inadmissible; court noted that the evidence would have caused an investigation into an unrelated claim and that the trial had already been unduly long).[1]  The admission of such evidence necessitates the presentation of evidence about facts

---

[1] *See also Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 690 (9th Cir. 2001)(co-workers' testimony of sexual harassment, much of which was disputed by defendant, was excluded to avoid "mini-trial"); *Arnold v. Rayonier Inc.*, 181 F.R.D. 549, 556 (S.D. Ga. 1998)(in pattern and practice case, court excluded "me too" testimony of four individuals because it would force defendant to conduct mini-trials); *Ramos-Melendez v. Valdejully,* 960 F.2d 4, 6 (1st Cir. 1992)(affirming decision to exclude "me too" testimony on grounds that for the witnesses' testimony to be significant it would be necessary to try their cases, as well as the plaintiff's case, and thus was not proper under FRE 403); *Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988)(in plaintiff's age discrimination case, the court held the trial court erred by admitting testimony from two other former employees that they were terminated by defendant due to their age; the court held "this testimony embellished the circumstantial evidence…by adding 'smoking gun' type evidence" and "offered an emotional element that was otherwise lacking as a basis for a verdict" in plaintiff's favor); *Sorba v. Penn. Drilling Co.,* 648 F.Supp. 292, 293 (W.D. Pa. 1986)(excluding "me too" evidence where "allowing evidence of these incidents would require the trying of three discrimination cases."); *Plemer v. Parson-Gilbane,* 713 F.2d 1127, 1139 n. 11 (5th Cir. 1983)(excluding evidence of another employee's complaint because when the defendant disputes or explains the evidence with witnesses and evidence "the trial will be unduly prolonged"); *Harpring v. Cont'l Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980)(evidence of prior discriminatory acts excluded to avoid "trying another lawsuit within the existing lawsuit."); *Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 393 n.4 (E.D.Pa. 1980), *aff'd* 39 F.2d 774 (3rd Cir. 1980)(allowing other alleged victims of discrimination to testify causes unfair prejudice and requires defendant to counter each and every allegation).

01606377.1

not involved in this case, which would serve only to mislead and confuse the jury and divert substantial time and effort at the trial away from resolving the only question properly before the jury: whether Plaintiff Brackin was discriminated against.

8. In sum, Plaintiff should not be permitted to introduce testimony and/or evidence related to Judge Gordon's alleged discrimination or negative treatment toward others. Evidence of this nature is irrelevant, impermissible "propensity" evidence that will simply lead to a series of mini-trials and should be excluded under 403 as unfairly prejudicial.

Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

01606377.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

*/s/ Carol Sue Nelson*
OF COUNSEL

01606377.1