**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| NANCY MARTIN and ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-1172-MEF |
| ) | |
| CITY OF DOTHAN and JUDGE ) | |
| ROSE EVANS-GORDON, ) | |
| ) | |
| Defendants. ) | |

**MOTION IN LIMINE TO EXCLUDE**
**THE WESTBERRY UTC TRANSMITTAL FORM**
**SIGNED BY LAVERA MCCLAIN (PLAINTIFF'S EXHIBIT #46)**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1.   The introduction into evidence or any reference to the Westberry UTC transmittal sheet signed by LaVera McClain (listed as Exhibit # 46 on Plaintiffs' Exhibit List).[1] Defendants anticipate that Plaintiff Brackin will use this form to argue that she was treated differently by Judge Gordon because of her race. More specifically, Plaintiff Brackin will argue that the void entry on this transmittal form warranted an Internal Affairs investigation into Ms. McClain, yet one was not done. Plaintiff will attempt to compare this to the incident in which Plaintiff Brackin altered and voided a ticket entry for a ticket that had been issued, sworn, and entered in the system with a case number.

2.   These two incidents, however, are not remotely similar. As explained in Defendants' summary judgment brief, in the course of the ticket-fixing investigation, the Uniform Traffic Citation "UTC" transmittal form listing Stephen Phelps' ticket was examined. The UTC Form on which Phelps' ticket was listed

---

[1] A UTC transmittal form is a form that the police officer fills out and gives to the Magistrate when he swears to the tickets the he has issued. The UTC transmittal form lists all the tickets the officer is presenting to the Magistrate, including each ticket's UTC number and name of the person the ticket was issued to. The Magistrate signs the bottom of the form certifying that they had received all the tickets identified on the form.

was received by Brackin.  Brackin signed the form, certifying that she had received all the tickets listed on the form.  (Brackin depo., p. 189:12-16).  Yet, at some time after she received the UTC form and sworn tickets from the police officer, Brackin drew a line through Stephen Phelps' entry and handwrote " -VOID- " over it.  Not only was this exceedingly improper, this was also a violation of State law, which requires that a ticket be *nolle prossed* by the judge once it has been sworn to. (Gordon depo., p. 480:12-14).  On the other hand, Ms. McClain merely accounted for and recorded a ticket which had been *voided by the officer.*  Accordingly, this evidence should be excluded as it is entirely irrelevant.  See Fed. R. Evid. 401, 402.

      3.     Furthermore, any minimal probative value such evidence may have is greatly outweighed by the potential of undue prejudice against Defendants.  The admission of this evidence will only confuse the jury, distract the attention of the jury away from the determinative issues in this action, and result in a needless waste of time. See Fed. R. Evid. 403.

      4.     On the basis of the above reasoning, Defendants respectfully request that the Court exclude any testimony or evidence relating to Plaintiff's Exhibit #46.

                                    Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

*/s/ Carol Sue Nelson*
OF COUNSEL

4

01606788.1