## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NANCY MARTIN** and | ) | |
| **MARY BETH BRACKIN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05-CV-1172-MEF** |
| | ) | |
| **CITY OF DOTHAN** and **JUDGE** | ) | |
| **ROSE EVANS-GORDON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE OR TESTIMONY RELATING TO LAVERA MCCLAIN'S JOB PERFORMANCE PRIOR TO HER TRANSFER TO THE MAGISTRATE OFFICE

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1.     The introduction into evidence or any reference to Ms. McClain's job performance prior to her transfer to the Magistrate Office including, but not limited to, the January 3, 2001 disciplinary action report form (listed as Exhibit 25 on Plaintiffs' Exhibit List) for Ms. LaVera McClain issued by a different decision-maker while she was employed in an entirely different department. This disciplinary action form is due to be excluded because it is irrelevant and highly prejudicial. This counseling was issued to Ms. McClain in January 2001 while she was employed in the Police Department as a Jail Security Sergeant. Moreover, Ms. McClain did not begin working in the Magistrate's office until May 2001.

Obviously, Ms. McClain and Plaintiff Brackin are not similarly situated and not proper comparators in this matter, particularly in this instance when McClain worked in a different department, under a different supervisor and the incident occurred during a different time period, significantly months before Plaintiff Brackin was hired. Ms. McClain's performance prior to her tenure as a Magistrate

Judge is not relevant to the issues in this case.[1]  This evidence has no probative value in this case and therefore should be excluded as irrelevant. *See* Fed. R. Evid. 401-02.  Moreover, this evidence should be excluded under Fed. R. Evid. 403 as it creates a danger of unfair prejudice, unnecessary delay and confusion of the issues.

2.     This evidence should also be excluded under Federal Rules of Evidence 404(a).  Plaintiff hopes to persuade the jury to believe that since Ms. McClean allegedly received warnings about her performance while she was employed in the police department, then she would also have poor performance as a Magistrate Judge.  Rule 404(a) of the Federal Rules of Evidence is clear that character evidence is not admissible for purposes of proving conformity therewith on a later occasion.   See 404(a)("Evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion") and 404(b)("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

---

[1] Moreover, even during her tenure in the Magistrate's office, Ms. McClain and Plaintiff Brackin are not similarly situated in all relevant aspects as they did not engage in nearly identical conduct and are, therefore, not proper comparators. *See Nix v. WLCY Radio/Rahall* Communications, 738 F.2d 1181, 1185 (11th Cir. 1984)("A plaintiff fired for misconduct makes out a *prima facie* case of discriminatory discharge if he shows . . . 'that the misconduct for which he was discharged was *nearly identica*l to that whom the employer retained.'"); *Silvera v. Orange County School Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001)("In determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of *the same or similar conduct* and are disciplined in different ways.").

3.    On the basis of the above reasoning, Defendants respectfully request that the Court exclude any testimony or evidence relating to Ms. McClain's performance prior to her transfer to the Magistrate's office including, but not limited to Plaintiff's Exhibit #35.

Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

*/s/ Carol Sue Nelson*
OF COUNSEL

01606618.1