**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| NANCY MARTIN and ) | |
| MARY BETH BRACKIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-1172-MEF |
| ) | |
| CITY OF DOTHAN and JUDGE ) | |
| ROSE EVANS-GORDON, ) | |
| ) | |
| Defendants. ) | |

**MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO DISMISSED CLAIMS**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below.  Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit.  Permitting interrogation of witnesses, statements or comments to the jurors or prospective jurors, or offers of evidence concerning these matters would

unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1. Any testimony, evidence or argument relating in any way to any of Plaintiff Brackin's claims that have been dismissed as a matter of law prior to the trial. Specifically, these claims include any claim that her First Amendment right to freedom of speech was violated because she was disciplined and ultimately terminated based upon statements made to Theron Fondren regarding his wrongful arrest claim against the City of Dothan, her substantive and procedural due process claims, and her false imprisonment claim. Plaintiff Brackin should not be allowed to revive dead claims or to stir the passions of the jury by presenting evidence, testimony or argument regarding dismissed claims. Furthermore, to allow such evidence would be unlawfully prejudicial to Defendants. *See* Fed. R. Evid. 401-03.

2. Any testimony, evidence or argument relating in any way to any of Plaintiff Martin's claims that have been dismissed as a matter of law prior to the trial.

3. On the basis of the above reasoning, Defendants respectfully request that the Court exclude any testimony from Plaintiff Nancy Martin, or any other

witness regarding claims by either Brackin and Martin that have been dismissed prior to trial or the facts that uniquely underlie such claims.

                                          Respectfully submitted,

                                          */s/ Carol Sue Nelson*
                                          Carol Sue Nelson
                                          One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

      I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Ishmael Jaffree, Esq.
    800 Downtowner Blvd.
    Suite 106 B
    Mobile, Alabama

                                            */s/ Carol Sue Nelson*
                                          OF COUNSEL