**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NANCY MARTIN and** ) | |
| **MARY BETH BRACKIN,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-1172-MEF |
| ) | |
| **CITY OF DOTHAN and JUDGE** ) | |
| **ROSE EVANS-GORDON,** ) | |
| ) | |
| Defendants. ) | |

**MOTION IN LIMINE TO EXCLUDE
ANY TESTIMONY BY NANCY MARTIN AND
EVIDENCE RELATING TO HER DISMISSED CLAIMS**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1.   Any testimony provided by Nancy Martin. Plaintiff should not be permitted to call Nancy Martin, a former City of Dothan employee, former plaintiff and Mr. Ishmael's client, as a witness in this matter as she can offer no relevant or admissible testimony regarding Plaintiff's remaining claims during the relevant period. In fact, Martin was hired three years after Plaintiff Brackin transferred to the Magistrate's office. Although Martin was asked by Judge Gordon to issue a disciplinary report with respect to the Fondren incident, there are no material disputes with respect to this incident. In fact, the Court has dismissed all of Plaintiff Brackin's allegations with respect to this claim. Moreover, with respect to Brackin's race discrimination claim, the Court found only that there was a genuine issue of material fact as to "whether her termination for the No Contact violation, when other black employees violated the same order and were not terminated, was based upon illegal discrimination." Doc. 110, p. 33. Thus, there is no genuine dispute of material facts with respect to the discipline of Brackin for the Fondren incident. Martin's testimony that she was asked by Judge Gordon to issue the

disciplinary report is simply not relevant to Plaintiff Brackin's remaining claims. Accordingly, the Court should exclude any testimony by Martin relating to the Fondren incident.

    2.    Additionally, Martin should be precluded from offering any testimony about her claim of race discrimination against the City and Judge Gordon as this testimony would constitute impermissible "me too" evidence. This Court has dismissed Martin's claims against the City and Judge Gordon. Accordingly, the Court should exclude any evidence of alleged unfair or discriminatory treatment of Martin by Judge Gordon. Other courts are in accord that evidence of alleged unfair treatment of other employees by the defendant must be excluded under Fed. R. Evid. 401 and 402 unless there is a logical or reasonable connection to <u>the particular claims of the plaintiff</u>. *See Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (lower court erroneously admitted prior acts of discrimination because the evidence could not logically or reasonably be tied to the decision to terminate [plaintiff]). Plaintiff Brackin cannot offer any evidence that would logically or reasonably connect any complaints of discrimination or unfair treatment by Martin with the employment action at issue in this case. *See Goff v. Continental Oil Co.*, 678 F.2d 593, 597 (5th Cir. 1982) (plaintiff not allowed to introduce testimony of three other employees alleging discrimination because such testimony did not relate to whether the plaintiff had suffered discrimination),

*overruled on other grounds*, *Carter v. South Central Bell*, 912 F.2d 832 (5th Cir. 1990).

3. Even if any "me too" evidence relating to Martin was found to be relevant, it should be excluded pursuant to Fed. R. Evid. 403, because any probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See, e.g., McWhorter v. Birmingham*, 906 F.2d 674, 679 (11th Cir.), *reh'g denied*, 917 F.2d 570 (11th Cir. 1990) (affirming trial court's exclusion of testimony of three co-employees allegedly harassed and intimidated by the same police chief because any probative value of the evidence was substantially outweighed by "its ability to confuse and mislead the jury"); *Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir. 1984) (any probative value of testimony of former company officers concerning their terminations were substantially outweighed by the danger of unfair prejudice).

4. The allowance of "me too" evidence from Martin would also result in the Court having to conduct a mini-trial over claims by an individual that is no longer a party to this lawsuit and would cause undue delay of the trial because it would become necessary to litigate claims that have already been litigated and summarily dismissed by this Court. *See, e.g., McWhorter*, 906 F.2d at 679 (affirming exclusion of other officer's grievances because it "could have resulted in a series of mini-trials centering on the employment history of each officer");

*Ramos-Melendz v. Valdejully*, 960 F.2d 4, 6 (1st Cir. 1992) (affirming exclusion of testimony about alleged discrimination against other employees of defendant "on the ground that for their testimony to be significant, it would be necessary in effect to try their cases, as well as the plaintiff's"); *Harpring v. Continental Oil Co.*, 628 F.2d 406, 410 (5th Cir. 1980) ("me-too" evidence properly excluded to avoid "trying another lawsuit within the existing lawsuit"), cert. denied, 454 U.S. 819 (1981); *Moorhouse v. Boeing, Co.*, 501 F. Supp. 390 (E.D. Pa.) (excluding testimony of six witnesses in part because the employer would have been forced, in effect, to try all six cases), *aff'd*, 639 F.2d 774 (3rd Cir. 1980).

5.     Defendants also object to any testimony or evidence by Martin or any other witness relating to documents specific to Martin's claims. This includes but is not limited to, Martin's Application of Employment with the City (Plaintiffs' Exhibit No. 14)[1], Martin's Final Evaluation (Plaintiffs' Exhibit 15), City's Position announcement #013-03-01 (Plaintiffs' Exhibit 17); Martin's Office Planner (Plaintiffs' Exhibit 18); Martin's September 2004 Memo to Gordon (Plaintiffs' Exhibit 19); Knight's September 24, 2004 Memo to Martin (Plaintiffs' Exhibit 21); Martin's May 28, 2004 Evaluation of LaVera (Plaintiffs' Exhibit 22); Gordon's April 19, 2004 Performance Evaluation of Martin (Plaintiffs' Exhibit 24); Gordon's June 8 and July 8, 2004 Memo to Davis (Plaintiffs' Exhibit 26-27);

---

[1] These Exhibit #s refer to the numerical listing on Plaintiffs' exhibit list.

5

Gordon's Attachment 2 Document (Plaintiffs' Exhibit 28); Gordon's September 28, 2004 Memo to Martin (Plaintiffs' Exhibit 29); Gordon's October 12, 2004 Disciplinary Action Form (Plaintiffs' Exhibit 31); Gordon's Decision of Determination Hearing (Plaintiffs' Exhibit 32); Martin's September 27, 2004 Memo to Eunice (Plaintiffs' Exhibit 33); Gordon's "Attachment" to Determination Hearing (Plaintiffs' Exhibit 35); Martin's September 23, 2004 Memo to Magistrates (Plaintiffs' Exhibit 39); Martin's September 23, 2004 Memo to LaVera (Plaintiffs' Exhibit 40); Martin's September 9, 2004 Memo to Magistrates (Plaintiffs' Exhibit 44); Martin's September 6, 2004 Evaluation of Minifield (Plaintiffs' Exhibit 45); Gordon's Attachment 1 and Attachment 3 Documents (Plaintiffs' Exhibit 48-49).

6. As such, Martin should be excluded as a witness in this matter. Defendants, however, reserve the right to use evidence from Martin's prior litigation to impeach her and demonstrate her bias.

Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC

6

01607511.1

1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

                                          */s/ Carol Sue Nelson*
                                          OF COUNSEL

01607511.1