## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NANCY MARTIN and** | ) |
| **MARY BETH BRACKIN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. 1:05-CV-1172-MEF** |
| | ) |
| **CITY OF DOTHAN and JUDGE** | ) |
| **ROSE EVANS-GORDON,** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION IN LIMINE TO EXCLUDE
## ANY TESTIMONY BY RICHARD STOKES AND TIM DICKERSON

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the jurors or prospective jurors, or offers of evidence concerning these matters would

unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1.    The introduction of testimony of Tim Dickerson, Ricky Stokes and Mr. Stokes' April 6 and 13, 2004 Complaint Letters (listed as Exhibit #50 on Plaintiffs' Exhibit list).[1]    The only possible testimony Mr. Stokes and Mr. Dickerson can offer about which they have personal knowledge is Mr. Stokes' single complaint to the City about its overall bonding procedures, and one clerical mistake that Ms. McClain allegedly made that Mr. Stokes admits in his complaint may not have been Ms. McClain's fault.

2.    Defendants anticipate that Plaintiff Brackin will attempt to introduce this evidence to show that when a third party (Mr. Stokes) complained about a black Magistrate (Ms. McClain) an internal affairs investigation was not initiated but internal affairs investigations were initiated as a result of third-party complaints against Plaintiff Brackin. As discussed below, Plaintiff Brackin and McClain are not similarly situated and these "third-party complaints" are clearly

---

[1] The April 6, 2004 complaint letter is from Mr. Stokes on behalf of A-Advantage Bonding, Inc. The letter is addressed to Judge Gordon, Nancy Martin, Jerry Corbin, and Kai Davis. Defendants have not been provided with a copy of the April 13, 2004 complaint letter.

distinguishable.  Thus, this evidence is irrelevant and the introduction of such evidence would be unduly prejudicial and lead to jury confusion.

3.      There are only two "third-party complaints" at issue that led to internal investigations involving Plaintiff Brackin.  The first complaint was a handwritten claim filed by Theron Fondren with the City Clerk in which he stated that he had been wrongfully arrested and he demanded money back from the City. After receiving Fondren's letter from the City Clerk, the City Attorney asked the Police Chief to investigate Fondren's claims.  The Chief assigned the investigation to his Internal Affairs Division.  It was during the course of this Internal Affairs investigation into this claim against the City that the investigator learned that Plaintiff Brackin had told Fondren that the City would be liable for falsely arresting him.  The other complaint that led to an internal affairs investigation involving Plaintiff Brackin was the result of the investigation into the possible criminal conduct by Mary Turner involving ticket fixing.  These type complaints involved serious allegations that undoubtedly warranted internal affairs investigations.

4.      Mr. Stokes' complaint, on the other hand, involved a complaint about a clerical error and his frustration with the City's bonding procedures.  He was not filing a formal claim against the City demanding money, nor was he complaining

about possible criminal conduct on the part of Magistrate Judges.[2]  Even accepting Mr. Stokes' allegations about Ms. McClain as true, the conduct alleged is not in any way similar to the complaints that resulted in the internal affairs investigations involving Plaintiff Brackin, and Mr. Stokes' testimony and complaint letter should be excluded.  *See Nix v. WLCY Radio/Rahall* Communications, 738 F.2d 1181, 1185 (11th Cir. 1984)("A plaintiff fired for misconduct makes out a *prima facie* case of discriminatory discharge if he shows . . . 'that the misconduct for which he was discharged was *nearly identica*l to that whom the employer retained.'");  *Silvera v. Orange County School Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001)("In determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved on or accused of *the same or similar conduct* and are disciplined in different ways.").  As Plaintiff Brackin cannot establish that she is similarly situated to Ms. McClain, any testimony or evidence or argument relating in any way to Plaintiff's assertion that there should have been an internal investigation into Mr. Stokes' complaint that mentions Ms. McClain is not probative to the issues in this case.

5.    Moreover, this testimony and evidence should be excluded under Fed. R. Evid. 403 as it creates a danger of unfair prejudice, confusion of the issues, and misleading the jurors.  Finally, introduction of this evidence will result in a "mini-

---

[2] Additionally, there is no evidence that Judge Gordon received Mr. Stokes' letter to Nancy Martin.

trial" as Defendants will have to address the alleged clerical error and response, if any, to Mr. Stokes' complaint.

