IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NANCY MARTIN and MARY BETH BRACKIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:05-CV-1172-MEF ) |
| CITY OF DOTHAN and JUDGE ROSE EVANS-GORDON, | ) ) ) |
| Defendants. | ) |

**MOTION TO STRIKE AND/OR DEFENDANTS' OBJECTION
TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully makes the following objections to and request that the Court strike Plaintiff's jury instructions Numbers 6, 7, 8, and 10. As grounds for this Motion, Defendants state the following:

1. In Plaintiff Brackin's proposed jury instructions Nos. 6, 7, and 8, she refers to punitive damages against the City. As stated in Defendants' Motion for Summary Judgment, Plaintiff's claim for punitive damages is due to be stricken as punitive damages are unavailable against the City of Dothan. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. §1983"); *Walters v. City of*

*Atlanta*, 803 F.2d 1135, 1148 (11th Cir. 1986) (punitive damages under §1982 unavailable against municipality); *Harrelson v. Elmore County of Alabama*, 859 F.Supp. 1465, 1467 (M.D. Ala. 1994) (same); *Garrett v. Clarke County Board of Education*, 857 F.Supp. 949, 952 (S.D. Ala. 1994) (punitive damages unavailable against government entity under Title VII); *see also* 42 U.S.C. § 1981a(b) which disallows punitive damages under Title VII against a government or political subdivision. As such, Plaintiff's punitive damage claim against the City[1] as well as any jury instruction regarding the same is due to be stricken.

    2.    Likewise, in Plaintiff's proposed jury instruction No. 10, Plaintiff requests that the jury be instructed on the doctrine of *respondeat superior.* Despite any claim to the contrary, local government entities, such as the City of Dothan, sued pursuant to §1983, may not be held liable under a theory of *respondeat superior*. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Instead, in order to state a cause of action against the City, Brackin must allege that the acts complained of were in furtherance of an official policy or custom of the City. *See e.g.*, *Monell*, 436 U.S. at 694; *Polk County v. Dodson*, 454 U.S. 312, 326 (1981), *Hammer v. Hillsborough County Board of County Commissioners*, 927 F. Supp. 1540, 1546 (M.D. Fla. 1996). To establish a custom, Brackin must show a persistent and widespread practice. *Church v. City of*

---

[1] See Motion to Strike Plaintiff's Claim for Punitive Damages filed contemporaneously herewith.

01606449.1

*Huntsville,* 30 F.3d 1332, 1345 (11th Cir. 1994). Brackin cannot establish that the acts of alleged discrimination she allegedly endured were in furtherance of any official policy or custom of the City. In the absence of any evidence that the alleged discrimination she allegedly endured was the result of any policy or custom of the City, any jury instruction relating to the alleged deprivation of Plaintiff's constitutional rights by a policy or custom of the City is due to be stricken.

3. At a minimum, Plaintiff's statement in her proposed jury instruction No. 10 that the Court has determined that "the City's policy makers, within the meaning of this instruction, were the City Manager and the City Council. Therefore, if you find that the acts of the official policy maker deprived the Plaintiff of constitutional rights, the City of are [sic] lible for such deprivations." is due to be stricken as the Court has not made such a finding and this statement is completely false.

          Respectfully submitted,

          */s/ Carol Sue Nelson*
          Carol Sue Nelson
          One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

01606449.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

                                              */s/ Carol Sue Nelson*
                                              OF COUNSEL