**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| NANCY MARTIN and<br>MARY BETH BRACKIN,    )<br>          Plaintiffs,<br>v.<br>CITY OF DOTHAN and JUDGE<br>ROSE EVANS-GORDON,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:05-CV-1172-MEF<br>)<br>)<br>)<br>)<br>) |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE OFFERED BY
PLAINTIFFS' CO-WORKERS/SUBORDINATES REGARDING
PLAINTIFF'S SATISFACTORY JOB PERFORMANCE**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1. Any and all testimony by Plaintiff's co-workers or subordinates including but not limited to testimony by Magistrates relating to Plaintiff Brackin's job performance or whether Plaintiff Brackin violated Personnel Rules. Testimony by Plaintiff's co-workers or subordinates tending to show that they believe that Plaintiff Brackin performed her jobs adequately is not relevant and, therefore, should be excluded because only the decision-maker's opinion of Plaintiff's job and/or violations of the City's Personnel Rules and Regulations is at issue in this case. *See Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337-38 (7th Cir. 1991) (holding that a subjective opinion offered by someone other than the decision-maker about the employee's job performance is not relevant); *Lucy v. Manville Sales Corp.*, 680 F. Supp. 353, 354 (D. Colo. 1987) (stating that the testimony of two of the employee's former co-workers not involved at all in the employment decision at issue "was *irrelevant* because it did not involve the pertinent decision-makers") (emphasis added). Any testimony of Plaintiff's co-workers/subordinates regarding their work performance is irrelevant and inadmissible unless Plaintiff can establish that the co-

01606369.1

workers/subordinates notified the decision-maker of their opinions and this information was considered by the decision-maker. *See* FED.R.EVI. 402 and 403.

2. Further, even if such evidence is deemed relevant, it should not be admitted because of its small probative value compared to its potential to confuse and mislead the jury. FED. R. EVI. 403 (stating that relevant evidence may be excluded if its admission will result in confusion of the issues or misleading the jury). As stated previously, the decision-maker's opinion of the employee's job performance and whether the employee violated Personnel Rules and the opinions of those she consulted with are the only ones relevant to the employment decisions in question. Hence, allowing the jury to hear an employee's own opinion of her job performance or the opinions of her friends and co-workers can only confuse the jury and distract it from the only pertinent testimony–that of the decision-maker(s). In light of these concerns, this Court should join other courts that have given "little weight to statements by supervisors or co-workers that generally corroborate a plaintiff's own perception of satisfactory job performance" because "such evidence . . . does not shed any light on whether the employer honestly based its employment decision on performance-related considerations," which is the focus in employment discrimination cases. *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1460 (7th Cir. 1994); *see also Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1125 (7th Cir. 1994) (discussing the lack of emphasis given to evidence offered by a co-worker or

supervisor indicating that an employee's performance was satisfactory); *Cecilio v. Allstate Ins. Co.*, 908 F. Supp. 519, 530 n.10 (N.D. Ill. 1995) (summarizing that "any such statements by supervisors or co-workers that generally corroborate an employee's own perception of satisfactory job performance are ordinarily given little if any weight"). In sum, the only testimony regarding Plaintiff's job performance that the jury should hear and consider is that which was actually considered by the decision-maker; admitting other testimony concerning Plaintiff's performance on the job could lead the jury astray.

3.  Because of the "little if any weight" given to the testimony of co-workers and supervisors relating to the employee's job performance, admitting such testimony in this case would simply be a waste of the Court's valuable time and the probative value of the testimony is outweighed by its prejudicial effect. Because it is well settled that "considerations of undue delay [and] waste of time" justify the exclusion of relevant evidence, FED.R.EVI. 403, testimony by Plaintiff's co-workers concerning their satisfactory job performance which does no more than question the wisdom of Defendants' business decision and which does not establish that the employment decisions were made in a discriminatory manner should be deemed inadmissible. *See e.g.*, *Woodyard v. Hoover Group, Inc.*, 985 F.2d 421, 424 (8th Cir. 1993) (finding that co-workers' testimony assessing the employee's work as satisfactory did no more than establish that other employees thought that the

employment decision at issue was incorrect); *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 924 (7th Cir. 1988) (stating that such testimony "appears simply to question the employer's business judgment"); *Kephart v. Inst. of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir. 1980) (concluding that contrary assessments of the employee's performance, offered by co-workers, do not impeach the legitimacy of the employer's decision). The inquiry is not whether the right decision was made but whether the decision was made based upon an impermissible reason. In sum, this Court's time is too valuable to be wasted on the introduction of needless and unnecessary evidence such as the testimony that Plaintiff has indicated she intends to introduce in this case.

4. Moreover, any testimony by Plaintiff's co-workers or subordinates regarding their opinion that Plaintiff generally was a good worker amounts to little more than inadmissible character evidence offered by Plaintiff to prove that they acted in conformity therewith. FED.R.EVI. 404.

5. On the basis of the above reasoning, Defendants respectfully request that the Court exclude evidence of Plaintiff's co-workers' or subordinates' opinions of Plaintiff's satisfactory job performance and Plaintiff's compliance *vel non* of Personnel Rules since such testimony is irrelevant, misleading and unnecessary.

01606369.1

        Respectfully submitted,


        */s/ Carol Sue Nelson*
        Carol Sue Nelson
        One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax: (205) 254-1999


## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

        */s/ Carol Sue Nelson*
        OF COUNSEL

01606369.1