**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NANCY MARTIN and** | ) |
| **MARY BETH BRACKIN,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:05-CV-1172-MEF |
| | ) |
| **CITY OF DOTHAN and JUDGE** | ) |
| **ROSE EVANS-GORDON,** | ) |
| | ) |
| Defendants. | ) |

**MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXHIBIT #16 ("MAGISTRATE OFFICE ASSIGNMENT LIST"), #30 ("MAGISTRATES BY SENIORITY") AND ANY TESTIMONY RELATING TO OFFICE ASSIGNMENTS**

COME NOW Defendants City of Dothan and Judge Rose Evans-Gordon (collectively "Defendants"), by and through counsel, and respectfully request the Court to order that counsel for Plaintiff, and through such counsel any and all witnesses for Plaintiff, be instructed by an appropriate order of this Court to refrain from making, directly or indirectly, any mention of or reference to, in any manner whatsoever, either in opening statement, questioning of witnesses, closing statements or otherwise, any of the matters set forth below. Defendants state that the below-referenced matters are inadmissible as evidence for any purpose in that they have no bearing on issues involved in this case or the remaining claims in this lawsuit. Permitting interrogation of witnesses, statements or comments to the

jurors or prospective jurors, or offers of evidence concerning these matters would unduly prejudice Defendants and sustaining objections to such questions, comments, or offers would not cure the effects of such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors. Defendants request that the Court prohibit:

1.  Any testimony, evidence or any referenced to office assignments or office space including, but not limited to, the document titled "Magistrate Office Assignment List" (listed as Exhibit # 16 on Plaintiff's Exhibit List) which contains a sketch of office assignments of the Magistrate Judges, and the document titled "Magistrates by Seniority" (listed as Exhibit # 30 on Plaintiffs' Exhibit List) which contains a list of Magistrates by name and years of service, and any testimony or evidence relating to office assignments/space for Magistrates.

2.  The Magistrate Office Assignment List (containing a sketch of office assignments) is due to be excluded as it is entirely inaccurate. In her deposition, when asked if the document depicts what the Magistrate offices looked like, Judge Gordon testified "[a]s much as I can determine, it's a **really rough draft**" and that it is not **"drawn to scale."** Gordon Dep., p. 208, lns. 15-16, p. 210, lns. 1-2 (emphasis added). Judge Gordon further disagreed that the comparison of the various office sizes on this document were accurate. Gordon Dep., p. 209, lines 1-10.

2

01606295.1

3. Moreover, Defendants maintain that this document contains unidentified handwriting, inadmissible hearsay and none of the hearsay exceptions apply. Fed. R. Evid. 801-02; Gordon Dep., p. 210, lns. 6-12. In addition, this document has not been authenticated and is, therefore, inadmissible. FED. R. EVID. 901. In fact, Judge Gordon testified that she has never seen this document. Gordon Dep., p. 207, ln. 3-6.

4. Likewise, Defendants object to the introduction into evidence or any reference to the document titled "Magistrates by Seniority" (listed as Exhibit # 30). First, this document was not properly produced prior to the discovery cutoff date. Fed. R. Civ. P. 26(a); *see Total Containment, Inc. v. Dayco Prods., Inc*., 2001 U.S. Dist. Lexis 5971,*61 (E.D. Pa. 2001) ("a court may order the exclusion of evidence for failure to comply with a discovery order, *see* Fed. R. Civ. P. 37(b)(2)(B); *In re TMI Litig.,* 193 F.3d 613, 721 (3d Cir. 1999), or for unfair prejudice caused by the introduction of late evidence."). Moreover, Defendants maintain that this document also contains unidentified handwriting, inadmissible hearsay and none of the hearsay exceptions apply. Fed. R. Evid. 801-02. Likewise, this document has not been authenticated. Fed. R. Evid. 901. Furthermore, there is no date on this document to determine if it is even accurate.

5. Although Plaintiff Brackin maintains that it is her belief that office assignments should be based on seniority, Plaintiff Brackin is not claiming that she

3

01606295.1

was treated differently with respect to office space or office assignments because of her race or any other protected category. Moreover, Plaintiff Brackin admits she does not know who made the decision as to office assignments. Brackin Dep., p. 255, lns. 7-9. This information is not relevant to this case as it has no tendency to make any fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Accordingly, this information is immaterial and due to be excluded.

6.   On the basis of the above reasoning, Defendants respectfully request that the Court exclude any testimony or evidence relating to office space and assignments for Magistrates including, but not limited to Plaintiff's Exhibit Nos. 16 and 30.

Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

4

01606295.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

                                           */s/ Carol Sue Nelson*
                                           OF COUNSEL

01606295.1