IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| MARY BETH BRACKIN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Case No. 1:05-CV-1172-MEF |
|  | ) |
| CITY OF DOTHAN and JUDGE ROSE EVANS-GORDON, | ) |
|  | ) |
| Defendants. | ) |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF BRACKIN'S WITNESS LIST

COME NOW Defendants Judge Rose Evans-Gordon and the City of Dothan, by and through their counsel, and hereby make objections to certain witnesses, discussed below, on Plaintiff's Witness List. As grounds for these objections, Defendants state the following:

1. On February 25, 2008, this Court issued a Memorandum Opinion and Order dismissing all of Plaintiff Martin's claims. The Court also dismissed Plaintiff Brackin's claims that her First Amendment right to freedom of speech was violated because she was disciplined and ultimately terminated based upon statements made to Theron Fondren regarding his wrongful arrest claim against the City of Dothan, her substantive and procedural due process claims, and her false imprisonment claim. Accordingly, Plaintiff Brackin's only remaining claims are

her claims that she was terminated in retaliation for exercising her freedom of speech and freedom of association rights and her Title VII race discrimination claim.

2. With respect to her constitutional claims, the remaining issue is whether or not Plaintiff Brackin was terminated for violating Judge Gordon's No Contact order solely based on her contact with Turner during work hours or if Judge Gordon terminated her for her contact with Turner outside of work hours. Doc. 110, p. 23. Similarly, with respect to Plaintiff's race discrimination claim, the remaining issue is whether Plaintiff's "termination for the No Contact violation, when other black employees violated the same order and were not terminated, was based upon illegal discrimination." Doc. 110, p. 33. Defendants, therefore, object to Plaintiff calling the following as witnesses in this matter as their testimony is not relevant to the remaining issues in this case:[1]

a. **Valerie Harris**, City of Dothan, Internal Auditor. Defendants anticipate that Plaintiff may possibly call Ms. Harris to discuss an audit conducted regarding Magistrate Ann Baxter, and some clerical and data entry errors made by Magistrates due to a new computer system. Any testimony, evidence, or argument relating in any way to discipline for (or lack thereof) issued to Magistrates for

---

[1] Defendants also object to Plaintiff calling Nancy Martin, Rickey Stokes, Tim Dickerson and Don Thompson. Defendants have filed contemporaneously herewith motions in limine addressing in more details its objections to testimony by these three witnesses. Defendants have also filed motions in limine regarding "me too" testimony which they incorporate herein.

clerical and other dissimilar errors is not probative to the issues remaining after summary judgment. *See* Fed. R. Evid. 401-02.

      b.      **Fran Bailey, Kevin Sorrells, Debbie Irby**. All of these individuals are former Magistrates, Clerk Typists, and/or staff in the Magistrate's office. These individuals were not employed during the relevant time period and, therefore, their testimony should be excluded. For instance, Ms. Bailey resigned in July 2004, Sorrells left in June 2000, and Irby left in December 2001. Testimony about events occurring several years prior to the actionable period have no bearing whatsoever on Plaintiff's remaining claims.

Moreover, these individuals have no personal knowledge of the Internal Affairs investigation of Mary Turner in the Spring of 2005 in that these individuals were not employed at that time. Moreover, Plaintiff has not claimed that these individuals violated the No Contact directive and were not disciplined. Accordingly, any testimony relating to their knowledge of the Mary Turner investigation and Plaintiff Brackin's termination is irrelevant and immaterial and clearly not based on personal knowledge. These witnesses would not assist the jury in deciding whether Plaintiff Brackin had been intentionally discriminated against and/or whether she had been retaliated against for exercising her constitutional rights during the actionable time period. Therefore, this testimony is due to be excluded.

- 3 -

01608835.1

    c.    **Greg Dean** (City of Dothan IT Department Employee), **Gary Shirah** (City of Dothan Business License Department), and **Don Thompson** (Thompson Bonding Co.). Defendants anticipate that Plaintiff Brackin will call these witnesses to testify about issues relating to bond forfeitures and alleged preferences for certain bond companies such as Get Out bonding. These issues were raised by Plaintiff Martin and her claims have been dismissed by this Court in its February 25, 2008 Memorandum Opinion. Thus, testimony by these witnesses is due to be excluded. *See* Fed. R. Evid. 401-02.

    Defendants reserve the right to object to the testimony of any and all witnesses that Plaintiff may offer into evidence at trial. Defendants further reserve the right to amend and/or supplement these objections at a later date.

    WHEREFORE, premises considered, Defendants object to the testimony of Valerie Harris, Fran Bailey, Kevin Sorrells, Debbie Irby, Greg Dean, Gary Shirah, and Don Thompson, and move this Court to prevent any testimony from these purported witnesses.

    Respectfully submitted,

*/s/ Carol Sue Nelson*
Carol Sue Nelson
One of the Attorneys for Defendants

01608835.1

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

    I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

                                  */s/ Carol Sue Nelson*
                                  OF COUNSEL