**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NANCY MARTIN and** | ) |
| **MARY BETH BRACKIN,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No. 1:05-CV-1172-MEF** |
| | ) |
| **CITY OF DOTHAN and JUDGE** | ) |
| **ROSE EVANS-GORDON,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>**

Pursuant to the Court's Scheduling Order, Defendants hereby propose the following jury instructions:

**Defendants' Proposed Jury Instruction No. 1
General Instruction--Province of the Court and Jury**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are

not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Federal Jury Practice and Instructions - Civil**, ' 71.01 at 17 (4th Ed. 1987).

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

**Defendants' Proposed Jury Instruction No. 2**
**General Instruction**

Anyone can file a lawsuit. The filing of lawsuit does not give rise to any inference or suggestion that the lawsuit is well founded or that there is any wrongdoing or entitlement to recovery. Likewise, once the Plaintiff filed the lawsuit, Defendants filed an answer denying that it was guilty of any wrongdoing. The filing of this answer does not mean that the defendants are not in fact guilty of any wrongdoing. Instead, we simply have a situation where there has been a complaint filed and an answer filed, and now the dispute is presented to you for decision based upon the evidence that has been presented in the courtroom.

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

### Defendants' Proposed Jury Instruction No. 3
### Consideration of the Evidence--Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental entity or agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence--that is, the testimony of the witnesses and the exhibits that I have admitted in the record--but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may

have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**See Pattern Jury Instructions, Civil Cases**, U.S. Eleventh Circuit District Judges Association, ' 2.2 at 13 (2000).

```
GIVEN:                    _____
GIVEN AS MODIFIED:  _____
REFUSED:                 _____
WITHDRAWN:           _____
```

**Defendants' Proposed Jury Instruction No. 4**
**Credibility of Witnesses**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Pattern Jury Instructions, Civil Cases**, U.S. Eleventh Circuit District Judges Association, ' 3 at 17 (2000).

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

**Defendants' Proposed Jury Instruction No. 5**
**Impeachment of Witnesses**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Pattern Jury Instructions, Civil Cases**, U.S. Eleventh Circuit District Judges Association, ' 4.1  at 18 (2000).

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

**Defendants' Proposed Jury Instruction No. 6**
**Burden of Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of the her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the claim by a preponderance of the evidence you should find for Defendants.

**See Pattern Jury Instructions, Civil Cases**, U.S. Eleventh Circuit District Judges Association, ' 6.1 & 6.2  at 22-23 (2000).

GIVEN:                                  _____
GIVEN AS MODIFIED:     _____
REFUSED:                            _____
WITHDRAWN:                    _____

**Defendants' Proposed Jury Instruction No. 7**
**General Instruction**

This action is a reverse discrimination suit brought by a white former employee of the City of Dothan's Judicial Department. The Plaintiff in this case is Mary-Beth Brackin. Plaintiff is the one who has brought this lawsuit. Mary Beth Brackin was employed as a Magistrate. The Defendants are her former employer, the City of Dothan, and Judge Rose Evans-Gordon, her former Department Head and Municipal Court Judge. Brackin claims that her discharge was discriminatory based on her race (white). In addition to her claim of discrimination, Brackin has alleged that she was retaliated against for exercising her constitutional rights to freedom of speech and freedom of association. Brackin brings these claims against [both] the City of Dothan, [and except for the discrimination claims, against Judge Gordon in her individual capacity].* Defendants deny that Plaintiff's race or played any role in the decision to terminate the Plaintiff's employment. Defendants further deny that the Plaintiff's constitutional rights were violated and/or that she was terminated in retaliation for exercising her constitutional rights.

I will now instruct you as to Plaintiff's claim.

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

*Defendants assert that there are no remaining claims against Judge Gordon. *See*, Defendants' Motion to Clarify Memorandum Opinion and Order.

**Defendants' Proposed Jury Instruction No. 8**
**Title VII, 42 U.S.C. 2000e**
*Race Discrimination in Employment/Discharge*

In this case, the Plaintiff makes a claim under Title VII of the Civil Rights Act that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race. More specifically, Plaintiff claims that she was terminated by the City because of her race, white.

The City of Dothan denies that race was a factor motivating its decision to terminate the Plaintiff's employment and denies that the Plaintiff was subjected to race discrimination. The City of Dothan contends that it had lawful reasons to terminate Plaintiff's employment and that no black magistrate engaged in similar misconduct as the Plaintiff.