6.     Defendants also anticipate that Plaintiff Brackin may have Mr. Stokes and/or Mr. Dickerson offer testimony regarding Plaintiff Brackin's performance. More specifically, in his complaint letter, Mr. Stokes states that Plaintiff Brackin was helpful in resolving a bond issue. Because only the decision-maker's opinion of Plaintiff's job performance and reasons for termination (and the opinions of those consulted regarding the same) are at issue in this case, this evidence is entirely irrelevant and immaterial. *See e.g. Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337-38 (7th Cir. 1991) (holding that a subjective opinion offered by someone other than the decision-maker about the employee's job performance is not relevant); *Lucy v. Manville Sales Corp.*, 680 F. Supp. 353, 354 (D. Colo. 1987) (stating that the testimony of two of the employee's former co-workers not involved at all in the employment decision at issue "was *irrelevant* because it did not involve the pertinent decision-makers") (emphasis added). Further, even if such evidence is deemed relevant, it should not be admitted because of its small probative value compared to the potential to confuse and mislead the jury. Fed. R. Evid. 403.

7.     Because of the "little if any weight" that should be given to the testimony of Mr. Stokes relating to Plaintiff Brackin's job performance, admitting

such testimony in this case would simply be a waste of the Court's valuable time and the probative value of the testimony is outweighed by its prejudicial effect. Because it is well settled that "considerations of undue delay [and] waste of time" justify the exclusion of relevant evidence, FED.R.EVI. 403, testimony by Mr. Stokes concerning her satisfactory job performance which does no more than question the wisdom of Defendants' business decision and which does not establish that the employment decision was made in a discriminatory manner should be deemed inadmissible. *See e.g.*, *Woodyard v. Hoover Group, Inc.*, 985 F.2d 421, 424 (8th Cir. 1993) (finding that co-workers' testimony assessing the employee's work as satisfactory did no more than establish that other employees thought that the employment decision at issue was incorrect); *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 924 (7th Cir. 1988) (stating that such testimony "appears simply to question the employer's business judgment"); *Kephart v. Inst. of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir. 1980) (concluding that contrary assessments of the employee's performance, offered by co-workers, do not impeach the legitimacy of the employer's decision). The inquiry is not whether the right decision was made but whether the decision was made based upon an impermissible reason. In sum, this Court's time is too valuable to be wasted on the introduction of needless and unnecessary evidence such as the testimony that Plaintiff Brackin has indicated she intends to introduce in this case.

8.      Moreover, any testimony by Mr. Stokes regarding his opinion that Plaintiff Brackin was helpful in resolving a bond issue on one occasion amounts to little more than inadmissible character evidence offered by Plaintiff Brackin to prove that she acted in conformity therewith.  Fed. R. Evid. 404.

9.      Finally, Mr. Stokes and/or Mr. Dickerson may be called to testify regarding the information Mr. Stokes posted on his website blog relating to Mary Turner.  As to the investigation dealing with who may have leaked information to Ricky Stokes about Mary Turner, Plaintiff Brackin admits that most all of the Magistrates interviewed admitted mentioning Turner's suspension to a close friend or family member.  However, no one was disciplined for this conduct, including Mary Brackin who admittedly discussed the matter with her mother-in-law and husband.  The investigation did not reveal who leaked information to Mr. Stokes and no one was disciplined as a result of the leak to Mr. Stokes.  This testimony is, therefore, immaterial and of little probative value.

10.      On the basis of the above reasoning, Defendants respectfully request that the Court exclude any testimony by Mr. Dickerson and Mr. Stokes including, but not limited to, Mr. Stokes' April 6 and 13, 2004 complaint letters since such testimony is irrelevant, misleading and unnecessary.

01606139.1

Respectfully submitted,


/s/ Carol Sue Nelson
Carol Sue Nelson
One of the Attorneys for Defendants


**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999


## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama


/s/ Carol Sue Nelson
OF COUNSEL

01606139.1