In order to prevail on this claim, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was discharged from employment by the City of Dothan; and

Second: That the Plaintiff's race was a substantial or motivating factor that prompted the City of Dothan to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may terminate an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the City of Dothan even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the City of Dothan's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the City of Dothan's decision.

In this case, Plaintiff must prove by a preponderance of the evidence that her race was a determining factor—or a factor that made a meaningful difference—in the City of Dothan's decision to terminate her. This means the evidence must show that, but for Plaintiff's race, Plaintiff would not have been terminated. The phrase "determining factor" does not mean that it was the only motivation for the City of Dothan's decision to terminate Plaintiff's employment. However, it must have been a factor that actually led to such a decision.

You must also consider any legitimate non-discriminatory reason or explanation stated by the City of Dothan for its decision to terminate Brackin. If you determine that the City of Dothan has stated such a reason, then you must decide in favor of the City of Dothan unless Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against Plaintiff because of her race.

Evidence that a defendant's explanation for the employment termination decision is unworthy of credence is one form of circumstantial evidence that is probative of intentional discrimination.

The ultimate burden of persuading you the jury that the City of Dothan intentionally discriminated against the Plaintiff remains at all times with the Plaintiff.

**Authority:** *See* **Eleventh Circuit Pattern Jury Instructions, Civil Cases**, 1.3.1 at 110-115 (2005); Court's Jury Instructions in *Carter v. Imerys Carbonates LLC*, CV-02-CO-2236-E.

GIVEN:                              _____
GIVEN AS MODIFIED: _____
REFUSED:                         _____
WITHDRAWN:                 _____

## Defendants' Proposed Jury Instruction No. 9

## Defendant's Reasons for the Termination

If you find Plaintiff has satisfied all of these initial elements for their discrimination claims, your analysis must advance to the next stage. If you find that the City of Dothan has stated other reasons for its actions, then you must consider whether Plaintiff has proved by a preponderance of the evidence that the reasons stated by the City of Dothan were merely a pretext or cover-up and that the true reason they took such action was because of their race. The burden is not on the City of Dothan to prove that the reasons stated for its actions were the real and valid reasons, but at all times the burden remains on Plaintiff to prove that the reasons stated by the City of Dothan were merely a pretext and that their race was a determining factor in the City of Dothan's decisions.

The City of Dothan asserts that because Plaintiff had committed two Major Offenses within a 24-month period, she was recommended for dismissal and her employment was terminated in accordance with the Personnel Rules and Regulations. More specifically, in 2004, Brackin was suspended for a major offense, a violation of City of Dothan Personnel Rules and Regulations Section 3-42(6) action(s) or lack of action(s), that could cause undue financial loss to the City, and Section 3-42(14), insubordination. More specifically, on April 23, 2004, she was disciplined for the Theron Fondren incident which constituted a violation

of City of Dothan Personnel Rules and Regulations Section 3-42(6) action(s) or lack of action(s), that could cause undue financial loss to the City, and Section 3-42(14), insubordination. This fact is not in dispute and you do not need to deliberate or decide this. The second offense, for which she was disciplined on April 29, 2005, involved a charge of insubordination, in that she "willfully, by [her] own admission, disobeyed a directive from [her] department head to refrain from any contact with Mary Turner during the police department investigation of Mrs. Turner." Terminating employment for committing two major offenses within a twenty-four month period are legitimate grounds for termination.

If you find that Plaintiff disobeyed the Judge's instruction not to contact Mary Turner, and that that was the reason for Brackin's termination, then you must return a verdict for the City.

Even if you determine those responsible for these decisions were mistaken about Plaintiff's conduct, this has no bearing on Plaintiff's claims. Rather, if you are satisfied that the City of Dothan believed in good faith that Plaintiff had engaged in misconduct in violation of its policies and procedures, you must return a verdict for the City of Dothan. Stated differently, a good faith belief, though a mistaken one, is a legitimate, non-discriminatory reason for taking adverse action.

**Authority**: *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449,1452-53 (11th Cir. 1987); *Elrod v. Sears Roebuck Company*, 939 F.2d 1466 (11th Cir. 1991).

GIVEN:                            _____
GIVEN AS MODIFIED:  _____
REFUSED:                        _____
WITHDRAWN:                  _____

## Defendants' Proposed Jury Instruction No. 10

## Defendant's Business Judgment

In deciding this case, it is important to remember that an employer is not prohibited from making its own business judgments and decisions regarding discipline, termination and other employment actions. An employer can take employment action for any reason as long as it is not a prohibited reason such as because of the employee's race. As the jury, it is not your place to substitute your judgment for that of the City of Dothan, even if you may not personally approve of the City's decisions in this case and even if you believe the City acted improperly. It is not for you to decide whether the City made proper, correct, or appropriate decisions about Plaintiff. It is irrelevant to your deliberations and your verdict whether you would have made the same employment decisions relating to Plaintiff or handled these employment issues differently. It is irrelevant to your deliberations if you think the outcome was "unfair." The only issue you have to decide is whether Plaintiff has proved by a preponderance of the evidence that the City intentionally terminated her employment because of her race.

**Authority**: See Court's Jury Instructions in *Carter v. Imerys Carbonates LLC*, CV-02-CO-2236-E.

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

**Defendants' Proposed Jury Instruction No. 11**

**Plaintiff's Belief Irrelevant**

The fact that Plaintiff may sincerely believe that she was discriminated against should not be considered by you in arriving at your verdict. Personal beliefs, conjecture and speculation will not support the Plaintiff's claims and you should not base your verdict on Plaintiff's belief or speculation concerning the City's motivations for its actions or decisions.

GIVEN:                    _____
GIVEN AS MODIFIED:    _____
REFUSED:                  _____
WITHDRAWN:            _____

## Defendants' Proposed Jury Instruction No. 12

In this case the Plaintiff also claims that the City of Dothan intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States. Specifically, the Plaintiff claims that the City intentionally violated the Plaintiff's constitutional rights under the First Amendment to the Constitution and discharged her because of her exercise of the right of free speech. The Defendants deny that they violated the Plaintiff's rights in any way, and assert that she was discharged not because of her speech, but for insubordination because she disobeyed an instruction from her supervisor, Judge Gordon, which was her second major offense within a 24 month period. Defendant asserts that it placed the restrictions on speaking to Mary Turner during the ticket fixing investigation due to the fact that it did not know the scope of the ticket fixing scheme or if other magistrates were involved or colluding with Mary Turner.

Under the First Amendment to the Constitution of the United States, every public employee has the right to "freedom of speech" addressing issues of public concern. In order for a government employee's speech to have First Amendment protection, the employee must have (1) spoken as a citizen, not as an employee, and (2) addressed matters of public concern, as opposed to matters relating to his or her job. The question is not whether the public would be interested in the topic of the speech at issue, but rather whether the purpose of the speech was to raise

issues of public concern.   A public employee's speech that serves a private or personal interest, as opposed to a community one, does not satisfy the standards for First Amendment protection

It has already been determined by the Court that the telephone call the Plaintiff made to Mary Turner from work was not speech protected by the First Amendment.   Thus, if you find that she was disciplined and terminated for committing a second major offense within a 24 month period for disobeying the Judge's instruction not to contact Mary Turner by making the phone call from work to Mary Turner, you must find for the City.

However, if you find that the Plaintiff was terminated for some other contact with Mary Turner than this workplace phone call, you must first determine if such other conversation involved a matter of public concern; and second, you must determine if the City had adequate justifications for treating the Plaintiff different from any other member of the public.   A City has broader discretion to restrict speech when it acts in its role as an employer and that restricted speech may affect the City's operations.   Thus, if you find these other conversations the Plaintiff had with Turner were not a matter of public concern you must find for the City.   Even if you find these other conversations were matters of public concern, if the City was justified in restricting such conversations or contact due to the ongoing ticket fixing investigation, you must find for the City.

Finally, even if you find these other conversations where a matter of public concern and the City had no justification for treating the Plaintiff and other magistrates differently from a member of the public, you must find that the restrictions placed on the Plaintiff and her subsequent discharge was based on an official City policy, based on a persistent and widespread practice of the City of prohibiting such speech, or the actions of an official with final policymaking authority.  Final policymaking authority means that the official's decision to terminate the Plaintiff was not subject to meaningful review by a higher official or committee.  If you find the discipline of the Plaintiff for her speech was not based on an official City policy, was not based on a persistent and widespread practice of the City of prohibiting such speech, or was not made by an official with final policymaking authority, then you must find for the City.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.  You should be mindful that the law applicable to this case requires only that a public employer not take action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may discharge a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of

the City, even though you personally may not approve of the action taken and would have acted differently under the circumstances. Nor does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the City has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of the protected speech activity. If you find that the Plaintiff would have been dismissed for reasons apart from the speech activity, then your verdict should be for the City.

**11th Circuit Pattern Jury Instructions, Section 1.1.1**

*Boyce v. Andrew*, **510 F.3d 1333 (11th Cir. 2007)**

*Oladeinde v. City of Birmingham*, **230 F.3d 1275 (11th Cir. 2000)**

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

**Defendants' Proposed Jury Instruction No. 13**

In this case Plaintiff also claims that the City of Dothan intentionally deprived her of her rights under the First Amendment to the Constitution of the United States and discharged her because of her exercise of the freedom of association. The Defendants deny that they violated the Plaintiff's rights in any way, and assert that she was discharged for insubordination because she disobeyed an instruction from her supervisor, Judge Gordon, which was her second major offense within a 24 month period. Defendant asserts that it placed the restrictions on having contact with Mary Turner during the ticket fixing investigation due to the fact that it did not know the scope of the ticket fixing scheme or if other magistrates were involved or colluding with Mary Turner.

There are two different forms of association that are protected under the First Amendment: "intimate association" and "expressive association."

Intimate association encompasses the personal relationships that attend the creation and sustenance of a family: marriage, childbirth, the raising and education of children, and living with one's relatives. This protection can extend to non-family relationships, but only if those relationships share the same qualities that make a family relationship, such as relative smallness and a seclusion from others in critical aspects of the relationship. Casual, social relationships, such as general

friendships, that do not consist of the same type of intimate qualities that make up a family relationship are not protected by the freedom of association.

Expressive association, the second form of protected association, is when people associate for the purpose of engaging in activities protected by the First Amendment, such as engaging in political activity, engaging in the freedom of the press, the exercise of religion or to speak on matters of public concern.

The Plaintiff, therefore, is only entitled to protection under the Freedom of Association clause if she was discharged for an association that closely resembles a family relationship or was for the purpose of engaging in activities protected by the First Amendment, such as speaking on matters of public concern.  If she cannot show that she was discharged or disciplined based on one of these two associations, you must find for the City.

Even if you find that she was disciplined or discharged because of her participation in an intimate or expressive association, you must determine if the City had adequate justifications for treating the Plaintiff different from any other member of the public.  A City has broader discretion to restrict associations when it acts in its role as an employer and the restricted association may affect the City's operations.  Thus if you find that the Plaintiff was disciplined or discharged because of her participation in an intimate or expressive association with Mary

Turner, but you also find that the City was justified in restricting such association due to the ongoing ticket fixing investigation, you must find for the City.

Finally, even if you the restricted association was either an intimate or expressive association and the City had no justification for treating the Plaintiff differently from a member of the public, you must find that the restrictions placed on the Plaintiff and her subsequent discharge was based on an official City policy, based on a persistent and widespread practice of the City of prohibiting such associations, or was due to the actions of an official with final policymaking authority. Final policymaking authority means that the official's decision to terminate the Plaintiff was not subject to meaningful review by a higher official or committee. If you find the discipline of the Plaintiff for her association was not based on an official City policy, was not based on a persistent and widespread practice of the City of prohibiting such association, or was not done by an official with final policymaking authority, than you must find for the City.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues. You should be mindful that the law applicable to this case requires only that a public employer not take action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may discharge a public employee for any other reason, good or

bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the City, even though you personally may not approve of the action taken and would have acted differently under the circumstances. Nor does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the City has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of the protected association. If you find that the Plaintiff would have been dismissed for reasons apart from the association, then your verdict should be for the City.

*Roberts v. United States Jaycees,* **468 U.S. 609 (1984)**

*McCabe v. Sharrett,* **12 F.3d 1558 (11th Cir. 1994)**

*Cummings v. DeKalb County,* **24 F.3d 1349 (11th Cir. 1994)**

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

## Defendants' Proposed Jury Instruction No. 14

### Damages

If you find for the Plaintiff and against Defendant on its defense, you must then decide the issue of the Plaintiff's damages. As I instruct you on damages, you should not think that I have concluded that any damages should be awarded in this case.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. Actual damages, to be awarded, must be the proximate result of the unlawful action, not a harm caused by something else.

If you find that Defendants acted intentionally on the basis of Plaintiff's race or violated her First Amendment speech or association with respect to the employment termination decision concerning Plaintiff, but that Defendant would have made the same decision anyway for other reasons, then the Plaintiff is not entitled to any monetary relief.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or needs be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial;

(b)    Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could

have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.

In awarding damages in any case, your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case. When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

**Form**\*

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Authority**: 11th Circuit Pattern Jury Instruction Nos.: 1.1.1 and 1.3.1.   This Court's instruction in *Carter v. Imerys Carbonates, LLC*.  CV-02-CO-2236-E.
_____

\*Defendants request that they be allowed to submit special interrogatories to the jury.

GIVEN:          _____
GIVEN AS MODIFIED: _____
REFUSED:          _____
WITHDRAWN:          _____

**Defendants' Proposed Jury Instruction No. 15**

**Duty To Mitigate - Burden**

Defendants have the burden of proving that the Plaintiff did not use reasonable diligence to find substantially equivalent employment.  If you find that the Plaintiff used reasonable diligence to obtain other employment, the Defendant employer must show that comparable work was available and the Plaintiff did not seek it out in order to prove that the Plaintiff did not mitigate her damages.

**Authority**:  *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515 (11th Cir. 1991).


GIVEN:                              _____
GIVEN AS MODIFIED: _____
REFUSED:                         _____
WITHDRAWN:                 _____

**Defendants' Proposed Jury Instruction No. 16**

**Definition of Back Pay**

Back pay is the difference between the actual wages earned and the wages the individual would have earned in the position that, but for the discrimination or constitutional violation the individual would have attained. Unrealistic exactitude is not required as the back pay calculation may be based on just and reasonable inferences of missing or imprecise figures.

**Authority**:   *Akouri v. State of Florida Dept. of Transportation*, 408 F.3d 1338 (11th Cir. 2005).

GIVEN:                             _____
GIVEN AS MODIFIED:   _____
REFUSED:                        _____
WITHDRAWN:                 _____

**Defendants' Proposed Jury Instruction No. 17**

**Deductions and Offsets**

Interim earnings or amounts earnable with reasonable diligence by the person discriminated against should be deducted by you from the calculated back pay before you establish a back pay verdict, if any.  Amounts received in lieu of earnings, such as unemployment compensation, Social Security benefits, should be treated as interim earnings and deducted from back pay.

**Authority**:  *Washington Metro. Area Transit Auth.*, 116 F.3d 582, 587 (D.C. Cir. 1997)(back pay award could be reduced to take into account plaintiff's receipt of Social Security disability benefits, in order to avoid double recovery)

GIVEN:                         _____
GIVEN AS MODIFIED:  _____
REFUSED:                     _____
WITHDRAWN:              _____

## Defendants' Proposed Jury Instruction No. 18

## Objections By Counsel

During this trial I have ruled on objections by counsel as to the admissibility of testimony and other evidence.  It was a privilege of counsel and his or her duty, to make such objections to the offer of evidence which counsel deems illegal or improper.  You must not concern yourself with the reasons for my rulings since they are controlled and required by rules of law.  You are not to speculate as to possible answers to questions which I did not allow or require to be answered.  The overruling of objections to evidence is not intended to indicate the weight to be given such evidence by you.  Such admitted evidence will be considered along with all of the other evidence.  You are to disregard all evidence which was excluded by the Court.

**Authority**:  Alabama Pattern Jury Instructions - Civil, Vol. 1, 1.08 at 14 (2nd Ed. 1993).

GIVEN:                              _____
GIVEN AS MODIFIED: _____
REFUSED:                          _____
WITHDRAWN:                 _____

**Defendants' Proposed Jury Instruction No. 19**
**Attorney's Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration

of attorney's fees or court costs in deciding the amount of Plaintiff's damages.  The

matter of attorney's fees and court costs would be decided later by the Court.

**Authority**:  Eleventh Circuit Pattern Jury Instructions, Civil Cases, Supplemental
Damages Instructions, 6.1 at 571 (2005).

GIVEN:                              _____
GIVEN AS MODIFIED:  _____
REFUSED:                         _____
WITHDRAWN:                  _____

### Defendants' Proposed Jury Instruction No. 20
### Election of Foreperson—Explanation of Verdict Forms

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.   ***A verdict form has been prepared for your convenience and is a document on which you will report your decision.****

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me how you are numerically divided at the time.

**Authority:  Eleventh Circuit Pattern Jury Instructions, Civil Cases**, 8 at 20 (2005).
_____
*Defendants request that they be allowed to submit special interrogatories to the jury.

GIVEN: _____
GIVEN AS MODIFIED: _____
REFUSED: _____
WITHDRAWN: _____

Respectfully submitted,

/s/ Carol Sue Nelson
Carol Sue Nelson
One of the Attorneys for Defendants

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ishmael Jaffree, Esq.
800 Downtowner Blvd.
Suite 106 B
Mobile, Alabama

/s/ Carol Sue Nelson
OF COUNSEL